Filing # 44799475 E-Filed 08/03/2016 05:08:37 PM

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR ST. LUCIE COUNTY,
FLORIDA

CASE NO.:

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).

_____/

**562016CA001430 (OC)**

JUDGE CROOM

Date 8-22-16 Time 340 pm
ID # 08-27   int. L M

**CIVIL ACTION SUMMONS**

### S U M M O N S:
### PERSONAL SERVICE ON A NATURAL PERSON

TO:    **CHRISTOPHER NEWMAN**
           **c/o St. Lucie County Sheriff's Office**
           **4700 W. Midway Road**
           **Fort Pierce, FL 34981**

### I M P O R T A N T

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court, Circuit Civil Division, . A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not

know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Adam S. Hecht
Florida Bar No.: 64307
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Plaintiff(s) Attorney

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

DATED on August 5, 2016.          Joseph E. Smith

CLERK OF THE CIRCUIT COURT (SEAL)

BY: _____
                                    Deputy Clerk

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Corrie Johnson, Americans with Disabilities Act Coordinator, 772-807-4383, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con Corrie Johnson, Americans with Disabilities Act Coordinator, 772-807-4383, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakteCorrie Johnson, Americans with Disabilities Act Coordinator, 772-807-4383, nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 44799475 E-Filed 08/03/2016 05:08:37 PM

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR ST. LUCIE COUNTY,
FLORIDA

CASE NO.:

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

       Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

       Defendant(s).

_____/

**562016CA001430 (OC)**

JUDGE CROOM

Date 8-22-16 Time 390 PM
ID # 08-27 Int. ℒ. M

**CIVIL ACTION SUMMONS**

S U M M O N S:
PERSONAL SERVICE ON A NATURAL PERSON

TO:    **CLAYLAN MANGRUM**
        **c/o St. Lucie County Sheriff's Office**
        **4700 W. Midway Road**
        **Fort Pierce, FL 34981**

## I M P O R T A N T

    A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court, Circuit Civil Division, .  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.


Adam S. Hecht
Florida Bar No.: 64307
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Plaintiff(s) Attorney

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

DATED on August 5, 2016.

Joseph E. Smith

CLERK OF THE CIRCUIT COURT (SEAL)

BY: _____
Deputy Clerk

St. Lucie County File Date: 08/05/2016 02:51 PM

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contactCorrie Johnson, Americans with Disabilities Act Coordinator, 772 807 4383, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto conCorrie Johnson, Americans with Disabilities Act Coordinator, , por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakteCorrie Johnson, Americans with Disabilities Act Coordinator, 772 807 4383, nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parè772 807 4383t nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR ST. LUCIE COUNTY,
FLORIDA

CASE NO.:

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).

_____/

**562016CA001430 (OC)**

JUDGE CROOM

Date 8-22-16 Time 5:40PM
ID # 08-22   int. L m

**CIVIL ACTION SUMMONS**

S U M M O N S:
**PERSONAL SERVICE ON A NATURAL PERSON**

TO:    **Calvin Robinson**
       **c/o St. Lucie County Sheriff's Office**
       **4700 W. Midway Road**
       **Fort Pierce, FL 34981**

## I M P O R T A N T

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court, Circuit Civil Division, . A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Adam S. Hecht
Florida Bar No.: 64307
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Plaintiff(s) Attorney

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

DATED on August 5, 2016.                    **Joseph E. Smith**

CLERK OF THE CIRCUIT COURT (SEAL)

BY: _____
                                                    Deputy Clerk

St. Lucie County File Date: 08/05/2016 02:51 PM

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contactCorrie Johnson , Americans with Disabilities Act Coordinator, 772-807-4383, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.    Tenga la amabilidad de ponerse en contacto conCorrie Johnson , Americans with Disabilities Act Coordinator, 772-807-4383, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakteCorrie Johnson , Americans with Disabilities Act Coordinator, 772-807-4383, nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 44799475 E-Filed 08/03/2016 05:08:37 PM

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR ST. LUCIE COUNTY,
FLORIDA

CASE NO.:

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

**562016CA001430 (OC)**

**JUDGE CROOM**

Date 8-22-16 Time 3.40 pm
ID # 08-27 Int. R. M

**CIVIL ACTION SUMMONS**

**S U M M O N S:**
**PERSONAL SERVICE ON A NATURAL PERSON**

TO:    **Wade Courtemanche**
        **c/o St. Lucie County Sheriff's Office**
        **4700 W. Midway Road**
        **Fort Pierce, FL 34981**

## I M P O R T A N T

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this Court, Circuit Civil Division, . A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not

know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Adam S. Hecht
Florida Bar No.: 64307
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida  33409
Plaintiff(s) Attorney

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

DATED on August 5, 2016.

Joseph E. Smith

CLERK OF THE CIRCUIT COURT (SEAL)

BY: _____
Deputy Clerk

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contactCorrie Johnson, Americans with Disabilities Act Coordinator, 772 807 4383, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto conCorrie Johnson, Americans with Disabilities Act Coordinator, 772 807 4383, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakteCorrie Johnson, Americans with Disabilities Act Coordinator, 772 807 4383, nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 44799475 E-Filed 08/03/2016 05:08:37 PM

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR ST. LUCIE COUNTY,
FLORIDA

CASE NO.:

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).

_____/

*562016CA001430 (OC)*
*JUDGE CROOM*

Date 8-22-16 Time 3:40pm
ID # 08-27  Int. ___

**CIVIL ACTION SUMMONS**

### SUMMONS:
### PERSONAL SERVICE ON A NATURAL PERSON

TO:    **KEN J. MASCARA as Sheriff of St. Lucie County, Florida**
           **4700 W. Midway Road**
           **Fort Pierce, FL 34981**

### <u>IMPORTANT</u>

    A lawsuit has been filed against you. You have 20 calendar days after this summons is
served on you to file a written response to the attached Complaint with the clerk of this Court,
Circuit Civil Division, . A phone call will not protect you. Your written response, including the
case number given above and the names of the parties, must be filed if you want the Court to hear
your side of the case. If you do not file your response on time, you may lose the case, and your
wages, money, and property may thereafter be taken without further warning from the Court.
There are other legal requirements. You may want to call an attorney right away. If you do not

know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

Adam S. Hecht
Florida Bar No.: 64307
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Plaintiff(s) Attorney

**THE STATE OF FLORIDA**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this lawsuit on the above named defendant(s).

DATED on August 5 2016.

Joseph E. Smith

CLERK OF THE CIRCUIT COURT (SEAL)

BY:

Deputy Clerk

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contactCorrie Johnson, Americans with Disabilities Act Coordinator, 772 807 4383, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.    Tenga la amabilidad de ponerse en contacto conCorrie Johnson, Americans with Disabilities Act Coordinator, 772 807 4383, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfìm</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakteCorrie Johnson, Americans with Disabilities Act Coordinator, 772 807 4383, nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR ST. LUCIE COUNTY,
FLORIDA

CASE NO.: 562016CA001430 (OC)

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

          Plaintiff(s)

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

          Defendant(s).

_____/

## **AMENDED COMPLAINT**

## **INTRODUCTORY STATEMENT**

Plaintiff, TAVARES DOCHER, by and through JANICE DOCHER-NEELEY, his mother

and legal guardian, sues Defendants, CHRISTOPHER NEWMAN, individually, CLAYLAN

MANGRUM, individually, CALVIN ROBINSON, individually, WADE COURTEMANCHE,

individually, KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, JOSE

ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent special

district, and alleges:

1.     This is a civil action seeking money damages in excess of $15,000 dollars,

exclusive of costs, interest, and attorney's fees, against Defendant CHRISTOPHER NEWMAN,

Docher, Tavares vs. St. Lucie County Sheriff
Amended Complaint
Page 2

individually,   Defendant CLAYLAN MANGRUM,   individually,   Defendant CALVIN

ROBINSON, individually,  Defendant WADE COURTEMANCHE, individually, Defendant KEN

J. MASCARA, as SHERIFF  of ST. LUCIE COUNTY, Florida, Defendant JOSE ROSARIO,

individually, and Defendant ST.  LUCIE COUNTY FIRE DISTRICT, an independent special

district.

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.   In the event of the

removal of this action, the United States District Court for the Southern District of Florida

has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

In the event of the removal, Plaintiff invokes the supplemental jurisdiction of the

United States District Court to hear pendant State tort claims arising under State law, pursuant

to 28 U.S.C. §1367(a).

    3.    Plaintiff has complied with all conditions precedent by to this action pursuant to

the requirements of Florida Statute § 768.28.

## PARTIES

    4.    Plaintiff TAVARES DOCHER is a resident of Miami-Dade County, state of

Florida. JANICE DOCHER-NEELEY is the mother and legal guardian of Plaintiff TAVARES

DOCHER.

    5.    At all times referred to herein, Defendant CHRISTOPHER NEWMAN

[hereinafter  NEWMAN  or  Defendant  NEWMAN]  was  employed  as  a  deputy  sheriff  for

Defendant KEN J.  MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and was acting

under the direction and  control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE

COUNTY, Florida, and in  such capacity as an agent, servant and employee of Defendant KEN J.

Docher, Tavares vs. St. Lucie County Sheriff
Amended Complaint
Page 3

MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida.

6.     At all times referred to herein, Defendant CLAYLAN MANGRUM [hereinafter MANGRUM or Defendant MANGRUM] was employed as a deputy sheriff for Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and was acting under the direction and control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and in such capacity as an agent, servant and employee of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida.

7.     At all times referred to herein, Defendant CALVIN ROBINSON [hereinafter ROBINSON or Defendant ROBINSON] was employed as a deputy sheriff for Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and was acting under the direction and control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and in such capacity as an agent, servant and employee of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida.

8.     At all times referred to herein, Defendant WADE COURTEMANCHE [hereinafter COURTEMANCHE or Defendant COURTEMANCHE] was employed as a deputy sheriff for Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and was acting under the direction and control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and in such capacity as an agent, servant and employee of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida.

9.     Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida [hereinafter ST. LUCIE SHERIFF'S OFFICE, or Defendant ST. LUCIE SHERIFF's OFFICE, or Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY] is the SHERIFF of ST. LUCIE COUNTY, Florida. In this cause, Defendant KEN J. MASCARA, as SHERIFF

Docher, Tavares vs. St. Lucie County Sheriff
Amended Complaint
Page 4

of ST. LUCIE COUNTY, Florida, acted through his agents, employees, and servants, including Defendant NEWMAN, Defendant MANGRUM, Defendant ROBINSON, Defendant COURTEMANCHE, and others.

10.   At all times referred to herein, Defendant JOSE ROSARIO [hereinafter ROSARIO  or Defendant ROSARIO] was employed as an EMT-Paramedic for Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special district, and in such capacity as an agent, servant and  employee of Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special district.

11.   At all times referred to herein, Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special district [hereinafter ST. LUCIE COUNTY FIRE DISTRICT or Defendant ST. LUCIE COUNTY FIRE DISTRICT] was an independent special fire control district within the  meaning of Chapter 191 of the Florida Statutes. In this cause, Defendant ST. LUCIE COUNTY  FIRE DISTRICT acted through his agents, employees, and servants, including Defendant ROSARIO,  and others.

12.   Plaintiff sues Defendant NEWMAN, Defendant MANGRUM, Defendant ROBINSON, Defendant COURTEMANCHE, and Defendant ROSARIO in their individual capacities.

### FACTS COMMON TO ALL COUNTS

13.   On May 11, 2014, Plaintiff was at the CVS Pharmacy located at 301 NE Prima Vista Boulevard, Port St. Lucie, St. Lucie County, Florida.

14.   While inside the CVS, Plaintiff asked an employee to contact law enforcement out of concern for the welfare of his mother.

Docher, Tavares vs. St. Lucie County Sheriff
Amended Complaint
Page 5

15.    During the call to law enforcement, the phone was handed to the Plaintiff before being returned to the CVS.

16.    Plaintiff then completed his purchase and exited the CVS, at which time Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON responded.

17.    At all times hereto, the CVS Pharmacy was located in a largely residential area of Port St. Lucie, and the view of the parking lot area was substantially obscured from the adjacent roadways by landscaping and trees.

18.    While seated in the area of the CVS parking lot at the request of the deputies, Plaintiff informed Defendant MANGRUM that he had been drinking liquor and Natural Ice, a beer manufactured by Anheuser-Bush with an alcohol content of 5.9%.

19.    Defendant NEWMAN continued to speak with Plaintiff, who was concerned for his mother's safety. Defendant NEWMAN determined that Plaintiff did not fit the criteria for involuntary commitment.

20.    Plaintiff was then placed under arrest by Defendant NEWMAN for the offense of disorderly intoxication, in the absence of probable cause that Plaintiff committed any criminal offense.

21.    At all times material hereto, Plaintiff never endangered any other person or property.

22.    At all times material hereto, Plaintiff remained in the parking lot of the CVS Pharmacy, which is private property under the control of CVS and its agents and employees, and is not a public place where persons have a right to go and be.

23.    Plaintiff was then handcuffed and searched without incident, and seated in the back of a police car with the door open.

Docher, Tavares vs. St. Lucie County Sheriff
Amended Complaint
Page 6

24.     Plaintiff subsequently alighted from the police car and was immediately taken to the ground.

25.     While Plaintiff was on the ground and handcuffed behind his back, Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON repeatedly used punches, strikes,  and blows with their elbows towards Plaintiff.

26.     Defendant NEWMAN admits using his elbow to strike Plaintiff in the right side of his head.

27.     Witness Shannon Randolph (hereinafter "Randolph") observed the deputies "beating the sh—"out of Plaintiff. Plaintiff was doing nothing, and looked directly at Randolph and was begging for his life, stating, "Please help, they are going to kill me, don't let them kill me." Randolph  observed that Plaintiff's arms were being bend in a 90 degree angle behind his back, causing Plaintiff to scream in pain.

28.     During the use of force Plaintiff remained handcuffed, face down, with a large pool of blood collecting by his head.

29.     Witness Merine  Kanhai observed deputies elbowing  Plaintiff in the face and subjecting Plaintiff to excessive force. Following the arrival of EMS, Plaintiff's handcuffed arms were elevated at a 90 degree angle behind his back.  Plaintiff was crying out: "Don't let them kill me."

30.     Witness Ariana Kanhai observed deputies hitting Plaintiff after he was handcuffed. Plaintiff yelled, "Don't let them kill me," as the deputy by Plaintiff's head continued to strike Plaintiff in the head with his elbow.

31.     Witness Shaun Mahoney (hereinafter "Mahoney") observed Plaintiff's arms

Docher, Tavares vs. St. Lucie County Sheriff
Amended Complaint
Page 7

raised up behind back where he could not move as deputies continued to strike Plaintiff with their

elbows. Plaintiff was screaming "Don't let them kill me." Mahoney was ordered by Defendant

COURTEMANCHE to stop recording (on his cell phone) and leave the area, thereby allowing

the use of force against Plaintiff to continue outside of public view.

32.    Witness Zachery Taylor observed Plaintiff in handcuffs. Deputies were hitting

Plaintiff with elbows as Plaintiff was pleading, "Don't let them kill me."

33.    Defendant ROSARIO responded to the incident location due to Plaintiff's

injuries, including but not limited to his head laceration.

34.    At all times material hereto, Defendant ROSARIO was an EMT-Paramedic

who worked on a regular and routine basis with Defendant KEN J. MASCARA, as SHERIFF

of ST. LUCIE COUNTY, Florida, its agents, employees, and servants.

35.    Defendant ROSARIO was informed by deputies that Plaintiff was intoxicated by

alcohol (ETOH).

36.    As punishment for Plaintiff's exercise of free speech (i.e., "Don't let them kill

me") as Plaintiff's arms were lifted 90 degrees behind his back until his right clavicle fractured,

Defendant ROSARIO injected Plaintiff in the buttocks with 4 mg Ativan– the maximum dosage.

37.    At all times material hereto, there were a significant number of law enforcement

officers on scene, such that Plaintiff (who was already handcuffed behind his back) could have

been safely restrained in passive restraints.

38.    At all times material hereto, Defendant ROSARIO knew that Ativan was

contraindicated with ETOH and potentiates its effects.

39.    Following the administration of Ativan by Defendant ROSARIO, Plaintiff

*Docher, Tavares vs. St. Lucie County Sheriff*
*Amended Complaint*
*Page 8*

became unresponsive, stopped breathing, and went into cardiac arrest.

40.   Plaintiff was transported to a hospital for care and treatment.

41.   As a result of the use of force set forth herein, Plaintiff suffered multiple abrasions to the face, cheeks, shoulders, arms, and bilateral legs during the arrest.

42.   As a result of the use of force set forth herein, Plaintiff suffered a laceration to his right temporal region.

43.   As a result of the use of force set forth herein, Plaintiff suffered contusions to bilateral buttocks.

44.   As a result of the use of force set forth herein, Plaintiff suffered bilateral depressed nasal bone fractures.

45.   As a result of the use of force set forth herein, Plaintiff suffered extensive soft tissue swelling over his face.

46.   As a result of the use of force set forth herein, Plaintiff suffered a small right mastoid effusion.

47.   As a result of the use of force set forth herein, Plaintiff suffered a non-displaced fracture of the right clavicle.

48.   Following the injection of 4 mg of Ativan by Defendant ROSARIO, and due to the administration of Ativan, Plaintiff suffered cardiac arrest.

49.   Secondary to cardiac arrest caused by the administration of Ativan, Plaintiff suffered anoxic brain injury.

50.   Secondary to cardiac arrest, Plaintiff suffered severe bilateral cerebral edema and is in a persistent vegetative state, with a substantially diminished life expectancy.

Docher, Tavares vs. St. Lucie County Sheriff
Amended Complaint
Page 9

51.     At all times material hereto, the conduct of Defendant NEWMAN, Defendant

MANGRUM, Defendant ROBINSON, Defendant COURTEMANCHE,  and Defendant

ROSARIO, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM
### AGAINST  DEFENDANT NEWMAN, INDIVIDUALLY,
### COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant NEWMAN, individually, in Count I, Plaintiff states:

52.     Plaintiff re-alleges and adopts, as if fully set forth in Count I, the allegations

of paragraphs 1 through 51.

53.     Defendant NEWMAN proximately caused Plaintiff's arrest for the offense

of disorderly intoxication in the absence of probable cause that Plaintiff committed any

criminal offense.

54.     The conduct of Defendant NEWMAN towards Plaintiff was objectively

unreasonable  and violated Plaintiff's clearly established rights under the Fourth and Fourteenth

Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

55.     As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

56.     As a further direct and proximate result of the conduct of Defendant NEWMAN,

individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain

and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment

of life,  expense of hospitalization, and medical care and treatment. The losses are either

permanent  or  continuing and Plaintiff will suffer the losses in the future, in violation of

*Docher, Tavares vs. St. Lucie County Sheriff*
Amended Complaint
Page 10

Plaintiff's civil rights.   Plaintiff has also agreed to pay the undersigned a reasonable fee for his

services herein.

WHEREFORE, Plaintiff prays:

i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.     Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.     Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## EXCESSIVE USE OF FORCE BY DEFENDANT NEWMAN, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant NEWMAN, individually, in Count II, Plaintiff states:

57.     Plaintiff re-alleges and adopts, as if fully set forth in Count II, the allegations

of paragraphs 1 through 51.

58.     The use of force by Defendant NEWMAN towards Plaintiff was objectively

unreasonable and unnecessary for Defendant NEWMAN to defend himself or any other person

from bodily harm during the arrest and detention of Plaintiff, and constitutes the excessive use

of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and

Fourteenth  Amendments and 42 U.S.C. § 1983.

59.     As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

60.     As a further direct and proximate result of the conduct of Defendant NEWMAN,

Docher, Tavares vs. St. Lucie County Sheriff
Amended Complaint
Page 11

individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, and medical care and treatment. The losses are either permanent or continuing

and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff

has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.      Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

**COUNT III**
**EXCESSIVE USE OF FORCE BY DEFENDANT MANGRUM, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant MANGRUM, individually, in Count III, Plaintiff

states:

61.     Plaintiff re-alleges and adopts, as if fully set forth in Count III, the allegations

of paragraphs 1 through 51.

62.     The use of force by Defendant MANGRUM towards Plaintiff was objectively

unreasonable and unnecessary for Defendant MANGRUM to defend himself or any other person

from bodily harm during the arrest and detention of Plaintiff, and constitutes the excessive use

of force in violation of Plaintiff's clearly established constitutional rights under the Fourth

Docher, Tavares vs. St. Lucie County Sheriff
Amended Complaint
Page 12

and Fourteenth Amendments and 42 U.S.C. § 1983.

63.     As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

64.     As a further direct and proximate result of the conduct of Defendant MANGRUM,

individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, and medical care and treatment. The losses are either permanent or continuing

and Plaintiff will  suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff

has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## EXCESSIVE USE OF FORCE BY DEFENDANT ROBINSON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant ROBINSON, individually, in Count IV, Plaintiff

states:

65.    Plaintiff re-alleges and adopts, as if fully set forth in Count IV, the allegations
of paragraphs 1 through 51.

66.    The use of force by Defendant ROBINSON towards Plaintiff was objectively
unreasonable and unnecessary for Defendant ROBINSON to defend himself or any other person
from bodily harm during the arrest and detention of Plaintiff, and constitutes the excessive use
of force in violation of Plaintiff's clearly established constitutional rights under the Fourth
and Fourteenth Amendments and 42 U.S.C. § 1983.

67.    As a direct and proximate result of the acts described above, Plaintiff suffered
grievously, has been brought into public scandal, with great humiliation and mental suffering.

68.    As a further direct and proximate result of the conduct of Defendant
ROBINSON, individually, Plaintiff suffered bodily injury and resulting pain and suffering,
disability,  disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of
hospitalization, and medical care and treatment. The losses are either permanent or continuing
and Plaintiff will  suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff
has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 14

      iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      v.    Trial by jury as to all issues so triable; and

      vi.    Such other relief as this Honorable Court may deem just and appropriate.

### COUNT V
### SUPERVISORY LIABILITY CLAIM DEFENDANT MANGRUM, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant MANGRUM, individually, in Count V,

Plaintiff states:

69.    Plaintiff re-alleges and adopts, as if fully set forth in Count V the allegations of paragraphs 1 through 51.

70.    At all times material hereto, Defendant ROBINSON has been employed by Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, for approximately two months and was a probationary employee, working under the direction, control, and supervision of Defendant MANGRUM.

71.    At all times material hereto, Defendant MANGRUM was working in his capacity as a field training officer and directed, controlled, and supervised the conduct of Defendant ROBINSON.

72.    Defendant MANGRUM failed to direct, control, and supervise the use of force by Defendant ROBINSON towards Plaintiff, which was objectively unreasonable and unnecessary for Defendant ROBINSON to defend himself or any other person from bodily harm

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 15

during the arrest and   detention of Plaintiff, and constitutes the excessive use of force, and instead, Defendant  MANGRUM himself personally participated in the unconstitutional use of force towards Plaintiff in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth  Amendments and 42 U.S.C. § 1983.

73.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

74.    As a further direct and proximate result of the conduct of Defendant MANGRUM, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will  suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

  i.  Judgment for compensatory damages in excess of $ 15,000 dollars;

  ii.  Judgment for exemplary damages;

  iii.  Cost of suit;

  iv.  Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

  v.  Trial by jury as to all issues so triable; and

  vi.  Such other relief as this Honorable Court may deem just and appropriate.

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 16

## COUNT VI
## FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT NEWMAN
## INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant NEWMAN, individually, in Count VI, Plaintiff

states:

75.    Plaintiff re-alleges and adopts, as if fully set forth in Count VI, the allegations

of paragraphs 1 through 51.

76.    Defendant NEWMAN knew that the force used by Defendant MANGRUM

and Defendant ROBINSON was unreasonable and unnecessary for Defendant MANGRUM

and Defendant ROBINSON to defend themselves or any other person from bodily harm during the

arrest of Plaintiff, and continued after Plaintiff had been secured in handcuffs and was under

the care, custody, and control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE

COUNTY, Florida, including but not limited to Defendant NEWMAN, Defendant

MANGRUM, Defendant ROBINSON, and others.

77.    Defendant NEWMAN had the opportunity to intervene to prevent the unlawful

conduct of Defendant MANGRUM and Defendant ROBINSON but failed or refused to do

so, notwithstanding the knowledge of Defendant NEWMAN that the conduct of Defendant

MANGRUM and Defendant ROBINSON towards Plaintiff was objectively unreasonable

and constitutes the excessive use of force, in violation of Plaintiff's clearly established

constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 17

78.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

79.     As a further direct and proximate result of the conduct of Defendant NEWMAN, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will   suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

 i.  Judgment for compensatory damages in excess of $ 15,000 dollars;

 ii.  Judgment for exemplary damages;

 iii.  Cost of suit;

 iv.  Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

 v.  Trial by jury as to all issues so triable; and

 vi.  Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VII
### FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT MANGRUM INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant MANGRUM, individually, in Count VII, Plaintiff states:

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 18

80.     Plaintiff re-alleges and adopts, as if fully set forth in Count VII, the allegations of paragraphs 1 through 51.

81.     Defendant MANGRUM knew that the force used by Defendant ROBINSON and  Defendant NEWMAN was unreasonable and unnecessary  for Defendant ROBINSON and Defendant NEWMAN to defend themselves or any other person from bodily harm during the arrest of Plaintiff, and continued after Plaintiff had been secured in handcuffs and was under the care, custody, and   control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, including  but  not  limited  to  Defendant  MANGRUM,  Defendant  ROBINSON, Defendant NEWMAN, and  others.

82.     Defendant  MANGRUM  had  the  opportunity  to  intervene  to  prevent  the unlawful conduct of Defendant ROBINSON and Defendant NEWMAN but failed or refused to  do  so,  notwithstanding  the  knowledge  of  Defendant  MANGRUM  that  the  conduct  of Defendant  ROBINSON  and  Defendant  NEWMAN  towards  Plaintiff  was  objectively unreasonable and   constitutes the excessive use of force, in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

83.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

84.     As a further direct and proximate result of the conduct of Defendant MANGRUM,

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 19

individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.    Judgment for exemplary damages;

     iii.   Cost of suit;

     iv.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.    Trial by jury as to all issues so triable; and

     vi.   Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VIII**
**FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT ROBINSON**
**INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant ROBINSON, individually, in Count VIII, Plaintiff states:

85.     Plaintiff re-alleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 51.

86.     Defendant ROBINSON knew that the force used by Defendant NEWMAN

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 20

and Defendant MANGRUM was unreasonable and unnecessary for Defendant NEWMAN and

Defendant MANGRUM to defend themselves or any other person from bodily harm during the

arrest of Plaintiff, and continued after Plaintiff had been secured in handcuffs and was under

the care, custody, and control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE

COUNTY, Florida, including but not limited to Defendant ROBINSON, Defendant

NEWMAN, Defendant MANGRUM, and others.

87.    Defendant ROBINSON had the opportunity to intervene to prevent the unlawful

conduct of Defendant NEWMAN and Defendant MANGRUM but failed or refused to do

so, notwithstanding the knowledge of Defendant ROBINSON that the conduct of Defendant

NEWMAN and Defendant MANGRUM towards Plaintiff was objectively unreasonable and

constitutes the excessive use of force, in violation of Plaintiff's clearly established constitutional

rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

88.    As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

89.    As a further direct and proximate result of the conduct of Defendant

ROBINSON, individually, Plaintiff suffered bodily injury and resulting pain and suffering,

disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, and medical care and treatment. The losses are either permanent or continuing

and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 21

has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.     Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.     Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IX
## FIRST AMENDMENT CLAIMS AGAINST DEFENDANT COURTEMANCHE, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant COURTEMANCHE, individually, in Count IX,

Plaintiff states:

90.     Plaintiff re-alleges and adopts, as if fully set forth in Count IX, the allegations

of paragraphs 1 through 51.

91.     At all times material hereto, Plaintiff had a clearly established right "to be heard"

under the First Amendment. *Amnesty Intern., USA v. Battle*, 559 F.3d 1170, 1183 (11th Cir. 2009).

92.     At all times material hereto, it was clearly established that "[t]he right to receive

ideas follows ineluctably from the *sender's* First Amendment right to send them," and "'[t]he

dissemination of ideas can accomplish nothing if otherwise willing addressees are not free to

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 22

receive and consider them.'" *Board of Education, Island Trees Union Free School District No. 26 v. Pico*, 102 S.Ct. 2799, 2808 (1982) (quoting *Lamont v. Postmaster General*, 85 S.Ct. 1493, 1497 (1965)).

93.     Defendant COURTEMANCHE ordered witnesses to stop recording on their cell phones and leave the area, allowing the use of force against Plaintiff to continue outside of public view.

94.     At the time Defendant COURTEMANCHE ordered witnesses to stop recording on their cell phones and leave the area, none of the witnesses were interfering with the arrest or detention of Plaintiff, and remained at a safe distance outside the deputies area of operation.

95.     The conduct of Defendant COURTEMANCHE, as set forth herein, constitutes a violation of Plaintiff's right to freedom of speech and freedom of association, including the right to be heard, and the right of others with whom Plaintiff was speaking and associating to document and record the unlawful conduct of towards Plaintiff as Plaintiff begged for his life, in violation of  Plaintiff's clearly established rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983.

96.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, and mental suffering.

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 23

97.     As a further direct and proximate result of the conduct of Defendant
COURTEMANCHE, Plaintiff suffered bodily injury and resulting pain and suffering, disability,
disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of
hospitalization, and medical care and treatment. The losses are either permanent or continuing
and Plaintiff will   suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff
has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.      Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT X
## FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant ROSARIO, individually, in Count X, Plaintiff states:

98.     Plaintiff re-alleges and adopts, as if fully set forth in Count X, the allegations
of paragraphs 1 through 51.

99.     At all times material hereto, Plaintiff had a clearly established right under the

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 24

First  Amendment to freedom of speech.

100.   As punishment and in retaliation for Plaintiff's exercise of free speech (i.e., "Don't let them kill me"), and as Plaintiff's arms were lifted 90 degrees behind his back until his right clavicle fractured, Defendant ROSARIO injected Plaintiff in the buttocks with 4 mg Ativan– the  maximum dosage. Within moments, Plaintiff's speech and ability to communicate were permanently  silenced, Plaintiff stopped breathing, and went into cardiac arrest.

101.   The conduct of Defendant ROSARIO towards Plaintiff was objectively unreasonable,  and likely to deter a person of ordinary firmness from the exercise of their First Amendment rights.  The conduct of Defendant ROSARIO towards Plaintiff constitutes unlawful retaliation in violation  of Plaintiff's clearly established rights under the First and Fourteenth Amendments, and 42 U.S.C.

§ 1983.

102.   As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, and mental suffering.

103.   As a further direct and proximate result of the conduct of Defendant ROSARIO, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and  treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 25

in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the

undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.    Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XI**
**FOURTEENTH AMENDMENT DUE PROCESS CLAIMS AGAINST**
**DEFENDANT ROSARIO, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant ROSARIO, individually, in Count XI, Plaintiff

states:

    104.    Plaintiff re-alleges and adopts, as if fully set forth in Count XI, the allegations

of paragraphs 1 through 51.

    105.    At all times material hereto, Plaintiff had a clearly established right to liberty

under the due process clause of the Fourteenth Amendment, to be free from the forced

administration of psychotropic medication unless the treatment was in the patient's medical

interests.

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 26

106.     At all times material hereto, Plaintiff had a clearly established right to liberty
under the due process clause of the Fourteenth Amendment, to be free from the forced
administration of psychotropic medications as a form of punishment.

107.     Defendant ROSARIO's administration of 4 mg of Ativan to Plaintiff under
circumstances where Defendant ROSARIO knew Plaintiff was intoxicated, was contraindicated
and  not in Plaintiff's medical interests.

108.     As punishment for Plaintiff's exercise of free speech (i.e., "Don't let them kill
me"), and as Plaintiff's arms were lifted 90 degrees behind his back until his right clavicle
fractured, Defendant ROSARIO injected Plaintiff in the buttocks with 4 mg Ativan– the
maximum dosage.  Within moments, Plaintiff's speech and ability to communicate were
permanently silenced, Plaintiff stopped breathing, and went into cardiac arrest.

109.     The conduct of Defendant ROSARIO, as set forth herein, was in violation
of Plaintiff's clearly established right to be free from the forced administration of
psychotropic medication unless the treatment was in the patient's medical interests, and to be free
from the forced administration of psychotropic medications as a form of punishment, in
violation of Plaintiff's clearly established due process rights under the Fourteenth Amendment
and 42 U.S.C. § 1983.

110.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C.
§ 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 27

humiliation, and mental suffering.

111.    As a further direct and proximate result of the conduct of Defendant ROSARIO,

Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care

and  treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses

in  the  future, in  violation  of Plaintiff's civil rights. Plaintiff has  also  agreed  to  pay  the

undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.      Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XII
## FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM
## AGAINST  DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42
## U.S.C. § 1983

For his cause of action against Defendant ROSARIO, individually, in Count XII, Plaintiff

states:

112.    Plaintiff re-alleges and adopts, as if fully set forth in Count XII, the allegations

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 28

of paragraphs 1 through 51.

113.    At all times material hereto, the laceration to Plaintiff's right temporal region was bleeding profusely and constituted a serious medical need, and which left unattended, posed a substantial risk of serious harm to Plaintiff.

114.    At all times material hereto, Defendant ROSARIO had actual knowledge that Plaintiff was intoxicated by alcohol, and that Ativan was contraindicated for intoxicated patients.

115.    In disregarded for risk to Plaintiff, as punishment, and in retaliation for Plaintiff's exercise of free speech (i.e., "Don't let them kill me"), as Plaintiff's arms were lifted 90 degrees behind his back until his right clavicle fractured, Defendant ROSARIO injected Plaintiff in the buttocks with 4 mg Ativan– the maximum dosage. Within moments, Plaintiff's speech and ability to communicate were permanently silenced, Plaintiff stopped breathing, and went into cardiac arrest. Plaintiff is now in a persistent vegetative state.

116.    The conduct of Defendant ROSARIO as set forth herein, was in deliberate indifference to Plaintiff's serious medical needs, in violation of Plaintiff's clearly established rights under the Fourteenth Amendment and 42 U.S.C. § 1983.

117.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, and mental suffering.

118.    As a further direct and proximate result of the conduct of Defendant ROSARIO,

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 29

Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein. WHEREFORE, Plaintiff prays:

i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.   Judgment for exemplary damages;

iii.  Cost of suit;

iv.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.    Trial by jury as to all issues so triable; and

vi.   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XIII
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT KEN J. MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA

For his cause of action against Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, in Count XIII, Plaintiff states:

119.   Plaintiff re-alleges and adopts, as if fully set forth in Count XIII, the allegations of paragraphs 1 through 51.

120.   Defendant NEWMAN proximately caused Plaintiff's arrest in the absence of legal authority or probable cause that Plaintiff committed any criminal offense.

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 30

121.    The conduct of Defendant NEWMAN constitutes false arrest/false imprisonment of Plaintiff under Florida law.

122.    The false arrest/false imprisonment of Plaintiff by Defendant NEWMAN was committed by Defendant NEWMAN in the course and scope of his employment as a deputy sheriff for Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida.

123.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering. As a further direct and proximate result of the conduct of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

     i.       Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.      Cost of suit;

     iii.     Trial by jury as to all issues so triable; and

     iv.      Such other relief as this Honorable Court may deem just and appropriate.

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 31

## COUNT XIV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT NEWMAN, INDIVIDUALLY

For his cause of action against Defendant NEWMAN, individually, in Count XIV, Plaintiff

states:

124.    Plaintiff re-alleges and adopts, as if fully set forth in Count XIV, the allegations

of paragraphs 1 through 51.

125.    Defendant NEWMAN proximately caused Plaintiff's arrest in the absence of

legal authority or probable cause that Plaintiff committed any criminal offense.

126.    The conduct of Defendant NEWMAN constitutes false arrest/false imprisonment

of Plaintiff under Florida law.

127.    Alternatively to the allegations set forth in Count XIII, if the false arrest/false

imprisonment of Plaintiff by Defendant NEWMAN occurred outside the course and scope of

his employment or was committed in bad faith or with malicious purpose or in a manner

exhibiting wanton and willful disregard of human rights, safety, or property, then the false

arrest/false imprisonment of Plaintiff was committed by Defendant NEWMAN in his individual

capacity.

128.    As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

129.    As a further direct and proximate result of the conduct of Defendant NEWMAN,

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 32

Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering,

disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense

of hospitalization, and medical care and treatment. The losses are either permanent or continuing

and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Trial by jury as to all issues so triable; and

v.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XV
## BATTERY/UNNECESSARY USE OF FORCE CLAIM AGAINST
## DEFENDANT KEN J. MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA

For his cause of action against Defendant KEN J. MASCARA, as SHERIFF of ST.

LUCIE COUNTY, Florida, in Count XV, Plaintiff states:

130.    Plaintiff re-alleges and adopts, as if fully set forth in Count XV, the allegations

of paragraphs 1 through 51.

131.    The use of force by Defendant NEWMAN, Defendant MANGRUM, and

Defendant ROBINSON, and towards Plaintiff was objectively unreasonable and unnecessary

for Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON, to defend

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 33

themselves or any other  person from bodily harm during the arrest or detention of Plaintiff, and resulted, as Defendant  NEWMAN, Defendant MANGRUM, and Defendant ROBINSON reasonably should have foreseen,  in a harmful and offensive contact of Plaintiff, against his will.

132.    The battery/unnecessary use of force by Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON, towards Plaintiff occurred during the course and scope of their employment as deputy sheriffs for Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida.

133.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

134.    As a further direct and proximate result of the conduct of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, Plaintiff suffered loss of liberty and  freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish,  loss of capacity  for the enjoyment of life, expense of hospitalization, and medical care and treatment.   The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in  violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

      i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.    Cost of suit;

    iii.   Trial by jury as to all issues so triable; and

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 34

iv.    Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XVI**
**BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT NEWMAN**

For his cause of action against Defendant NEWMAN, individually, in Count XVI, Plaintiff

states:

135.    Plaintiff re-alleges and adopts, as if fully set forth in Count XVI, the allegations

of paragraphs 1 through 51.

136.    The use of force by Defendant NEWMAN, individually, towards Plaintiff

was objectively unreasonable and unnecessary for Defendant NEWMAN to defend himself or any

other person from bodily harm during the arrest or detention of Plaintiff, and resulted, as

Defendant NEWMAN reasonably should have foreseen, in a harmful and offensive contact of

Plaintiff, against his will.

137.    Alternatively to the allegations set forth in Count XV, if the battery/unnecessary

use of force against Plaintiff by Defendant NEWMAN, individually, occurred outside the course

and scope of his employment or was committed in bad faith or with malicious purpose or in a

manner exhibiting wanton and willful disregard of human rights, safety, or property, then

the battery/unnecessary use of force was committed by Defendant NEWMAN in his individual

capacity.

138.    As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 35

139.    As a further direct and proximate result of the conduct of Defendant NEWMAN,

individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, and medical care and treatment. The losses are either permanent or continuing

and Plaintiff will  suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

      i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

      ii.    Judgment for exemplary damages;

      iii.   Cost of suit;

      iv.   Trial by jury as to all issues so triable; and

      v.    Such other relief as this Honorable Court may deem just and appropriate.

### COUNT XVII
### BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT MANGRUM

For his cause of action against Defendant MANGRUM, individually, in Count XVII, Plaintiff

states:

140.    Plaintiff re-alleges and adopts, as if fully set forth in Count XVII, the allegations

of paragraphs 1 through 51.

141.    The use of force by Defendant MANGRUM, individually, towards Plaintiff

was  objectively  unreasonable and unnecessary  for Defendant MANGRUM to defend himself or

any other   person from bodily harm during the arrest or detention of Plaintiff, and resulted,

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 36

as Defendant MANGRUM reasonably should have foreseen, in a harmful and offensive contact of Plaintiff, against his will.

142.    Alternatively to the allegations set forth in Count XV, if the battery/unnecessary use  of force against Plaintiff by Defendant MANGRUM, individually, occurred outside the course and  scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant MANGRUM in his individual  capacity.

143.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

144.    As a further direct and proximate result of the conduct of Defendant MANGRUM, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will  suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 37

    iv.     Trial by jury as to all issues so triable; and

    v.     Such other relief as this Honorable Court may deem just and appropriate.

### COUNT XVIII
### BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT ROBINSON

For his cause of action against Defendant ROBINSON, individually, in Count XVIII, Plaintiff

states:

145.    Plaintiff re-alleges and adopts, as if fully set forth in Count XVIII, the allegations

of paragraphs 1 through 51.

146.    The use of force by Defendant ROBINSON, individually, towards Plaintiff

was objectively unreasonable and unnecessary for Defendant ROBINSON to defend himself or

any other person from bodily harm during the arrest or detention of Plaintiff, and resulted,

as Defendant ROBINSON reasonably should have foreseen, in a harmful and offensive contact of

Plaintiff, against his will.

147.    Alternatively to the allegations set forth in Count XV, if the battery/unnecessary

use of force against Plaintiff by Defendant ROBINSON, individually, occurred outside the

course and scope of his employment or was committed in bad faith or with malicious purpose

or in a manner exhibiting wanton and willful disregard of human rights, safety, or property,

then the battery/unnecessary use of force was committed by Defendant ROBINSON in his

individual capacity.

148.    As a direct and proximate result of the acts described above, Plaintiff suffered

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 38

grievously, has been brought into public scandal, with great humiliation and mental suffering.

149.    As a further direct and proximate result of the conduct of Defendant ROBINSON, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will  suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.     Trial by jury as to all issues so triable; and

    v.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XIX
## NEGLIGENCE AGAINST DEFENDANT ST. LUCIE COUNTY FIRE DISTRICT

For his cause of action against Defendant ST. LUCIE COUNTY FIRE DISTRICT, in Count XIX,  Plaintiff states:

150.    Plaintiff re-alleges and adopts, as if fully set forth in Count XIX, the allegations of paragraphs 1 through 51.

151.    At all times material hereto, Defendant ROSARIO was employed as an EMT- Paramedic for Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 39

special district, and was *not* a "health care provider" within the meaning of Florida Statute §
766.101.

152.    At all times material hereto, Defendant ROSARIO had a duty to use reasonable
care towards Plaintiff.

153.    At all times material hereto, Defendant ROSARIO knew Plaintiff was intoxicated.

154.    At all times material hereto, Defendant ROSARIO knew Ativan was
contraindicated in intoxicated patients.

155.    Defendant ROSARIO failed to use reasonable care towards Plaintiff by injecting
Plaintiff in the buttocks with 4 mg Ativan– the maximum dosage.

156.    As a direct and proximate result of the negligent conduct of Defendant
ROSARIO, Plaintiff stopped breathing and went into cardiac arrest.  Plaintiff is now in a
persistent vegetative state.

157.    The negligence of Defendant ROSARIO towards Plaintiff was committed by
Defendant ROSARIO in the course and scope of his employment as an EMT-Paramedic
for Defendant ST. LUCIE COUNTY FIRE DISTRICT.

158.    As a direct and proximate result of the acts described above, Plaintiff suffered
grievously, has been brought into public scandal, with great humiliation and mental suffering.

159.    As a further direct and proximate result of the conduct of Defendant ST. LUCIE
COUNTY FIRE DISTRICT, Plaintiff suffered bodily injury and resulting pain and suffering,

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 40

disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense

of hospitalization, and medical care and treatment. The losses are either permanent or continuing

and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Cost of suit;

    iii.    Trial by jury as to all issues so triable; and

    iv.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XX
## NEGLIGENCE AGAINST DEFENDANT ROSARIO, INDIVIDUALLY

For his cause of action against Defendant ST. LUCIE COUNTY FIRE DISTRICT, in Count

XX, Plaintiff states:

160.    Plaintiff re-alleges and adopts, as if fully set forth in Count XX, the allegations

of paragraphs 1 through 51.

161.    At all times material hereto, Defendant ROSARIO was employed as an EMT-

Paramedic for Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special

district, and was *not* a "health care provider" within the meaning of Florida Statute § 766.101.

162.    At all times material hereto, Defendant ROSARIO had a duty to use reasonable

care towards Plaintiff.

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 41

163.   At all times material hereto, Defendant ROSARIO knew Plaintiff was intoxicated.

164.   At all times material hereto, Defendant ROSARIO knew Ativan was contraindicated in intoxicated patients.

165.   Defendant ROSARIO failed to use reasonable care towards Plaintiff by injecting Plaintiff in the buttocks with 4 mg Ativan– the maximum dosage.

166.   As a direct and proximate result of the negligent conduct of Defendant ROSARIO, Plaintiff stopped breathing and went into cardiac arrest.  Plaintiff is now in a persistent vegetative state.

167.   Alternatively  to the allegations set forth in Count XIX, if the negligence of Defendant ROSARIO towards Plaintiff was committed by Defendant ROSARIO outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the negligence of Defendant ROSARIO occurred in his individual capacity.

168.   As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

169.   As a further direct and proximate result of the conduct of Defendant ROSARIO, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses

Docher, Tavares vs. St. Lucie County Sheriff
Complaint
Page 42

in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.   Judgment for exemplary damages;

iii.  Cost of suit;

iv.   Trial by jury as to all issues so triable; and

v.    Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as of right.

DATED this 11<u>th</u> day of August, 2016.

/s/ ADAM S. HECHT
Adam S. Hecht
Florida Bar No.: 64307
Attorney E-Mail:  ash@searcylaw.com and,
axs@searcylaw.com; mal@searcylaw.com;
jcx@searcylaw.com
Primary E-Mail: _lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiff(s)

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR ST. LUCIE COUNTY, FLORIDA

TAVARES DOCHER, by and through                          CASE NO.: 562016CA001430(OC)
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).

_____/

## DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO
## FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.516(b)(1)(A)

COMES NOW the Law Firm of GrayRobinson, P.A., counsel for Defendants, JOSE

ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent

special district, and hereby gives notice of designating e-mail addresses for receiving service.

Pursuant to Florida Rule of Judicial Administration 2.516, the undersigned counsel designates

the following email addresses:

    Primary:       Ben.Newman@gray-robinson.com

                    Julie.Tyk@gray-robinson.com

                    Leah.Rover@gray-robinson.com

                    Lissa.Bealke@gray-robinson.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Florida Courts eFiling Portal to the St. Lucie County Clerk of Court on this 12th day of

September, 2016 to **Adam Hecht, Esq.,** *(Attorneys for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409   Florence@cushniemcmahonlaw.com, Cushnie & McMahon, PL, 543 NW Lake Whitney Place, Suite 106, Port St. Lucie, FL 34986; **Summer M. Barranco, Esq.,** *(Attorneys for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

**/s/ BENJAMIN W. NEWMAN**

BENJAMIN W. NEWMAN, ESQ.
Florida Bar No. 0011223
JULIE TYK, ESQ.
Florida Bar No. 84493
GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802-3068
Phone: 407-843-8880
Facsimile: 407-244-5690
Ben.Newman@gray-robinson.com
Julie.Tyk@gray-robinson.com

Counsel for Defendant, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY FIRE
DISTRICT, an independent special district,

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR ST. LUCIE COUNTY, FLORIDA

TAVARES DOCHER, by and through                    CASE NO.: 562016CA001430(OC)
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).

_____/

### DEFENDANTS, JOSE ROSARIO, AND ST. LUCIE COUNTY FIRE DISTRICT'S MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW the Defendants, JOSE ROSARIO (hereinafter "ROSARIO"), individually, and the ST. LUCIE COUNTY FIRE DISTRICT (hereinafter "SLCFD"), an independent special district, by and through their undersigned counsel, and pursuant to Fla. R. Civ. P. 1.420, and hereby move to dismiss the Amended Complaint. In support thereof, these Defendants would state the following:

1.      This is a personal injury action filed by Tavares Docher, alleging actions or omissions of these Defendants that occurred on May 11, 2014, resulting in loss, injury or damage.

2.      Both ROSARIO and SLCFD deny liability in this cause. This action must be dismissed, as a matter of law, as to each of them, on the following grounds.

# 10221637 v1

3.     Counts X through XII of the Amended Complaint allege conduct on the part of ROSARIO in his individual capacity. Pursuant to Section 768.28(9)(a), Fla. Stat.(2015), states in part, "no officer, employee, or agent of the State or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his or her employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property." In the instant action, the Plaintiff has not alleged any conduct that would serve as an exception to this Statute, and therefore ROSARIO must be dismissed as an individual party defendant in this matter.

4.     The Amended Complaint is barred by the applicable statute of limitations as to both ROSARIO and SLCFD. Pursuant to Ch. 2004-407, §15(1), Laws of Fla. (2004), "no action shall be brought against the St. Lucie County Fire District for any negligent or wrongful injury or damage to persons or property unless brought within twelve months after the time of the injury or damage." *See* **Exhibit A.** The actions alleged against ROSARIO and SLCFD, according to the Amended Complaint, occurred on May 11, 2014. The Amended Complaint was not filed until August 3, 2016, and therefore, the allegations against ROSARIO and SLCFD are time barred and therefore must be dismissed as a matter of law.

WHEREFORE, the Defendants, JOSE ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent special district, request the Court dismiss the Amended Complaint for the foregoing reasons, and to grant any other relief that the Court deems appropriate in this cause.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Florida Courts eFiling Portal to the St. Lucie County Clerk of Court on this 12th day of

September 2016 to **Adam Hecht, Esq.,** *(Attorneys for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409   Florence@cushniemcmahonlaw.com, Cushnie & McMahon, PL, 543 NW Lake Whitney Place, Suite 106, Port St. Lucie, FL 34986; **Summer M. Barranco, Esq.,** *(Attorneys for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

**/s/ BENJAMIN W. NEWMAN**

BENJAMIN W. NEWMAN, ESQ.
Florida Bar No. 0011223
JULIE TYK, ESQ.
Florida Bar No. 84493
GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802-3068
Phone: 407-843-8880
Facsimile: 407-244-5690
Ben.Newman@gray-robinson.com
Julie.Tyk@gray-robinson.com

Counsel for Defendant, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY FIRE
DISTRICT, an independent special district,

# CHAPTER 2004-407

## House Bill No. 631

An act relating to the St. Lucie County Fire District; providing for codification of special laws relating to the St. Lucie County Fire District; providing legislative intent; amending, codifying, and reenacting all prior special acts; providing for incorporation as a special fire control district; providing district boundaries; providing for a governing board; providing for district books and audits; providing for district depositories and use of funds; providing for gifts, purchases, and loans; providing for records and adoption of rules; providing for annual reports; providing for rights under civil service and retirement laws; providing for millage and taxes; providing for non-ad valorem assessments and impact fees; providing for payment of expenses; providing for a fire chief; providing for a clerk-treasurer; providing for insurance for employees and retirees; providing for limitations to actions arising out of tort or negligence; providing for removal of fire hazards and enforcement of liens; providing for miscellaneous provisions; repealing chapters 96-532 and 97-356, Laws of Florida; providing an effective date.

Be It Enacted by the Legislature of the State of Florida:

Section 1.   Pursuant to section 191.015, Florida Statutes, this act constitutes the codification of all special acts relating to St. Lucie County Fire District. It is the intent of the Legislature to provide a single, comprehensive special act charter for the district including all current legislative authority granted to the district by its several legislative enactments and any additional authority granted by this act and chapters 189 and 191, Florida Statutes, as they may be enacted from time to time. It is further the intent of this act to preserve all district authority.

Section 2.   Chapters 96-532 and 97-356, Laws of Florida, are codified, reenacted, amended, and repealed as herein provided.

Section 3.   The St. Lucie County Fire District is re-created and the charter is re-created and reenacted to read as follows:

Section 1.   Upon this act becoming a law, all of the lands in the County of St. Lucie shall become and be incorporated into an independent special taxing district to be known as the St. Lucie County Fire District. The purpose of the district shall be for fire prevention, fire suppression, emergency medical services, rescue, and other duties and responsibilities in St. Lucie County, as may be directed by the St. Lucie County Fire District Board of Commissioners.

Section 2.   The governing body of the St. Lucie County Fire District, hereinafter also termed "the district" or "said district," shall be known and designated as the Board of Commissioners of the St. Lucie County Fire District, hereinafter also termed "the board" or "said board," and shall be composed of seven members named and selected as provided by this act.

**1**

CODING: Words stricken are deletions; words underlined are additions.
**EXHIBIT A**

Said board shall have all the powers of a body corporate, including the power to contract and to be contracted with under the name of St. Lucie County Fire District; to sue and to be sued; to adopt and use a common seal and to alter the same at its pleasure; to acquire, purchase, hold, lease, and convey such real estate and personal property, including equipment, as said board may deem proper or expedient to carry out the purposes of this act; to employ such attorneys, experts, agencies, and employees as said board may require or deem advisable; to borrow money and to issue negotiable promissory notes as hereinafter provided; and to generally exercise the powers of a public authority organized and existing for the purpose of fire prevention, fire suppression, emergency medical services, rescue, and other duties and responsibilities as may be directed by the St. Lucie County Fire District Board of Commissioners.

Section 3.   Board composition; terms; elections.—

(1)   The board of commissioners of said district shall at all times consist of seven members; two members to be elected by and from the Board of County Commissioners of St. Lucie County; two members to be elected by and from the City Commission of the City of Fort Pierce; two members to be elected by and from the City Council of the City of Port St. Lucie; and one member to be appointed by the Governor.

(2)   The terms of office of the two members from the Board of County Commissioners of St. Lucie County, the two members from the City Commission of the City of Fort Pierce, and the two members from the City Council of the City of Port St. Lucie, and their respective successors, shall be for periods of 2 years. The term of office of the seventh member appointed by the Governor shall be for a period of 2 years, but said seventh member shall continue to serve until his or her successor is appointed.

(3)   As to the two members from the Board of County Commissioners of St. Lucie County, the two members from the City Commission of the City of Fort Pierce, and the two members from the City Council of the City of Port St. Lucie, their continuance in such official capacities as members of the board of county commissioners, city commission, and city council shall be deemed an essential qualification as to their continuance as members of the board of commissioners of the district.

(4)   The commissioners of the district shall elect from their board a chairperson and vice chairperson annually. Four members of the board shall constitute a quorum. A majority of a quorum shall be necessary for the transaction of business. The chairperson shall vote at all meetings of the board.

Section 4.   Books; audits.—The board shall annually have the books audited by an independent certified public accountant duly registered in this state.

Section 5.   Depositories; use of funds.—

(1)   The funds of the district shall be deposited in the name of the district in a federal or Florida chartered bank or banks with a principal branch office

CODING: Words stricken are deletions; words underlined are additions.
EXHIBIT A

located within St. Lucie County. Any such bank must be a member of the Federal Reserve System and a qualified public depository as defined in section 280.02, Florida Statutes, and must be included on the authorized depository list published by the Bureau of Collateral Securities, Office of the Chief Financial Officer. No funds of the district shall be paid out or disbursed except by check.

(2)   No funds of the district shall be used for any purpose other than the administration of the affairs and business of said district, for the construction, care, maintenance, upkeep, operation, and purchase of firefighting and emergency equipment, and for the best interest of the district as the board may determine.

Section 6.   Gifts; purchases; loans.—

(1)   The board shall have the power and authority to hold, control, and acquire, by gift or purchase, for the use of the district, any real or personal property and to pay the purchase price in installments or deferred payments and to condemn any lands needed for the purpose of said district. Said board is authorized to exercise the right of eminent domain and institute and maintain condemnation proceedings in the same manner as St. Lucie County, as other public municipalities under the laws of the state, or both.

(2)   The board is hereby authorized and empowered, in order to carry out the purposes of this act, to borrow money not to exceed $1,500,000 in any one year unless the board shall issue a resolution that declares a district emergency as defined in this section, in which case the board is authorized and empowered to borrow money not to exceed the sum of $4 million. In no event, however, shall the total of all amounts borrowed and unpaid exceed the sum of $5 million. The board is further authorized and empowered to issue its promissory notes therefor upon such terms and at such rates of interest as said board may deem advisable, and said notes shall be a charge upon all revenues derived from taxes in that year.

(3)   An emergency for the purposes of the St. Lucie County Fire District is defined as:

(a)   A natural or manmade fire or medical disaster involving significant injury, death, or destruction of structures and requiring extensive and unforeseen use of overtime or additional personnel.

(b)   A response to a declaration of a local emergency and request by St. Lucie County that the district provide emergency services, the cost of which exceeds the annual borrowing limit of the district.

(c)   A need to replace or repair fire or emergency medical vehicles and equipment based on unanticipated and unforeseen circumstances, rather than on ordinary wear and tear, for losses not covered by insurance.

(4)   The board of commissioners of the district shall have the power and authority to acquire by gift or purchase and to pay the purchase price for such firefighting and other equipment as deemed reasonably necessary for the protection of property, safety of lives, or reduction of fire hazards to the

CODING:  Words stricken are deletions; words underlined are additions.
EXHIBIT A

same, in the district; to hire firefighting, emergency medical, civilian, and other personnel as needed; and to inspect all property and investigate for fire hazards and prescribe rules and regulations pertaining thereto, including the enforcement of the Florida Fire Prevention Code as revised from time to time.

(5) The board of commissioners of the district may acquire, by gift or purchase, such emergency equipment and employ such personnel as may be determined reasonably necessary by the board for the operation and maintenance of emergency medical service within the district.

Section 7. Records; adoption of rules.—The officers of said board of commissioners shall have the duties usually pertaining to, vested in, and incumbent upon like officers. A record shall be kept of all meetings of the board of commissioners. The board of commissioners may adopt such rules and regulations as it may deem necessary in and about the transaction of its business and in carrying out the provisions of this act.

Section 8. Annual reports; fiscal year.—The board of commissioners shall, in a timely manner, make an annual report of its actions and accounting of its funds as of the end of the previous fiscal year and shall file said report in the office of the Clerk of the Circuit Court of St. Lucie County, whose duty it shall be to receive and file said report and hold and keep the same a public record. The fiscal year of said district is hereby fixed as commencing on October 1 and ending on September 30.

Section 9. Rights under civil service and retirement laws.—All rights of firefighting personnel under the civil service and retirement laws of the City of Fort Pierce and all rules and regulations pertaining thereto are hereby respectively preserved unto such personnel.

Section 10. Millage; taxes.—

(1) The Board of Commissioners of the St. Lucie County Fire District, a special taxing district, is hereby authorized, empowered, and directed annually to levy upon all the real and personal taxable property, including homesteads, in said district a sufficient tax to pay the necessary costs for the maintenance, operation, and support of the district, but the said levy to pay for the costs of operation, maintenance, and support of said district shall not exceed 3 mills on the dollar, unless otherwise authorized under chapter 191, Florida Statutes.

(2) The levy by the board of the taxes authorized by any provision of this act or chapter 191, Florida Statutes, shall be by resolution of the board duly entered into the minutes of the board. Certified copies of such resolution executed in the name of the board by its chairperson, under the corporate seal, shall be made and delivered to the Board of County Commissioners of St. Lucie County and to the Chief Financial Officer of the state not later than July 31 of each year. Determination of millage and collection of taxes shall be in accordance with chapter 200, Florida Statutes, and other applicable laws. All such taxes shall be held by the board of commissioners and paid out by the board as provided in this act.

CODING: Words stricken are deletions; words underlined are additions.

EXHIBIT A

(3)  It is herein and hereby determined and declared that the special assessment taxes herein provided for fire prevention, fire suppression, emergency medical services, rescue, and other duties and responsibilities as may be directed by the St. Lucie County Fire District Board of Commissioners are special assessments for special or peculiar benefits accruing to the properties within the special taxing district herein created against which properties said levies are directed to be made. It is also herein and hereby found, determined, and declared that fire prevention, fire suppression, emergency medical services, rescue, and other duties and responsibilities as may be directed by the St. Lucie County Fire District Board of Commissioners, within such special taxing district herein created, are public purposes and are also county, district, and municipal purposes.

Section 11.   Payment of expenses.—

(1)  The board is authorized to pay from the funds of the special taxing district all expenses of the organization of said board and all expenses necessarily incurred in the formation of said district and all other reasonable and necessary expenses, including the fees and expenses of an attorney in the transaction of the business of the special taxing district and in carrying out and accomplishing the purposes of this act.

(2)  The funds of the district shall be paid out only upon checks signed by the chairperson or vice chairperson and clerk-treasurer either manually or by facsimile signature. No check shall be drawn or issued against funds of the district except for a purpose authorized by this act. No check against funds of the district shall be drawn or issued until after the account or expenditure for which the same is to be given and payment has been ordered and approved by the board of commissioners.

Section 12.   Fire chief.—The board shall appoint and employ a fire chief who shall serve at the will of the board as chief officer of the fire district; who shall maintain and operate all divisions of the district; and who shall enforce the laws and all rules prescribed by the State Fire Marshal in accordance with chapter 633, Florida Statutes.

Section 13.   Clerk-treasurer.—The board shall appoint and employ a clerk-treasurer who shall serve at the will of the board. The clerk-treasurer of the district shall be the financial officer of the district and shall also maintain the records of the district. The clerk-treasurer shall be required to give to the board of commissioners of the district a good and sufficient surety bond in the sum of $10,000 conditioned on his or her faithfully performing the duties of the office and well and truly accounting for all moneys of the district coming into his or her custody and/or control. The premium of the bond shall be paid out of the funds of the district and shall be approved by the board of commissioners.

Section 14.   Insurance for employees and dependents; retirees.—

(1)  The St. Lucie County Fire District may, through its board of commissioners, pay out of any of its available funds all or part of the premiums or charges for life, health, accident, or hospitalization insurance provided for its employees and the families of such employees.

CODING:  Words stricken are deletions; words underlined are additions.
EXHIBIT A

(2)   The St. Lucie County Fire District, which provides for its officers, employees, and their dependents life, health, accident, hospitalization, or annuity insurance, or all of any such insurance, upon a group insurance plan or self-insurance plan, may allow retired former personnel and their eligible dependents the option of continuing to participate in such group insurance plan or self-insurance plan. The cost of any such continued participation or any portion thereof for the retired employees may only be paid by the employer or by the retired employees. Any such coverage continued on behalf of the dependents of a retired employee shall be paid for entirely by the retiree. In addition, the St. Lucie County Fire District may commingle the claims experience of the retiree group with the claims experience of the active employees. Premiums resulting from the commingling, or any portion thereof, may be paid by the employer or retired employee. However, the St. Lucie County Fire District may pay all or a portion of the cost of any such continued participation if it so desires.

Section 15.   Torts; negligence.—

(1)   No action shall be brought against the St. Lucie County Fire District for any negligent or wrongful injury or damage to persons or property unless brought within 12 months after the time of the injury or damage.

(2)   No suit arising out of any action in tort or sounding in tort shall be maintained against the St. Lucie County Fire District unless written notice of the claim, giving time, place, and circumstances of the injury or damage, is given to the chairperson, the vice chairperson, or the clerk-treasurer of the district within 30 days after the occurrence of the injury or damage.

Section 16.   Removal of fire hazards; enforcement of liens.—

(1)   For the purpose of promoting the safety and general welfare of the community, the Board of Commissioners of the St. Lucie County Fire District may, by resolution, require that lands in St. Lucie County be cleared of weeds, debris, and any materials which create a fire hazard.

(2)   If any property owner in St. Lucie County fails to comply with the requirements of a resolution adopted under subsection (1), the board may serve written demand on such property owner that his or her land be cleared in accordance with the provisions of such resolution. Such demand shall be by registered mail, directed to the owner at his or her address as shown on the current tax roll of the county. It shall notify the owner that if said demand is not complied with within 30 days from the date thereof, the land described therein will be cleared or caused to be cleared by the St. Lucie County Fire District and the cost thereof, including a service charge to be established by the board, will constitute a lien against said land.

(3)   If any property owner fails to comply with such written demand, the board may clear or cause to be cleared the land and by resolution assess a lien on behalf of the St. Lucie County Fire District against the land for the cost of clearing, including the service charge. A notice of lien in such form as the board may determine shall be recorded in the office of the Clerk of the Circuit Court of the county. The notice of lien shall be prima facie evidence of the debt to the St. Lucie County Fire District, bearing interest

CODING:  Words stricken are deletions; words underlined are additions.
EXHIBIT A

at the legal rate, and may be foreclosed as mortgages are foreclosed in the circuit court. The lien shall become void 20 years after the date of the execution of the notice of lien.

Section 17.   Miscellaneous provisions.—

(1)   When required by the laws of Florida, any obligation issued or incurred by the district shall be approved by the qualified freeholder electors.

(2)   Whosoever shall willfully damage any of the property in the special taxing district created under this act shall be punished as provided in the general laws for punishments for misdemeanors or felonies, depending upon the value of the property damage.

(3)   Any clause, sentence, paragraph, section, or part of a section of this act which for any reason may be declared invalid may be eliminated from this act, and the remaining portion thereof shall be in force and valid as if such invalid clause, section, or part of a section had not been incorporated herein.

(4)   It is intended that the provisions of this act shall be liberally construed for accomplishing the purposes provided therefor, or intended to be provided for by this act, and where a strict construction will result in the defeat of the accomplishment of any of the purposes provided for by this act and a liberal construction would permit or assist in the accomplishment thereof, the liberal construction thereof shall prevail.

(5)   The provisions of sections 200.071-200.141, Florida Statutes, shall not apply and are superseded insofar as they affect the power and authority of the St. Lucie County Fire District to levy, assess, collect, and enforce ad valorem taxes.

Section 4.   Chapters 96-532 and 97-356, Laws of Florida, are repealed.

Section 5.   This act shall take effect upon becoming a law.

Approved by the Governor June 17, 2004.

Filed in Office Secretary of State June 17, 2004.

**7**

CODING:  Words stricken are deletions; words underlined are additions.

EXHIBIT A

Filing # 46551610 E-Filed 09/16/2016 01:52:15 PM

IN THE CIRCUIT COURT OF THE
NINETEENTH JUDICIAL CIRCUIT, IN
AND FOR ST. LUCIE COUNTY, FLORIDA

TAVARES DOCHER, by and through                    CASE NO.: 562016CA001430(OC)
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).

_____/

## NOTICE OF HEARING

    **PLEASE TAKE NOTICE** that the undersigned, as counsel for Defendants, JOSE

ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent

special district, will call up for Hearing before the Honorable Janet C. Croom, Circuit Judge in

the above styled court, at the St. Lucie County Courthouse, 218 S. 2nd Street, Fort Pierce, Florida

34950, Courtroom 2D, on **Monday, October 10, 2016, at 11:30 a.m.,** or as soon thereafter as

counsel can be heard on:

### DEFENDANTS, JOSE ROSARIO, AND ST. LUCIE COUNTY FIRE DISTRICT'S
### MOTION TO DISMISS AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Florida Courts eFiling Portal to the St. Lucie County Clerk of Court on this 16th day of

September, 2016 to **Adam Hecht, Esq.,** *(Attorneys for Plaintiff)* ash@searcylaw.com,

axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com,

# 10239078 v1

Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409   Florence@cushniemcmahonlaw.com, Cushnie & McMahon, PL, 543 NW Lake Whitney Place, Suite 106, Port St. Lucie, FL 34986; **Summer M. Barranco, Esq.,** (*Attorneys for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

*/s/ BENJAMIN W. NEWMAN*

BENJAMIN W. NEWMAN, ESQ.
Florida Bar No. 0011223
JULIE TYK, ESQ.
Florida Bar No. 84493
GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802-3068
Phone: 407-843-8880
Facsimile: 407-244-5690
Ben.Newman@gray-robinson.com
Julie.Tyk@gray-robinson.com
Counsel for Defendant, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY FIRE
DISTRICT, an independent special district,

**IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA**

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

        Plaintiffs

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendants

_____/

CASE NO.: 562016CA001430 (OC)

## <u>NOTICE OF APPEARANCE</u>

The Clerk will please note the appearance of the law firm of PURDY, JOLLY, GIUFFREDA

& BARRANCO, P.A. as Attorneys of Record for CHRISTOPHER NEWMAN, individually,

CLAYLAN MANGRUM, individually, CALVIN ROBINSON, individually, WADE

COURTEMANCHE, individually and KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY,

FLORIDA in the above-styled cause, and you are hereby requested to furnish the said attorneys with

copies of all future motions, orders, etc., in this cause.

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com and **BENJAMIN W. NEWMAN, ESQUIRE**, GRAY ROBINSON, 301 East Pine Street, Suite 1400|Orlando, Florida 32801, Ben.Newman@gray-robinson.com, this **21**st day of September, 2016.

> PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
> Attorneys for Defendant
> 2455 East Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone (954) 462-3200
> Telecopier (954) 462-3861
>
> BY:      *s/ Summer M. Barranco*
>          SUMMER M. BARRANCO
>          Florida Bar No. 984663