UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

CASE NO.: 2:16cv14413

## DEFENDANT, ST. LUCIE COUNTY FIRE DISTRICT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, ST. LUCIE COUNTY FIRE DISTRICT, an independent special district (hereinafter "SLCFD"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

SLCFD denies each and every allegation of the Plaintiff's Amended Complaint not expressly or otherwise admitted below. SLCFD also specifically reserves the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

SLCFD'S response to the corresponding headings and each of the specifically numbered paragraphs of the Complaint is as follows:

    1.    Admitted for jurisdictional purpose only. Otherwise, denied.

2. Admitted that Plaintiff brought claims pursuant to 42 U. S.C. §1983 . Otherwise, without knowledge.

3. No knowledge as discovery is ongoing.

## PARTIES

Defendant realleges its responses to paragraphs 1 through 3 as if fully set forth herein.

4. Without knowledge and therefore, denied.

5. Without knowledge and therefore, denied.

6. Without knowledge and therefore, denied.

7. Without knowledge and therefore, denied.

8. Without knowledge and therefore, denied.

9. Without knowledge and therefore, denied.

10. Admitted that Rosario is an employee as to SLCFD, otherwise, denied.

11. Admitted SLCFD is an independent special district, otherwise, denied.

12. Admitted.

## FACTS COMMON TO ALL COUNTS

Defendant realleges its responses to paragraphs 1 through 12 as if fully set forth herein.

13. Without knowledge and therefore, denied.

14. Without knowledge and therefore, denied.

15. Without knowledge and therefore, denied.

16. Without knowledge and therefore, denied.

17. Without knowledge and therefore, denied.

18. Without knowledge and therefore, denied.

19. Without knowledge and therefore, denied.

20. Without knowledge and therefore, denied.

21. Without knowledge and therefore, denied.

22. Without knowledge and therefore, denied.

23. Without knowledge and therefore, denied.

24. Without knowledge and therefore, denied.

25. Without knowledge and therefore, denied.

26. Without knowledge and therefore, denied.

27. Without knowledge and therefore, denied.

28. Without knowledge and therefore, denied.

29. Without knowledge and therefore, denied.

30. Without knowledge and therefore, denied.

31. Without knowledge and therefore, denied.

32. Without knowledge and therefore, denied.

33. Admitted that Rosario responded to CVS Pharmacy located at 301 NE Prima Vista Boulevard, Port St. Lucie, St. Lucie County, Florida on May 11, 2014, otherwise, denied.

34. Admitted that Rosario is an EMT –Paramedic, otherwise, denied.

35. Denied.

36. Denied.

37. Without knowledge and therefore, denied.

38. Denied.

39. Denied.

40. Without knowledge and therefore, denied.

41. Without knowledge and therefore, denied.

42. Without knowledge and therefore, denied.

43. Without knowledge and therefore, denied.

44. Without knowledge and therefore, denied.

45. Without knowledge and therefore, denied.

46. Without knowledge and therefore, denied.

47. Without knowledge and therefore, denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT NEWMAN, INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

52. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

53. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

54. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

55. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

\120301\55 - # 10336714 v1

56. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, include subparts i. – vi.

## COUNT II
## EXCESSIVE USE OF FORCE BY DEFENDANT NEWMAN, INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

57. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

58. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

59. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

60. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – vi.

## COUNT III
## EXCESSIVE USE OF FORCE BY DEFENDANT MANGRUM, INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

61. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

62. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

63. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

64. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – vi.

## COUNT IV
## EXCESSIVE USE OF FORCE BY DEFENDANT ROBINSON, INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

65. Defendant realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

66. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

67. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

68. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – vi.

## COUNT V
## SUPERVISORY LIABILITY CLAIM DEFENDANT, MANGRUM, INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

69. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein

70. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

71. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

72. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

73. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

74. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – vi.

## COUNT VI
## FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT NEWMAN INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

75. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

76. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

77. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

78. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

79. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – vi.

## COUNT VII
## FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT MANGRUM INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

80. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

81. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

82. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

83. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response..

84. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – vi.

## COUNT VIII
## FAILURE TO INTERVENE CLAIMS AGAINST DEFENDANT ROBINSON INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

85. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

86. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

87. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

88. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

89. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response., including subparts i. – vi.

## COUNT IX
## FIRST AMENDMENT CLAIMS AGAINST DEFENDANT COURTEMANCHE, INDIVIDUALLY, COGNIZABLE UNDER 42 B.SC. §1983

90. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

91. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

92. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response..

93. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

94. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

95. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

96. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

97. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – vi.

## COUNT X
## FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

98. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied, including subparts i. – vi.

## COUNT XI
## FOURTEENTH AMENDMENT DUE PROCESS CLAIMS AGAINST DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983

104. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied, including subparts i. – vi.

## COUNT XII
## FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE 42 U. S.C. §1983

112. Defendant realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied, including subparts i. – vi.

## COUNT XIII
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT KEN J. MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA

119. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

120. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response..

121. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

122. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

123. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – iv.

## COUNT XIV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT
## NEWMAN, INDIVIDUALLY

124. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

125. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

126. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

127. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

128. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

129. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – vi.

## COUNT XV
### BATTERY/UNNECESSARY USE OF FORCE CLAIM AGAINST DEFENDANT KEN J. MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA

130. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

131. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

132. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

133. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

134. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i. – vi.

## COUNT XVI
### BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT NEWMAN

135. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

136. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

137. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

138. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

139. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i- iv.

## COUNT XVII
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT MANGRUM

140. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

141. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

142. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

143. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

144. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i- v.

## COUNT XVIII
## BATTERY/ UNNECESSARY FORCE CLAIM AGAINST DEFENDANT ROBINSON

145. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

146. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response..

147. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

148. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response.

149. The allegations of this Count do not pertain to SLCFD and, accordingly, do not require a response, including subparts i –v.

## COUNT XIX
## NEGLIGENCE AGAINST DEFENDANT ST. LUCIE COUNTY FIRE DISTRICT

150. Denied.

151. Admitted that Rosario was an EMT-Paramedic, otherwise, denied.

152. Admitted that Rosario had a duty as defined and interpreted by Florida law. Otherwise, denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

## COUNT XX
## NEGLIGENCE AGAINST DEFENDANT ROSARIO, INDIVIDUALLY

160. SLCFD realleges its responses to paragraphs 1 through 51 as if fully set forth herein.

161. Admitted that Rosario was an EMT-Paramedic, otherwise, denied.

162. Admitted that Rosario had a duty as defined and interpreted by Florida law. Otherwise, denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied, including subparts i. – vi.

## AFFIRMATIVE DEFENSES

1. SLCFD affirmatively alleges that it is a governmental entity, as defined by Section 768.28(2), *Florida Statutes*, and entitled to the limitations of liability set forth in Sections 768.28(6) and 768.28(9), *Florida Statutes*.

2. SLCFD affirmatively alleges that in the event there is a determination of liability against this Defendant, it is entitled to a set off for all collateral sources or settlements paid or payable in accordance with Section 768.76, Florida Statutes and Florida case law.

3. SLCFD affirmatively alleges that any injuries to Tavares Docher resulted from a pre-existing condition unrelated to the medical care and treatment rendered by SLCFD.

4. SLCFD affirmatively alleges that the injuries claimed and the damages sought by Plaintiff were legally caused by the negligence of others not named as parties to this lawsuit. This Defendant affirmatively asserts that it plans to place the names of all persons or entities who were negligent in the care and treatment of the decedent on the verdict form at trial in this matter,

pursuant to the Florida Supreme Court's decision in *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and its progeny. Specific allegations of negligence against non-parties will be made by way of amendment to this pleading as allowed by *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

5. SLCFD affirmatively alleges that Plaintiff engaged in conduct which he knew, or should have known, could result in loss, injury, or damages, as such, he is barred from recovering from this Defendant.

6. SLCFD affirmatively alleges that Plaintiff's injuries and/or damages complained of by Plaintiff were caused in whole or in part by the contributory or comparative negligence and/or recklessness of Plaintiff.

7. SLCFD affirmatively alleges that Defendant's employees were, at all-time herein mentioned, exercising discretion and acting in good faith, without malice, and within the scope of their duties.

8. SLCFD affirmatively alleges that force, if any, used on Plaintiff was reasonable and necessary under the circumstances, and was not unreasonable or excessive force during any lawful detention.

9. SLCFD affirmatively alleges that Plaintiff's claims are barred to the extent that any recovery by Plaintiff is limited to that portion of damages, if any, as attributable to the Defendant's proportionate share of the total fault.

10. SLCFD affirmatively alleges, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would assert that Plaintiff has filed to make sufficient allegation of ultimate fact from which it may be determined that a claim for relief has been stated.

11. As a further and separate Defense, SLCFD would assert that any and all actions which were taken, were taken:

      a.      Without malice;

      b.      With probable cause and/or reasonable suspicion;

      c.      In pursuit of lawful and legal duties;

      d.      With such force as was reasonable and necessary under the circumstances.

12. SLCFD would allege that it is entitled to a set off for any collateral sources of compensation for Plaintiff's alleged injuries and/or damages.

13. SLCFD affirmatively alleges that to the extent force was used, the force was justifiable and otherwise lawful pursuant to Chapter 776, Florida Statutes.

14. SLCFD affirmatively alleges that any defense or immunity that is applicable as set for in Chapter 776, Florida Statues.

15. SLCFD affirmatively alleges to the extent the Plaintiff has filed to mitigate his damages, SLCFD is entitled to a reduction of any jury award.

16. SLCFD affirmatively alleges the alcohol or drug defense as set forth in Florida Statute §768.36 based upon the fact that laboratory results obtained from samples taken during Plaintiff's hospitalization indicated that his blood alcohol level was well in excess of 0.08 percent. Moreover, discovery may reveal further grounds for this defense to include that the plaintiff was under the influence of drugs.

19. SLCFD affirmatively alleges that they are immune from liability, or liability is limited for any and all alleged injuries or damages about which Plaintiff complains of by virtue and by operation of §768.28, Florida Statutes and the concept of sovereign immunity.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of October 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to the following: **Adam Hecht, Esq.,** *(Attorneys for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com,

mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409 Florence@cushniemcmahonlaw.com, Cushnie & McMahon, PL, 543 NW Lake Whitney Place, Suite 106, Port St. Lucie, FL 34986; **Summer M. Barranco, Esq.,** (*Attorneys for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

                  */s/ BENJAMIN W. NEWMAN*
                  BENJAMIN W. NEWMAN, ESQ.
                  Florida Bar No. 0011223
                  JULIE TYK, ESQ.
                  Florida Bar No. 84493
                  GRAYROBINSON, P.A.
                  301 E. Pine Street, Suite 1400 (32801)
                  Post Office Box 3068
                  Orlando, Florida 32802-3068
                  Phone: 407-843-8880
                  Facsimile: 407-244-5690
                  Ben.Newman@gray-robinson.com
                  Julie.Tyk@gray-robinson.com

                  Counsel for Defendant, JOSE ROSARIO,
                  individually, and the ST. LUCIE COUNTY FIRE