UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through	CASE NO.: 2:16cv14413
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

**DEFENDANT, JOSE ROSARIO'S, AMENDED MOTION TO DISMISS AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

        COMES NOW the Defendant, JOSE ROSARIO (hereinafter "ROSARIO"), individually, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1 hereby move this Honorable Court for an Order dismissing Plaintiff's Amended Complaint. In support of their Motion, Defendant states as follows:

        1.    This is a personal injury action filed by the Plaintiff, alleging actions or omissions of these Defendants that occurred on May 11, 2014, resulting in loss, injury or damage.

        2.    Plaintiff's Amended Complaint alleges against ROSARIO in Count X First Amendment Free Speech Retaliation, Count XI Fourteenth Amendment Due Process Claims, Count XII Fourteenth Amendment Deliberate Indifference Claim and Count XX Negligence.

3. This Court should dismiss Counts X and XII for failure to state a claim upon which relief can be granted.

4. Additionally, Count XX as plead is barred by the Doctrine of Sovereign Immunity pursuant to Florida Statutes §768.28(9)(A).

5. Plaintiff's Amend Complaint also improperly re-incorporates by reference paragraphs 1 through 51 into every count, leading to a situation where the counts contain irrelevant factual allegations and legal conclusions. See *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n. 6 (11th Cir. 2006) (The Eleventh Circuit repeatedly condemns "shotgun pleadings" as imposing "a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts."). *See also Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 979 & n. 54 (11th Cir. 2008).

6. Additionally, Plaintiff improperly pleads alternative theories in Count XX. Federal Rule of Civil Procedure 8(e)(2) allows alternative pleading of the same claim, but does not authorize two separate and distinct claims to be plead in the same count. A "Plaintiff may plead liability in the alternative, but must do so in separate counts." *Perez v. School Bd. of Miami–Dade County, Fla.*, 917 F. Supp. 2d 1261, 1268 (S.D. Fla. 2013). Therefore, Count XX should be dismissed as a matter of law.

7. Wherefore, Defendant, JOSE ROSARIO, prays for the entry of an Order dismissing the Counts X, XII and XX of Plaintiff's Amended Complaint and any other relief the Court deems proper and just.

\120301\55 - # 10336498 v1

**MEMORANDUM OF LAW**

I.  **Motion to Dismiss Standard**

Plaintiff's Amended Complaint must be dismissed because it fails to state a claim as to Counts X and XII.  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) provides for dismissal where the allegations lack a cognizable legal theory or fail to allege facts sufficient to support a cognizable legal theory.  *Goldin v. Boce Grp., L.C.,* 773 F. Supp. 2d 1378, 1378 (S.D. Fla. 2011).  A pleading must state enough facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 & 570 (2007).  Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) ("unwarranted deductions of fact in a complaint are not admitted as true for purpose of testing the sufficiency of plaintiff's allegations.")

As *Twombly*  explains, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  That means, to survive a motion to dismiss, a plaintiff must plead factual allegations sufficient to raise a right to relief above the speculative level.  *Id.* This higher pleading standard is referred to as the "plausibility" standard.  *Id.*  The Supreme Court upheld and expanded the plausibility standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), in which it held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

>short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations to *Twombly*, 550 U.S. 544., omitted). This means that a plaintiff must allege sufficient facts to nudge his claim across the line from conceivable to plausible. *Id.* at 680. In reviewing a complaint, a court should not take as true any conclusory allegations amounting to a formulaic recitation of the elements of a claim. *Id.* at 681. Instead, a court must conduct a context-specific review drawing on its judicial experience and common sense. *Id.* at 679. If that context-specific common sense analysis provides plausible alternate legal explanations for the alleged wrongful conduct, then a plaintiff has failed to meet his Rule 8 pleading burden. *Id.*

Here, Plaintiff has failed to meet the plausibility standard. Instead, Plaintiff is merely using legal buzz words into his pleadings. Additionally, Plaintiff's conclusory pleading fails to assert sufficient facts to plausibly support his claims against Defendant, ROSARIO.

## II. Plaintiff has failed to state a claim for First Amendment Free Speech Retaliation

To state a First Amendment Retaliation claim, the United States Court of Appeals for the Eleventh Circuit has stated that a plaintiff "must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005).

To survive a motion to dismiss, Plaintiff must allege facts demonstrating that TAVARES DOCHER spoke on a matter of public concern which requires consideration of the content, form and context of the speech. *Connick v. Myers*, 461 U.S. 138, 146-148 (1983). The issue of whether a plaintiff's speech is related to matter of public concern is a legal question. *Ferrara v. Mills*, 781 F.2d 1508, 1515 (11th Cir. 1986). The fact that information may be of general interest to the public, however, does not alone make it of "public concern" for First Amendment purposes.

*Connick*, 461 U.S. at 148. *Morgan v. Ford*, 6 F. 3d 750, 753-54 (11th Cir. 1993) (holding that the mere fact that the topic of the speech was one in which the public might or would have had a great interest is of little moment). Plaintiff only alleges that TAVARES DOCHER yelled to the officers about their treatment of him. This allegation is insufficient to implicate that TAVARES DOCHER'S speech was a matter of public concern protected by the First Amendment.

Additionally, an essential element of a First Amendment claim under Section 1983 is the existence of a retaliatory motive. *See Gattis v. Brice*, 136 F.3d 724, 726 (11th Cir. 1998) ("To succeed in a Section 1983 suit based on a claim of retaliation for speech, the plaintiff must show that his speech was a 'substantial' or 'motivating' factor in the allegedly retaliatory decision."). *See also Farrow v. West*, 320 F.3d 1235, 1249 (11th Cir. 2003). A plaintiff must do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation to prove the requisite motive. *Crawford-El v. Britton*, 523 U.S. 574, 600, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (citations omitted). In other words, Plaintiff must provide "a sequence of events from which one could . . . plausibly refer a retaliatory motive." *Smith v. Florida Dep't of Corrections*, 375 Fed.Appx. 905 (11th Cir. 2010).

In the instant matter, Plaintiff completely fails to allege a sequence of events that one could plausibly refer a retaliatory motive. Rather, Plaintiff simply alleges that "as punishment and in retaliation for Plaintiff's exercise of free speech (i.e., "Don't let them kill me") . . . Defendant ROSARIO injected Plaintiff in the buttocks with 4 mg Ativan – the maximum dosage." (Am. Compl. ¶100). However, this conclusory statement is wholly left unsubstantiated, and cannot be presumed correct.

### III. Plaintiff Has Failed To State A Claim For Deliberate Indifference Under The Fourteenth Amendment

In order to maintain a claim for deliberate indifference to serious medical need under § 1983, a plaintiff must plead and prove two components. First, there must be evidence of an

objectively serious medical need. "A serious medical need is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (internal quotations and citations omitted). Second, there must have been conduct that evidenced an attitude of deliberate indifference to that serious medical need. *Farrow v. West*, 320 F.3d 1235, 1242 (11th Cir. 2003)[1].

Importantly, mere negligence or medical malpractice does not suffice to establish deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994). Rather, deliberate indifference has three components: "'(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.' " *Farrow*, 320 F.3d at 1245 (*quoting McElligott v. Foley*, 182 F. 3d 1248, 1255 (11th Cir. 1999)). Indeed, it has been noted that "a defendant must purposefully ignore or fail to respond to a [plaintiff]'s pain or medical need in order for deliberate indifference to be established." *Engelleiter v. Brevard Cnty. Sheriff's Dep't*, 290 F. Supp. 1300, 1308 (M.D. Fla. 2003) (c*iting Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F. 3d 1176, 1191 (11th Cir. 1994) (overruled on other grounds)). This standard is clearly quite high. It is designed to be such because the Constitution is not a substitute for tort law. Indeed, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff's Amended Complaint entirely fails to include any ultimate factual allegations against ROSARIO that would state a claim under the high deliberate indifference standard. Plaintiff baldly avers that ROSARIO "was in deliberate indifference to Plaintiff's serious medical needs, in violation of Plaintiff's clearly established right under the Fourteenth

---

[1] It is well established that pretrial detainees are governed by the same standard under the Fourteenth Amendment as convicted prisoners are under the Eighth Amendment. *See Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). The deliberate indifference analysis is identical under both the Eighth Amendment and the Fourteenth Amendment. *Id*.

Amendment and 42 U.S.C. § 1983." (Compl. ¶ 116). However, in paragraph 40, Plaintiff acknowledges that TAVARES DOCHER was transported to the hospital for care and treatment. The law and facts applicable to this case are clear that ROSARIO met any applicable constitutional duty to TAVARES DOCHER regarding his access to medical care and Plaintiff is merely disputing the adequacy of the care provided. Thus, Plaintiff has failed to plead a cause of action for deliberate indifference against ROSARIO. *See Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000) (finding that sending an injured arrestee to a hospital satisfied the constitutional requirement set forth by the Supreme Court in *Estelle v. Gamble* even where the transfer was non-emergency and the arrestee died en route).

**IV. Count XX as plead is barred by the Doctrine of Sovereign Immunity pursuant to Florida Statutes §768.28(9)(A) As Plaintiff Has Failed To Properly Plead Said Counts In The Alternative**

Until the enactment by the Florida Legislature of Section 768.28, *Florida Statutes* in 1973, the State of Florida, its agencies, subdivisions and employees could not be sued in State Court without consent of the State. Although the enactment of Section 768.28, *Florida Statutes* waived Florida's sovereign immunity, it did so only in certain instances and subject to certain limitations. Section 768.28(1), *Florida Statutes* states in part:

> The State or itself or for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified by this act. Actions at law against the State of any of its agencies or subdivisions to recover damages in tort for money damages against the State or its agencies or subdivisions for injury or loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the State or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this State, may be prosecuted subject to the limitations specified in this act.

Sovereign immunity is the rule rather than the exception, and any waiver of sovereign immunity should be strictly construed in the favor of the State and against the claimant. *See Windham v. Florida Department of Transportation*, 476 So.2d 735 (Fla. 1st DCA 1985). Sovereign immunity is only waived to the extent specified by the Statute. *See Dept. of Health & Rehabilitative Services v. McDougall,* 359 So.2d 528 (Fla. 1st DCA 1978).

Section 768.28(9)(a), *Florida Statutes* states:

> No officer, **employee**, or agent of the State ... shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property ... The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the Sate ... shall be by action against the governmental entity, or the head of such entity in her or his official capacity ... unless such act or omission was committed in bad faith or with malicious purpose or in manner exhibiting wanton and willful disregard of human rights, safety, or property. The State ... shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

(Emphasis added).

Plaintiff avers that "[a]t all times referred to herein, Defendant JOSE ROSARIO . . . was employed as an EMT-Paramedic for the Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special district. . . ." (Compl. ¶ 10). ST. LUCIE COUNTY FIRE DISTRICT (hereinafter "SLCFD") is an independent special fire control district within the meaning of Chapter 191 of the Florida Statutes. See (Compl. ¶ 11). With regard to ROSARIO, then, any claim of negligence on his part would clearly and completely immunize him from any personal responsibility for the result of any negligent acts he may have committed. This mandates the

dismissal with prejudice of any part of the Amended Complaint brought against ROSARIO alleging any type of State court negligence, such as that found in Count XX of the Amended Complaint.

The Second District Court of Appeals has held that conclusory allegations are insufficient to state a cause of action sufficient to waive immunity under Section 768.29(9)(a). *See McClelland v. Cool*, 547 So.2d 975 1989). In *Cool*, the Second District Court of Appeals stated that "conclusory allegations of negligent supervision, knowing violation of industry practices and failure to warn do not constitute willful and wanton behavior and therefore fail to state a cause of action sufficient to waive the immunity of a co-employee under Section 768.28(9)(a)." *Id*. At 976.

In the instant matter, Plaintiff alleges in Count XX that ROSARIO was an employee of SLCFD at the time of the incident. See (Compl. ¶¶ 160, 161). As such, ROSARIO is entitled to sovereign immunity as to Count XX. Plaintiff attempts to plead in the alternative, however, Plaintiff cannot plead that ROSARIO acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property and in the scope of his employment in the same count. This type of pleading is specifically what Section 768.28(9)(a), *Florida Statutes* is designed to guard against.

Wherefore, Defendant, JOSE ROSARIO, prays for the entry of an Order dismissing the Counts X, XII and XX of Plaintiff's Amended Complaint and any other relief the Court deems proper and just.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of October 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to the following: **Adam Hecht, Esq.,** *(Attorneys for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola

\120301\55 - # 10336498 v1

Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409 Florence@cushniemcmahonlaw.com, Cushnie & McMahon, PL, 543 NW Lake Whitney Place, Suite 106, Port St. Lucie, FL 34986; **Summer M. Barranco, Esq.,** (*Attorneys for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

                 */s/ BENJAMIN W. NEWMAN*
                 BENJAMIN W. NEWMAN, ESQ.
                 Florida Bar No. 0011223
                 JULIE TYK, ESQ.
                 Florida Bar No. 84493
                 GRAYROBINSON, P.A.
                 301 E. Pine Street, Suite 1400 (32801)
                 Post Office Box 3068
                 Orlando, Florida 32802-3068
                 Phone: 407-843-8880
                 Facsimile: 407-244-5690
                 Ben.Newman@gray-robinson.com
                 Julie.Tyk@gray-robinson.com

                 Counsel for Defendant, JOSE ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent special district,