UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through         CASE NO.: 2:16cv14413
JANICE DOCHER-NEELEY, his mother and
legal guardian,

       Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

       Defendant(s).
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [DE 19]**

Defendant, Jose Rosario ("Rosario"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, hereby files his Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss:

**I.  REPLY TO PLAINTIFF'S ARGUMENT THAT COUNT XX DOES NOT PLEAD ALTERNATIVE THEORIES WITHIN A SINGLE COUNT**

A plaintiff can be pled alternative legal theories in separate counts under the same factual allegations. *Walton v. Johnson & Johnson Services, Inc.*, 347 F.3d 1272, 1279-1280 (11th Cir. 2003). However, these allegations must be composed of definite statements with sufficient clarity and precision for the Defendant to differentiate between the different claims in order to form a proper responsive pleading. *Anderson v. District Board of Trustees of Central Florida Community College,* 77 F.3d 364, 366 (11th Cir. 1996).

Count XX appears to plead a cause of action for negligence against Rosario while acting within the course and scope of his employment and then later while acting outside the course and scope of his employment. (DE 1-2 ¶¶ 161-167). Count XX initially states "[f]or his cause of action against Defendant St. Lucie County Fire District, in Count XX, Plaintiff states:" (DE 1-2 Count XX). Plaintiff then re-alleges and adopts the allegation of paragraphs 1 through 51. (DE 1-2 ¶160). In paragraphs 10 and 11, Plaintiff avers that "[a]t all times referred to herein, Defendant JOSE ROSARIO . . . was employed as an EMT-Paramedic for the Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special district. . . ." (DE 1-2 ¶ 10) and that ST. LUCIE COUNTY FIRE DISTRICT (hereinafter "SLCFD") is an independent special fire control district within the meaning of Chapter 191 of the Florida Statutes.  (DE 1-2 ¶ 11). However, in paragraph 167, Plaintiff then claims that "if the negligence of Defendant ROSARIO toward Plaintiff was committed by Defendant ROSARIO outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property, then the negligence of Defendant ROSARIO occurred in his individual capacity."

It is clear that in this case, Count XX is not stated with sufficient clarity for ROSARIO to discern what the Plaintiff is claiming. Therefore, if Plaintiff is indeed claiming two separate legal theories, then these claims must clearly state which count uses which legal theory. Fed. R. Civ. P. 8(e), *See generally Walton*, 347 F.3d at 1279-1280.

## II. REPLY TO PLAINTIFF'S ARGUMENT THAT THE COMPLAINT PROPERLY ALLEGES THE ELEMENTS OF A FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM (Count XII)

For a private citizen to prove First Amendment retaliation, he must show: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right, and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curlev v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001), (*citing Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998)).

As to the second element, Plaintiff's allegation must be sufficient to support the inference that Rosario's actions were motivated or substantially caused by Tavares Docher's exercise of his First Amendment right. Generally, to prevail on a First Amendment retaliation claim under Section 1983, the plaintiff must make a prima facie showing of "retaliation." Specifically, the plaintiff must establish that the adverse state action was, in fact, "made in retaliation for his exercise of the constitutional right of free speech." *Greenwich Citizens Committee, Inc. v. Counties of Warran and Washington Industrial Development Agency*, 77 F.3d 26, 32 (2d Cir. 1996) (*citing Perry v. Sndermann*, 408 U.S. 593, 598, 98 S.Ct. 2694, 33 L.Ed.2d 570 (1972). This second element has not been met.

In this instant matter, the Amended Complaint fails to allege the requisite factual nexus between Tavares Docher's exercise of his First Amendment rights and the alleged retaliatory actions of Rosario. Taking Plaintiffs facts as alleged, it is mere speculation that there was improper motive. There are no facts alleged that Rosario even heard Tavares Docher yell out "Don't let them kill me." There are no facts alleged as to when Rosario was on scene. There are no facts that Rosario even observed any of the alleged excessive force. Additionally, there are no facts alleged that Tavares Docher's alleged statements where directed in any way towards the

actions of Rosario. Furthermore, there is no statement Plaintiff alleges that Rosario made that would create a reasonable inference that his actions were not motivated by a legitimate governmental purpose.

### III. REPLY TO PLAINTIFF'S ARGUMENT THAT THE COMPLAINT PROPERLY ALLEGES THE ELEMENTS OF A FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM (Count X)

The facts alleged do not amount to a constitutional violation. The Supreme Court has cautioned that not every allegation of inadequate medical treatment states a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). "In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' " *Id*. at 106-07, 97 S.Ct. at 292.

The deliberate indifference standard requires the satisfaction of two components. First, there must be evidence of an objectively serious medical need. "A serious medical need is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Y*oumans v. Gagnon*, 626 F. 3d 557, 564 (11th Cir. 2010) (internal quotations and citations omitted). In the instant matter, Plaintiff alleges that Tavares Docher's head injury clearly constitutes a serious medical need. (DE 1-2 ¶33).

Second, there must have been conduct that evidenced an attitude of deliberate indifference to that serious medical need. *Farrow v. West*, 320 F. 3d 1235, 1242 (11th Cir. 2003). However, Plaintiff claims that Rosario acted with grossly excessive care in administering Ativan in light of Tavares Docher's intoxication, which is unrelated to his head injury. (DE 1-2 ¶ 35).

Moreover, Plaintiff does not allege that the Ativan affected Tavares Docher's head injury in any way.

The Eleventh Circuit has stated that for medical treatment to rise to the level of a constitutional violation, the care must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness."' *Jackson v. Jackson*, 456 Fed. Appx. 813, 814 (11th Cir. 2012)(*quoting Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)); *See also, Freeman v. Lebedovych*, 186 Fed. Appx. 943, 944 (11th Cir. 2006).

Plaintiff's Amended Complaint fails to allege sufficient facts that Rosario disregard a substantial risk of harm regarding Tavares Docher's head injury by failing to take reasonable measures to abate it by conduct that constituted "more than gross negligence." Plaintiff has failed to allege facts that Rosario's conduct was "'so grossly incompetent, inadequate, or excessive to shock the conscience or be intolerable to fundamental fairness.'" As previously noted, "accidental inadequacy, negligence in diagnosis or treatment, [and] medical malpractice are insufficient to state a claim for deliberate indifference." Accordingly, Plaintiff has failed to state a claim for deliberate indifference against Rosario regarding the head injury.

Wherefore, for the reasons set forth above, Defendant, JOSE ROSARIO, prays for the entry of an Order dismissing the Counts X, XII and XX of Plaintiff's Amended Complaint and any other relief the Court deems proper and just.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of November 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to the following: **Adam Hecht, Esq.,** *(Attorneys for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409 Florence@cushniemcmahonlaw.com, Cushnie & McMahon, PL, 543 NW Lake Whitney Place,

Suite 106, Port St. Lucie, FL 34986; **Summer M. Barranco, Esq.,** (*Attorneys for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

                                        ***/s/ BENJAMIN W. NEWMAN***
                                        BENJAMIN W. NEWMAN, ESQ.
Florida Bar No. 0011223
JULIE TYK, ESQ.
Florida Bar No. 84493
GRAYROBINSON, P.A.
301 E. Pine Street, Suite 1400 (32801)
Post Office Box 3068
Orlando, Florida 32802-3068
Phone: 407-843-8880
Facsimile: 407-244-5690
Ben.Newman@gray-robinson.com
Julie.Tyk@gray-robinson.com
Counsel for Defendant, JOSE ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent special district