UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

CASE NO.: 2:16cv14413

### DEFENDANTS', ST. LUCIE COUNTY FIRE DISTRICT AND JOSE ROSARIO, AMENDED MOTION FOR MODIFICATION OF SCHEDULING ORDER AND INCORPORATED MEMORANDUM OF LAW

        Defendants, St. Lucie County Fire District and Jose Rosario, pursuant to the Federal Rules of Civil Procedure and Local Rule 16.1(h) of the United States District Court, Southern District of Florida, hereby moves this Court for modification of the Scheduling Order and in support states as follows:

    1.    This case was originally filed on August 3, 2016, in state court.

    2.    On September 21, 2017, the case was removed to the Southern District Court of Florida. [DE 1].

    3.    On October 17, 2016, the Court entered an Order setting this matter for trial beginning October 16, 2017. [DE 11]. The Order also sets a Calendar Call on October 11, 2017. [DE 11].

915312v.1

4. On December 9, 2016, the Court entered a Scheduling Order setting various pretrial deadlines. [DE 24].

5. As of the date of this Motion the pleadings in this matter remain open as Defendant, Jose Rosario filed a Motion to Dismiss Plaintiff's Amended Complaint. [DE 8, DE 9].

6. Defendants are requesting additional time to complete discovery and trial preparations in this case. Defendants request additional time to perform further investigation into Plaintiff's allegations.

7. Defendants have been diligently working on getting this case ready for trial, including requesting Plaintiff's deposition, sending initial discovery and sending non-party production to numerous health care providers.

8. Despite Defendants efforts, Defendants need time to complete discovery in this matter including additional paper discovery and also to take depositions. Defendants have identified four (4) treating healthcare providers and ten (10) fact witnesses whose depositions need to be completed in this matter. The parties (7 individual) need to be deposed as well. Additionally, experts still need to be disclosed and deposed in this matter as well.

9. The depositions of Plaintiff's treating health care providers are necessary to the defense of causation in this matter. Additionally, the fact witnesses are necessary to the defense of liability and causation in this matter. The deposition of the parties and healthcare providers are also necessary for the experts to be able to finalize their opinions.

10. In addition, as the parties are traveling under the Amended Complaint, which Defendant, Jose Rosario filed a Motion to Dismiss the Amended Complaint.

Defendants' Motions seek the dismissal of claims in the Amended Complaint against Jose Rosario. The Motion remains pending. Consequently, no responsive pleading is currently a matter of record as to Defendant Jose Rosario as to Plaintiff's Amended Complaint.

11. Defendants reasonably believe that discovery will not be completed by June 16, 2017, nor will the experts be ready to furnish reports by March 17, 2017. Accordingly, Defendants seek a modification of the discovery schedule to afford additional time to resolve the scope of the pleadings and to permit all necessary discovery. In conjunction with this discovery modification. Defendants also request that the other attendant deadlines also be modified and extended.

12. No modification has been requested in this case by either party prior to the filing of this request.

13. Plaintiff will not be prejudiced if the Court grants this request for a brief continuance, however Defendants will be prejudiced if the case is not continued. Defendants have made an effort to determine whether Plaintiff objects to modifying the Scheduling Order, and learned that Plaintiff will not be objecting to the modification. Defendants have made an effort to determine whether the other Defendants object to modifying the Scheduling Order, and learned that the Defendants will not be objecting to the modification.

14. This continuance is not requested for the purposes of undue delay and is otherwise requested in good faith because of a legitimate need for Defendants to investigate the Plaintiff's claims, complete necessary discovery and adequately prepare for trial.

WHEREFORE, Defendants, St. Lucie County Fire District and Jose Rosario, respectfully requests the Court for the entry of an Order modifying of the Scheduling Order extending all deadlines by ninety (90) days, and grant any other such relief deemed necessary and just.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16(b) allows a scheduling modification for "good cause". Generally, the Court should examine several factors in order to determine whether a party can show "good cause". First, the explanation for the failure to conduct the discovery on time; second, the importance of the testimony to the movant; third, the potential prejudice in allowing the testimony; and, fourth, the availability of a continuance to cure such prejudice. *See Reliance Ins. Co. v. Louisiana Land & Exploration*, 110 F.2d 253, 257 (5th Cir.1997), *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990). A court certainly has discretion to alter discovery deadlines when it believes that the factors noted above militate in favor of such an extension and/or continuance. *Brown v. United Airlines, Inc.*, 1999 WL 459737 (E. D. La., 1999).

As demonstrated above, the Defendants have been completely diligent in preparing this matter for trial. However, despite Defendants best efforts additional time is required to complete all necessary and required discovery to get this matter ready for trial. Additionally, the pleadings in this matter remain open leaving Defendants to speculate as to what claims will survive the pending Motions to Dismiss.

Modifying the current pre-trial deadlines in this matter should not place any burden on the Court. Additionally, granting the modification will allow the Defendants to completely prepare their defense. The granting of the Defendants' Amended Motion will

915312v.1

not inconvenience the Plaintiffs. In fact, Plaintiff's counsel has represented there is no opposition to this Motion.

Finally, and most importantly, if this Court denies the Defendants' Amended Motion, the harm suffered will be profound. Clearly, Defendants have been diligent in their efforts to prepare this matter for trial. However, Defendants still need time to depose numerous health care providers, depose numerous fact witnesses, allow the parties to be deposed, propound additional discovery and investigate Plaintiff's allegations.

## CONCLUSION

This Honorable Court should grant this Amended Motion because modifying the current Scheduling Order will not prejudice the opposing party, opposing counsel will not be objecting to the modification, and the length of the modification requested is only 90 days. The parties believe that a modification of the current Scheduling Order is warranted under the present circumstances and pray that this Honorable Court rules in favor of a continuance.

WHEREFORE, Defendants, St. Lucie County Fire District and Jose Rosario, respectfully requests the Court for modification of the Scheduling Order extending all deadlines by ninety (90) days, and grant any other such relief deemed necessary and just.

## CERTIFICATE OF COUNSEL

I HEREBY CERTIFY that, pursuant to Local Rule 7.1(a)(3), I have communicated with Counsel for Plaintiff, Adam Hecht, Esq., and our Co-Defendant, Summer Barranco, Esq., to seek their position regarding this Motion. Counsel did not object. Accordingly, this Amended Motion is unopposed.

915312v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 6th day of February, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

        */s/ BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:     (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

*Attorneys for Defendants, Jose Rosario, individually, and the St. Lucie County Fire District, an independent special district*

915312v.1