UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through                    CASE NO.: 2:16cv14413
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

## DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, MOTION TO STRIKE PLAINTIFF'S UNTIMELY EXPERT DISCLOSURE AND TO EXCLUDE TESTIMONY AND INCORPORATED MEMORANDUM OF LAW

Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT (referenced as

"Defendants"), by and through undersigned counsel, pursuant to the Court's December 9, 2016

Scheduling Order [DE 24], the Court's Paperless Order Granting Motion to Continue [DE 36],

Federal Rule of Civil Procedure 26(a)(2)(B) and (D), Federal Rules of Evidence 403 and 702,

Local Rules 7.1 and16.1(j),  hereby respectfully moves for an Order Striking Plaintiff's Expert

Witness Disclosure [DE 40, 41 & 43] and excluding Plaintiff's anticipated expert testimony on

the basis of Plaintiff's untimely disclosure of her experts' identities prior to the deadline to

disclosure rebuttal experts and mediation on June 5, 2017 and Plaintiff's failure to submit a

written expert report and in support states as follows:

## I.      Procedural and Factual Background

1.      This case was originally filed on August 3, 2016, in state court.

2.      On September 21, 2017, the case was removed to the Southern District Court of Florida.  [DE 1].

3.      On October 17, 2016, the Court entered an Order setting this matter for trial beginning October 16, 2017. [DE 11].  The Order also set a Calendar Call on October 11, 2017. [DE 11].

4.      On December 9, 2016, the Court entered a Scheduling Order setting various pretrial deadlines. [DE 24]. The Order required primary/initial experts to be disclosed on of before March 17, 2017. [DE 24]. The Order required that the parties were to furnish opposing counsel with an expert report or summaries of its experts anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2).

5.       Defendants' filed a Motion for Modification of Scheduling Order. [DE 35].

6.      On February 21, 2017, the Court entered a paperless Order Granting the Motion for Modification. [DE 36]. The Order extended the deadline to disclosure primary/initial experts to May 1, 2017. [DE 36]. The deadline to disclose rebuttal experts was extended to May 27, 2017. [DE 36]. The discovery deadline was extended to June 30, 2017. [DE 36].

7.      On May 1, 2017, Defendants' timely disclosed their experts and provided expert reports in compliance with Fed. R. Civ. P. 26(a)(2).

8.      On May 5, 2017, Plaintiff filed her untimely Expert Disclosure [DE 40]. However, Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

9.      On May 10, 2017, Plaintiff filed her untimely Amended Expert Disclosure. [DE 41]. Again, Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

10.      On May 11, 2017, Plaintiff filed her untimely Second Amended Expert Disclosure. [DE 43]. Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

11.      Plaintiff's disclosures should be stricken as it entirely fails to comply with the requirements of Federal Rules of Civil Procedure 26(a)(2)(B). To permit Plaintiff's experts to testify without providing expert reports or summaries, or otherwise complying with Rule 26(a)(2)(B) would severely prejudice Defendant, for which reasons these experts should be stricken.

12.      Defendants have made an effort to determine whether the Plaintiff objects to this Motion. Plaintiff has not responded, but we reasonably anticipate they will object.

**II.      Striking of Experts/Legal Standard**

Federal Rule of Civil Procedure 26(a)(2)(B) requires full, complete, and timely disclosure of an experts' opinions, the information that the expert considered in forming the opinions, and the exhibits that will be used to support the opinions. Fed. R. Civ P. 26(a)(2)(B). Compliance with Federal Rule of Civil Procedure 26(a)(2)'s expert witness disclosure requirements is mandatory and self-executing. *Lohnes v. Level 3 Commc'ns, Inc.,* 272 F.3d 49, 51 (1st Cir. 2001). This expert disclosure requirement "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008); *also Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (per curiam). The

purpose of the rule is to safeguard against surprise. *Thibeault v. Square D Co.,* 960 F.2d 239, 244 (1st Cir. 1992).

Federal Rule of Civil Procedure 37 provides sanctions for violations of Rule 26(a)(2), including striking the witness altogether. Fed. R. Civ. P. 37; *Collado v. Carnival Corp.*, (S.D. Fla. 2011). Rule 37(c)(1) precludes the use of information not provided as required by Rule 26(a) unless the offending party can establish the failure to comply with Rule 26 was harmless or substantially justified. *See Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 824 (11th Cir. 2009). Here, Plaintiffs' failure is not harmless or substantially justified.

A failure to comply with the expert witness disclosure requirements may result in the striking of expert reports or the preclusion of expert testimony. *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co., Ltd.,* No. 2011 WL 6372198, at *3 (S.D. Fla. 2011). Courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense. *See, e.g., SantiagoDiaz v. Laboratorio Clinico y de Referencia del Este,* 456 F.3d 272, 277–78 (1st Cir.2006) (affirming preclusion even though the result was to exclude evidence critical to plaintiff's claim); *see generally Bearint v. Dorell Juvenile Grp., Inc.,* 389 F.3d 1339, 1348–49 (11th Cir. 2004) (excluding untimely expert report).

A Court's Order to exclude a witness for late disclosure will not be disturbed on appeal, absent use of discretion. *Port Terminal v. John James Co.*, 695 F.2d 1328 (11th Cir. 1983).

### III.     Expert Disclosures Should Be Stricken Because The Identity Of Its Expert Witness Was Untimely Disclosed

Courts generally hold that "[I]f a party fails to provide information or identify a witness as required by Federal Rule of Civil Procedure 26(a) or (e) [i.e., failure to supplement], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or

at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See also* Fed. R. Civ. P. 26(e) (requiring supplementation "in a timely manner"); *Cooley v. Great Southern Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) ("Parties who fail to satisfy these disclosure and supplementation requirements are prohibited, pursuant to Fed. R. Civ. P. 37(c)(1), from using the undisclosed evidence 'at trial, at a hearing, or on a motion,' unless the failure is harmless.").

Exclusion is "automatic" if it was without substantial justification. *See Advisory Committee Notes* to Fed. R. Civ. P. 37(c). "Substantial justification is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotations omitted). Finally, the burden is on the party seeking to introduce the evidence to prove harmlessness. *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 272 (6th Cir. 2010).

The Eleventh Circuit has instructed district courts to review three factors when deciding whether to exclude previously undisclosed witnesses: (1) the importance of the testimony; (2) the reason for the failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness is allowed to testify. *Pete's Towing Co. v. City of Tampa, Fla.*, 378 F. App'x 917, 920 (11th Cir. 2010). Courts have generally held that prejudice occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question. *See, e.g., Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir. 2009) (striking expert testimony because late disclosure of the scientific basis for an expert's opinion deprived defendant of a meaningful opportunity to depose him on the subject); *Alvarado v. U.S.*, 2011 WL 1769097 (S.D. Fla. 2011) (granting motion to strike

regarding untimely disclosed trial witnesses because the defendant had not had a chance to depose them). A court may disregard one factor if the others compel exclusion of the evidence. *See Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (upholding the exclusion of a late-disclosed witness while ignoring the importance of the testimony).

Defendants will be severely prejudiced by the introduction of this information during mediation, on dispositive motions, and at trial. "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *See, e.g., Mitchell*, 318 Fed. Appx. at 821. Because of Plaintiff's untimely disclosure, Defendants will have no meaningful opportunity to depose Plaintiff's proposed experts, verify the veracity of information used by the experts in forming his conclusions or request additional rebuttal evidence through discovery. The fact that mediation is scheduled for June 5, 2017, only intensifies the prejudice against Defendants because it forces them to engage in the mediation process without the ability to make any assessment regarding the Plaintiff's expert's opinions and how those opinions may affect the outcome at trial.

Numerous courts have stricken evidence or testimony under similar circumstances. *See, e.g., Warren v. Delvista Towers Condominium Ass'n, Inc.*, 2014 WL 3764126 (S.D. Fla. July 30, 2014) (striking untimely experts where party did not show sufficient justification); *GamerModz, LLC v. Golubev*, 2011 WL 4755026, *4-8 (M.D. Fla. Aug. 3, 2011) (striking declarations of witnesses and internet articles from the summary judgment record because they were not disclosed timely); *Laboratory Skin Care, Inc. v. Limited Brands, Inc.*, 661 F.Supp.2d 473, 479 (D. Del. 2009) (striking evidence that was disclosed on the final day of document production, even though a reference was made to the evidence in prior disclosures); *City of Moses Lake v.*

*U.S.*, 472 F.Supp.2d 1220, 1228 (E.D. Wash. 2007) (striking late disclosed evidence because party was deprived of conducting follow-up discovery); *Klonoski v. Mahlab*, 156 F.3d 255, 271-272 (1st Cir. 1998) (holding that late-disclosed letters should have been stricken, even though counsel received the letters just before disclosure); *Purcell v. MWI Corp.*, 824 F.Supp.2d 12, 19 (D.D.C. 2011) (striking untimely disclosed declarations where party was on notice of need to present evidence on the topic).

Plaintiff's experts should have been disclosed, and their reports should have been provided, on or before the Court's May 1, 2017, deadline [DE 36] to allow Defendants adequate time to prior to the Court's May 29, 2017, rebuttal expert deadline. *See Reese*, 527 F. 3d at 1256; *see also* Local Rule 26.1(f); Fed. R. Civ. P. 26(a)(2)(B). Because of Plaintiff's late disclosure, Defendants are left with no opportunity to schedule and prepare for Plaintiff's experts' depositions, conduct any follow-up discovery to probe the veracity of the evidence, or present rebuttal evidence. *See, e.g., Berryman-Dages v. City of Gainesville Fla.*, 2012 WL 1130074, *2 (N.D. Fla. 2012) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question."). Accordingly, Plaintiff's Expert Disclosure should be stricken.

## IV. Defendant's Expert Should Be Precluded From Offering Any Expert Testimony On Behalf Of Defendant In This Matter Because Defendant Failed To Provide A Written Report In Accordance With Rule 26(A)

"Disclosure of expert testimony within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2010 WL 1837724 (S.D. Fla. 2010), *citing Reese v. Herbert*, 527 F. 3d 1253, 1265 (11th Cir.2008) and Fed. R. Civ. P. 26(a)(2)(B).

Plaintiffs' disclosures fail in multiple areas. To date Defendants have not received any expert report. Plaintiff failed to provide a complete statement of all opinions the witness will express and the basis and reasons for them in compliance with Rule 26(a)(2)(B)(i). Plaintiff's disclosure simply provides areas in which the expert has opinions. The actual opinions of the experts have not been disclosed in compliance with Rule 26(a)(2)(B)(i). Plaintiff failed to provide a summary of facts and data about which the witnesses considered in forming their opinions in compliance with Rule 26(a)(2)(B)(ii). Plaintiff's also failed to provide any exhibit that will be used to summarize or support the expert's opinion in compliance with Rule 26(a)(2)(B)(iii).

Notably, the written report required by Rule 26(a)(2)(B) should not be "sketchy, vague or preliminary in nature and the disclosure must not be used as a means to extend a discovery deadline." *Dyett v. N. Broward Hosp. Dist.,* 2004 WL 5320630, at *1 (S.D. Fla. 2004) (Ungaro, J.). A "preliminary report" is not sufficient under Rule 26. *Id.* The purpose of Rule 26 is to allow both sides in a case to prepare their cases adequately and to prevent surprise. *Reese v. Herbert,* 527 F.3d 1253, 1266 (11th Cir. 2008). The requirement for expert disclosure is designed to afford opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from additional witnesses. *Id.* at 1265. "[A]n expert report must be complete such that 'opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and ... the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.'" *Dyett,* 2004 WL 5320630 * 1 (quoting *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998) (citation omitted)).

Defendants are essentially "in the dark" as to Plaintiff's experts' opinions and the information used to form their opinions. Furthermore, because of Plaintiff's late disclosure,

Defendants are unable to prepare for or schedule Plaintiff's experts' deposition before the discovery cut-off. This inability to engage in a meaningful deposition and the lack of information regarding Plaintiff's experts' opinions places Defendant at a severe disadvantage in terms of discovery, mediation, the filing of dispositive motions, and trial. Furthermore, Defendants are unable to present rebuttal experts prior to the deadline. Plaintiff's inadequate disclosures significantly impair Defendant's ability to prepare for cross-examination of Plaintiff's experts, conduct any follow-up discovery to probe the veracity of the evidence, present rebuttal evidence, challenge the experts' opinions under *Daubert* and leaves Defendants vulnerable to unfair surprise. Accordingly, Plaintiff's experts should be precluded from offering any expert testimony.

In *Ace Tech. Corp. v. GFM Corp.,* 2010 WL 900525 (S.D. Fla. Mar. 11, 2010) (Cooke, J.), this Court held that a disclosure that provided a one-sentence summary of the opinion an expert would offer at trial, a one-sentence summary the facts and experience upon which the expert would rely, and attached a curriculum vitae purportedly outlining the expert's qualifications, publications and writings was inadequate under Local Rule 16.1.K. As a consequence, the court in *GFM Corp.* struck the expert's testimony. In the instant matter, Plaintiff's failure to provide any information other than a few lines about the areas the experts will testify to generally is certainly insufficient. *See also O'Hagan v. M&T Marine Group, LLC,* No. 06-61635-CIV, 2010 WL 1223896 (S.D. Fla. Mar. 24, 2010) (striking an expert whose disclosure failed to include an expert summary or report). The summary of Plaintiff's experts' opinions fails to comply with Rule 26(a)(2)(B).

As stated above, if a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or

at a trial unless the failure was substantially justified or is harmless. *Bodden v. Cole*, 2012 WL 33051 (M.D. Fla. Jan. 6, 2012), citing Fed. R. Civ. P. 37 (c)(1). The party failing to comply with Rule 26(a) bears the burden of establishing that its nondisclosure was either substantially justified or harmless. *Hewitt v. Liberty Mut. Group*, 268 F.R.D. 681 (Fla. M.D. 2010). The appropriateness of a party's justification for untimely disclosure of expert witnesses turns upon whether the party knew or should have known that an expert was necessary before the late stages of the discovery period. *Morrison v. Mann*, 244 F.R.D. 668 (N.D. Ga. 2007). Alternatively, the untimely disclosure of an expert witness is justified if necessity for the witness cannot be determined until very late in the discovery period. *Hines v. Dean*, 2005 WL 589803 (N.D. Ga. 2005).

There is nothing in the circumstances of the instant case that suggest that Plaintiff was justified in failing to disclose experts timely. Defendants disclosed their experts on the May 1, 2017 deadline. Plaintiff had ample opportunity to strategically retain and disclose experts in a timely manner. The facts of this case have not changed. Plaintiff has known the issues since the outset of this lawsuit. There is simply no justification for Plaintiff's untimely disclosure, and Defendants have been prejudiced by same.

WHEREFORE Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT, respectfully request this Court strike the Plaintiff's an Order Striking Plaintiff's Expert Witness Disclosure [DE 40, 41 & 43] and excluding Plaintiff's anticipated expert testimony, and for any other relief the Court deems proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 12th day of May, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com,

mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

*/s/BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:    (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendant, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY FIRE
DISTRICT, an independent special district