UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through          CASE NO.: 2:16-cv-14413
JANICE DOCHER-NEELEY, his mother and
legal guardian,

            Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

            Defendant(s).
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT'S AMENDED MOTION TO STRIKE PLAINTIFF'S UNTIMELY EXPERT DISCLOSURE AND TO EXCLUDE TESTIMONY

      Plaintiff by and through the undersigned counsel file this Memorandum of Law in

Opposition to Defendants' Jose Rosario and St. Lucie County Fire District's Amended Motion to

Strike Plaintiff's Untimely Expert Disclosure and to Exclude Testimony [DE 45], in which

Defendants' Newman, Mangrum, Robinson, Courtemanche and Mascara have joined [DE 46].

### Procedural and Factual Background

      1.    This case was removed to this federal court on September 21, 2016. [DE 1].  On

October 17, 2016 this Court entered an Order setting this matter for trial beginning October 16,

2017. [DE 11].

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 2 of 11

2.      On December 9, 2016 the Court entered a Scheduling Order setting various pre-trial deadlines, including a March 17, 2017 deadline for the disclosure of primary/initial experts. [DE 24]  The Order required that the parties were to furnish opposing counsel with either an expert report or summaries of its experts anticipated testimony.

3.      On February 6, 2017, Defendants' Jose Rosario and St. Lucie County Fire District filed a First Amended Motion for Modification of Scheduling Order in which they requested that all deadlines in the Court's scheduling order be extended by 90 days.  [DE 33].

4.      On February 14, 2017, Defendants' Jose Rosario and St. Lucie County Fire District filed a Second Amended Motion for Modification of Scheduling Order in which they requested the Court to: 1) extend the deadline for the primary/initial expert disclosure to May 1, 2017; 2) extend the deadline for the disclosure of rebuttal expert witnesses; and 3) extend the deadline for the discovery cutoff to June 30, 2017.

5.      On 2/21/17 this Court entered a paperless order granting [DE 35] which states: PAPERLESS ORDER granting [35] Motion to Continue. The discovery deadline is extended to 6/30/2017 and both expert disclosure deadlines are extended as requested in the Motion. Signed by Judge Robin L. Rosenberg on 2/21/2017. [DE 36].

6.      In response to this Court's paperless order, the undersigned's office calendared the new discovery deadline of 6/30/17.  However, in calendaring the new expert disclosure deadlines, the undersigned's office mistakenly and inadvertently referred to Defendant's February 6, 2017 First Amended Motion for Modification of Scheduling Order [DE33] in which the Defendants had requested a 90 day extension of the expert disclosure deadlines.  Based upon this inadvertent

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 3 of 11

mistake, the deadline for the primary/initial expert disclosure was calendared for June 15, 2017

(90 days after the original 3/17/17 deadline set forth in the Scheduling Order.[1]

7.      It was only after Plaintiffs received the Defendants' disclosures on May 1, 2017

that the mistaken deadline was discovered.  Plaintiffs immediately attempted to correct the mistake

as quickly as possible.  On May 5, 2017, four days after the May 1, 2017 disclosure deadline of

which the Plaintiff was not aware due to a calendaring error, Plaintiff filed his initial disclosure

listing the names of five expert witnesses and providing their curriculum vitae, testimony lists and

fee schedules. [DE 40].

8.      On May 10, 2017 and May 11, 2017 Plaintiff filed an Amended Expert Disclosure

and Second Amended Expert Disclosure which provide a summary of the expert opinions.  [DE

41] and [DE 43].

9.      On May 23, 2017 Plaintiff supplemented these disclosures by providing expert

reports for Mel Tucker, Dr. Brian McAlary, Dr. Craig Lichtblau and Dr. John Sterba.  *See*

Plaintiff's Notice of Serving Expert Reports, attached as Exhibit A. [2]

10.      Plaintiff acknowledges that his initial disclosure was late by four days and that the

required summaries of his experts' opinions were not provided until ten days after the May 1, 2017

disclosure deadline.  This failure was not attributable to any bad faith on the part of Plaintiff's

---

[1] In fact, Plaintiff's counsel did not realize that the Second Amended Motion for Modification [DE35] requested an expert disclosure deadline that was much shorter than the June 15, 2017 deadline initially requested in Defendants' Amended Motion for Modification [DE33] and contrary to what is stated in Defendants' Amended Motion for Modification, Adam Hecht, counsel for the Plaintiff, never agreed to the Amended Motion for Modification. Plaintiff's counsel acknowledges that he should have immediately advised the Court of his objection.

[2] Plaintiff has also provided deposition dates for their experts as follows: Deposition dates of May 30, 2017 and May 31, 2017 have been provided for Mr. Tucker.  Deposition dates of May 25, 2017 and May 26, 2017 have been provided for Dr. McAlary. Deposition dates of May 26, 2017; May 30, 2017 and May 31, 2017 have been provided for Dr. Sterba.  A deposition date of May 31, 2017 has been provided for Dr. Licthblau.  *See* Exhibit A.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 4 of 11

counsel but rather it was an honest and inadvertent mistake which quite frankly was partially

caused by Defendants filing multiple successive motions to modify the scheduling order. Upon

discovery of the mistake, Plaintiff acted as quickly as possible to fully comply with this Court's

scheduling deadlines. The Defendants have not been harmed or prejudiced by the late disclosure.

Trial is not set until October 16, 2017.  The discovery cut off is June 30, 2017, still more than a

month away, and Plaintiff has provided deposition dates for his experts.  The deadline for

dispositive motions, including Daubert motions, is not until July 7, 2017.

## Legal Argument

### Plaintiff's untimely disclosure was justified, will not prejudice the Defendants and was not willful or in bad faith and therefore, striking Plaintiff's experts or precluding their testimony is too severe and unnecessary.

Plaintiff acknowledges that Fed. R. Civ. P. 26(a)(2)(B) requires a complete and timely

disclosure of experts' opinions.  Additionally, Rule 37(c) provides that if a party fails to provide

information or identify a witness as required by Rule 26, the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at trial unless the non-

disclosing party shows that the failure is substantially justified or is harmless.  Importantly,

exclusion is not automatic and discretion is left to the court if the failure was justified or harmless.

*See May v. Lake Front Group Ltd*., 2012 WL 12898021, *1 (S.D. Fla. 2012).  "The following

factors should guide the court in determining whether to exclude evidence pursuant to Rule

37(c)(1): (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the

ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the

bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*, quoting

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 5 of 11

*Vitola v. Paramount Automated Food Services*, 2009 WL 5067658 at *1 (S.D. Fla. 2009) (internal citations omitted).

In this case, the Plaintiff's failure was justified.  Plaintiff inadvertently calendared the disclosure deadline based upon a paperless order referring to the Defendant's Amended Motion for Modification of Scheduling Order.  There were two Amended Motions for Modification of the Scheduling Order and the undersigned's office inadvertently and mistakenly calendared the deadlines from the wrong Motion.  On the May 1. 2017 expert disclosure deadline, counsel in good faith believed that he had until June 15, 2017 to discloses experts.  Upon discovery of the error, Plaintiff worked quickly to disclose the identities of his experts on May 5, 2017, only 4 days after the deadline.  At that time, Plaintiff also provided fee schedules, lists of testimony and curriculum vitae.  On May 10, 2017 and May 11, 2017, only 10 days after the disclosure deadline, Plaintiff filed Amended Disclosures which included summaries of the experts' opinions. [DE41 and 43]  In response to Defendants' assertion in their Amended Motion to Strike Plaintiff's Untimely Expert Disclosure and to Exclude Testimony [DE 45] that the summaries were not adequate, Plaintiff provided reports on May 23, 2017.

Furthermore, the Defendants have not been harmed or prejudiced by the late disclosure. Rebuttal experts are not currently due until May 29, 2017 and the discovery cutoff is not until June 30, 2017.  Plaintiff has provided the defense with dates to depose his experts within this time frame.  The dispositive motions deadline is July 7, 2017.  Trial in this matter is not until October, and therefore there is no likelihood that the trial of this matter will be disrupted.  There is ample time for the Defendants to cure any minimal prejudice that has been caused by the untimely

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 6 of 11

disclosure, and as explained above, Plaintiff's counsel did act in bad faith or willfully refuse to comply with the expert disclosure deadline.   Striking the Plaintiff's experts and precluding their testimony is too severe under these circumstances.

*May v. Lake Front Grp. Ltd*., 2012 WL 12898021 (S.D. Fla. Sept. 7, 2012) is instructive. In *May*, plaintiffs moved to strike the defendant's expert disclosures and witnesses because the defendant's disclosure did not actually identify any experts by name nor did it provide a complete statement of the expert's opinions.  *Id*. at *1.  While the Court agreed that the disclosure was inadequate, the court found that striking the defendant's experts would be too severe where there was no evidence that the defendant acted in bad faith and there was more than a month for the parties to conduct discovery and cure any prejudice from the improper disclosure. *Id*. at *1-2.

In *Ellison v. Windt*, 2011 WL 118617, *1 (Fla. M.D. 2001), the Defendant filed its expert report 11 days after the deadline for disclosure.  The plaintiff filed a motion to strike and to preclude the expert from testifying.  The Court found that the belated disclosure of the report was harmless where it was disclosed less than two weeks form the deadline and that at the time it was disclosed there ample time remaining in the discovery period for the plaintiffs to depose the expert. *Id.* at *2-3.

In *Northrup v. Werner Enterprise, Inc*., 2015 WL 4756947, *1 (Fla. M.D. 2015), the defendants identified their rebuttal expert one day after the disclosure deadline and did not provide his report until two weeks after the deadline. The Court found this untimely disclosure to be harmless where the report was provided almost two months before the discovery deadline and six months prior to trial.  *Id.* at *2.  Similarly in this case, the discovery cutoff is over a month away

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 7 of 11

and trial is five months away, providing the Defendant with adequate time to conduct discovery.

*See also Salvato v. Miley*, 2014 WL 12639956, *2 (Fla. M.D. 2014)(denying motion to strike expert disclosed over a month after the disclosure deadline as too severe where there were three weeks before the discovery deadline, seven weeks before the expert deposition deadline and two months before the dispositive motion deadline); *O'Hagan v. M&T Marine Group, LLC*, 2010 WL 1223896 *1 (S.D. Fla. 2010)(no harm where plaintiff provided expert report after receiving motion to strike expert and agreed to extend the deadline to depose the expert).

## The authority cited by the Defendants is distinguishable

The majority of the cases cited by the defendants can be distinguished because they involve scenarios where the late disclosure was harmful because it occurred at the very end of discovery period or even after discovery had closed and also scenarios where plaintiffs had repeatedly violated orders and/or offered no explanation for the late disclosure. *See e.g. SantiagoDiaz v. Laboratorio Clinico y de Referencia del Este,* 456 F.3d 272 (1st Cir. 2006)(plaintiff had engaged in a repeated pattern of failing to comply with the case management order and the discovery rules); *Bearint v. Dorell Juvenile Grp.,* 389 F.3d 1339 (11th Cir. 2004)(excluding untimely expert report where it was offered for the first time at trial even though it had been authored four months earlier); *Cooley v. Great Southern Wood Preserving*, 138 F. App'x 149 (11th Cir 2005)(prohibiting use of affidavits where affiants had never been listed as witnesses and plaintiff never made any effort to supplement disclosures prior to summary judgment hearing); *Hewitt v. Liberty Mut. Group, Inc.,* 268 F.R.D. 681 (M.D. Fla. 2010)(discovery was closed and defendant had no opportunity to depose by the time plaintiff identified a previously disclosed fact witness as an expert); *O'Hagan*

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 8 of 11

*v. M&T Marine Group, LLC*, 2010 WL 1223896 *2 (S.D. Fla. 2010)(striking supplemental expert who was disclosed one month late and one day after the deadline to complete expert discovery); *Warren v. Delvista Towers Condominium Ass'n, Inc.,* 2014 WL 3764126 (S.D. Fla. 2014)(disclosure more than two months late); *GamerModz, LLC v. Golubev*, 2011 WL 4755026 (M.D. Fla. 2011)(striking declarations of witnesses who were disclosed two days before summary judgment hearing and noting a pattern of dilatory conduct on the plaintiff's part).

**Defendants' complaint about the lack of a written report is unfounded.**

Defendant repeatedly states that Plaintiff failed to provide a written report in compliance with Rule 26(a)(2)(B)(i).  However, Rule 26(a)(2)(B)(i) requires a written report unless otherwise stipulated or ordered by the Court.  This Court's December 9, 2016 Scheduling Order [DE 24] only requires the parties to furnish opposing counsel with an expert report or summaries of its expert anticipated testimony.  Plaintiff provided summaries with his Amended disclosures filed on May 10, 2017 and May 11, 2107.  To the extent that Defendants contend that these summaries are insufficient, Plaintiff subsequently provided written reports on May 23, 2017.  This makes the case law cited by the Defendants distinguishable.  In *Ace Tech Corp., v. GFM Corp*., 2010 WL 900525 (S.D. Fla. 2010), the Court struck an expert's testimony after finding a one sentence summary of the expert's opinion was inadequate.  However, in *Ace Tech Corp*., the court noted that the plaintiff had been notified of the alleged inadequacy and never supplemented the disclosure.  *Id.* at *4.  The Court also noted that this was not harmless because the plaintiff also refused to produce the expert for deposition.  *Id.*  In this case, Plaintiff has supplemented his disclosures by providing the Defendants with written reports and deposition dates for his experts.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 9 of 11

**Plaintiff has no objection to a brief extension of deadlines to cure any prejudice the Defendants claim to have suffered as a result of the untimely disclosure.**

On May 25, 2017, Plaintiff's counsel was contacted by counsel for Defendants' Jose Rosario and St. Lucie County Fire District who stated that she was preparing a Supplemental Motion to Strike Plaintiffs' Experts and Expert Report or in the Alternative Motion to Extend Defendants' deadline to disclose rebuttal experts and depose Plaintiff's experts by 30 days, and asking whether Plaintiff had any objection.  Obviously, Plaintiff objects to his experts being stricken for the reasons set forth above.  However, Plaintiff has no objection to extending Defendants' deadline to disclose rebuttal experts and depose Plaintiff's experts by 30 days to address any perceived prejudice on the part of the Defendants.

WHEREFORE for the reasons set forth above, Plaintiff requests this Court to enter an Order denying Defendants' Jose Rosario and St. Lucie County Fire District's Amended Motion to Strike Plaintiff's Untimely Expert Disclosure and to Exclude Testimony [DE 45], in which Defendants' Newman, Mangrum, Robinson, Courtemanche and Mascara have joined [DE 46].

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 10 of 11

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

the Clerk of Court using the CM/ECF and was sent to all Counsel on the attached list, this 26th

day of May, 2017.

/s/ Darryl L. Lewis
DARRYL L. LEWIS
Florida Bar No.: 818021
Attorney E-Mail(s):  dll@searcylaw.com and
Primary E-Mail:
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:     (561) 383-9485
Attorney for Plaintiff(s)

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  562016CA001430(OC)
Plaintiff's Memorandum of Law in Opposition to St. Lucie's Amended Motion to Strike [DE 45]
Page 11 of 11

## <u>COUNSEL LIST</u>

Summer M. Barranco, Esquire
summer@purdylaw.com;
melissa@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Phone: (954)-462-3200
Fax: (954)-462-3861
Attorneys for Ken Mascara

Benjamin W. Newman, Esquire
Ben.Newman@wilsonelser.com;
Leah.Rover@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker,
LLP
111 N Orange Avenue, Suite 1200
Orlando, FL  32801
Phone: (407) 203-7592
Fax: (407) 648-1376
Attorneys for Port St. Lucie Fire Rescue

Adam M. Fetterman, Esquire
fettermana@stluciesheriff.com
Saint Lucie County Sheriff's Office
4700 W Midway Road
Fort Pierce, FL  34981
Phone: (772)-462-3225
Fax: (772)-462-3351
Attorneys for St. Lucie County Sheriff's
Office

Hugh L. Koerner, Esquire
hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
3475 Sheridan Street, Suite 208
Hollywood, FL  33021
Phone: (954)-522-1235
Fax: (954)-522-1176
Attorneys for Tavares Docher