UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  2:16cv14413

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

      Plaintiff,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYTON MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

      Defendant,

_____/

## SECOND AMENDED COMPLAINT

## INTRODUCTORY STATEMENT

Plaintiff, TAVARES DOCHER, by and through JANICE DOCHER-NEELEY, his mother

and legal guardian, sues Defendants, CHRISTOPHER NEWMAN, individually, CLAYLAN

MANGRUM, individually, CALVIN ROBINSON, individually, WADE COURTEMANCHE,

individually, KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, JOSE

ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent special

district, and alleges:

1.      This is a civil action seeking money damages in excess of $15,000 dollars, exclusive

of costs, interest, and attorney's fees, against Defendant CHRISTOPHER NEWMAN, individually,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 2

Defendant CLAYLAN MANGRUM, individually, Defendant CALVIN ROBINSON, individually,

Defendant WADE COURTEMANCHE, individually, Defendant KEN J. MASCARA, as SHERIFF

of ST. LUCIE COUNTY, Florida, Defendant JOSE ROSARIO, individually, and Defendant ST.

LUCIE COUNTY FIRE DISTRICT, an independent special district.

2.      This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution.  In the event of the removal

of this action, the United States District Court for the  Southern District of Florida has

jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.   In

the event of the removal,  Plaintiff invokes the supplemental jurisdiction of the United

States District Court to hear pendant State tort claims arising under State law, pursuant to 28

U.S.C. §1367(a).

3.      Plaintiff has complied with all conditions precedent by to this action pursuant to

the requirements of Florida Statute § 768.28.

## PARTIES

4.      Plaintiff TAVARES DOCHER is a resident of Miami-Dade County, state of Florida.

JANICE DOCHER-NEELEY is the mother and legal guardian of Plaintiff TAVARES DOCHER.

5.      At all times referred to herein, Defendant CHRISTOPHER NEWMAN [hereinafter

NEWMAN or Defendant NEWMAN] was employed as a deputy sheriff for Defendant KEN J.

MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and was acting under the direction and

control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and in

such capacity as an agent, servant and employee of Defendant KEN J. MASCARA, as SHERIFF

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 3

of  ST. LUCIE COUNTY, Florida.

6.     At all times referred to herein, Defendant CLAYLAN MANGRUM [hereinafter

MANGRUM or Defendant MANGRUM] was employed as a deputy sheriff for Defendant KEN J.

MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and was acting under the direction and

control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and in

such capacity as an agent, servant and employee of Defendant KEN J. MASCARA, as SHERIFF

of  ST. LUCIE COUNTY, Florida.

7.     At all times referred to herein,  Defendant  CALVIN  ROBINSON  [hereinafter

ROBINSON or Defendant ROBINSON] was employed as a deputy sheriff for Defendant KEN J.

MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and was acting under the direction and

control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and in

such capacity as an agent, servant and employee of Defendant KEN J. MASCARA, as SHERIFF of

ST. LUCIE COUNTY, Florida.

8.     At all times referred to herein, Defendant WADE COURTEMANCHE [hereinafter

COURTEMANCHE or Defendant COURTEMANCHE] was employed as a deputy sheriff for

Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, and was acting

under the direction and control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE

COUNTY, Florida, and in such capacity as an agent, servant and employee of Defendant KEN J.

MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida.

9.     Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida

[hereinafter ST. LUCIE SHERIFF'S OFFICE, or Defendant ST. LUCIE SHERIFF's OFFICE, or

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 4

Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY] is the SHERIFF of ST. LUCIE COUNTY, Florida. In this cause, Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, acted through his agents, employees, and servants, including Defendant NEWMAN, Defendant MANGRUM, Defendant ROBINSON, Defendant COURTEMANCHE, and others.

10.     At all times referred to herein, Defendant JOSE ROSARIO [hereinafter ROSARIO or Defendant ROSARIO] was employed as an EMT-Paramedic for Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special district, and in such capacity as an agent, servant and employee of Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special district.

11.     At all times referred to herein, Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special district [hereinafter ST. LUCIE COUNTY FIRE DISTRICT or Defendant ST. LUCIE COUNTY FIRE DISTRICT] was an independent special fire control district within the meaning of Chapter 191 of the Florida Statutes. In this cause, Defendant ST. LUCIE COUNTY FIRE DISTRICT acted through his agents, employees, and servants, including Defendant ROSARIO, and others.

12.     Plaintiff sues Defendant NEWMAN, Defendant MANGRUM, Defendant ROBINSON, Defendant COURTEMANCHE, and Defendant ROSARIO in their individual capacities.

## FACTS COMMON TO ALL COUNTS

13.     On May 11, 2014, Plaintiff was at the CVS Pharmacy located at 301 NE Prima Vista Boulevard, Port St. Lucie, St. Lucie County, Florida.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 5

14.     While inside the CVS, Plaintiff asked an employee to contact law enforcement out of concern for the welfare of his mother.

15.     During the call to law enforcement, the phone was handed to the Plaintiff before being returned to the CVS.

16.     Plaintiff then completed his purchase and exited the CVS, at which time Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON responded.

17.     At all times hereto, the CVS Pharmacy was located in a largely residential area of Port   St. Lucie, and the view of the parking lot area was substantially obscured from the adjacent roadways  by landscaping and trees.

18.     While seated in the area of the CVS parking lot at the request of the deputies, Plaintiff informed Defendant MANGRUM that he had been drinking liquor and Natural Ice,  a beer  manufactured by Anheuser-Bush with an alcohol content of 5.9%.

19.     Defendant NEWMAN continued to speak with Plaintiff, who was concerned for his mother's safety. Defendant NEWMAN determined that Plaintiff did not fit the criteria for involuntary commitment.

20.     Plaintiff was then placed under arrest by Defendant NEWMAN for the offense of disorderly intoxication, in the absence of probable cause that Plaintiff committed any criminal offense.

21.     At all times material hereto, Plaintiff never endangered any other person or property.

22.     At all times material hereto, Plaintiff remained in the parking lot of the CVS Pharmacy, which is private property under the control of CVS and its agents and employees, and is

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 6

not a public place where persons have a right to go and be.

23.     Plaintiff was then handcuffed and searched without incident, and seated in the back of a police car with the door open.

24.     Plaintiff subsequently alighted from the police car and was immediately taken to the ground.

25.     While Plaintiff was on the ground and handcuffed behind his back, Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON repeatedly used punches, strikes,  and blows with their elbows towards Plaintiff.

26.     Defendant NEWMAN admits using his elbow to strike Plaintiff in the right side of his head.

27.     Witness Shannon Randolph (hereinafter "Randolph") observed the deputies "beating the sh–"out of Plaintiff.  Plaintiff was doing nothing, and looked directly at Randolph and was begging for his life, stating, "Please help, they are going to kill me, don't let them kill me." Randolph  observed that Plaintiff's arms were being bend in a 90 degree angle behind his back, causing Plaintiff to scream in pain.

28.     During the use of force Plaintiff remained handcuffed, face down, with a large pool of blood collecting by his head.

29.     Witness Merine  Kanhai observed deputies elbowing  Plaintiff in the face and subjecting Plaintiff to excessive force.  Following the arrival of EMS, Plaintiff's handcuffed arms were elevated at a 90 degree angle behind his back.  Plaintiff was crying out: "Don't let them kill me."

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 7

30.     Witness Ariana Kanhai observed deputies hitting Plaintiff after he was handcuffed.

Plaintiff yelled, "Don't let them kill me," as the deputy by Plaintiff's head continued to strike

Plaintiff in the head with his elbow.

31.     Witness Shaun Mahoney (hereinafter "Mahoney") observed Plaintiff's arms raised

up behind back where he could not move as deputies continued to strike Plaintiff with their elbows.

Plaintiff was screaming "Don't let them kill me." Mahoney was ordered by Defendant

COURTEMANCHE to stop recording (on his cell phone) and leave the area, thereby allowing the

use of force against Plaintiff to continue outside of public view.

32.     Witness Zachery Taylor observed Plaintiff in handcuffs. Deputies were hitting

Plaintiff with elbows as Plaintiff was pleading, "Don't let them kill me."

33.     Defendant ROSARIO responded to the incident location due to Plaintiff's injuries,

including but not limited to his head laceration.

34.     At all times material hereto, Defendant ROSARIO was an EMT-Paramedic who

worked on a regular and routine basis with Defendant KEN J. MASCARA, as SHERIFF of ST.

LUCIE COUNTY, Florida, its agents, employees, and servants.

35.     Defendant ROSARIO was informed by deputies that Plaintiff was intoxicated by

alcohol (ETOH).

36.     As punishment for Plaintiff's exercise of free speech (i.e., "Don't let them kill me")

as Plaintiff's arms were lifted 90 degrees behind his back until his right clavicle fractured, Defendant

ROSARIO injected Plaintiff in the buttocks with 4 mg Ativan– the maximum dosage.

37.     At all times material hereto, there were a significant number of law enforcement

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 8

officers on scene, such that Plaintiff (who was already handcuffed behind his back) could have been

safely restrained in passive restraints.

38.     At all times material hereto, Defendant ROSARIO knew that Ativan was

contraindicated with ETOH and potentiates its effects.

39.     Following the administration of Ativan by Defendant ROSARIO, Plaintiff became

unresponsive, stopped breathing, and went into cardiac arrest.

40.     Plaintiff was transported to a hospital for care and treatment.

41.     As a result of the use of force set forth herein, Plaintiff suffered multiple abrasions

to the face, cheeks, shoulders, arms, and bilateral legs during the arrest.

42.     As a result of the use of force set forth herein, Plaintiff suffered a laceration to his

right temporal region.

43.     As a result of the use of force set forth herein, Plaintiff suffered contusions to bilateral

buttocks.

44.     As a result of the use of force set forth herein, Plaintiff suffered bilateral depressed

nasal bone fractures.

45.     As a result of the use of force set forth herein, Plaintiff suffered extensive soft tissue

swelling over his face.

46.     As a result of the use of force set forth herein, Plaintiff suffered a small right mastoid

effusion.

47.     As a result of the use of force set forth herein, Plaintiff suffered a non-displaced

fracture of the right clavicle.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 9

48.     Following the injection of 4 mg of Ativan by Defendant ROSARIO, and due to the

administration of Ativan, Plaintiff suffered cardiac arrest.

49.     Secondary to cardiac arrest caused by the administration of Ativan, Plaintiff

suffered anoxic brain injury.

50.     Secondary to cardiac arrest, Plaintiff suffered severe bilateral cerebral edema and is

in a persistent vegetative state, with a substantially diminished life expectancy.

51.     At all times material hereto, the conduct of Defendant NEWMAN, Defendant

MANGRUM, Defendant ROBINSON, Defendant COURTEMANCHE, and Defendant

ROSARIO, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM
### AGAINST DEFENDANT NEWMAN, INDIVIDUALLY,
### COGNIZABLE UNDER 42 U.S.C. §1983

For his cause of action against Defendant NEWMAN, individually, in Count I, Plaintiff states:

52.     Plaintiff re-alleges and adopts, as if fully set forth in Count I, the allegations

of paragraphs 1 through 51.

53.     Defendant NEWMAN proximately caused Plaintiff's arrest for the offense of

disorderly intoxication in the absence of probable cause that Plaintiff committed any criminal

offense.

54.     The conduct of Defendant NEWMAN towards Plaintiff was objectively

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 10

unreasonable   and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause.

55.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

56.     As a further direct and proximate result of the conduct of Defendant NEWMAN, individually, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.     Trial by jury as to all issues so triable; and

     vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## EXCESSIVE USE OF FORCE BY DEFENDANT NEWMAN, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 11

For his cause of action against Defendant NEWMAN, individually, in Count II, Plaintiff states:

57.    Plaintiff re-alleges and adopts, as if fully set forth in Count II, the allegations of paragraphs 1 through 51.

58.    The use of force by Defendant NEWMAN towards Plaintiff was objectively unreasonable and unnecessary for Defendant NEWMAN to defend himself or any other person from bodily harm during the arrest and detention of Plaintiff, and constitutes the excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

59.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

60.    As a further direct and proximate result of the conduct of Defendant NEWMAN, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.    Judgment for exemplary damages;

    iii.    Cost of suit;

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 12

    iv.       Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.        Trial by jury as to all issues so triable; and

    vi.       Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III
## EXCESSIVE USE OF FORCE BY DEFENDANT MANGRUM, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant MANGRUM, individually, in Count III, Plaintiff states:

61.    Plaintiff re-alleges and adopts, as if fully set forth in Count III, the allegations of paragraphs 1 through 51.

62.    The use of force by Defendant MANGRUM towards Plaintiff was objectively unreasonable and unnecessary for Defendant MANGRUM to defend himself or any other person from bodily harm during the arrest and detention of Plaintiff, and constitutes the excessive use of force in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

63.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

64.    As a further direct and proximate result of the conduct of Defendant MANGRUM, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 13

and medical care and treatment. The losses are either permanent or continuing and Plaintiff will

suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay

the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.      Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## EXCESSIVE USE OF FORCE BY DEFENDANT ROBINSON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant ROBINSON, individually, in Count IV, Plaintiff

states: Plaintiff re-alleges and adopts, as if fully set forth in Count IV, the allegations of

paragraphs 1 through 51.

65.     The use of force by Defendant ROBINSON towards Plaintiff was objectively

unreasonable and unnecessary for Defendant ROBINSON to defend himself or any other person

from bodily harm during the arrest and detention of Plaintiff, and constitutes the excessive use of

force in violation of Plaintiff's clearly established constitutional rights under the Fourth and

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 14

Fourteenth Amendments and 42 U.S.C. § 1983.

66.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

67.     As a further direct and proximate result of the conduct of Defendant ROBINSON, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.     Trial by jury as to all issues so triable; and

     vi.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V
## SUPERVISORY LIABILITY CLAIM DEFENDANT MANGRUM, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 15

For his cause of action against Defendant MANGRUM, individually, in Count V,

Plaintiff states:

68.     Plaintiff re-alleges and adopts, as if fully set forth in Count V the allegations of paragraphs

1 through 51.

69.     At all times material hereto, Defendant ROBINSON has been employed

by Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, for

approximately two months and was a probationary employee, working under the direction,

control, and supervision of Defendant MANGRUM.

70.     At all times material hereto, Defendant MANGRUM was working in his capacity

as a field training officer and directed, controlled, and supervised the conduct of Defendant

ROBINSON.

71.     Defendant MANGRUM failed to direct, control, and supervise the use of force

by Defendant ROBINSON towards Plaintiff, which was objectively unreasonable and

unnecessary for Defendant ROBINSON to defend himself or any other person from bodily harm

during the arrest and detention of Plaintiff, and constitutes the excessive use of force, and

instead, Defendant MANGRUM himself personally participated in the unconstitutional use of

force towards Plaintiff in violation of Plaintiff's clearly established constitutional rights under

the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

72.     As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

73.     As a further direct and proximate result of the conduct of Defendant MANGRUM,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 16

individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization,

and medical care and treatment. The losses are either permanent or continuing and Plaintiff will

suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay

the undersigned a reasonable fee for his services herein.

      WHEREFORE, Plaintiff prays:

      i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

      ii.      Judgment for exemplary damages;

      iii.      Cost of suit;

      iv.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

      v.      Trial by jury as to all issues so triable; and

      vi.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VI
## FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT NEWMAN
## INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant NEWMAN, individually, in Count VI, Plaintiff

states:

      74.      Plaintiff re-alleges and adopts, as if fully set forth in Count VI, the allegations

of paragraphs 1 through 51.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 17

75.     Defendant NEWMAN knew that the force used by Defendant MANGRUM and  Defendant ROBINSON was unreasonable  and unnecessary  for Defendant MANGRUM and   Defendant ROBINSON to defend themselves or any other person from bodily  harm during the arrest   of Plaintiff, and continued after Plaintiff had been  secured in handcuffs and was under the care,  custody, and control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY,  Florida, including but not limited to Defendant NEWMAN, Defendant MANGRUM, Defendant ROBINSON, and others.

76.     Defendant NEWMAN had the opportunity to intervene to prevent the unlawful conduct of Defendant MANGRUM and Defendant ROBINSON but failed or refused to do so, notwithstanding the knowledge of Defendant NEWMAN that the conduct of Defendant MANGRUM  and  Defendant  ROBINSON  towards  Plaintiff  was  objectively unreasonable and  constitutes  the  excessive  use  of  force,  in  violation  of  Plaintiff's  clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

77.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

78.     As a further direct and proximate result of the conduct of Defendant NEWMAN, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will   suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay  the undersigned a reasonable fee for his services herein.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 18

WHEREFORE, Plaintiff prays:

i.    Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.   Judgment for exemplary damages;

iii.  Cost of suit;

iv.   Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.    Trial by jury as to all issues so triable; and

vi.   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT VII
## FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT MANGRUM INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant MANGRUM, individually, in Count VII, Plaintiff

states:

79.    Plaintiff re-alleges and adopts, as if fully set forth in Count VII, the allegations

of paragraphs 1 through 51.

80.    Defendant MANGRUM knew that the force used by Defendant ROBINSON

and  Defendant NEWMAN was unreasonable and unnecessary  for Defendant ROBINSON and

Defendant NEWMAN to defend themselves or any other person from bodily harm during the arrest

of Plaintiff, and continued after Plaintiff had been secured in handcuffs and was under the care,

custody,  and   control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY,

Florida, including  but  not  limited  to  Defendant  MANGRUM,  Defendant  ROBINSON,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 19

Defendant NEWMAN, and others.

81.     Defendant MANGRUM had the opportunity to intervene to prevent the unlawful conduct of Defendant ROBINSON and Defendant NEWMAN but failed or refused to do so, notwithstanding the knowledge of Defendant MANGRUM that the conduct of Defendant ROBINSON and Defendant NEWMAN towards Plaintiff was objectively unreasonable and constitutes the excessive use of force, in violation of Plaintiff's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

82.     As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

83.     As a further direct and proximate result of the conduct of Defendant MANGRUM, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

  i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

  ii.    Judgment for exemplary damages;

  iii.   Cost of suit;

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 20

    iv.       Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.       Trial by jury as to all issues so triable; and

    vi.       Such other relief as this Honorable Court may deem just and appropriate.

**COUNT VIII**
**FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT ROBINSON**
**INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant ROBINSON, individually, in Count VIII, Plaintiff states:

84.    Plaintiff re-alleges and adopts, as if fully set forth in Count VIII, the allegations of paragraphs 1 through 51.

85.    Defendant ROBINSON knew that the force used by Defendant NEWMAN and Defendant MANGRUM was unreasonable and unnecessary for Defendant NEWMAN and Defendant MANGRUM to defend themselves or any other person from bodily harm during the arrest of Plaintiff, and continued after Plaintiff had been secured in handcuffs and was under the care, custody, and control of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, including but not limited to Defendant ROBINSON, Defendant NEWMAN, Defendant MANGRUM, and others.

86.    Defendant ROBINSON had the opportunity to intervene to prevent the unlawful conduct of Defendant NEWMAN and Defendant MANGRUM but failed or refused to do so, notwithstanding the knowledge of Defendant ROBINSON that the conduct of Defendant NEWMAN

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 21

and Defendant MANGRUM towards Plaintiff was objectively unreasonable and constitutes the

excessive use of force, in violation of Plaintiff's clearly established constitutional rights under the

Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

87.     As a direct and proximate result of the acts described above, Plaintiff suffered

grievously, has been brought into public scandal, with great humiliation and mental suffering.

88.     As a further direct and proximate result of the conduct of Defendant

ROBINSON, individually, Plaintiff suffered bodily injury and resulting pain and suffering,

disability,   disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization,  and medical care and treatment. The losses are either permanent or continuing

and Plaintiff will   suffer the losses in the future, in violation of Plaintiff's civil rights.  Plaintiff

has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.      Trial by jury as to all issues so triable; and

    vi.     Such other relief as this Honorable Court may deem just and appropriate.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 22

**COUNT IX**
**FIRST AMENDMENT CLAIMS AGAINST DEFENDANT COURTEMANCHE,**
**INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

For his cause of action against Defendant COURTEMANCHE, individually, in Count IX,

Plaintiff states:

89.     Plaintiff re-alleges and adopts, as if fully set forth in Count IX, the allegations

of paragraphs 1 through 51.

90.     At all times material hereto, Plaintiff had a clearly established right "to be heard"

under the First Amendment. *Amnesty Intern., USA v. Battle*, 559 F.3d 1170, 1183 (11th Cir. 2009).

91.     At all times material hereto, it was clearly established that "[t]he right to receive

ideas follows ineluctably from the *sender's* First Amendment right to send them," and "'[t]he

dissemination of ideas can accomplish nothing if otherwise willing addressees are not free to

receive  and consider them.'" *Board of Education,  Island Trees Union Free School District No.*

*26 v. Pico*,  102 S.Ct. 2799, 2808 (1982) (quoting *Lamont v. Postmaster General*, 85 S.Ct. 1493,

1497 (1965)).

92.     Defendant COURTEMANCHE ordered witnesses to stop recording on  their

cell  phones and leave the area, allowing the use of force against Plaintiff to continue outside of

public  view.

93.     At the time Defendant COURTEMANCHE ordered witnesses to stop recording

on  their cell phones and leave the area, none of the witnesses were  interfering  with the

arrest  or  detention of Plaintiff, and remained at a safe distance outside the deputies' area of

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 23

operation.

94.     The conduct of Defendant COURTEMANCHE, as set forth herein, constitutes a violation of Plaintiff's right to freedom of speech and freedom of association, including the right to be heard, and the right of others with whom Plaintiff was speaking and associating to document and record the unlawful conduct of towards Plaintiff as Plaintiff begged for his life, in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments and 42 U.S.C. § 1983.

95.     As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, and mental suffering.

96.     As a further direct and proximate result of the conduct of Defendant COURTEMANCHE, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

      i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

      ii.     Judgment for exemplary damages;

      iii.     Cost of suit;

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 24

iv.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.       Trial by jury as to all issues so triable; and

vi.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT X
## FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST
## DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. §
## 1983

For his cause of action against Defendant ROSARIO, individually, in Count X, Plaintiff states:

97.     Plaintiff re-alleges and adopts, as if fully set forth in Count X, the allegations of  paragraphs 1 through 51.

98.     At all times material hereto, Plaintiff had a clearly established right under the First  Amendment to freedom of speech.

99.     As punishment and in retaliation for Plaintiff's exercise of free speech (i.e., "Don't let them kill me"), and as Plaintiff's arms were lifted 90 degrees behind his back until his right clavicle fractured, Defendant ROSARIO injected Plaintiff in the buttocks with 4 mg Ativan– the maximum dosage. Within moments, Plaintiff's speech and ability to communicate were permanently silenced, Plaintiff stopped breathing, and went into cardiac arrest.

100.    The conduct of Defendant ROSARIO towards Plaintiff was objectively unreasonable,  and likely to deter a person of ordinary firmness from the exercise of their First Amendment rights.  The conduct of Defendant ROSARIO towards Plaintiff constitutes unlawful

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 25

retaliation in violation  of Plaintiff's clearly established rights under the First and Fourteenth

Amendments, and 42 U.S.C.

§ 1983.

101.   As a direct and proximate result of the acts described above, in violation of 42 U.S.C.

§ 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great

humiliation, and mental suffering.

102.   As a further direct and proximate result of the conduct of Defendant ROSARIO,

Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care

and  treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses

in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the

undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

v.      Trial by jury as to all issues so triable; and

vi.     Such other relief as this Honorable Court may deem just and appropriate.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 26

## COUNT XI
## FOURTEENTH AMENDMENT DUE PROCESS CLAIMS AGAINST
## DEFENDANT ROSARIO, INDIVIDUALLY,
## COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant ROSARIO, individually, in Count XI, Plaintiff

states:

103.    Plaintiff re-alleges and adopts, as if fully set forth in Count XI, the allegations

of paragraphs 1 through 51.

104.    At all times material hereto, Plaintiff had a clearly established right to liberty

under the due process clause of the Fourteenth Amendment, to be free from the forced

administration of  psychotropic medication unless the treatment was in the patient's medical

interests.

105.    At all times material hereto, Plaintiff had a clearly established right to liberty

under the due process clause of the Fourteenth Amendment, to be free from the forced

administration of psychotropic medications as a form of punishment.

106.    Defendant ROSARIO's administration of 4 mg of Ativan to Plaintiff under

circumstances where Defendant ROSARIO knew Plaintiff was intoxicated, was contraindicated

and  not in Plaintiff's medical interests.

107.    As punishment for Plaintiff's exercise of free speech (i.e., "Don't let them kill

me"), and as Plaintiff's arms were lifted 90 degrees behind his back until his right clavicle

fractured, Defendant ROSARIO injected Plaintiff in the buttocks with 4 mg Ativan– the

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 27

maximum dosage. Within moments, Plaintiff's speech and ability to communicate were permanently silenced, Plaintiff stopped breathing, and went into cardiac arrest.

108.   The conduct of Defendant ROSARIO, as set forth herein, was in violation of Plaintiff's clearly established right to be free from the forced administration of psychotropic medication unless the treatment was in the patient's medical interests, and to be free from the forced administration of psychotropic medications as a form of punishment, in violation of Plaintiff's clearly established due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983.

109.   As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, and mental suffering.

110.   As a further direct and proximate result of the conduct of Defendant ROSARIO, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.      Judgment for exemplary damages;

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 28

    iii.      Cost of suit;

    iv.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.      Trial by jury as to all issues so triable; and

    vi.      Such other relief as this Honorable Court may deem just and appropriate.

**COUNT XII**
**FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM**
**AGAINST  DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42**
**U.S.C. § 1983**

For his cause of action against Defendant ROSARIO, individually, in Count XII, Plaintiff states:

111.   Plaintiff re-alleges and adopts, as if fully set forth in Count XII, the allegations of paragraphs 1 through 51.

112.   At all times material hereto, the laceration to Plaintiff's right temporal region was bleeding profusely and constituted a serious medical need, and which left unattended, posed a  substantial risk of serious harm to Plaintiff.

113.   At all times material hereto, Defendant ROSARIO had actual knowledge that Plaintiff  was intoxicated by alcohol, and that Ativan was contraindicated for intoxicated patients.

114.   In disregarded for risk to Plaintiff, as punishment, and in retaliation for Plaintiff's exercise of free speech (i.e., "Don't let them kill me"), as Plaintiff's arms were lifted 90 degrees behind his back until his right clavicle fractured, Defendant ROSARIO injected Plaintiff in

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 29

the buttocks with 4 mg Ativan– the maximum dosage.  Within moments, Plaintiff's speech and

ability  to communicate were permanently  silenced, Plaintiff stopped breathing, and went into

cardiac arrest.  Plaintiff is now in a persistent vegetative state.

115.    The conduct of Defendant ROSARIO as set forth herein, was in deliberate

indifference to Plaintiff's serious medical needs, in violation of Plaintiff's clearly established rights

under the Fourteenth Amendment and 42 U.S.C. § 1983.

116.    As a direct and proximate result of the acts described above, in violation of 42 U.S.C.

§ 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with

great  humiliation, and mental suffering.

117.    As a further direct and proximate result of the conduct of Defendant ROSARIO,

Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement,

mental  anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical

care and  treatment. The losses are either permanent or continuing and Plaintiff will suffer the

losses in the  future, in violation of Plaintiff's civil rights.  Plaintiff has also agreed to pay the

undersigned a reasonable fee for his services herein.  WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

     v.     Trial by jury as to all issues so triable; and

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 30

vi.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XIII
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT KEN J. MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA

For his cause of action against Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, in Count XIII, Plaintiff states:

118.    Plaintiff re-alleges and adopts, as if fully set forth in Count XIII, the allegations of paragraphs 1 through 51.

119.    Defendant NEWMAN proximately caused Plaintiff's arrest in the absence of legal authority or probable cause that Plaintiff committed any criminal offense.

120.    The conduct of Defendant NEWMAN constitutes false arrest/false imprisonment of Plaintiff under Florida law.

121.    The false arrest/false imprisonment of Plaintiff by Defendant NEWMAN was committed by Defendant NEWMAN in the course and scope of his employment as a deputy sheriff for Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida.

122.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering. As a further direct and proximate result of the conduct of Defendant KEN J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 31

capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment.   The

losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in

violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.      Cost of suit;

    iii.      Trial by jury as to all issues so triable; and

    iv.      Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XIV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST  DEFENDANT NEWMAN, INDIVIDUALLY

For his cause of action against Defendant NEWMAN, individually, in Count XIV, Plaintiff

states:

123.    Plaintiff re-alleges and adopts, as if fully set forth in Count XIV, the allegations

of paragraphs 1 through 51.

124.    Defendant NEWMAN proximately caused Plaintiff's arrest in the absence of

legal authority or probable cause that Plaintiff committed any criminal offense.

125.    The conduct of Defendant NEWMAN constitutes false arrest/false imprisonment

of Plaintiff under Florida law.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 32

126.    Alternatively to the allegations set forth in Count XIII, if the false arrest/false imprisonment of Plaintiff by Defendant NEWMAN occurred outside the course and scope of his  employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the false arrest/false  imprisonment of Plaintiff was committed by Defendant NEWMAN in his individual capacity.

127.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

128.    As a further direct and proximate result of the conduct of Defendant NEWMAN, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of  hospitalization, and medical care and treatment. The losses are either permanent or continuing and  Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Trial by jury as to all issues so triable; and

v.      Such other relief as this Honorable Court may deem just and appropriate.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 33

## COUNT XV
## BATTERY/UNNECESSARY USE OF FORCE CLAIM AGAINST
## DEFENDANT KEN J. MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA

For his cause of action against Defendant KEN J. MASCARA, as SHERIFF of ST.
LUCIE COUNTY, Florida, in Count XV, Plaintiff states:

129.    Plaintiff re-alleges and adopts, as if fully set forth in Count XV, the allegations
of paragraphs 1 through 51.

130.    The use of force by Defendant NEWMAN, Defendant MANGRUM, and
Defendant ROBINSON, and towards Plaintiff was objectively unreasonable and unnecessary
for Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON, to defend
themselves or any other  person from bodily harm during the arrest or detention of Plaintiff,
and resulted, as Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON
reasonably should have foreseen,  in a harmful and offensive contact of Plaintiff, against his will.

131.    The battery/unnecessary use of force by Defendant NEWMAN, Defendant
MANGRUM, and Defendant ROBINSON, towards Plaintiff occurred during the course and
scope of their employment as deputy sheriffs for Defendant KEN J. MASCARA, as SHERIFF
of ST. LUCIE COUNTY, Florida.

132.    As a direct and proximate result of the acts described above, Plaintiff suffered
grievously, has been brought into public scandal, with great humiliation and mental suffering.

133.    As a further direct and proximate result of the conduct of Defendant KEN

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 34

J. MASCARA, as SHERIFF of ST. LUCIE COUNTY, Florida, Plaintiff suffered loss of liberty

and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and

treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in

the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Cost of suit;

iii.    Trial by jury as to all issues so triable; and

iv.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XVI
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT NEWMAN

For his cause of action against Defendant NEWMAN, individually, in Count XVI, Plaintiff states:

134.    Plaintiff re-alleges and adopts, as if fully set forth in Count XVI, the allegations

of paragraphs 1 through 51.

135.    The use of force by Defendant NEWMAN, individually, towards Plaintiff

was objectively unreasonable and unnecessary for Defendant NEWMAN to defend himself or any

other person from bodily harm during the arrest or detention of Plaintiff, and resulted, as

Defendant NEWMAN reasonably should have foreseen, in a harmful and offensive contact of

Plaintiff, against his will.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 35

136.    Alternatively to the allegations set forth in Count XV, if the battery/unnecessary use of force against Plaintiff by Defendant NEWMAN, individually, occurred outside the course and scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the battery/unnecessary use of force was committed by Defendant NEWMAN in his individual capacity.

137.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

138.    As a further direct and proximate result of the conduct of Defendant NEWMAN, individually, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Trial by jury as to all issues so triable; and

v.      Such other relief as this Honorable Court may deem just and appropriate.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 36

## COUNT XVII
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT MANGRUM

For his cause of action against Defendant MANGRUM, individually, in Count XVII, Plaintiff states:

139.    Plaintiff re-alleges and adopts, as if fully set forth in Count XVII, the allegations of paragraphs 1 through 51.

140.    The use of force by Defendant MANGRUM, individually, towards Plaintiff was  objectively  unreasonable and unnecessary  for Defendant MANGRUM to defend himself or any other   person from bodily harm during the arrest or detention of Plaintiff, and resulted, as Defendant MANGRUM reasonably should have foreseen, in a harmful and offensive contact of Plaintiff,  against his will.

141.    Alternatively to the allegations set forth in Count XV, if the battery/unnecessary use  of force against Plaintiff by Defendant MANGRUM, individually, occurred outside the course and  scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, then the  battery/unnecessary use of force was committed by Defendant MANGRUM in his individual  capacity.

142.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

143.    As a further direct and proximate result of the conduct of Defendant MANGRUM, individually, Plaintiff suffered bodily  injury and resulting pain and  suffering,  disability,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 37

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, and medical care and treatment. The losses are either permanent or continuing

and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Judgment for exemplary damages;

    iii.    Cost of suit;

    iv.     Trial by jury as to all issues so triable; and

    v.      Such other relief as this Honorable Court may deem just and appropriate.

## <u>COUNT XVIII</u>
## <u>BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT ROBINSON</u>

For his cause of action against Defendant ROBINSON, individually, in Count XVIII, Plaintiff

states:

144.    Plaintiff re-alleges and adopts, as if fully set forth in Count XVIII, the allegations

of paragraphs 1 through 51.

145.    The use of force by Defendant ROBINSON, individually, towards Plaintiff

was objectively unreasonable and unnecessary for Defendant ROBINSON to defend himself or

any other   person from bodily harm during the arrest or detention of Plaintiff, and resulted,

as Defendant  ROBINSON reasonably should have foreseen, in a harmful and offensive contact of

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 38

Plaintiff, against  his will.

146.    Alternatively to the allegations set forth in Count XV, if the battery/unnecessary use  of force against Plaintiff by Defendant ROBINSON, individually, occurred outside the course and  scope of his employment or was committed in bad faith or with malicious purpose or in a manner exhibiting  wanton and  willful  disregard of human rights, safety,  or  property, then the battery/unnecessary use of force was committed by Defendant ROBINSON in his individual  capacity.

147.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

148.    As a further direct and proximate result of the conduct of Defendant ROBINSON, individually,  Plaintiff suffered bodily injury and  resulting pain  and  suffering,  disability, disfigurement,  mental  anguish,  loss  of  capacity  for  the  enjoyment  of  life,  expense  of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will  suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

     i.     Judgment for compensatory damages in excess of $ 15,000 dollars;

     ii.     Judgment for exemplary damages;

     iii.     Cost of suit;

     iv.     Trial by jury as to all issues so triable; and

     v.     Such other relief as this Honorable Court may deem just and appropriate.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 39

## COUNT XIX
## NEGLIGENCE AGAINST DEFENDANT ST. LUCIE COUNTY FIRE DISTRICT

For his cause of action against Defendant ST. LUCIE COUNTY FIRE DISTRICT, in Count

XIX,  Plaintiff states:

149.    Plaintiff re-alleges and adopts, as if fully set forth in Count XIX, the

allegations of paragraphs 1 through 51.

150.    At all times material hereto, Defendant ROSARIO was employed as an

EMT-  Paramedic for Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent

special district, and was *not* a "health care provider" within the meaning of Florida Statute §

766.101.

151.    At all times material hereto, Defendant ROSARIO had a duty to use reasonable

care  towards Plaintiff.

152.   At all times material hereto, Defendant ROSARIO knew Plaintiff was intoxicated.

153.    At  all  times  material  hereto,  Defendant  ROSARIO  knew  Ativan  was

contraindicated in intoxicated patients.

154.    Defendant ROSARIO failed to use reasonable care towards Plaintiff by injecting

Plaintiff in the buttocks with 4 mg Ativan– the maximum dosage.

155.    As  a  direct  and  proximate  result  of  the  negligent  conduct  of  Defendant

ROSARIO,  Plaintiff stopped breathing and went into cardiac arrest.  Plaintiff is now in a

persistent vegetative  state.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 40

156.    The negligence of Defendant ROSARIO towards Plaintiff was committed by Defendant ROSARIO in the course and scope of his employment as an EMT-Paramedic for Defendant ST. LUCIE COUNTY FIRE DISTRICT.

157.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

158.    As a further direct and proximate result of the conduct of Defendant ST. LUCIE COUNTY FIRE DISTRICT, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Cost of suit;

    iii.    Trial by jury as to all issues so triable; and

    iv.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT XX
## NEGLIGENCE AGAINST DEFENDANT ROSARIO, INDIVIDUALLY

For his cause of action against Defendant ST. LUCIE COUNTY FIRE DISTRICT, in Count XX, Plaintiff states:

159.    Plaintiff re-alleges and adopts, as if fully set forth in Count XX, the allegations

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 41

of paragraphs 1 through 51.

160.    At all times material hereto, Defendant ROSARIO was employed as an EMT-Paramedic for Defendant ST. LUCIE COUNTY FIRE DISTRICT, an independent special district,  and was *not* a "health care provider" within the meaning of Florida Statute § 766.101.

161.    At all times material hereto, Defendant ROSARIO had a duty to use reasonable care  towards Plaintiff.

162.    At all times material hereto, Defendant ROSARIO knew Plaintiff was intoxicated.

163.    At all times material hereto, Defendant ROSARIO knew Ativan was contraindicated  in intoxicated patients.

164.    Defendant ROSARIO failed to use reasonable care towards Plaintiff by injecting Plaintiff in the buttocks with 4 mg Ativan– the maximum dosage.

165.    As a direct and proximate result of the negligent conduct of Defendant ROSARIO,  Plaintiff stopped breathing and went into cardiac arrest.  Plaintiff is now in a persistent vegetative state.

166.    Alternatively  to the allegations set forth in Count XIX, if the negligence of Defendant ROSARIO towards Plaintiff was committed by Defendant ROSARIO outside the course and scope  of his employment or was committed in bad faith or with malicious purpose  or in  a  manner  exhibiting wanton and willful disregard of human rights, safety, or property, then the negligence of  Defendant ROSARIO occurred in his individual capacity.

167.    As a direct and proximate result of the acts described above, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation and mental suffering.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 42

168.     As a further direct and proximate result of the conduct of Defendant ROSARIO,

Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care

and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses

in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.     Judgment for exemplary damages;

iii.    Cost of suit;

iv.     Trial by jury as to all issues so triable; and

v.      Such other relief as this Honorable Court may deem just and appropriate.

### COUNT XXI
### CUSTOM, POLICY AND PRACTICE CLAIM AGAINST DEFENDANT
### ST. LUCIE COUNTY FIRE DISTRICT, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant ST. LUCIE COUNTY FIRE DISTRICT in Count XXI,

Plaintiff states:

170.     Plaintiff realleges and adopts, as if fully set forth in Count XXI, the allegations of

paragraphs 1 through 51.

171.     At all times relevant to herein, Defendant ROSARIO was acting under the direction

and control of the ST. LUCIE COUNTY FIRE DISTRICT, which acted through its agents and

employees who were responsible for establishing the policies necessary for the lawful and

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16cv14413
Second Amended Complaint
Page 43

constitutional operation of the ST. LUCIE COUNTY FIRE DISTRICT, and as such, Defendant

ROSARIO was acting pursuant to either official policy or the practice, custom, and usage of the

ST. LUCIE COUNTY FIRE DISTRICT, or the absence of necessary policies.

172.    Acting under color of law, by and through the policymakers of the ST. LUCIE

COUNTY FIRE DISTRICT, and pursuant to either official policy or the practice, custom, and usage

of the ST. LUCIE COUNTY FIRE DISTRICT, or the absence of official policy, the ST. LUCIE

COUNTY FIRE DISTRICT intentionally, knowingly, recklessly, or with deliberate indifference to the

constitutionally protected rights of others, provided no policies or training to paramedics, including

Defendant ROSARIO, concerning the use, and overuse, of central nervous system depressants such as

Ativan or other benzodiazepines in patients under the influence of alcohol.

173.    At all times material hereto, Defendant the ST. LUCIE COUNTY FIRE DISTRICT

knew that its paramedics, including Defendant ROSARIO, would regularly and routinely administer

sedatives (i.e., central nervous system depressants) to patients, including patients under the influence

of alcohol. As such, paramedics such as Defendant ROSARIO are sometimes required to make split-

second decisions that can have with life-or-death consequences to patients under their care.  There

is no reason to assume that paramedics such as Defendant ROSARIO would be familiar with the

contraindications associated with the many medications in their possession without appropriate

training, and as such, the need for some form of training was obvious.

174.    Based on information and belief, Defendant ROSARIO administered Ativan to

between 50-200 patients or more since 2006. In as many as half of those patients, Defendant

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 44

ROSARIO administered the maximum allowable dosage (without the necessity for prior approval

from a physician) of Ativan, 4-milligrams.

175.   At all times material hereto, Ativan is potentiated by alcohol.

176.   At all times material hereto, Defendant the ST. LUCIE COUNTY FIRE DISTRICT

knew, or in the exercise of reasonable diligence should have known, that patients, including some

combative patients, would be under the influence of central nervous system depressants, including

alcohol.

177.   In deposition on April 13, 2017, Defendant ROSARIO admitted that he does "not

have training on the interaction of alcohol and Ativan."

178.   In deposition on April 13, 2017, Defendant ROSARIO admitted that he is unaware

of how the combination of Ativan and alcohol would affect the respiration of a patient.

179.   At all times material hereto, the training materials and written policies included in

Defendant ST. LUCIE COUNTY FIRE DISTRICT's treatment guidelines failed to provide necessary

protocols for the safe administration of Ativan to patients under the influence of alcohol, and instead,

left the decision entirely to the discretion of the paramedic.

180.   On May 22, 2017, Captain Brian Gonzalez admitted that pursuant to the ST. LUCIE

COUNTY FIRE DISTRICTS official policies, paramedics are given discretion to administer a single

4 mg dose of Ativan intramuscularly to a patient in the field.

181.   As a proximate cause of the customs, policies and practices of the ST. LUCIE

COUNTY FIRE DISCTRICT, Defendant ROSARIO recklessly administered Ativan incorrectly by

going straight to the maximum dose of 4 mg intramuscularly, not the required 1 mg in step by step

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 45

(incremental) dosing of 1 mg each time.   Had the 4-mg intramuscular administration of Ativan not been given, Plaintiff TAVARES DOCHER would not have gone into cardio-pulmonary arrest and suffered great bodily injury.

182.    In promulgating the foregoing policies, the ST. LUCIE COUNTY FIRE DISTRICT failed to direct its agents, employees, and servants, including Defendant ROSARIO, that the administration of Ativan, including the maximum dosage of 4-milligrams, is contraindicated in patients under the influence of alcohol, due to the risk of respiratory failure.

183.    Acting under color of law, by and through the policymakers of the ST. LUCIE COUNTY FIRE DISTRICT, and pursuant to either official policy or the practice, custom, and usage of the ST. LUCIE COUNTY FIRE DISTRICT, or the lack of official policy, the ST. LUCIE COUNTY FIRE DISTRICT intentionally, knowingly, recklessly, or with deliberate indifference to the constitutionally protected rights its patients, failed to train it employees to in the use of Ativan and other central nervous system depressants in patients under the influence of alcohol, under circumstances where the need for training was obvious.

185.    Based on the failures of Defendant ST. LUCIE COUNTY FIRE DISTRICT, the fact that Plaintiff suffered cardiac arrest and severe and permanent debilitating injuries was a highly predictable consequence of the failure to Defendant ST. LUCIE COUNTY FIRE DISTRICT to provide their paramedics, including Defendant ROSARIO, with the training necessary to safely use Ativan and other central nervous system depressants under the frequent and recurring circumstances faced by paramedics in the field, who regularly and routinely must administer central nervous system depressants to patients, including patients under the influence of alcohol.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 46

186.     Defendant ST. LUCIE COUNTY FIRE DISTRICT had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the constitutionally protected rights of others, failed or refused to do so, in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

187.     Defendant ST. LUCIE COUNTY FIRE DISTRICT directly or indirectly, under color of law, approved or ratified the unlawful and deliberately indifferent conduct of Defendant ROSARIO, and others, heretofore described.

188.     As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering.

189.     As a further direct and proximate result of the conduct of Defendant ST. LUCIE COUNTY FIRE DISTRICT, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

i        Judgment for compensatory damages in excess of $ 15,000 dollars;

ii.      Cost of suit;

iii.     Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16cv14413
Second Amended Complaint
Page 47

      iv.       Trial by jury as to all issues so triable; and

      v.       Such other relief as this Honorable Court may deem just and appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands trial by jury on all issues so triable as of right.

DATED this 31$^{st\ h}$ day of May, 2017.

> /s/ DARRYL L. LEWIS
> Darryl L. Lewis
> Florida Bar No.:  818021
> Attorney E-Mail:  dll@searcylaw.com and
> axs@searcylaw.com;
> Primary E-Mail: _lewisteam@searcylaw.com
> Searcy Denney Scarola Barnhart & Shipley, P.A.
> 2139 Palm Beach Lakes Boulevard
> West Palm Beach, Florida 33409
> Phone: (561) 686-6300
> Fax:    (561) 383-9485
> Attorney for Plaintiff(s)