UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

       Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

       Defendant(s).
_____/

CASE NO.: 2:16cv14413

## DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, SUPPLEMENTAL MOTION TO STRIKE PLAINTIFF'S EXPERTS INCORPORATED MEMORANDUM OF LAW

Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT (referenced as "Defendants"), by and through undersigned counsel, pursuant to the Court's December 9, 2016 Scheduling Order [DE 24], the Court's Paperless Order Granting Motion to Continue [DE 36], Federal Rule of Civil Procedure 26(a)(2)(B) and (D), Federal Rules of Evidence 403 and 702, Local Rules 7.1 and16.1(j), hereby respectfully moves for an Order Striking Plaintiff's Experts, Striking the Expert Reports and excluding Plaintiff's experts' testimony on the basis that the expert reports are untimely and have prejudiced Defendants. In support thereof, Defendants state as follows:

    **I.**    **Procedural and Factual Background**

    1.    This case was originally filed on August 3, 2016, in state court.

Page **1** of **8**

2. On September 21, 2017, the case was removed to the Southern District Court of Florida. [DE 1].

3. On October 17, 2016, the Court entered an Order setting this matter for trial beginning October 16, 2017. [DE 11]. The Order also set a Calendar Call on October 11, 2017. [DE 11].

4. On December 9, 2016, the Court entered a Scheduling Order setting various pretrial deadlines. [DE 24]. The Order required primary/initial experts to be disclosed on or before March 17, 2017. [DE 24]. The Order required that the parties were to furnish opposing counsel with an expert report or summaries of its experts anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2).

5. Defendants' filed a Motion for Modification of Scheduling Order. [DE 35].

6. On February 21, 2017, the Court entered a paperless Order Granting the Motion for Modification. [DE 36]. The Order extended the deadline to disclosure primary/initial experts to May 1, 2017. [DE 36]. The deadline to disclose rebuttal experts was extended to May 27, 2017. [DE 36]. The discovery deadline was extended to June 30, 2017. [DE 36].

7. On May 1, 2017, Defendants' timely disclosed their experts and provided expert reports in compliance with Fed. R. Civ. P. 26(a)(2).

8. On May 5, 2017, Plaintiff filed her untimely Expert Disclosure [DE 40]. However, Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

9. On May 10, 2017, Plaintiff filed her untimely Amended Expert Disclosure. [DE 41]. Again, Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

10. On May 11, 2017, Plaintiff filed her untimely Second Amended Expert Disclosure. [DE 43]. Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

11. On May 12, 2017, Defendants moved to Strike Plaintiff's Experts. [DE 44] claiming that Plaintiff's disclosure was untimely and failed to comply with the requirements of Federal Rules of Civil Procedure 26(a)(2)(B).

12. On May 22, 2017, Plaintiff untimely disclosed Dr. Brian McAlary's expert report. A copy of Dr. McAlary's report is attached hereto as Exhibit A.

13. Dr. McAlary's cover letter dated May 21, 2017, indicates that the Report was prepared over the weekend on an urgent basis. *See* Exhibit A.

14. Furthermore, Dr. McAlary's Report indicates that he relied on Defendants' timely disclosed expert reports from Dr. Lindsey, Dr. Anderson and Dr. Levine in forming his opinions. *See* Exhibit A (page 1-2 of the Report).

15. On May 22, 2017, Plaintiff also untimely disclosed Dr. Craig Lichtblau's expert report. A copy of Dr. Lichtblau's report is attached hereto as Exhibit B.

16. On May 23, 2017, Plaintiff untimely disclosed Dr. John Sterba's expert report. A copy of Dr. Sterba's report is attached hereto as Exhibit C.

17. Dr. Sterba failed to provide copies of the exhibits he used to support his opinions as required by Rule 26(a)(2)(B)(iii).

18. Dr. Sterba also listed Defendants' timely experts' reports as materials he reviewed in forming and developing his opinions. See Exhibits C (page 15 of the Report).

19. To date, Plaintiff has failed to provide any report for Dr. David R. Williams.

20.     Plaintiff's experts' reports should be stricken as they failed to comply with the Court's December 9, 2016 Scheduling Order [DE 24] and the Court's Paperless Order Granting Motion to Continue [DE 36]. These untimely reports have severely prejudice Defendants, for which these experts and their reports should be stricken.

## II.     Striking of Experts/Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(B) requires full, complete, and timely disclosure of an experts' opinions, the information that the expert considered in forming the opinions, and the exhibits that will be used to support the opinions. Fed. R. Civ P. 26(a)(2)(B). Compliance with Federal Rule of Civil Procedure 26(a)(2)'s expert witness disclosure requirements is mandatory and self-executing. *Lohnes v. Level 3 Commc'ns, Inc.,* 272 F.3d 49, 51 (1st Cir. 2001). This expert disclosure requirement "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008); *also Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (per curiam). The purpose of the rule is to safeguard against surprise. *Thibeault v. Square D Co.,* 960 F.2d 239, 244 (1st Cir. 1992).

Federal Rule of Civil Procedure 37 provides sanctions for violations of Rule 26(a)(2), including striking the witness altogether. Fed. R. Civ. P. 37; *Collado v. Carnival Corp.*, (S.D. Fla. 2011). Rule 37(c)(1) precludes the use of information not provided as required by Rule 26(a) unless the offending party can establish the failure to comply with Rule 26 was harmless or substantially justified. *See Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 824 (11th Cir. 2009). Here, Plaintiffs' failure is not harmless or substantially justified.

A failure to comply with the expert witness disclosure requirements may result in the striking of expert reports or the preclusion of expert testimony. *Kendall Lakes Towers Condo. Ass' n, Inc. v. Pac. Ins. Co., Ltd.,* No. 2011 WL 6372198, at *3 (S.D. Fla. 2011). Courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense. *See, e.g., SantiagoDiaz v. Laboratorio Clinico y de Referencia del Este,* 456 F.3d 272, 277–78 (1st Cir.2006) (affirming preclusion even though the result was to exclude evidence critical to plaintiff's claim); *see generally Bearint v. Dorell Juvenile Grp., Inc.,* 389 F.3d 1339, 1348–49 (11th Cir. 2004) (excluding untimely expert report).

A Court's Order to exclude a witness for late disclosure will not be disturbed on appeal, absent use of discretion. *Port Terminal v. John James Co.*, 695 F.2d 1328 (11th Cir. 1983).

**III.  Plaintiff's Experts Should Be Excluded As A Sanction For Plaintiff's Non-Compliance**

This Court must strike Plaintiff's experts from testifying at trial as a sanction for her failure to comply with the Court's December 9, 2016 Scheduling Order [DE 24], the Court's Paperless Order Granting Motion to Continue [DE 36] and Rule 26(a)(2)(B)'s requirements. *See Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323 (11th Cir. 2008). *See also Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) ("Rule 37(c)(1) provides a self-executing sanction for untimely expert reports.").

Plaintiff bears the burden of proving substantial justification and harmlessness. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). "Substantial justification" has been defined as "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt*, 268

F.R.D. at 682 (M.D. Fla. 2010) (citations and quotations omitted). And "harmless" is simply whether the party entitled to the disclosure is prejudiced. *Id*.

Plaintiff cannot show either substantial justification or harmlessness. Plaintiff's expert Dr. Lichtblau prepared his report prior to the May 1, 2017, deadline [DE 36], however, Plaintiff only recently disclosed Dr. Lichtblau's report on May 22, 2017. Plaintiff's experts, Dr. McAlary and Dr. Sterba, prepared their report well after the May 1, 2017 disclosure deadline and were provided the benefit of having reviewed Defendants' timely disclosed expert reports. See Exhibits A and B. Plaintiff provided the expert reports only a few days prior to the rebuttal expert disclosure deadline, denying Defendants the opportunity to identify their own experts to rebut Plaintiff's experts' opinions. Furthermore, Defendants' still have no report for alleged expert witness Dr. Williams.

Finally, this Court should not give Plaintiff the opportunity to cure her defect. Plaintiff has known since filing this case that it would require expert witnesses to be successful. Rather than disclosing expert witnesses timely, Plaintiff chose to wait to obtain expert reports until after the deadline. As a result, this Court should make Plaintiff bear the prejudice that she attempted to cause Defendants.

Accordingly, this Court should strike Plaintiff's Expert Witness List, Plaintiffs' Experts' Reports and excluding Plaintiff's experts' testimony.

**IV.   Alternatively, This Court Should Extend Rosario and SLCFD's Deadline For Disclosing Their Own Expert Witnesses**

If this Court does not exclude Plaintiff's expert witnesses as a sanction, then it should extend Defendants' deadline 30 days for disclosing their rebuttal experts and deposing Plaintiff's experts. Fed. R. Civ. P. 26(a)(2)(D); *Walter Int'l Productions, Inc. v. Salinas*, 650 F.3d 1402, 1411 (11th Cir. 2011).

WHEREFORE Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT, respectfully request this Court enter an Order Striking Plaintiff's Expert Witness Disclosure [DE 40, 41 & 43], striking Plaintiff's experts' reports, excluding Plaintiff's anticipated expert testimony, or in the alternative extending the deadline for Defendants to disclose rebuttal witnesses and depose Plaintiffs' experts by 30 days and for any other relief the Court deems proper.

### 7.1(a)(3) STATEMENT

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and Plaintiff thereby objects to the Motion to Strike Experts and Expert Reports. However, Plaintiff agrees to the alternative relief sought in this Motion. Specifically, Plaintiff agrees to the additional 30 day extension for Defendants to depose Plaintiff's experts and disclosure rebuttal witnesses.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 31st day of May, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

*/s/BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE

Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:     (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendant, JOSE ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent special district