UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:16cv14413

TAVARES DOCHER, by and through JANICE
DOCHER-NEELEY, his mother and legal
guardian,

        Plaintiff,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYTON MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendant.
_____/

## PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**COMES NOW** Plaintiff, TAVARES DOCHER, by and through JANICE DOCHER-NEELEY, his mother, by and through their undersigned attorneys, and pursuant to S.D. Fla. L.R. 15.1 and Section 3I(1) of the CM/ECF Administrative Procedures, files this Motion for Leave to file a Second Amended Complaint, and accompanying memorandum of law, and in support thereof, states the following:

**Docher, Tavares vs. St. Lucie County Sheriff's Office**
CASE NO.:  2:16cv14413

1. This is a civil action under 42 U.S.C. § 1983 and Florida law, including claims for relief against Defendant JOSE ROSARIO and the Defendant ST. LUCIE COUNTY FIRE DISTRICT.

2. The First Amended Complaint [DE. 1-2] alleges that TAVARES DOCHER was injured when he was administered 4-milligrams of Ativan by Defendant ROSARIO, a paramedic. As a result of the administration of Ativan while TAVARES DOCHER was under the influence of alcohol, TAVARES DOCHER suffered cardiac arrest and is now in an persistent vegetative state, with a significantly diminished life expectancy. The relief requested includes claims against Defendant JOSE ROSARIO for deliberate indifference to the necessary medical needs of TAVARES DOCHER, contrary to the Fourteenth Amendment and 42 U.S.C. § 1983.

3. Deliberate indifference claims under § 1983 include both subjective and objective components. At deposition on April 13, 2017, Defendant ROSARIO denied any *subjective* responsibility for the injuries sustained by TAVARES DOCHER on the basis that Defendant ROSARIO was never provided with any training on the interaction between Ativan and alcohol, and was otherwise unaware of how the combination of Ativan and alcohol would affect the respiration of a patient.

4. Additionally, at Defendant ROSARIO'S deposition he stated that pursuant to the ST. LUCIE COUNTY FIRE DISTRICTS official polices and training, he has the discretion to administer a single 4 mg dose of Ativan to a patient, intramuscularly.

Case 2:16-cv-14413-RLR   Document 53   Entered on FLSD Docket 06/01/2017   Page 3 of 8

**Docher, Tavares vs. St. Lucie County Sheriff's Office**
CASE NO.:  2:16cv14413

5. In fact, the ST. LUCIE COUNTY FIRE DISTRICTS' official policies state:

"Ativan 1 mg increments to a max of 4 mg."

6. Plaintiff had no way of knowing that Defendant ROSARIO was trained in such a way that would allow him discretion to administer a single 4 mg dose of Ativan to any patient. According to Plaintiffs' medical expert, Dr. John Sterba, a single 4 mg dose administered intramuscularly to a patient in Plaintiff's position is likely to cause great bodily injury or death.

7. Therefore, following the deposition of Defendant ROSARIO, Plaintiff scheduled the Fed. R..Civ. P. 30(b)(6) deposition of Captain Brian Gonzalez, who was designated as the representative of the ST. LUCIE COUNTY FIRE DISCTRICT concerning the administration of sedatives (such as Ativan) by its employees, whether sedatives (such as Ativan) are to be administered incrementally.

8. On May 22, 2017, Captain Brian Gonzalez confirmed that pursuant to the ST. LUCIE COUNTY FIRE DISTRICTS official policies paramedics are given discretion to administer a single 4 mg dose of Ativan intramuscularly to a patient in the field.

9. Plaintiff's expert, medical doctor Dr. John Sterba, will testify that Defendant ROSARIO, based upon his training and the official policies, customs, and practices of the ST. LUCIE COUNTY FIRE DISCTRICT, recklessly administered Ativan incorrectly by going straight to the maximum dose of 4 mg intramuscularly, not the required 1 mg in step by step (incremental) dosing of 1 mg each time. According to Dr. John Sterba, more likely than not, had the 4-mg intramuscular administration of Ativan not been given, Plaintiff TAVARES DOCHER would not have gone into cardio-pulmonary arrest and suffered great bodily injury.

**Docher, Tavares vs. St. Lucie County Sheriff's Office**
CASE NO.: 2:16cv14413

      10.    It should have been plainly obvious to Defendant ST. LUCIE COUNTY FIRE DISTRICT that their paramedics, including Defendant ROSARIO, would need to make split-second and life and death decisions involving the administration of central nervous system depressants such as Ativan, and the failure to provide implement appropriate polices and provide training concerning the combination of Ativan and alcohol would necessarily place patients who are under the influence of alcohol at substantial risk of death or great bodily injury.

      11.    The proposed Second Amended Complaint (adding Count XXI) is attached hereto as Exhibit "A". Count XXI is a custom, policy, and practice claim against Defendant ST. LUCIE COUNTY FIRE DISTRICT, based on its failure to train its paramedics, including Defendant ROSARIO, in the safe use of Ativan when a patient is under the influence of alcohol.

      12.    Pursuant to S.D. Fla. L.R. 7.1.A.3, Benjamin Newman, Esquire authorized the undersigned to represent that Defendants Jose Rosario and The St. Lucie County Fire District objects to the relief requested herein.

      13.    Pursuant S.D. Fla. L.R. 7.1.A.3, Summer M. Barranco, Esquire authorized the undersigned to represent that Defendants Christopher Newman, Clayton Mangrum, Calvin Robinson, Courtemanche, and Ken J. Mascara, Sheriff of St. Lucie County objects to the relief requested herein.

**Docher, Tavares vs. St. Lucie County Sheriff's Office**
CASE NO.:  2:16cv14413

## MEMORANDUM OF LAW

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Court explained in Spanish Broadcasting System of Florida, Inc. v. Clear Channel, 376 F.3d 1065 (11th Cir. 2004):

> The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be freely given. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962 (internal quotation marks omitted).

Id. at 1077.

The interests of justice support the Court granting leave to amend. There is no specific and significant reason to deny the relief requested. Nor has there been any undue delay.

The need for the amendment follows the deposition of Defendant ROSARIO on April 13, 2017. Defendant ROSARIO testified that he never received any training concerning the interaction of alcohol and Ativan, and is unaware how the combination of Ativan and alcohol would affect the respiration of a patient. The testimony of Defendant ROSARIO and Captain Gonzales on May 22, 2017, was highly unexpected, unanticipated, and from a constitutional (i.e., due process) standpoint, wholly unacceptable. The proposed amendment is necessary to vindicate important rights under the Fourteenth Amendment and for the protection of the community, and there is no specific and significant reason to deny the amendment. Floyd v. Eastern Airlines, Inc., 872 F.2d 1462, 1490 (11th

Case 2:16-cv-14413-RLR   Document 53   Entered on FLSD Docket 06/01/2017   Page 6 of 8

**Docher, Tavares vs. St. Lucie County Sheriff's Office**
CASE NO.:  2:16cv14413

Cir.1989) ("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend.") rev'd on other grounds, 111 S.Ct. 1489 (1990)).

To be sure, "[a] district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." Tampa Bay Water v. HDR Engineering, Inc., 731 F.3d 1171, 1186 (11th Cir. 2013). But that is not the case. Plaintiffs had no reason to believe that Defendant ST. LUCIE COUNTY FIRE DISTRICT would provide its paramedics with no training, whatsoever, concerning the combined effects of Ativan and alcohol. Defendant ST. LUCIE COUNTY FIRE DISTRICT knew its paramedics would be required to make split-second and life and death decisions. Instead of training its paramedics, Defendant ST. LUCIE COUNTY FIRE DISTRICT simply left the administration of Ativan to the discretion of its employees. In the absence of necessary training, life itself should never be left to the discretion of the government or its employees.

**WHEREFORE**, Plaintiff requests that the Court enter an Order granting the relief requested herein. The proposed Second Amended Complaint (adding Count XXI) is attached as Exhibit "A".

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via electronic filing using the CM/ECF system with the Clerk of the Court, which sends e-mail

**Docher, Tavares vs. St. Lucie County Sheriff's Office**
CASE NO.:  2:16cv14413

notification of such filing to all CM/ECF participants in this case, on this 1st  day of June, 2017.

I HEREBY CERTIFY, pursuant to Southern District of Florida General Rule 7.1(a)(3) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

/s/ DARRYL L. LEWIS

Darryl L. Lewis
Florida Bar No.: 818021
Attorney E-Mail(s):  dll@searcylaw.com and axs@searcylaw.com
Primary E-Mail: _lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiff(s)

**Docher, Tavares vs. St. Lucie County Sheriff's Office**
CASE NO.:  2:16cv14413

# COUNSEL LIST

Summer M. Barranco, Esquire
summer@purdylaw.com;
melissa@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Phone: (954)-462-3200
Fax: (954)-462-3861
Attorneys for Ken Mascara

Benjamin W. Newman, Esquire
Ben.Newman@wilsonelser.com;
Leah.Rover@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N Orange Avenue, Suite 1200
Orlando, FL  32801
Phone: (407) 203-7592
Fax: (407) 648-1376
Attorneys for Port St. Lucie Fire Rescue


Hugh L. Koerner, Esquire
hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
3475 Sheridan Street, Suite 208
Hollywood, FL  33021
Phone: (954)-522-1235
Fax: (954)-522-1176
Attorneys for Tavares Docher