UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

CASE NO.: 2:16-cv-14413

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT'S SUPPLEMENTAL MOTION TO STRIKE PLAINTIFF'S EXPERTS**

      Plaintiff, by and through the undersigned counsel, files this Memorandum of Law in Opposition to Defendants' Jose Rosario and St. Lucie County Fire District's Supplemental Motion to Strike Plaintiff's Experts [DE 50].

**Procedural and Factual Background**

      1.    This case was removed to this federal court on September 21, 2016. [DE 1]. On October 17, 2016 this Court entered an Order setting this matter for trial beginning October 16, 2017. [DE 11].

      2.    On December 9, 2016 the Court entered a Scheduling Order setting various pre-trial deadlines, including a March 17, 2017 deadline for the disclosure of primary/initial experts.

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 2

[DE 24] The Order required that the parties were to furnish opposing counsel with either an expert report or summaries of its experts anticipated testimony.

3. On February 6, 2017, Defendants' Jose Rosario and St. Lucie County Fire District filed a First Amended Motion for Modification of Scheduling Order in which they requested that all deadlines in the Court's scheduling order be extended by 90 days. [DE 33].

4. On February 14, 2017, Defendants' Jose Rosario and St. Lucie County Fire District filed a Second Amended Motion for Modification of Scheduling Order in which they requested the Court to: 1) extend the deadline for the primary/initial expert disclosure to May 1, 2017; 2) extend the deadline for the disclosure of rebuttal expert witnesses; and 3) extend the deadline for the discovery cutoff to June 30, 2017.

5. On 2/21/17 this Court entered a paperless order granting [DE 35] which states: PAPERLESS ORDER granting [35] Motion to Continue. The discovery deadline is extended to 6/30/2017 and both expert disclosure deadlines are extended as requested in the Motion. Signed by Judge Robin L. Rosenberg on 2/21/2017. [DE 36].

6. In response to this Court's paperless order, the undersigned's office calendared the new discovery deadline of 6/30/17. However, in calendaring the new expert disclosure deadlines, the undersigned's office mistakenly and inadvertently referred to Defendant's February 6, 2017 First Amended Motion for Modification of Scheduling Order [DE33] in which the Defendants had requested a 90 day extension of the expert disclosure deadlines. Based upon this inadvertent

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 3

mistake, the deadline for the primary/initial expert disclosure was calendared for June 15, 2017 (90 days after the original 3/17/17 deadline set forth in the Scheduling Order.[1]

7.      It was only after Plaintiffs received the Defendants' disclosures on May 1, 2017 that the mistaken deadline was discovered. Plaintiffs immediately attempted to correct the mistake as quickly as possible. On May 5, 2017, four days after the May 1, 2017 disclosure deadline of which the Plaintiff was not aware due to a calendaring error, Plaintiff filed his initial disclosure listing the names of five expert witnesses and providing their curriculum vitae, testimony lists and fee schedules. [DE 40].

8.      On May 10, 2017 and May 11, 2017 Plaintiff filed an Amended Expert Disclosure and Second Amended Expert Disclosure which provide a summary of the expert opinions. [DE 41] and [DE 43].

9.      On May 23, 2017 Plaintiff supplemented these disclosures by providing expert reports for Mel Tucker, Dr. Brian McAlary, Dr. Craig Lichtblau and Dr. John Sterba. *See* Plaintiff's Notice of Serving Expert Reports, attached as Exhibit A.[2]

10.     On June 2, 2017, Plaintiff provided the Defendants with the report of her expert economist, Dr. David Williams. *See* Notice of Serving Expert Report, attached as Exhibit B.

---

[1] In fact, Plaintiff's counsel did not realize that the Second Amended Motion for Modification [DE35] requested an expert disclosure deadline that was much shorter than the June 15, 2017 deadline initially requested in Defendants' Amended Motion for Modification [DE33] and contrary to what is stated in Defendants' Amended Motion for Modification, Adam Hecht, counsel for the Plaintiff, never agreed to the Amended Motion for Modification. Plaintiff's counsel acknowledges that he should have immediately advised the Court of his objection.

[2] Plaintiff has also provided deposition dates for their experts as follows: Deposition dates of May 30, 2017 and May 31, 2017 have been provided for Mr. Tucker. Deposition dates of May 25, 2017 and May 26, 2017 have been provided for Dr. McAlary. Deposition dates of May 26, 2017; May 30, 2017 and May 31, 2017 have been provided for Dr. Sterba. A deposition date of May 31, 2017 has been provided for Dr. Licthblau. *See* Exhibit A.

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 4

11.     Plaintiff acknowledges that his initial disclosure was late by four days and that the required summaries of his experts' opinions were not provided until ten days after the May 1, 2017 disclosure deadline.  This failure was not attributable to any bad faith on the part of Plaintiff's counsel but rather it was an honest and inadvertent mistake which quite frankly was partially caused by Defendants filing multiple successive motions to modify the scheduling order.[3]  Upon discovery of the mistake, Plaintiff acted as quickly as possible to fully comply with this Court's scheduling deadlines. The Defendants have not been harmed or prejudiced by the late disclosure. Trial is not set until October 16, 2017.  The discovery cut off is June 30, 2017, still more than a month away at the time of the late disclosures, and Plaintiff has provided deposition dates for his experts.  The deadline for dispositive motions, including *Daubert* motions, is not until July 7, 2017.

12.     Defendants argue that Plaintiff waited to obtain expert reports until after the May 1, 2017 disclosure deadline and note that the cover letter to Dr. McAlary's report indicates that it was prepared on an urgent basis.  This only supports Plaintiff's contention that counsel honestly and mistakenly believed that expert disclosures were to occur on June 15, 2017 due to an inadvertent calendaring error.  It also supports Plaintiff's assertion that counsel moved as quickly as possible to rectify the error upon discovery.[4]

---

[3] Similarly, Defendants filed a Motion to Strike Plaintiff's experts on May 12, 2015 [DE 44], an Amended Motion to Strike Plaintiff's Experts [DE 45] and now this Supplemental Motion to Strike Plaintiff's Experts [DE 50], which was filed after Plaintiff's responded to Defendants' Amended Motion to Strike Experts.

[4] Defendants also claim that Dr. Sterba did not provide the exhibits referenced in his expert report. (Attached as Exhibit C to [DE 50]). The majority of the exhibits referenced are documents produced in discovery which Defendants already have in their possession.  The remaining documents consisting of medical literature were provided to the Defendants on June 2, 1017. *See* e-mail attached as Exhibit C.

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 5

## Legal Argument

### Plaintiff's untimely disclosure was justified, will not prejudice the Defendants and was not willful or in bad faith and therefore, striking Plaintiff's experts or precluding their testimony is too severe and unnecessary.

Plaintiff acknowledges that Fed. R. Civ. P. 26(a)(2)(B) requires a complete and timely disclosure of experts' opinions. Additionally, Rule 37(c) provides that if a party fails to provide information or identify a witness as required by Rule 26, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the non-disclosing party shows that the failure is substantially justified or is harmless. Importantly, exclusion is not automatic and discretion is left to the court if the failure was justified or harmless. *See May v. Lake Front Group Ltd.*, 2012 WL 12898021, *1 (S.D. Fla. 2012). "The following factors should guide the court in determining whether to exclude evidence pursuant to Rule 37(c)(1): (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*, quoting *Vitola v. Paramount Automated Food Services*, 2009 WL 5067658 at *1 (S.D. Fla. 2009) (internal citations omitted).

In this case, the Plaintiff's failure was justified. Plaintiff inadvertently calendared the disclosure deadline based upon a paperless order referring to the Defendant's Amended Motion for Modification of Scheduling Order. There were two Amended Motions for Modification of the Scheduling Order and the undersigned's office inadvertently and mistakenly calendared the deadlines from the wrong Motion. On the May 1. 2017 expert disclosure deadline, counsel in good

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 6

faith believed that he had until June 15, 2017 to discloses experts. Upon discovery of the error, Plaintiff worked quickly to disclose the identities of his experts on May 5, 2017, only 4 days after the deadline. At that time, Plaintiff also provided fee schedules, lists of testimony and curriculum vitae. On May 10, 2017 and May 11, 2017, only 10 days after the disclosure deadline, Plaintiff filed Amended Disclosures which included summaries of the experts' opinions. [DE 41 and 43] In response to Defendants' assertion in their Amended Motion to Strike Plaintiff's Untimely Expert Disclosure and to Exclude Testimony [DE 45] that the summaries were not adequate, Plaintiff provided reports for four of their experts on May 23, 2017 and provided a report for their remaining expert, Dr. Williams on June 2, 2017.

Furthermore, the Defendants have not been harmed or prejudiced by the late disclosure. Rebuttal experts were not due until May 29, 2017 and the discovery cutoff is not until June 30, 2017. Plaintiff has provided the defense with dates to depose his experts within this time frame. The dispositive motions deadline is July 7, 2017. Trial in this matter is not until October, and therefore there is no likelihood that the trial of this matter will be disrupted. There is ample time for the Defendants to cure any minimal prejudice that has been caused by the untimely disclosure, and as explained above, Plaintiff's counsel did act in bad faith or willfully refuse to comply with the expert disclosure deadline. Furthermore, Plaintiff has no objection to Defendants' request to extend the deadline for the Defendants to disclose rebuttal experts and to depose Plaintiff's experts by 30 days. Plaintiff already indicated her agreement to these extensions in her Memorandum of

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 7

Law in Opposition to Defendant's Amended Motion to Strike. [DE 47].[5] Striking the Plaintiff's experts and precluding their testimony is too severe under these circumstances.

*May v. Lake Front Grp. Ltd*., 2012 WL 12898021 (S.D. Fla. Sept. 7, 2012) is instructive. In *May*, plaintiffs moved to strike the defendant's expert disclosures and witnesses because the defendant's disclosure did not actually identify any experts by name nor did it provide a complete statement of the expert's opinions. *Id*. at *1. While the Court agreed that the disclosure was inadequate, the court found that striking the defendant's experts would be too severe where there was no evidence that the defendant acted in bad faith and there was more than a month for the parties to conduct discovery and cure any prejudice from the improper disclosure. *Id*. at *1-2.

In *Ellison v. Windt*, 2011 WL 118617, *1 (Fla. M.D. 2001), the Defendant filed its expert report 11 days after the deadline for disclosure. The plaintiff filed a motion to strike and to preclude the expert from testifying. The Court found that the belated disclosure of the report was harmless where it was disclosed less than two weeks form the deadline and that at the time it was disclosed there ample time remaining in the discovery period for the plaintiffs to depose the expert. *Id.* at *2-3.

In *Northrup v. Werner Enterprise, Inc*., 2015 WL 4756947, *1 (Fla. M.D. 2015), the defendants identified their rebuttal expert one day after the disclosure deadline and did not provide his report until two weeks after the deadline. The Court found this untimely disclosure to be harmless where the report was provided almost two months before the discovery deadline and six

---

[5] Given this stated agreement, Plaintiff is puzzled by Defendants filing of this Supplemental Motion to Strike. Defendants could have simply filed a Reply to Plaintiff's Memorandum of Law, rather than forcing the parties to file additional briefs on an issue that was already briefed and filed with the Court.

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 8

months prior to trial. *Id.* at *2. Similarly in this case, the discovery cutoff is over a month away and trial is five months away, providing the Defendant with adequate time to conduct discovery. *See also Salvato v. Miley*, 2014 WL 12639956, *2 (Fla. M.D. 2014)(denying motion to strike expert disclosed over a month after the disclosure deadline as too severe where there were three weeks before the discovery deadline, seven weeks before the expert deposition deadline and two months before the dispositive motion deadline); *O'Hagan v. M&T Marine Group, LLC*, 2010 WL 1223896 *1 (S.D. Fla. 2010)(no harm where plaintiff provided expert report after receiving motion to strike expert and agreed to extend the deadline to depose the expert).

**The authority cited by the Defendants is distinguishable**

The majority of the cases cited by the defendants can be distinguished because they involve scenarios where the late disclosure was harmful because it occurred at the very end of discovery period or even after discovery had closed and also scenarios where plaintiffs had repeatedly violated orders and/or offered no explanation for the late disclosure. *See e.g. SantiagoDiaz v. Laboratorio Clinico y de Referencia del Este,* 456 F.3d 272 (1st Cir. 2006)(plaintiff had engaged in a repeated pattern of failing to comply with the case management order and the discovery rules); *Bearint v. Dorell Juvenile Grp.,* 389 F.3d 1339 (11th Cir. 2004)(excluding untimely expert report where it was offered for the first time at trial even though it had been authored four months earlier); *Hewitt v. Liberty Mut. Group, Inc.,* 268 F.R.D. 681 (M.D. Fla. 2010)(discovery was closed and defendant had no opportunity to depose by the time plaintiff identified a previously disclosed fact witness as an expert); *Collado v. Carnival Corp.*, 2011 WL 3268042, *2 (S.D. Fla. 2011)(striking report given more than three weeks after the close of expert discovery and six weeks after the

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 9

initial expert disclosure where defendant was prejudiced because there was no opportunity to depose the expert about the report or disclose rebuttal witnesses); *Mitchell v. Ford Motor Co.,* 318 Fed. App'x 821, 824-25 (11th Cir. 2009)(expert not permitted to give new bases for his opinion at Daubert hearing that occurred seventeen months after his Rule 26 expert disclosure and plaintiff never supplemented the Rule 26(a) report and gave no good excuse for the failure to do so); *Kendall Lakes Towers Condo Assn., Inc., v. Pac. Ins. Co., Ltd.*, 2011 WL 6372198, *4 (S.D. Fla. 2011)(even though court found disclosure late, because expert was crucial to plaintiff's case court gave plaintiff seven days to file an amended report to comply with disclosure requirements and allowed defendant to depose); *Romero v. Drummond Co., Inc.,* 552 F.3d 1303, 1323 (11th Cir. 2008)(witness disclosed nine months after the discovery deadline with no reasonable explanation for the failure).

**<u>Plaintiff has no objection to a brief extension of deadlines to cure any prejudice the Defendants claim to have suffered as a result of the untimely disclosure.</u>**

Plaintiff has no objection to extending Defendants' deadline to disclose rebuttal experts and depose Plaintiff's experts by 30 days to address any perceived prejudice on the part of the Defendants.

WHEREFORE for the reasons set forth above, Plaintiff requests this Court to enter an Order denying Defendants' Jose Rosario and St. Lucie County Fire District's Supplemental Motion to Strike Plaintiff's Experts and in the alternative granting Defendants' request to extend the deadline for Defendants to disclose rebuttal experts and depose Plaintiff's experts by 30 days.

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 10

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF and was sent to all Counsel on the attached list, this 2nd day of June, 2017.

                                  /s/ DARRYL L. LEWIS
                                  _____
                                  Darryl L. Lewis
                                  Florida Bar No.: 818021
                                  Attorney E-Mail(s):  dll@searcylaw.com and axs@searcylaw.com
                                  Primary E-Mail: _lewisteam@searcylaw.com
                                  Searcy Denney Scarola Barnhart & Shipley, P.A.
                                  2139 Palm Beach Lakes Boulevard
                                  West Palm Beach, Florida 33409
                                  Phone: (561) 686-6300
                                  Fax:    (561) 383-9485
                                  Attorney for Plaintiff(s)

Docher, Tavares vs. St. Lucie County Sheriff's Office
CASE NO.: 2:16-cv-14413
Plaintiff's Memorandum in Opposition to Defendants' Supplemental Motion to Strike [DE 50]
Page 11

## COUNSEL LIST

Summer M. Barranco, Esquire
summer@purdylaw.com;
melissa@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Phone: (954)-462-3200
Fax: (954)-462-3861
Attorneys for Ken Mascara

Benjamin W. Newman, Esquire
Ben.Newman@wilsonelser.com;
Leah.Rover@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N Orange Avenue, Suite 1200
Orlando, FL  32801
Phone: (407) 203-7592
Fax: (407) 648-1376
Attorneys for Port St. Lucie Fire Rescue

Adam M. Fetterman, Esquire
fettermana@stluciesheriff.com
Saint Lucie County Sheriff's Office
4700 W Midway Road
Fort Pierce, FL  34981
Phone: (772)-462-3225
Fax: (772)-462-3351
Attorneys for St. Lucie County Sheriff's Office

Hugh L. Koerner, Esquire
hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
3475 Sheridan Street, Suite 208
Hollywood, FL  33021
Phone: (954)-522-1235
Fax: (954)-522-1176
Attorneys for Tavares Docher