UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

CASE NO.: 2:16cv14413

      Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

      Defendant(s).
_____/

## DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants, JOSE ROSARIO ("Rosario") and ST. LUCIE COUNTY FIRE DISTRICT ("SLCFD") (collectively referenced as "Defendants"), file their Response to Plaintiff's Amended Motion for Leave to File Second Amended Complaint. The Motion should be denied because Plaintiff has not shown good cause for requesting leave to amend outside the time limits set forth in the Court's Scheduling Order [DE 24]. The information necessary to support Plaintiff's new claim as to SLCFD was readily available prior to the deadline to amend the pleadings on January 27, 2017. [DE 24].

    **I.**      **Procedural and Factual Background**

    1.      This case was originally filed on August 3, 2016, in Florida state court against various Defendants, including Christopher Newman (Newman), Clayton Mangrum (Mangrum),

Calvin Robinson (Robinson), Wade Courtemanche (Courtemanche), Ken J. Mascara (Mascara), Jose Rosario (Rosario) and St. Lucie County Fire District (SLCFD).

2. On August 11, 2016, Plaintiff filed an Amended Complaint. The twenty count Amended Complaint asserted claims against Rosario and SLCFD. Specifically, Count X (First Amendment Retaliation against Rosario), Count XI (Fourteenth Amendment Due Process), Count XII (Fourteenth Amendment Deliberate Indifference), Count XIX (Negligence against SLCFD) and Count XX (negligence against Rosario).

3. On September 21, 2017, the case was removed to the Southern District Court of Florida. [DE 1].

4. On October 17, 2016, the Court entered an Order setting this matter for trial beginning October 16, 2017. [DE 11]. The Order also set a Calendar Call on October 11, 2017. [DE 11].

5. On December 9, 2016, the Court entered a Scheduling Order setting various pretrial deadlines. [DE 24].

6. The deadline to amend the pleadings was January 27, 2017. [DE 24].

7. On June 1, 2017, Plaintiff filed her Amended Motion for Leave to File Second Amended Complaint. [DE 53]. In her Motion, Plaintiff claims that the testimony of Rosario and Captain Brian Gonzalez with SLCFD was highly unexpected and unanticipated. [DE 53].

8. However, prior to the January 27, 2017, Plaintiff failed to conduct any discovery. Plaintiff never served written discovery on Rosario and/or SLCFD nor did Plaintiff conduct any depositions.

9. Furthermore, it was not until April 13, 2017, that Plaintiff deposed her first witness, Rosario. Additionally, it was not until May 22, 2017, that Plaintiff deposed a representative of SLCFD, Captain Brian Gonzalez.

10. Once a court enters a pretrial scheduling order, the parties' rights to amend their pleadings are governed by Federal Rule of Civil Procedure 16(b). Under Rule 16(b), the parties cannot amend their pleadings outside the court's established deadline, except upon a showing of good cause. The Plaintiff has failed to meet her burden of showing good cause.

11. There is no reason the Plaintiff could not with due diligence have discovered the facts necessary to bring such a claim before the deadline to amend the pleadings on January 27, 2017. Accordingly, the Defendants respectfully urge the Court to deny the Plaintiff's motion.

WHEREFORE Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT, respectfully request this Court enter an Order Denying Plaintiff's Motion for Leave to File Second Amended Complaint and for any other relief the Court deems proper.

## ARGUMENT

**II.   Legal Standard**

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleadings once as a matter of course within 21 days after serving it, or … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which ever is earlier." Thereafter, a plaintiff may amend its complaint only with the opposing party's written consent or the court's leave. Fed.R.Civ.P. 15(a)(2).

Generally, district courts are encouraged to "freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *126th Ave. Landfill, Inc. v. Pinellas County, Florida*, 459 Fed.Appx. 896, 897 n. 1 (11th Cir. 2012). "However, where a party's motion to amend is filed after the deadline

for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir.2007) (citing Fed.R.Civ.P. 16(b); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir.1998)). "To do otherwise 'would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" *E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 654 (N.D.Ga.2008) (quoting *Sosa*, 133 F.3d at 1419). The good cause standard enunciated in Rule 16(b) "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (*citing* Fed.R.Civ.P. 16 advisory committee's note). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry...." *Lord v. Fairway Elec. Corp.*, 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002) (*citing Sosa*, 133 F.3d at 1418).

A district court's denial of a party's motion to amend will only be reversed on appeal "in instances in which the district court has clearly abused its discretion." *Smith*, 487 F.3d at 1366; *see also McKeever v. Liberty Mut. Grp. Inc.*, 487 Fed.Appx. 487, 488 (11th Cir. 2012) ("We review the denial of a motion for leave to amend a complaint for abuse of discretion.").

### III.  Plaintiff Has Not Shown Good Cause Why Her Motion Should Be Granted

Because Plaintiff's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b). *See Smith v. School Bd. of Orange County*, 487 F.3d 1361 (11th Cir.2007). The good cause standard under Rule 16(b) precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 (advisory committee's note); *see also Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

"The court's focus in evaluating a motion to amend under Rule 16 is on [the movant's] diligence; that is, the court may grant the late-filed motion if the pretrial schedule could not reasonably have been met despite [the movant's] diligence." *Nobles v. Rural Community Ins. Services*, 303 F. Supp. 2d 1279, 1284 (M.D. Ala. 2004). If the movant was not diligent, then "the court's inquiry should end." *Id.*; *see also Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry.").

In the instant matter, there is no evidence of diligence on Plaintiff's part. Plaintiff has never served Rosario and/or SLCFD with written discovery. Plaintiff failed to depose a single defendant and/or witness prior to the January 27, 2017 deadline. Plaintiff failed to conduct the deposition of Rosario until April 13, 2017. Plaintiff failed to conduct the deposition of a representative of SLCFD until May 22, 2017. Plaintiff's motion for leave to amend comes 125 days after the January 27, 2017, deadline to amend. The motion for leave to amend comes 294 days after her First Amended Complaint, a month after Defendants' timely Expert Disclosure and after the deadline to disclose rebuttal experts. Plaintiff never filed a motion for extension of time. Plaintiff's Motion for Leave should be denied given her gross lack of diligence in this matter[1].

### IV.     The Proposed Amended Complaint Will Cause Undue Prejudice to Defendants

While Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given," such leave may be denied if there is "undue delay, bad faith, dilatory motive on the part

---

[1] Plaintiff also failed to comply with the Court's deadline to disclose Expert Witnesses, which is the subject of another Motion.

of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Over nine months after Plaintiff filed her First Amended Complaint, one month after Defendants' timely filed their Initial Expert Disclosure, three days after the deadline to disclose rebuttal experts, twenty-nine days before discovery cut-off and only thirty six days before dispositive motions are due, Plaintiff seeks to add a new claim against SLCFD. [DE 24] [DE36] No valid reason or excuse is given for Plaintiff's undue delay. The Defendants have already disclosed experts, conducted written discovery, obtained numerous records through non-party production and taken the depositions of several fact witness. Defendants would be prejudiced, specifically SLCFD, now having to defend a brand new claim at the eleventh hour. Plaintiff's claim is entirely new as SLCFD will require Defendants to retain an expert to explore Plaintiff's claims. However, the deadline to disclose experts and rebuttal experts has passed and therefore Defendants would be left defending a claim without expert testimony. Accordingly, in order to avoid such prejudice, the Court should deny the pending motion to amend.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiffs' motion to amend.

WHEREFORE Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT, respectfully request this Court enter an Order Denying Plaintiff's Motion for Leave to File Second Amended Complaint and for any other relief the Court deems proper.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 2nd day of June, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

      */s/BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:    (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendant, JOSE ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent special district