UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        CASE NO.: 2:16cv14413

    Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

    Defendant(s).
_____/

**DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, REPLY IN RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY EXPERT DISCLOSURE AND TO EXCLUDE TESTIMONY AND INCORPORATED MEMORANDUM OF LAW**

Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT (referenced as "Defendants"), by and through undersigned counsel, file this Reply in Response to Plaintiff's Memorandum of Law in Opposition to Defendants', Jose Rosario and St. Lucie County Fire District's Amended Motion to Strike Plaintiff's Untimely Expert Disclosure and to Exclude Testimony [DE 47].

    **I.**    **Procedural and Factual Background**

    **II.**    **Procedural and Factual Background**

    1.    This case was originally filed on August 3, 2016, in state court.

2. On September 21, 2017, the case was removed to the Southern District Court of Florida. [DE 1].

3. On October 17, 2016, the Court entered an Order setting this matter for trial beginning October 16, 2017. [DE 11]. The Order also set a Calendar Call on October 11, 2017. [DE 11].

4. On December 9, 2016, the Court entered a Scheduling Order setting various pretrial deadlines. [DE 24]. The Order required primary/initial experts to be disclosed on or before March 17, 2017. [DE 24]. The Order required that the parties were to furnish opposing counsel with an expert report or summaries of its experts anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2).

5. Defendants' filed a Motion for Modification of Scheduling Order. [DE 35].

6. On February 21, 2017, the Court entered a paperless Order Granting the Motion for Modification . [DE 36]. The Order extended the deadline to disclosure primary/initial experts to May 1, 2017. [DE 36]. The deadline to disclose rebuttal experts was extended to May 27, 2017. [DE 36]. The discovery deadline was extended to June 30, 2017. [DE 36]. The paperless Order specifically referenced [DE 35] so there was no confusion as to which Motion the Court was granting.

7. On May 1, 2017, Defendants' timely disclosed their experts and provided expert reports in compliance with Fed. R. Civ. P. 26(a)(2).

8. On May 5, 2017, Plaintiff filed her untimely Expert Disclosure [DE 40]. However, Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

9. On May 10, 2017, Plaintiff filed her untimely Amended Expert Disclosure. [DE 41]. Again, Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

10. On May 11, 2017, Plaintiff filed her untimely Second Amended Expert Disclosure. [DE 43]. Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

11. On May 12, 2017, Defendants moved to Strike Plaintiff's Experts. [DE 44] claiming that Plaintiff's disclosure was untimely and failed to comply with the requirements of Federal Rules of Civil Procedure 26(a)(2)(B).

12. On May 22, 2017, Plaintiff untimely disclosed Dr. Brian McAlary's expert report. A copy of Dr. McAlary's report is attached hereto as Exhibit A.

13. Dr. McAlary's cover letter dated May 21, 2017, indicates that the Report was prepared over the weekend on an urgent basis. *See* Exhibit A.

14. Furthermore, Dr. McAlary's Report indicates that he relied on Defendants' timely disclosed expert reports from Dr. Lindsey, Dr. Anderson and Dr. Levine in forming his opinions. *See* Exhibit A (page 1-2 of the Report).

15. On May 22, 2017, Plaintiff also untimely disclosed Dr. Craig Lichtblau's expert report. A copy of Dr. Lichtblau's report is attached hereto as Exhibit B.

16. On May 23, 2017, Plaintiff untimely disclosed Dr. John Sterba's expert report. A copy of Dr. Sterba's report is attached hereto as Exhibit C.

17. Plaintiff untimely disclosed Dr. Sterba exhibits on June 2, 2017.

18. Dr. Sterba also listed Defendants' timely experts' reports as materials he reviewed in forming and developing his opinions. *See* Exhibits C (page 15 of the Report).

19. On June 2, 2017, Plaintiff untimely disclosed Dr. David R. Williams' expert report. A copy of Dr. Williams' report is attached hereto as Exhibit D.

20. Plaintiff's experts' reports should be stricken as they failed to comply with the Court's December 9, 2016 Scheduling Order [DE 24] and the Court's Paperless Order Granting Motion to Continue [DE 36]. These untimely reports have severely prejudice Defendants, for which these experts and their reports should be stricken.

## ARGUMENT

### I. Plaintiff's Untimely Disclosure Was Not Substantially Justified

Courts generally hold that "[I]f a party fails to provide information or identify a witness as required by Federal Rule of Civil Procedure 26(a) or (e) [i.e., failure to supplement], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See also* Fed. R. Civ. P. 26(e) (requiring supplementation "in a timely manner"); *Cooley v. Great Southern Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) ("Parties who fail to satisfy these disclosure and supplementation requirements are prohibited, pursuant to Fed. R. Civ. P. 37(c)(1), from using the undisclosed evidence 'at trial, at a hearing, or on a motion,' unless the failure is harmless.").

Exclusion is "automatic" if it was without substantial justification. *See Advisory Committee Notes* to Fed. R. Civ. P. 37(c). "Substantial justification is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotations omitted). Finally, the burden is on the party seeking to

introduce the evidence to prove harmlessness. *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 272 (6th Cir. 2010).

The Eleventh Circuit has instructed district courts to review three factors when deciding whether to exclude previously undisclosed witnesses: (1) the importance of the testimony; (2) the reason for the failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness is allowed to testify. *Pete's Towing Co. v. City of Tampa, Fla.*, 378 F. App'x 917, 920 (11th Cir. 2010). Courts have generally held that prejudice occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question. *See, e.g., Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir. 2009) (striking expert testimony because late disclosure of the scientific basis for an expert's opinion deprived defendant of a meaningful opportunity to depose him on the subject); *Alvarado v. U.S.*, 2011 WL 1769097 (S.D. Fla. 2011) (granting motion to strike regarding untimely disclosed trial witnesses because the defendant had not had a chance to depose them). A court may disregard one factor if the others compel exclusion of the evidence. *See Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (upholding the exclusion of a late-disclosed witness while ignoring the importance of the testimony).

It is well settled that an attorney's misinterpreting a court deadline does not suffice. As one court stated in denying a motion for leave to modify the scheduling order: "authorities are legion for the proposition that attorney inadvertence, carelessness or oversight of a published deadline is insufficient, as a matter of law, to constitute 'good cause' under Rule 16(b)(4)." *Rogers v. Hartford Life & Accident Ins. Co.*, 2012 WL 2395194, at *2 (S.D. Ala. June 22, 2012); *Md. Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 401 (S.D. Tex. 2011) (concluding that a party's misunderstanding of a scheduling order "does not establish good cause for filing an

untimely motion for leave to amend"). *See also In re Kirkland*, 86 F.3d 172, 175 (10th Cir.1996) ( "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice" to constitute good cause) (citations omitted); *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir.1996) ("Failure to read a rule is the antithesis of good cause."); *Advanced Optics Electronics, Inc. v. Robins*, 769 F.Supp.2d 1285, 1313 (D.N.M.2010) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief" under Rule 16(b)'s "good cause" standard) (citations omitted); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 121 (W.D.Pa.2010) ("Carelessness, or attorney error, ... is insufficient to constitute 'good cause' under Rule 16(b).") (citation omitted); *MASS Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (E.D.Tex.2008) (under Rule 16(b) good-cause standard, a "party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all"); *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 66 (W.D.N.Y.2004) ( "Certainly, counsel's failure to carefully read the Second Amended Scheduling Order ... cannot be accepted as excusable attorney neglect or good cause."); *Lamothe v. Town of Oyster Bay*, 2011 WL 4974804, *7 (E.D.N.Y. Oct. 19, 2011) ("Attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b).") (citations omitted). Accordingly, Plaintiff's Expert Disclosures should be stricken.

## II.   Plaintiff's Untimely Disclosure Was Not Harmless

Defendants have been severely prejudiced by Plaintiff's late expert disclosure. "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *See, e.g., Mitchell*, 318 Fed. Appx. at 821. Because of Plaintiff's untimely disclosure, Defendants will have no meaningful opportunity to depose Plaintiff's proposed experts, verify the veracity of

information used by the experts in forming his conclusions, request additional rebuttal evidence through discovery or retain rebuttal experts. The fact that mediation is scheduled for June 5, 2017, only intensifies the prejudice against Defendants because it forces them to engage in the mediation process without the ability to make any assessment regarding the Plaintiff's expert's opinions and how those opinions may affect the outcome at trial.

Numerous courts have stricken evidence or testimony under similar circumstances. *See, e.g., Warren v. Delvista Towers Condominium Ass'n, Inc.*, 2014 WL 3764126 (S.D. Fla. July 30, 2014) (striking untimely experts where party did not show sufficient justification); *GamerModz, LLC v. Golubev*, 2011 WL 4755026, *4-8 (M.D. Fla. Aug. 3, 2011) (striking declarations of witnesses and internet articles from the summary judgment record because they were not disclosed timely); *Laboratory Skin Care, Inc. v. Limited Brands, Inc.*, 661 F.Supp.2d 473, 479 (D. Del. 2009) (striking evidence that was disclosed on the final day of document production, even though a reference was made to the evidence in prior disclosures); *City of Moses Lake v. U.S.*, 472 F.Supp.2d 1220, 1228 (E.D. Wash. 2007) (striking late disclosed evidence because party was deprived of conducting follow-up discovery); *Klonoski v. Mahlab*, 156 F.3d 255, 271-272 (1st Cir. 1998) (holding that late-disclosed letters should have been stricken, even though counsel received the letters just before disclosure); *Purcell v. MWI Corp.*, 824 F.Supp.2d 12, 19 (D.D.C. 2011) (striking untimely disclosed declarations where party was on notice of need to present evidence on the topic).

Plaintiff's experts should have been disclosed, and their reports should have been provided, on or before the Court's May 1, 2017, deadline [DE 36] to allow Defendants adequate time to prior to the Court's May 29, 2017, rebuttal expert deadline. *See Reese*, 527 F. 3d at 1256; *see also* Local Rule 26.1(f); Fed. R. Civ. P. 26(a)(2)(B). Because of Plaintiff's late disclosure,

Defendants are left with no opportunity to schedule and prepare for Plaintiff's experts' depositions, conduct any follow-up discovery to probe the veracity of the evidence, or present rebuttal evidence. *See, e.g., Berryman-Dages v. City of Gainesville Fla.*, 2012 WL 1130074, *2 (N.D. Fla. 2012) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question.").

There is nothing in the circumstances of the instant case that suggest that Plaintiff was justified in failing to disclose experts timely. Defendants disclosed their experts on the May 1, 2017 deadline. Plaintiff had ample opportunity to strategically retain and disclose experts in a timely manner. The facts of this case have not changed. Plaintiff has known the issues since the outset of this lawsuit. There is simply no justification for Plaintiff's untimely disclosure, and Defendants have been prejudiced by same.

Accordingly, Plaintiff's Expert Disclosure should be stricken.

### III. Plaintiffs Failure To Provide A Timely Written Expert Report In Accordance With Rule 26(A) Was Harmful

"Disclosure of expert testimony within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 2010 WL 1837724 (S.D. Fla. 2010), *citing Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir.2008) and Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff's disclosures fail in multiple areas. Defendants only recently obtained Plaintiff's experts' reports. Plaintiff's Amended Expert Disclosure [DE 41] and Second Amended Expert Disclosure [DE 43] failed to provide a complete statement of all opinions the witness will express and the basis and reasons for them in compliance with Rule 26(a)(2)(B)(i). Plaintiff

failed to provide a summary of facts and data about which the witnesses considered in forming their opinions in compliance with Rule 26(a)(2)(B)(ii). Plaintiff's also failed to provide any exhibit that will be used to summarize or support the expert's opinion in compliance with Rule 26(a)(2)(B)(iii). Plaintiff's disclosure simply provides areas in which the expert has opinions. The actual expert reports were only recently disclosed on May 23, 2017. However, Plaintiff only recently provided the exhibits to Dr. Sterba's report on June 2, 2017.

Notably, the written report required by Rule 26(a)(2)(B) should not be "sketchy, vague or preliminary in nature and the disclosure must not be used as a means to extend a discovery deadline." *Dyett v. N. Broward Hosp. Dist.,* 2004 WL 5320630, at *1 (S.D. Fla. 2004) (Ungaro, J.). A "preliminary report" is not sufficient under Rule 26. *Id.* The purpose of Rule 26 is to allow both sides in a case to prepare their cases adequately and to prevent surprise. *Reese v. Herbert,* 527 F.3d 1253, 1266 (11th Cir. 2008). The requirement for expert disclosure is designed to afford opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from additional witnesses. *Id.* at 1265. "[A]n expert report must be complete such that 'opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and ... the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.'" *Dyett,* 2004 WL 5320630 * 1 (quoting *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998) (citation omitted)).

Defendants were essentially "in the dark" as to Plaintiff's experts' opinions and the information used to form their opinions. Defendants were unable to prepare for or schedule Plaintiff's experts' deposition before rebuttal expert disclosure or mediation. This inability to engage in a meaningful deposition and the lack of information regarding Plaintiff's experts' opinions places Defendant at a severe disadvantage in terms of discovery, mediation, the filing of

dispositive motions, and trial. Furthermore, Defendants were unable to present rebuttal experts prior to the deadline. Accordingly, Plaintiff's experts should be precluded from offering any expert testimony.

In *Ace Tech. Corp. v. GFM Corp.,* 2010 WL 900525 (S.D. Fla. Mar. 11, 2010) (Cooke, J.), this Court held that a disclosure that provided a one-sentence summary of the opinion an expert would offer at trial, a one-sentence summary the facts and experience upon which the expert would rely, and attached a curriculum vitae purportedly outlining the expert's qualifications, publications and writings was inadequate under Local Rule 16.1.K. As a consequence, the court in *GFM Corp.* struck the expert's testimony. In the instant matter, Plaintiff's failure to provide any information other than a few lines about the areas the experts will testify to generally is certainly insufficient. *See also O'Hagan v. M&T Marine Group, LLC,* No. 06-61635-CIV, 2010 WL 1223896 (S.D. Fla. Mar. 24, 2010) (striking an expert whose disclosure failed to include an expert summary or report). The summary of Plaintiff's experts' opinions fails to comply with Rule 26(a)(2)(B).

WHEREFORE Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT, respectfully request this Court enter an Order Striking Plaintiff's Expert Witness Disclosure [DE 40, 41 & 43], excluding Plaintiff's anticipated expert testimony, or in the alternative extending the deadline for Defendants to disclose rebuttal witnesses and depose Plaintiffs' experts by 30 days and for any other relief the Court deems proper.

### 7.1(a)(3) STATEMENT

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and Plaintiff thereby objects to the Motion to Strike Experts and Expert Reports. However,

Plaintiff agrees to the alternative relief sought by Defendants. Specifically, Plaintiff agrees to the additional 30 day extension for Defendants to depose Plaintiff's experts and disclose rebuttal witnesses.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 5th day of June, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

                                                */s/BENJAMIN W. NEWMAN*
                                                BENJAMIN W. NEWMAN, ESQUIRE
                                                Florida Bar No.: 0011223
                                                JULIE A. TYK, ESQUIRE
                                                Florida Bar No.: 84493
                                                Wilson Elser Moskowitz Edelman & Dicker, LLP
                                                111 N. Orange Ave., Suite 1200
                                                Orlando, FL 32801
                                                Phone: (407) 203-7599
                                                Fax:    (407) 648-1376
                                                Ben.Newman@wilsonelser.com
                                                Julie.Tyk@wilsonelser.com

                                                Counsel for Defendant, JOSE ROSARIO,
                                                individually, and the ST. LUCIE COUNTY FIRE
                                                DISTRICT, an independent special district