UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through                          CASE NO.: 2:16cv14413
JANICE DOCHER-NEELEY, his mother
and legal guardian,

       Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

       Defendants.
_____/

## DEFENDANT ROBINSON'S ANSWER/DEFENSES
## TO SECOND AMENDED COMPLAINT

The Defendant CALVIN ROBINSON, individually, through his undersigned counsel, files

this his Answer/Defenses to the Second Amended Complaint [DE60] and would state as follows:

    1.      Admitted for jurisdictional purposes only.

    2.      Admitted for jurisdictional purposes only.

    3.      Without knowledge and therefore denied.

## PARTIES

    4.      Without knowledge and therefore denied.

    5.      Denied as phrased.

    6.      Denied as phrased.

    7.      Denied as phrased.

8.      Denied as phrased.

9.      Admitted that Ken J. Mascara is the Sheriff of St. Lucie County and is sued in his official capacity only. All other allegations denied as phrased.

10.     Without knowledge and therefore denied.

11.     Without knowledge and therefore denied.

12.     Admitted that the Defendants Newman, Mangrum, Robinson, Courtemanche and Rosario are named in their individual capacities only.

**FACTS COMMON TO ALL COUNTS**

13.     Admitted.

14.     Without knowledge and therefore denied.

15.     Without knowledge and therefore denied.

16.     Denied as phrased.

17.     Denied as phrased.

18.     Denied as phrased.

19.     Denied as phrased.

20.     Denied.

21.     Denied.

22.     Denied as phrased.

23.     Denied as phrased.

24.     Denied as phrased.

25.     Denied as phrased.

26.     Denied as phrased.

27.     Denied as phrased.

28.     Denied as phrased.

29.     Denied as phrased.

30.     Denied as phrased.

31.     Denied as phrased.

32.     Denied as phrased.

33.     Denied as phrased.

34.     Without knowledge and therefore denied.

35.     Without knowledge and therefore denied.

36.     Denied as phrased.

37.     Denied as phrased.

38.     Without knowledge and therefore denied.

39.     Denied as phrased.

40.     Admitted.

41.     Denied as phrased.

42.     Denied as phrased.

43.     Denied as phrased.

44.     Denied as phrased.

45.     Denied as phrased.

46.     Denied as phrased.

47.     Denied as phrased.

48.     Without knowledge and therefore denied.

49.     Without knowledge and therefore denied.

50.     Without knowledge and therefore denied.

51.     Admitted that at all times material, the Defendants Newman, Mangrum, Robinson and Courtemanche were acting under color of state law. Without knowledge and therefore denied as to all other allegations.

**CAUSES OF ACTION**

**COUNT I**
**PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM**
**AGAINST DEFENDANT NEWMAN, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. §1983**

52-56.  As this Count is not brought against this Defendant, no responses are being provided to paragraphs 52 - 56.

**COUNT II**
**EXCESSIVE USE OF FORCE BY DEFENDANT NEWMAN, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

57-60.  As this Count is not brought against this Defendant, no responses are being provided to paragraphs 57 - 60.

**COUNT III**
**EXCESSIVE USE OF FORCE BY DEFENDANT MANGRUM, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

61. - 64.   As this Count is not brought against this Defendant, no responses are being provided to paragraphs  61 - 64.

**COUNT IV**
**EXCESSIVE USE OF FORCE BY DEFENDANT ROBINSON, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

(No #)  See responses to paragraphs 1 through 51 above.

65.     Denied.

66.     Denied.

67.     Denied.

**COUNT V**
**SUPERVISORY LIABILITY CLAIM DEFENDANT MANGRUM, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. § 1983**

68-73.  As this Count is not brought against this Defendant, no responses are being provided to paragraphs 68 - 73.

**COUNT VI**
**FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT NEWMAN,**
**INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

74-78.  As this Count is not brought against this Defendant, no responses are being provided to paragraphs 74 - 78.

**COUNT VII**
**FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT MANGRUM,**
**INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

79-83.  As this Count is not brought against this Defendant, no responses are being provided to paragraphs 79 - 83.

**COUNT VIII**
**FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT ROBINSON,**
**INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

84.  See responses to paragraphs 1 through 51 above.

85.  Denied.

86.  Denied.

87.  Denied.

88.  Denied.

**COUNT IX**
**FIRST AMENDMENT CLAIMS AGAINST DEFENDANT COURTEMANCHE,**
**INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983**

89-96.  As this Count is not brought against this Defendant, no responses are being provided to paragraphs 89 - 96.

## COUNT X
## FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST
## DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

97-102.      As this Count is not brought against this Defendant, no responses are

being provided to paragraphs 97 - 102.

## COUNT XI
## FOURTEENTH AMENDMENT DUE PROCESS CLAIMS AGAINST DEFENDANT
## ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

103-110.      As this Count is not brought against this Defendant, no responses are

being provided to paragraphs 103 - 110.

## COUNT XII
## FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST
## DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

111-117.      As this Count is not brought against this Defendant, no responses are

being provided to paragraphs 111 - 117.

## COUNT XIII
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT KEN J.
## MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA

118-122.      As this Count is not brought against this Defendant, no responses are

being provided to paragraphs 118 - 122.

## COUNT XIV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM
## AGAINST DEFENDANT NEWMAN, INDIVIDUALLY

123-128.     As this Count is not brought against this Defendant, no responses are being

provided to paragraphs 123 - 128.

## COUNT XV
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT KEN J.
## MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA

129-133.      As this Count is not brought against this Defendant, no responses are

being provided to paragraphs 129 - 133.

## COUNT XVI
### BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT NEWMAN

134-138. As this Count is not brought against this Defendant, no responses are being

provided to paragraphs 134 - 138.

## COUNT XVII
### BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT MANGRUM

139-143. As this Count is not brought against this Defendant, no responses are being

provided to paragraphs 139 - 143.

## COUNT XVIII
### BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT ROBINSON

144.    See responses to paragraphs 1 through 51 above.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

## COUNT XIX
### NEGLIGENCE AGAINST DEFENDANT ST. LUCIE COUNTY FIRE DISTRICT

149-158.    As this Count is not brought against this Defendant, no responses are

being provided to paragraphs 149 - 158.

## COUNT XX
### NEGLIGENCE AGAINST DEFENDANT ROSARIO, INDIVIDUALLY

159-168.    As this Count is not brought against this Defendant, no responses are

being provided to paragraphs 159 - 168.

## COUNT XXI
### CUSTOM, POLICY AND PRACTICE CLAIM AGAINST DEFENDANT
### ST. LUCIE COUNTY FIRE DISTRICT, COGNIZABLE UNDER 42 U.S.C. § 1983

170[1]-189.    As this Count is not brought against this Defendant, no responses are being provided to paragraphs 170 - 189.

## GENERAL DENIAL

Any and all allegations to which a specific response has not previously been provided is herein denied and strict proof thereof is demanded.

## DEFENSES

190.    As a first Defense, the Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would assert that Plaintiff has failed to make sufficient allegation of ultimate fact from which it may be determined that a claim for relief has been stated.

191.    As a further and separate Defense, the Defendant would assert that any and all injury or damage suffered by Plaintiff was caused in whole or in part by reason of Plaintiff's negligence and/or wrongful acts and/or misconduct.

192.    As a further and separate Defense, the Defendant would assert that any and all actions which were taken by him were:

> a.  Without malice;
>
> b.  With probable cause and/or reasonable suspicion;
>
> c.  In pursuit of lawful and legal duties;
>
> d.  With such force as was reasonable and necessary under the circumstances.

193.    As a further and separate Defense, the Defendant would assert that he is entitled to a set off for any collateral sources of compensation for Plaintiff's alleged injuries and/or damages.

194.    As a further and separate Defense, the Defendant would assert that to the extent force

---

[1]There is no paragraph 169.

was used, the force was justifiable and otherwise lawful pursuant Chapter 776, Florida Statutes.

195.    As a further and separate Defense, the Defendant would assert any defense or immunity that is applicable as set forth in Chapter 776, Florida Statutes.

196.    As a further and separate Defense, the Defendant would assert that he is immune from any and all liability through application of the concept of qualified immunity, as he, at no time, committed any act in derogation of Plaintiff's civil rights of which a reasonable officer would have had knowledge and, at all times, otherwise acted in good faith relying upon existing statutes and policies and procedures as authority for his actions.

197.    As a separate and further Defense, the Defendant would assert that he is relying upon the presumption that the exercise of police power was for the purpose of protecting the public health, safety and/or welfare and is otherwise presumed to be for the purpose of preventing a harm.  Such rebuttable presumption requires proof to the contrary by clear and convincing evidence pursuant to Florida Statute §11.066(2).

198.    As a further and separate Defense, the Defendant would state that to the extent the Plaintiff has failed to mitigate his damages, Defendant is entitled to a reduction of any jury award.

199.    As a further and separate Defense, the Defendant would assert that any and all injuries or damages suffered by Plaintiff was caused in whole or in part by reason of the wrongful acts of others over which this Defendant had no control or responsibility for control, to include, but not limited to, Jose Rosario and/or his employer St. Lucie County Fire District and/or others not yet known as well as St. Lucie Medical Center and Palms West Hospital, and their respective employees, agents and/or others who Plaintiff Tavares Docher was under the care of as a patient at the time of or following the subject incident. The wrongful acts of such third parties include, but are not limited to, a breach of their duty to properly supervise, oversee, care for and/or

9

monitor Tavares Docher while he was a patient of those individuals/entities. Pursuant to Florida

Statute section 768.81(3), the Defendant states that at the time of trial, the names of these third

persons should appear on the verdict form so that a jury can apportion fault as required by the

statute. See Fabre v. Marin, 623 So.2d 1182 (Fla. 1993).

     200.    As a further and separate Defense, the Defendant would assert that as to the state

law claims, all actions he took, if any, were taken within the course and scope of his

employment, and not in bad faith, or with malicious purpose or in a manner exhibiting wanton

and willful disregard of human rights, safety or property and consequently he is not subject to

suit pursuant to §768.28(9), Florida Statutes.

     201.    As a further and separate Defense, the Defendant would assert that any and all

injuries allegedly suffered by Plaintiff was caused in whole or in part by reason of Plaintiff's

harmful acts and/or negligent conduct for which Plaintiff is comparatively chargeable.

     202.    As a further and separate Defense, the Defendant would assert the alcohol or drug

defense as set forth in Florida Statute §768.36 based upon the fact that laboratory results obtained

from samples taken during plaintiff's hospitalization indicated that his blood alcohol level was

well in excess of 0.08 percent. Moreover, discovery may reveal further grounds for this defense

to include that the plaintiff was under the influence of drugs.

## DEMAND FOR TRIAL BY JURY

     The Defendant, Calvin Robinson, individually, hereby demands trial by jury on all issues so

triable.

   **I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com; **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com, and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **20th** day of June, 2017.

> PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
> Attorneys for Defendants Newman, Mangrum, Robinson, Courtemanche and Sheriff
> 2455 East Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone (954) 462-3200
> Telecopier (954) 462-3861
> Email: summer@purdylaw.com
>            melissa@purdylaw.com
>
> BY     *s/ Summer M. Barranco*
>            SUMMER M. BARRANCO
>            Fla. Bar No. 984663