UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through                    CASE NO.: 2:16cv14413
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

## DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, JOSE ROSARIO ("Rosario") and ST. LUICIE COUNTY FIRE DISTRICT (SLCFD) (collectively referenced as "Defendants"), by and through their undersigned counsel, hereby files their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint.

Defendants deny each and every allegation of the Plaintiff's Second Amended Complaint not expressly or otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses and matters in avoidance that it may be disclosed during the course of additional investigation and discovery.

Defendants' response to the corresponding headings and each of the specifically numbered paragraphs of the Second Amended Complaint is as follows:

## INTRODUCTORY STATEMENT

1.      Admitted for jurisdictional purposes only. Otherwise, denied.

2.      Admitted that Plaintiff brought claims pursuant to 42 U. S.C. §1983. Otherwise, without knowledge.

3.      No knowledge as discovery is ongoing.

## PARTIES

4.      Without knowledge and therefore, denied.

5.      Without knowledge and therefore, denied.

6.      Without knowledge and therefore, denied.

7.      Without knowledge and therefore, denied.

8.      Without knowledge and therefore, denied.

9.      Without knowledge and therefore, denied.

10.      Admitted that Rosario is an employee as to St. Lucie County Fire District, otherwise, denied.

11.      Admitted St. Lucie County Fire District is an independent special district, otherwise, denied.

12.      Admitted.

## FACTS COMMON TO ALL COUNTS

13.      Without knowledge and therefore, denied.

14.      Without knowledge and therefore, denied.

15.      Without knowledge and therefore, denied.

16.      Without knowledge and therefore, denied.

17.      Without knowledge and therefore, denied.

18.     Without knowledge and therefore, denied.

19.     Without knowledge and therefore, denied.

20.     Without knowledge and therefore, denied.

21.     Without knowledge and therefore, denied.

22.     Without knowledge and therefore, denied.

23.     Without knowledge and therefore, denied.

24.     Without knowledge and therefore, denied.

25.     Without knowledge and therefore, denied.

26.     Without knowledge and therefore, denied.

27.     Without knowledge and therefore, denied.

28.     Without knowledge and therefore, denied.

29.     Without knowledge and therefore, denied.

30.     Without knowledge and therefore, denied.

31.     Without knowledge and therefore, denied.

32.     Without knowledge and therefore, denied.

33.     Admitted that Rosario responded to CVS Pharmacy located at 301 NE Prima

Vista Boulevard, Port St. Lucie, St. Lucie County, Florida on May 11, 2014, otherwise, denied.

34.     Admitted that Rosario is an EMT –Paramedic, otherwise, denied.

35.     Denied.

36.     Denied.

37.     Without knowledge and therefore, denied.

38.     Denied.

39.     Denied.

40.    Without knowledge and therefore, denied.

41.    Without knowledge and therefore, denied.

42.    Without knowledge and therefore, denied.

43.    Without knowledge and therefore, denied.

44.    Without knowledge and therefore, denied.

45.    Without knowledge and therefore, denied.

46.    Without knowledge and therefore, denied.

47.    Without knowledge and therefore, denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

## CAUSES OF ACTION

### COUNT I
### PLAINTIFF'S FALSE ARREST/FALSE IMPRISONMENT CLAIM
### AGAINST DEFENDANT NEWMAN, INDIVIDUALLY,
### COGNIZABLE UNDER 42 U.S.C. §1983

52.    Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

53.    The allegations of this Count do not pertain to these Defendants and, accordingly, do not require a response.

54.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

55.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

56.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, include subparts i. – vi.

**COUNT II**
**EXCESSIVE USE OF FORCE BY DEFENDANT NEWMAN, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. §1983**

57.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

58.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

59.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

60.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

**COUNT III**
**EXCESSIVE USE OF FORCE BY DEFENDANT MANGRUM, INDIVIDUALLY,**
**COGNIZABLE UNDER 42 U.S.C. §1983**

61.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

62.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

63.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

64.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

## COUNT IV
## EXCESSIVE USE OF FORCE BY DEFENDANT ROBINSON, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. §1983

65.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

66.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

67.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

68.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

## COUNT V
## SUPERVISORY LIABILITY CLAIM DEFENDANT, MANGRUM, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. §1983

69.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein

70.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

71.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

72.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

73.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

74.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

## COUNT VI
## FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT NEWMAN INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. §1983

75.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

76.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

77.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

78.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

79.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

## COUNT VII
## FAILURE TO INTERVENE CLAIM AGAINST DEFENDANT MANGRUM INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. §1983

80.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

81.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

82.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

83.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

84.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

## COUNT VIII
## FAILURE TO INTERVENE CLAIMS AGAINST DEFENDANT ROBINSON INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. §1983

85.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

86.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

87.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

88.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

89.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

## COUNT IX
## FIRST AMENDMENT CLAIMS AGAINST DEFENDANT COURTEMANCHE, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. §1983

90.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

91.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

92.      The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

93.      The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

94.      The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

95.      The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

96.      The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

97.      The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

**COUNT X**
**FIRST AMENDMENT FREE SPEECH RETALIATION CLAIM AGAINST**
**DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE UNDER 42 U. S.C. §1983**

98.      Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

99.      Denied.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied, including subparts i. – vi.

## COUNT XI
## FOURTEENTH AMENDMENT DUE PROCESS CLAIMS AGAINST
## DEFENDANT ROSARIO, INDIVIDUALLY,
## COGNIZABLE UNDER 42 U. S.C. §1983

104.    Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth

herein.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied, including subparts i. – vi.

## COUNT XII
## FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM
## AGAINST DEFENDANT ROSARIO, INDIVIDUALLY, COGNIZABLE 42 U. S.C. §1983

112.    Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth

herein.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied, including subparts i. – vi.

## COUNT XIII
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST
## DEFENDANT KEN J. MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA

119.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

120.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

121.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

122.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

123.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – iv.

## COUNT XIV
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT
## NEWMAN, INDIVIDUALLY

124.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

125.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

126.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

127.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

128.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

129.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

**COUNT XV**
**BATTERY/UNNECESSARY USE OF FORCE CLAIM AGAINST DEFENDANT KEN J. MASCARA, AS SHERIFF OF ST. LUCIE COUNTY, FLORIDA**

130.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

131.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

132.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

133.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

134.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i. – vi.

**COUNT XVI**
**BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT NEWMAN**

135.     Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

136.     The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

137.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

138.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

139.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i- iv.

## COUNT XVII
## BATTERY/UNNECESSARY FORCE CLAIM AGAINST DEFENDANT MANGRUM

140.    Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

141.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

142.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

143.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

144.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i- v.

## COUNT XVIII
## BATTERY/ UNNECESSARY FORCE CLAIM AGAINST DEFENDANT ROBINSON

145.    Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

146.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

147.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

148.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response.

149.    The allegations of this Count do not pertain to Defendants and, accordingly, do not require a response, including subparts i –v.

**COUNT XIX**
**NEGLIGENCE AGAINST DEFENDANT ST. LUCIE COUNTY FIRE DISTRICT**

150.    Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

151.    Admitted that Rosario was an EMT-Paramedic, otherwise, denied.

152.    Admitted that Rosario had a duty as defined and interpreted by Florida law. Otherwise, denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

**COUNT XX**
**NEGLIGENCE AGAINST DEFENDANT ROSARIO, INDIVIDUALLY**

160.    Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth herein.

161.    Admitted that Rosario was an EMT-Paramedic, otherwise, denied.

162.    Admitted that Rosario had a duty as defined and interpreted by Florida law.

Otherwise, denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied, including subparts i. – vi.

**COUNT XXI**
**CUSTOM, POLICY AND PRACTICE CLAIM AGAINST DEFENDANT ST. LUCIE**
**COUNTY DIRE DISTRICT, COGNIZABLE UNDER 42 U.S.C. § 1983**

170.    Defendants reallege their responses to paragraphs 1 through 51 as if fully set forth

herein.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively allege that SLCFD is a governmental entity, as defined by Section 768.28(2), *Florida Statutes*, and entitled to the limitations of liability set forth in Sections 768.28(6) and 768.28(9), *Florida Statutes*.

2. Defendants affirmatively allege that in the event there is a determination of liability against these Defendants, they are entitled to a set off for all collateral sources or settlements paid or payable in accordance with Section 768.76, Florida Statutes and Florida case law.

3. Defendants affirmatively allege that any injuries to Tavares Docher resulted from a pre-existing condition unrelated to the medical care and treatment rendered by Rosario.

4. Defendants affirmatively allege that the injuries claimed and the damages sought by Plaintiff were legally caused by the negligence of others not named as parties to this lawsuit. These Defendants affirmatively assert that they plans to place the names of all persons or entities

who were negligent in the care and treatment of the decedent on the verdict form at trial in this matter, pursuant to the Florida Supreme Court's decision in *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and its progeny.  Specific allegations of negligence against non-parties will be made by way of amendment to this pleading as allowed by *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

5.     Defendants affirmatively allege that Tavares Docher engaged in conduct which he knew, or should have known, could result in loss, injury, or damages, as such, he is barred from recovering from these Defendants.

6.     Defendants affirmatively allege that Tavares Docher's injuries and/or damages complained of by Tavares Docher were caused in whole or in part by the contributory or comparative negligence and/or recklessness of Tavares Docher.

7.     Defendants affirmatively allege that Rosario was at all-time herein mentioned, exercising discretion and acting in good faith, without malice, and within the scope of his duties.

8.     Defendants affirmatively allege that force, if any, used on Tavares Docher was reasonable and necessary under the circumstances, and was not unreasonable or excessive force during any lawful detention.

9.     Defendants affirmatively allege that Plaintiff's claims are barred to the extent that any recovery by Plaintiff is limited to that portion of damages, if any, as attributable to the Defendants' proportionate share of the total fault.

10.     Defendants affirmatively allege, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, would assert that Plaintiff has filed to make sufficient allegation of ultimate fact from which it may be determined that a claim for relief has been stated.

11.     As a further and separate Defense, Defendants would assert that any and all

actions which were taken, were taken:

        a.      Without malice;

        b.      With probable cause and/or reasonable suspicion;

        c.      In pursuit of lawful and legal duties;

        d.      With such force as was reasonable and necessary under the circumstances.

12.     Defendants would allege that they are entitled to a set off for any collateral sources of compensation for Tavares Docher's alleged injuries and/or damages.

13.     Defendants affirmatively allege that to the extent force was used, the force was justifiable and otherwise lawful pursuant to Chapter 776, Florida Statutes.

14.     Defendants affirmatively allege that any defense or immunity that is applicable as set for in Chapter 776, Florida Statues.

15.     Defendants affirmatively allege to the extent the Plaintiff has filed to mitigate his damages, Defendants are entitled to a reduction of any jury award.

16.     Defendants affirmatively alleges the alcohol or drug defense as set forth in Florida Statute §768.36 based upon laboratory results. Moreover, discovery may reveal further grounds for this defense to include that the plaintiff was under the influence of drugs.

19.     Defendants affirmatively alleges that they are immune from liability, or liability is limited for any and all alleged injuries or damages about which Plaintiff complains of by virtue and by operation of §768.28, Florida Statutes and the concept of sovereign immunity.

20.     Defendant SLCFD did not establish any custom or policy which caused the alleged incident. A cause of action cannot be maintained under 42 U.S.C. § 1983 under a *respondeat superior* theory.

21.     Defendants affirmatively allege because Rosario did not violate any constitutional

rights, there can be no liability under § 1983.

22.     Defendants affirmatively allege a claim of inadequate training cannot be established absent a finding of a constitutional violation by the person being supervised.

23.     Defendants affirmatively allege a claim of inadequate training or supervision under 42 U.S.C. § 1983 will not lie absent a showing of deliberate indifference by the supervisor or agency involved, and SLCFD was not deliberately indifferent to the rights of persons with whom its employees come into contact, nor did SLCFD have notice of a need to train or supervise in the particular area which is the subject of Plaintiff's complaint.

24.     Defendants affirmatively allege that SLCFD has not promoted any policies nor engaged in any practices or patterns of behavior which would have made the alleged incident more likely to occur, or which condoned or approved of any alleged or improper action taken on the part of any party hereto.

25.     Defendants affirmatively allege that Rosario was not deliberately indifferent to Tavares Docher's medical needs

26.      Defendants affirmatively allege that SLCFD did not have or enact any policy, statute, ordinance, or custom which denied or infringed upon any of Tavares Docher's alleged constitutional rights.

27.     Defendants affirmatively allege that any alleged lack of medical treatment was not so purposeful and indifferent so as to rise to the level of deliberate indifference.

28.     Defendants affirmatively allege that medical opinions, if any, regarding Tavares Docher's care and treatment were discretionary and not traditional functions of the state.

29.     Defendants affirmatively allege that Rosario provided Tavares Docher with constitutionally adequate access to medical care and thus are not liable for the claims contained

in that Complaint.

30.     Defendants affirmatively allege that they did not deny, delay, or interfere in Tavares Docher's medical care.

31.     Tavares Docher was not exposed to an excessive risk of harm for which he incurred serious injury.

32.     Rosario is entitled to qualified immunity because he did not violate any federal right clearly established at the time of the alleged violation.

33.     At all times pertinent hereto, Rosario was acting within the course and scope of his employment as SLCFD and was not violating clearly established law of which a reasonable officer would be aware thereby entitling him to qualified immunity.

34.     Defendants affirmatively allege that Rosario in no way infringed upon the Tavares Docher's First Amendment Rights of free speech, rights of assembly, or to petition for redress of grievances or any other rights guaranteed by the First Amendment.

35. Defendants affirmatively allege that at no time did Tavares Docher engage in speech protected by the First Amendment.

36. Defendants affirmatively allege that at no time was any action taken against the Tavares Docher based upon his speech, and no action was taken in retaliation for any speech. No action allegedly taken against Tavares Docher was at any time motivated by Tavares Docher's speech.

37. Defendants affirmatively allege that at no time did Tavares Docher engage in speech of matter of public concern such that the speech would be protected under the First Amendment. Any such speech was soley of a private nature.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of June 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to the following: **Adam Hecht, Esq.,** *(Attorneys for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409 Florence@cushniemcmahonlaw.com, Cushnie & McMahon, PL, 543 NW Lake Whitney Place, Suite 106, Port St. Lucie, FL 34986; **Summer M. Barranco, Esq.,** (*Attorneys for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

*/s/BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:    (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

*Counsel for Defendant, JOSE ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT*