UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through                    CASE NO.: 2:16cv14413
JANICE DOCHER-NEELEY, his mother
and legal guardian,

        Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendants.
_____/

**DEFENDANTS SHERIFF, NEWMAN, MANGRUM, ROBINSON AND
COURTEMANCHE'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT [DE 70]**

      Defendants KEN J. MASCARA, CHRISTOPHER NEWMAN, CLAYLAN MANGRUM,

CALVIN ROBINSON and WADE COURTEMANCHE, through their undersigned counsel, file this

their Response to Plaintiff's Motion for Leave to File Third Amended Complaint [DE 70] and would

state as follows:

      By way of background, this matter was originally filed in St. Lucie County state court on

August 3, 2016,  but was removed to federal court on September 21, 2016 [DE 1] as Plaintiff had

included federal claims pursuant to 42 U.S.C. section 1983 in the Amended Complaint dated August

11, 2016. On December 8, 2016, the Court entered a Scheduling Order and Order Referring Case to

Mediation [DE 24]. Thereafter, on June 7, 2017, following a hearing held by the Court, Plaintiff was

permitted to file a Second Amended Complaint to add a section 1983 claim against the Defendant

St. Lucie County Fire District, and the parties were directed to file a joint proposed schedule of amended pretrial deadlines[1]. [DE 61]. After the parties filed their proposed schedule of amended pretrial deadlines [DE 62], on or about June 23, 2017, the Court entered an Order Amending Deadlines and Continuing Trial. This Order, among other things, set a new deadline to amend pleadings of August 1, 2017, expert witness list to be filed by September 8, 2017, a new deadline for dispositive motions, in limine motions and Daubert motions for September 22, 2017 and a new trial date of January 22, 2018. [there is no DE number for this Order]. Plaintiff filed a Motion for Leave to file Third Amended Complaint on August 14, 2017 [DE 70].

---

[1]Plaintiff filed a Second Amended Complaint on June 6, 2017 [DE 60]. It contains the following claims: Count I- §1983 False Arrest/False Imprisonment Claim Against Defendant Newman, Individually;
Count II -§1983 Excessive Use of Force by Defendant Newman, Individually;
Count III -§1983 Excessive Use of Force by Defendant Mangrum, Individually;
Count IV -§1983 Excessive Use of Force by Defendant Robinson, Individually;
Count V- §1983 Supervisory Liability Claim Defendant Mangrum, Individually;
Count VI -§1983 Failure to Intervene Claim Against Defendant Newman, Individually;
Count VII -§1983 Failure to Intervene Claim Against Defendant Mangrum, Individually;
Count VIII -§1983 Failure to Intervene Claim Against Defendant Robinson, Individually;
Count IX -§1983 First Amendment Claims Against Defendant Courtemanche, Individually;
Count X -§1983 First Amendment Free Speech Retaliation Claim Against Defendant Rosario, Individually; Count XI -§1983 Fourteenth Amendment Due Process Claims Against Defendant Rosario, Individually;
Count XII - §1983 Fourteenth Amendment Deliberate Indifference Claim Against Defendant Rosario, Individually;
Count XIII - False Arrest/False Imprisonment Claim Against Defendant Ken J. Mascara, as Sheriff of St. Lucie County, Florida;
Count XIV -False Arrest/False Imprisonment Claim Against Defendant Newman, Individually;
Count XV -Battery/Unnecessary Force Claim Against Defendant Ken J. Mascara, as Sheriff of St. Lucie County, Florida;
Count XVI -Battery/Unnecessary Force Claim Against Defendant Newman;
Count XVII - Battery/Unnecessary Force Claim Against Defendant Mangrum;
Count XVIII - Battery/Unnecessary Force Claim Against Defendant Robinson;
Count XIX -Negligence Against Defendant St. Lucie County Fire District;
Count XX - Negligence Against Defendant Rosario, Individually; and
Count XXI - Custom, Policy and Practice Claim Against Defendant St. Lucie County Fire District, Cognizable Under 42 U.S.C. §1983.

Plaintiff apparently now seeks to add Count XXII, a section 1983 "Monell"[2] claim against the Defendant Sheriff in his official capacity, under a ratification theory. (See motion at pg. 4). These Defendants oppose Plaintiff's last minute request for leave to file a Third Amended Complaint on essentially two grounds: 1) untimeliness resulting in prejudice to these defendants and 2) futility.

Plaintiff references Federal Rule of Civil Procedure 15 within his motion as an apparent basis for his request citing that leave to amend should be freely given when justice so requires. (See Plaintiff's motion at page 4). As a Scheduling Order has already been entered in this case, Rule 16 of the Federal Rules of Civil Procedure governs pretrial procedures as well as case management. Consequently, whereas here, the Plaintiff seeks to amend to add a new claim against the Defendant Sheriff after the deadline to file motions to add parties or to amend pleadings as established by this Court's Scheduling Order, the Plaintiff is required to show good cause pursuant to Federal Rule 16 as the liberal policy of permitting amendments pursuant to Federal Rule 15 no longer governs the issue. See Sosa v. Airprint Systems, Inc., 133 F.3d 1417 (11th Cir. 1998); Smith v. School Board of Orange County, 487 F.3d 1361 (11th Cir. 2007).

Plaintiff, here, fails to set forth good cause as to why she waited until this late date to file such a motion. Plaintiff's motion is silent as to whether or not further discovery would be needed by the Plaintiff if allowed to amend. However, regardless, if Plaintiff were permitted to add a section 1983 claim against the Defendant Sheriff, the Defendant Sheriff would need to be given the opportunity to defend against this new claim, to include the location and retention of an expert to address such a claim, and be given the opportunity to prepare an appropriate motion for summary judgment to address same. If unable to do so, the Defendant Sheriff would be highly prejudiced if

---

[2]Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978)

Plaintiff were allowed to amend at this stage of the proceedings.

Plaintiff argues that her counsel had first requested dates for the depositions of the persons with the most knowledge from the Sheriff's office in June of 2017, however, the first available date for the depositions was August 1, 2017[3] and that Plaintiff's motion for leave was filed as soon as the Rule 30(b)(6) depositions could be transcribed. (See Plaintiff's motion at pg. 3/¶7). Plaintiff, however, offers no reason why she waited until June of 2017, some **ten (10) months after** the Complaint was initially filed, to apparently explore the possibility of bringing a section 1983 claim against the Defendant Sheriff by way of Rule 30(b)(6) depositions.[4]

Interestingly, Plaintiff does not attach the depositions to her motion to leave, which were her apparent basis for the filing of such a late motion. Rather, Plaintiff alleges in her motion that the Sheriff's representatives testified in their August 1st depositions that the Sheriff is the final policy maker regarding use of force for the Defendant Ken J. Mascara, as Sheriff of St. Lucie County, Florida; that as the final policy maker the Sheriff "concluded that the use of force by Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON, was consistent with its official policies, practices and procedures" and that the Sheriff "made the final determination approving and ratifying all of the conduct of  Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON,  towards Plaintiff, including the basis for the arrest of Plaintiff, and the basis for the

---

[3]One reason not mentioned by Plaintiff for the August 1st date of the depositions is the lengthy duces tecum that accompanied the Notice of Taking Depositions, which requested person(s) with the most knowledge about fifteen (15) different topics and production of fourteen (14) different types of documents. (See Exhibit "A").

[4]In fact, under Florida's liberal public records law, prior to filing the Complaint, Plaintiff's counsel would have had the ability to request any number of documents from the St. Lucie County Sheriff's Office concerning the subject incident as well as the Sheriff's office policies and procedures in regard to uses of force and arrests to determine whether a section 1983 claim against the Sheriff's office was viable.

use of force." Plaintiff then cites to <u>Matthews v. Columbia County,</u> 294 F.3d 1294, 1297 (11th Cir. 2002) noting that it stands for the proposition that "[L]iability on the basis of ratification exists when a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policy-making authority." (See Plaintiff's motion at pg. 2/¶s 3 - 5).

However, Plaintiff's assertions as to what the Sheriff's office representatives' testimony was is inapposite here. The motion itself, as well as the proposed Third Amended Complaint, more specifically Count XXII therein, merely sets forth vague and conclusory allegations against the Sheriff of St. Lucie County which are unsupported by any factual allegations necessary to *adequately plead* a cause of action against a governmental entity who is a named defendant pursuant to §1983. The Plaintiff's allegation of a custom or policy as the moving force behind a violation of the Plaintiff's civil rights is done in boilerplate fashion that is insufficient as a matter of law and would not survive a motion to dismiss.

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. <u>Hinshon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). However, the Court need not accept legal conclusions as true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007).

It has long been established that a plaintiff may only sue a governmental entity including a Sheriff, under 42 U.S.C. § 1983, for deprivations of a federal right for which a "policy" or "custom" of the governmental entity was the moving force. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 695 (1978). Additionally, the doctrine of respondeat superior does not apply in 42 USC § 1983 cases. Board of County Comm'rs of Bryan County, Oklahoma. v. Brown, 520 U.S. 397, 403 (1997).

The Eleventh Circuit has recognized that to establish whether § 1983 liability against a governmental entity, "a plaintiff must allege facts showing: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." Gurrera v. Palm Beach County Sheriff's Office, 657 Fed. App'x. 886, 893 (11th Cir. 2016) (citing to McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

As to the definition of "policy" and "custom" the Eleventh Circuit has stated the following:

> "This Court has defined a 'policy' as 'a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality.' A 'custom' on the other hand, 'is a practice that is so settled and permanent that it takes on the force of law.' To establish the liability of a municipality based on a custom, 'it is generally necessary to show a persistent and widespread practice.'"

Wakefield v. City of Pembroke Pines, 269 Fed. Appx. 936, 939 (11th Cir. 2008). The key to the "policy" prong of § 1983 liability, is that at minimum, the action that is alleged to be unconstitutional must implement or execute a "decision officially adopted and promulgated" by the governmental entity. Id. Thus it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the governmental entity's agents. See Brown, 520 U.S. at 404, and Brown v. Neumann, 188 F. 3d 1289, (11th Cir. 1999)(holding that deputy sheriffs are not policymakers for the Sheriff simply by virtue of being employed by the Sheriff). Rather, the "policy" prong ensures that a plaintiff also demonstrate that the governmental entity's deliberate action was taken with the "requisite degree of

6

culpability and [to] demonstrate a *direct causal link between the action and the deprivation of federal rights."* Brown, 520 U.S. at 403. In other words, requiring a "policy" ensures that a governmental entity is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or those officials whose acts may fairly be said to be those of the governmental entity. *Id* at 403-404.

Additionally, in order to state a cause of action for deprivation of constitutional rights against a governmental entity under §1983, it is clear that the Plaintiff must plead the official policy or practice that purportedly caused his injury. Nias v. City of Florida City, 2008 WL 2332003 (S.D. Fla. 2008) (holding that §1983 claim against municipality should be dismissed because the claim only included "vague and conclusory allegations of customs or policies" and dismissing claim because the "Complaint failed to allege any specific City policy, custom, or training inadequacy"); see also Perez v. Metropolitan Dade County, 2006 WL 4056997 (S.D. Fla. 2006)(dismissing complaint and stating that "a plaintiff may [not] simply put forth vague and conclusory allegations alleging the existence of an official policy...the simple mention of 'policy and/or custom' is not enough").

To establish the existence of a custom or practice, it is generally necessary to show a persistent and wide-spread practice of the alleged unconstitutional behavior that existed before the allegations in this Complaint which arose on May 11, 2014 and which amounted to the practice or custom of the governmental entity at the time of the subject incident. Moreover, knowledge of such customs must be attributable to the Sheriff in his official capacity as a policy level-making official. Normally, random acts or isolated incidents are insufficient to establish a custom or practice. See Depew v. City of St. Mary, 787 F.2d 1496, 1499 (11th Cir. 1986); see also Brook v. Scheib, 813 F.2d 1191 (11th Cir. 1987); Brown v. City of Fort Lauderdale, 923 F.2d 1474 (11th Cir. 1991).

The United States Supreme Court made it clear, in Board v. Brown, supra, that government

action must provide the moving force behind the constitutional violation, further providing for a direct causal link between the government action and the actual constitutional violation. The Court went on to recognize that where there is proof that the authorized decision maker intentionally deprived the Plaintiff of a constitutional right, the burden is met. In this case Plaintiff refers to no evidence that Sheriff Mascara personally decided to deprive Tavares Docher of a constitutional right. Alleged indirect causes, based upon the actions or decisions of subordinates of the policymaker, otherwise require rigorous standards of culpability. Furthermore, even if the individual deputies in this case violated Tavares Docher's constitutional rights, that alone will not permit an inference of government culpability and causation. Board v Brown supra.

In  City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988), the Court indicated that "... when a subordinate's decision is subject to review by the municipality's authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision **and the basis for it**, their ratification would be chargeable to the municipality because their decision is final." Praprotnik was a Section 1983 case brought by an architect against the City for adverse personnel decisions taken against him by his supervisors. The primary issue in the case was the determination of the final policymaker who had the power to establish a city policy that may have caused the employee's claimed constitutional violation. Id at 114-18. As the Court noted in Praprotnik, "...the mere failure to investigate the basis of a subordinate's discretionary decisions does not amount to a delegation of policymaking authority." Id. at 130. In this case there is no evidence that the Sheriff's Office concluded that the individual deputies who had physical contact with Tavares Docher (Defendants Newman, Mangrum and Robinson) falsely arrested him or used excessive force upon him and then approved that decision after the fact.

In <u>Thomas v. Roberts</u>, 261 F.3d.1160 (11th Cir. 2001)[5], the Eleventh Circuit applied the <u>Praprotnik</u> case to a ratification theory.  The <u>Thomas</u> case involved several school children who sued a teacher and the county school district regarding an alleged illegal search of the students' persons. In addressing the ratification theory, as against the school district, the Eleventh Circuit Court noted in <u>Thomas</u> that the Plaintiffs had relied on <u>Praprotnik</u> for "the proposition that liability can attach when a local government policymaker approves a subordinate's decision and the basis for it."  <u>Id.</u> at 1174 (quoting <u>Praprotnik</u>, 485 U.S. at 127).  The Plaintiffs in <u>Thomas</u> contended that the district's inadequate investigation, which resulted in the conclusion that the school personnel had acted properly, was a ratification of the unconstitutional searches.  <u>Id.</u>  However, the Eleventh Circuit stated: "...the clear import of <u>Praprotnik</u> is that a local government may be held liable for a constitutional tort when policymakers have had the opportunity to review subordinates' decisions ***before they become final***."  <u>Id.</u> (emphasis added). The Court also distinguished this circumstance from one where the evidence supported a finding that there was a pattern of unconstitutional conduct involving a persistent failure to discipline, which could give rise to an inference that unconstitutional conduct had been or has been ratified.  <u>See id</u> at 1174 n. 12 (<u>citing Fundiller</u>, 777 F.2d. at 1443).  The school district, in the <u>Thomas</u> case, like the Sheriff in this case, had no opportunity to analyze his subordinate's decisions until after the acts had taken place.  <u>Id.</u> at 1174.  Consequently, the Eleventh Circuit, in <u>Thomas</u>, concluded that the Plaintiffs' reliance upon <u>Praprotnik</u> was misplaced.  <u>Id.</u> at 1174-75.  <u>See also</u> <u>Gainor v. Douglas County</u>, 59 F.Supp.2d. 1259, 1293 (N.D. Ga. 1998);  <u>Salvato v. Miley</u>, 790 F.3d 1286 (11th Cir. 2015). (failure to investigate a single underlying incident cannot support a ratification claim).  Likewise, Plaintiff's reliance on <u>Matthews</u> cited in the Plaintiff's

---

[5]Judgment vacated, 122 S.Ct. 2653 (2002), in light of <u>Hope v. Pelzer</u>, 536 U.S. 730 (2002) [reversed on qualified immunity grounds]; Opinion re-instated at 323 F.3d.950 (11th Cir. 2003).

motion for leave to file Third Amended Complaint at page 2 is misplaced as <u>Matthews</u> involved a situation where the final policy maker (county commission) had the ability to approve a subordinate's actions (termination of an employee) *before they became final*.

Ratification is in most respects the weakest theory of <u>Monell</u> liability, given the stringent requirements set forth by the United States Supreme Court in <u>Board v. Brown</u>, requiring evidence of a direct causal connection, based upon intentional conduct of the government entity.  Therefore, the law requires proof that the Sheriff, through his administration, was aware of, and agreed with, the allegedly impermissible motive that Plaintiff claims the Defendants Newman, Mangrum and Robinson had to violate Tavares Docher's constitutional rights as alleged by Plaintiff. Plaintiff proposed third amended complaint includes no such allegations that offer support for such a theory. <u>See</u> <u>Sherrod v. Palm Beach County School District</u>, 424 F.Supp.2d 1341, 1346 (S.D. Fla. 2006); <u>see also</u> <u>Shehada v. Tavss</u>, 965 F.Supp.2d. 1358, 1374 (S.D. Fla. 2013) questioning causation regarding post incident evidence, citing <u>Mettler v. Whitledge</u>, 165 F.3d. 1197, 1205 (8th Cir. 1999) and <u>Bolander v. Taser Int'l, Inc.</u>, 2009 WL 2004379 at page 16 (S.D. Fla. July 9, 2009).

Therefore, to the extent Plaintiff's legal theory does not withstand legal scrutiny, such an amendment would be futile and appropriately denied for that reason as well. <u>See</u> <u>Williams v. Little Rock Municipal Waterworks</u>, 21 F.3d 218 (8th Cir. 1994); <u>California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.</u>, 818 F.2d 1466 (9th Cir. 1987), <u>cert. denied</u>, 484 U.S. 1006 (1988); <u>see also</u>, <u>Executive Leasing Corp. v. Banco Popular de Puerto Rico</u>, 48 F.3d 66 (1st Cir.), <u>cert. denied</u>, 116 S.Ct. 171 (1995).

Plaintiff makes reference to the fact that Plaintiff's counsel and counsel for the Co-Defendants have apparently agreed to move the trial date of this cause back sixty (60) days. (See motion at pg. 3/¶9). If is unclear what impact, if any, moving only the trial date would have on the

instant motion. However, it is this Honorable Court that determines when a case such as this will

proceed to trial, not counsel or the parties. As of the filing of the instant response, no one has filed

a motion for continuance of the current January 2018 trial date, and thus, this "agreement of counsel"

is, in essence, a nullity.

     The motion should be denied.

     **I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com; **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com, and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **28th** day of August, 2017.

                         PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
                         Attorneys for Defendants Newman, Mangrum, Robinson, Courtemanche and Sheriff
                         2455 East Sunrise Boulevard, Suite 1216
                         Fort Lauderdale, Florida 33304
                         Telephone (954) 462-3200
                         Telecopier (954) 462-3861
                         Email: summer@purdylaw.com
                                     melissa@purdylaw.com

                         BY      *s/ Summer M. Barranco*
                                   SUMMER M. BARRANCO
                                 Fla. Bar No. 984663