UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:16cv14413

TAVARES DOCHER, by and through JANICE
DOCHER-NEELEY, his mother and legal
guardian,

        Plaintiff,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYTON MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendant.
_____/

## AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM

(Amended to change deposition times of witnesses)

To:   Summer M. Barranco, Esq.
       Purdy Jolly Giuffreda & Barranco, P.A.
       2455 E Sunrise Boulevard, Suite 1216
       Fort Lauderdale, FL 33304
       *Attorneys for Defendant Ken J. Mascara, as Sheriff of St. Lucie County, Florida*

       Benjamin W. Newman, Esq.
       Gray Robinson, P.A.
       301 E. Pine Street, Suite 1400
       Orlando, FL 32801-2741
       *Attorneys for Defendants Jose Rosario,*
       *individually, and the St. Lucie County Fire District*

      YOU, as the attorneys for the above-named parties are hereby notified that at the below stated dates and times at Phipps Reporting c/o Bayshore Professional Centre, 1680 Southwest Bayshore Boulevard, Suite 100, Port St. Lucie, FL 34984, the Plaintiff in the above-styled cause will take the

deposition(s) by oral examination for purposes of discovery and for use as evidence in said cause, or both, of:

**Deponent(s)**

**Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant Ken J. Mascara, as Sheriff of St. Lucie County Florida, is hereby requested to designate a representative(s) to testify as to all matters known or reasonably available to Ken J. Mascara, as Sheriff of St. Lucie County Florida, concerning;**

**1).** Who establishes use of force policy for Ken J. Mascara, as Sheriff of St. Lucie County Florida (i.e., who is the final decision-maker);

**2).** The official policies, and customs, and practices Ken J. Mascara, as Sheriff of St. Lucie County Florida, concerning what constitutes a use of force, and how a use of force is documented and reviewed by supervisory personnel, including but not limited to what after-action information is provided to a). the final decision-maker; and, b). Ken J. Mascara, as Sheriff of St. Lucie County Florida;

**3).** The official policies, and customs, and practices of Ken J. Mascara, as Sheriff of St. Lucie County Florida, concerning how complaints of use of force are logged in and investigated, i.e., how a use of force is documented, recorded and investigated, including whether a complaint is reviewed by professional compliance (i.e., internal affairs) or by chain of command (i.e., a sergeant, etc.);

**4).** How the use of force concerning Tavares Docher was investigated, including the findings of any such investigation, as well as whether the use of force was reviewed and approved by a). the final decision-maker; and, b). Ken J. Mascara, as Sheriff of St. Lucie County, Florida;

**5).** The number of instances of use of force complaints, resulting in any allegation of injury, investigated by Ken J. Mascara, as Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher;

**6).** The number of uses of force by Ken J. Mascara, as Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher that were investigated by a). professional compliance (i.e. internal affairs); and, b). the number of uses of force investigated by chain of command (i.e., a sergeant, etc.);

**7).** The log of all use of force complaints for the 5-year period prior to the use of force towards Tavares Docher;

**8).** The use of force reports or internal affairs records relating to any investigation wherein a use of force was deemed "sustained," i.e., in violation of the policies and procedures of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher;

**9).** The basis that a use of force was deemed sustained," i.e., in violation of the policies and procedures of Ken J. Mascara, as
Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher;

**10).** The discipline initially recommended and the discipline actually administered on the the basis that a use of force was deemed "sustained," i.e., in violation of the policies and procedures of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher;

**11).** The number of employees of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, who were terminated as a result of improper use of force for the 5-year period prior to the use of force towards Tavares Docher;

**12).** The total number of days or hours employees of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, were suspended (with loss of pay) as a result of *improper* use of force for the 5-year period prior to the use of force towards Tavares Docher;

**13).** The total number of days or hours employees of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, were suspended (without loss of pay) as a result of *improper* use of force for the 5-year period prior to the use of force towards Tavares Docher;

**14).** All statistical information provided to the final policy-maker of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, concerning use of force, and discipline for use of force, for the 5-year period prior to the use of force towards Tavares Docher;

**15).** In light of the foregoing, all changes to the policies and procedures made or approved by the final policy-maker of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, concerning use of force, for the 5-year period prior to the use of force towards Tavares Docher (until today).

**DATE AND TIME:**

| | |
|---|---|
| **Defendant designates Lt. Mike Shellar** (topic 15) | 8/1/17 at 9:30 a.m. |
| **Defendant designates Lt Adam Goodner** (topics 1 through 14) | 8/1/17 at 2:00 p.m. |

    Said depositions will be taken before Phipps Reporting, or any officer authorized to administer oaths by the laws of the State of Florida, and a person who is neither a relative, nor employee, nor attorney, nor counsel of any of the parties, and who is neither a relative nor employee of such attorney or counsel, and who is not financially interested in the action.

    Said depositions to be taken pursuant to the Federal Rules of Civil Procedure in such cases provided. The said oral examination will continue from hour to hour, and from day to day, until completed.   The deponent is required to bring with him the items requested on Exhibit A.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Serve

to all Counsel on the attached list, this 13th day of July, 2017.

                                              /s/ DARRYL L. LEWIS
                                              Darryl L. Lewis
                                              Florida Bar No.: 818021
                                              Attorney E-Mail(s):   dll@searcylaw.com and asx@searcylaw.com
                                              Primary E-Mail _lewisteam@searcylaw.com
                                              Searcy Denney Scarola Barnhart & Shipley, P.A.
                                              2139 Palm Beach Lakes Boulevard
                                              West Palm Beach, Florida 33409
                                              Phone: (561) 686-6300
                                              Fax:   (561) 383-9485
                                              Attorney for Plaintiff(s)

cc:  Phipps Reporting

**E-TRANSCRIPT, ASCII, CD AND/OR DVD REQUESTED**

## COUNSEL LIST

Summer M. Barranco, Esquire
summer@purdylaw.com; melissa@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Phone: (954)-462-3200
Fax: (954)-462-3861
Attorneys for Ken Mascara

Benjamin W. Newman, Esquire
Ben.Newman@wilsonelser.com; Leah.Rover@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N Orange Avenue, Suite 1200
Orlando, FL  32801
Phone: (407) 203-7592
Fax: (407) 648-1376
Attorneys for Port St. Lucie Fire Rescue

Hugh L. Koerner, Esquire
hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
3475 Sheridan Street, Suite 208
Hollywood, FL  33021
Phone: (954)-522-1235
Fax: (954)-522-1176
Attorneys for Tavares Docher

**EXHIBIT A – DUCES TECUM**

1. The official policies, and customs, and practices Ken J. Mascara, as Sheriff of St. Lucie County Florida, concerning what constitutes a use of force, and how a use of force is documented and reviewed by supervisory personnel, including but not limited to what after-action information is provided to a). the final decision-maker; and, b). Ken J. Mascara, as Sheriff of St. Lucie County Florida;

2. The official policies, and customs, and practices of Ken J. Mascara, as Sheriff of St. Lucie County Florida, concerning how complaints of use of force are logged in and investigated, i.e., how a use of force is documented, recorded and investigated, including whether a complaint is reviewed by professional compliance (i.e., internal affairs) or by chain of command (i.e., a sergeant, etc.);

3. Any and all documents, including but not limited to reports, memoranda, correspondence, which demonstrate how the use of force concerning Tavares Docher was investigated, including the findings of any such investigation, as well as whether the use of force was reviewed and approved by a). the final decision-maker; and, b). Ken J. Mascara, as Sheriff of St. Lucie County, Florida;

4. Any and all documents, including but not limited to reports, memoranda, correspondence, etc., which indicates the number of instances of use of force by Ken J. Mascara, as Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher;

5. Any and all documents, including but not limited to memoranda, correspondence, etc., which sets forth the number of uses of force complaints resulting in any allegation of injury by Ken J. Mascara, as Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher that were investigated by a). professional compliance (i.e. internal affairs); and, b). the number of uses of force investigated by chain of command (i.e., a sergeant, etc.);

6. The log of all use of force complaints for the 5-year period prior to the use of force towards Tavares Docher;

7. The use of force reports or internal affairs records relating to any investigation wherein a use of force was deemed "sustained," i.e., in violation of the policies and procedures of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher;

8. Any and all documents, including but not limited to reports, memoranda, correspondence, etc., which sets forth the basis that a use of force was deemed sustained," i.e., in violation of the policies and procedures of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher;

9. Any and all documents, including but not limited to reports, memoranda, correspondence, etc., that sets forth the discipline initially recommended and the discipline actually administered on the the basis that a use of force was deemed "sustained," i.e., in violation of the policies and procedures of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, for the 5-year period prior to the use of force towards Tavares Docher;

10. Any and all documents, including but not limited to reports, memoranda, correspondence, etc., that sets forth the number of employees of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, who were terminated as a result of improper use of force for the 5-year period prior to the use of force towards Tavares Docher;

11. Any and all documents, including but not limited to reports, memoranda, correspondence, etc., which sets forth the total number of days or hours employees of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, were suspended (with loss of pay) as a result of *improper* use of force for the 5-year period prior to the use of force towards Tavares Docher;

12. Any and all documents, including but not limited to reports, memoranda, correspondence, etc., which sets forth the total number of days or hours employees of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, were suspended (without loss of pay) as a result of *improper* use of force for the 5-year period prior to the use of force towards Tavares Docher;

13. Any and all statistical information provided to the final policy-maker of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, concerning use of force, and discipline for use of force, for the 5-year period prior to the use of force towards Tavares Docher;

14. Any and all documents, including but not limited to reports, memoranda, correspondence, etc., which reflects all changes to the polices and procedures made or approved by the final policy-maker of Ken J. Mascara, as Sheriff of St. Lucie County, Florida, concerning use of force, for the 5-year period prior to the use of force towards Tavares Docher (until today).