UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through        CASE NO.: 2:16-cv-14413
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

## PLAINTIFF'S MOTION IN LIMINE AND INCORPORATED SUPPORTING MEMORANDUM OF LAW

Plaintiff, TAVARES DOCHER, by and through JANICE DOCHER-NEELEY, his mother and legal guardian, pursuant to Federal Rules of Evidence 103 and 104, this Court's Scheduling Orders, the Court's inherent authority to control the trial process, *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984), and Southern District of Florida General Rules 7.1 and 16.1, hereby moves to limit the evidence and argument at trial to preclude any references to: a) TAVARES DOCHER's prior criminal history, arrests, convictions and the fact that he was a registered sex offender; b) TAVARES DOCHER being under the influence of any drugs at the time of the incident including but not limited to marijuana, Flakka or bath salts, cocaine or any other drugs; c) TAVARES DOCHER's prior history of drug use; d) TAVARES DOCHER suffering from sickle cell disease; e) paragraphs five (5) and six (6) of defense expert forensic toxicologist, Teri

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine
Page 2

Stockham's report; and f) TAVARES DOCHER having a history of mental illness.  In support,

Plaintiff states:

## A.  Prior Criminal History

Mr. Docher has a lengthy history of misdemeanor arrests and convictions.  He is also a

registered sex offender and has one third degree felony conviction from 2008 for failing to register

as a sex offender.  At the time of the Defendants encounter with Mr. Docher, he informed them of

his status as a registered sex offender.  Other than this statement, there is no evidence that the

officers had any knowledge of Mr. Docher's criminal history when they encountered him, nor is

there any evidence that Mr. Docher's status as a registered sex offender had any bearing on their

interaction with him at the time of this incident.  Evidence of Mr. Docher's criminal history and

status as a sex offender should be excluded because it is irrelevant, constitutes improper character

evidence and is highly prejudicial.

Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency

to make the existence of "any fact that is of consequence to the determination or the action more

probable or less probable than it would be without the evidence." Rule 402 states in part that

evidence which is not relevant is not admissible. Evidence of facts and circumstances not known

to the officers during their encounter with Mr. Docher are irrelevant. *Graham v. Connor*, 490 U.S.

386, 397 (1989); *cf. Rubalcava v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995)

(affirming admission of "limited" evidence of plaintiff's prior criminal history only because it was

known to the officers at the time of the incident); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th

Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine
Page 3

evidence outside the time frame of the shooting is irrelevant and prejudicial."); *Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics ... are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time' they allegedly beat [the plaintiff],"even though the facts of the incident were profoundly disputed); *Plaza-Bonilla v. Cortazzo*, 2009 WL 977297, at *2 (E.D. Pa. Apr. 9, 2009) (holding that pre-incident juvenile record and parole status was irrelevant to liability issues because evidence was not known to officer at the time of alleged excessive force); *Jackson v. City of Gahanna*, 2011 WL 587283, at *3 (S.D. Ohio Feb. 9, 2011) (holding that the plaintiff's criminal history is not relevant to any factual dispute and must be excluded under Rule 402.").  Indeed, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  While it is true that the officers in this case knew of Mr. Docher's status as a sex offender during their encounter, none of the officers have testified that this knowledge played any role in the decision to use excessive force against Mr. Docher nor should it even play a role.  *See Stringer v. City of Pablo*, 2009 WL 5215396 at *3 (N.D. Cal. 2009) (evidence of decedent's criminal history was not admissible to show that he had resisted arrest or behaved erratically where Defendants did not persuasively articulate how the evidence lent support to the officers' account of decedent's behavior).

"[E]vidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Motion in Limine
Page 4

1287 (9th Cir. 1986). "The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant . . . ." *Palmerin v. Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1985). Thus, Mr. Docher's criminal history must be excluded under Rule 404, to the extent that its relevance would require an inference that he acted in conformity with some criminal character trait. *See, e.g., Rogers v. Harrell*, 2010 WL 2011145, at *2 (E.D. Mich. May 19, 2010) (excluding excessive force plaintiff's prior criminal history under Rules 401, 402, and 404(b), noting, "the only reason that Defendant would seek to introduce evidence of Plaintiff's prior convictions is to cast doubt on his character"); *see also Cotton v. City of Eureka*, 2010 WL 5154945, at *6 (N.D. Cal. Dec.14, 2010) (finding that "the suggestion that the Decedent was more likely to resist arrest because of his recent release [from jail] is nothing more than unsupported conjecture," and excluding decedent's criminal history).

Even if Mr. Docher's criminal history had some marginal relevance to these proceedings, the Court should nevertheless exclude such evidence under Rule 403. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Gonzalez,* 718 F. Supp. 2d 1341, 1347 (S.D. Fla. 2010). Evidence of convictions or criminal history have been found to be highly prejudicial. *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ("Convictions for possession of a syringe and hypodermic needle and possession of heroin . . . are unquestionably highly prejudicial."); *Wilson v. Union Pacific R. Co.*,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine
Page 5

56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug possession alone . . . can be highly prejudicial and arouse jury sentiment against a party-witness."); *Cruz v. Safford*, 579 F.3d 840, 845 (7th Cir. 2009) (affirming the exclusion of seven prior arrests as highly prejudicial). This is particularly true as to criminal history not known to an officer in an excessive force case. *See Stringer supra*, 2009 WL 5215396, at *7 (holding that evidence of plaintiff's criminal history was "overwhelmingly prejudicial" where officers lacked such knowledge when the incident occurred); *Seals v. Mitchell*, 2011 WL 1399245, at *3 (N.D. Cal. Apr. 13, 2011) (in civil rights excessive force case, evidence of plaintiff's prior convictions are inadmissible because they are irrelevant and the probative value is substantially outweighed by the danger of unfair prejudice). With respect to Mr. Docher's status as a registered sex offender, this district has described evidence of sex offender status as "highly inflammatory" and "potentially devastating." *See Dingman v. Cart Shield USA, LLC,* No. 12-20088-CIV, 2013 U.S. Dist. LEXIS 93551, at *9 (S.D. Fla. July 3, 2013).

Finally, Defendants should be precluded from offering any evidence of or argument with respect to any felony convictions for purposes of impeachment.  Under Federal Rule of Evidence 609(a)(1), evidence that a witness has been convicted of a felony shall be admitted, subject to Rule 403, for the purpose of attacking the witness' credibility.  This may include evidence concerning both the number and nature of prior convictions.  *United States v. Burston*, 159 F.3d 1328, 1335-36 (11th Cir. 1998).  Mr. Docher is in a persistent vegetative state and cannot testify, therefore his credibility will not be at issue.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine
Page 6

**B. TAVARES DOCHER being under the influence of any drugs at the time of the incident including but not limited to marijuana, Flakka or bath salts, cocaine  or any other drugs.**

At the time of the Defendants' encounter with Mr. Docher he informed the officers that he had been drinking.[1]  He denied the use of any drugs.  A toxicology screen performed at the hospital after Mr. Docher's injuries revealed the presence of THC but was negative for any other drugs. Importantly, there is no evidence that Mr. Docher was under the influence of marijuana at the time of this incident. Defense toxicologist Teri Stockham testified that based upon the presumptive positive THC result, Mr. Docher could have smoked or ingested THC anywhere from the day of the incident up to days or even weeks prior. *See Exhibit A,* 09/05/17 deposition of Teri Stockham, Ph.D.  at p. 47:1-9.  She acknowledged that it is possible Mr. Docher did not smoke or ingest THC on the date of the incident.  *Exhibit A,* Stockham depo at p. 47:10-19. Despite toxicology revealing the presence of no drugs other than THC, at deposition, Defendants questioned emergency room physicians who treated Mr. Docher about the possibility that Mr. Docher was on Flakka or bath salts.  This is pure conjecture as there is simply no evidence whatsoever that Mr. Docher was under the influence of any drugs at the time of this incident.

In *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008), the appellate court upheld the district court's refusal to allow any mention of a § 1983 Plaintiff's admitted use of a small amount of heroin on the day in question, when there was no evidence of impairment, the officers did not know the nature of the drug or usage at the time of the arrest, and because the mention of heroin

---

[1] His blood alcohol level was later determined to be .03, well under the legal limit.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine
Page 7

would be more prejudicial than helpful.  The *Kunz* court noted "there is considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony."  *Id.* at 677, citing *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir.1987).  Similarly, in *Mason v. City of Chicago*, 631 F.Supp.2d 1052, (N.D. Ill. 2009), the plaintiff in § 1983 action, who alleged that he was arrested and beaten without justification, admitted that he had smoked part of a marijuana cigarette on the date of the arrest. The plaintiff moved in limine to exclude this evidence and bar a defense expert from testifying about the effects of marijuana on the plaintiff, on the grounds that it was irrelevant and unfairly prejudicial. *Id.* at 1057.  The court agreed and barred the expert and the evidence because there was an inadequate foundation that the plaintiff was actually under the influence of marijuana at the time of his arrest. *Id.* at 1058.  The court explained that the plaintiff's admission at his deposition regarding his marijuana use did "not come close to supporting the admission of sheerly speculative and highly prejudicial testimony about the effect of Plaintiffs marijuana use on his behavior on the date in question." *Id.*

**C. Reference to TAVARES DOCHER's prior history of drug use.**

Defendants should not be allowed to introduce any evidence or suggestion that TAVARES DOCHER has used any type of drugs in the past.  This evidence is irrelevant to any issue raised in this case, would constitute improper character evidence and would be highly prejudicial.  At the time of the Defendants encounter with Mr. Docher, they had no knowledge of any history of drug use by Mr. Docher.  As noted above, evidence of facts and circumstances not known to the officers during their encounter with Mr. Docher are irrelevant. *Graham v. Connor*, 490 U.S. 386, 397

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine
Page 8

(1989); *cf. Rubalcava v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (affirming

admission of "limited" evidence of plaintiff's prior criminal history only because it was known to

the officers at the time of the incident); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997)

("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside

the time frame of the shooting is irrelevant and prejudicial."); *Witt v. West Virginia State Police,*

*Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and

possession of illegal narcotics ... are irrelevant to the excessive force analysis because, as the

troopers themselves acknowledge, they 'did not know' these facts 'at the time' they allegedly beat

[the plaintiff],"even though the facts of the incident were profoundly disputed); *Plaza-Bonilla v.*

*Cortazzo*, 2009 WL 977297, at *2 (E.D. Pa. Apr. 9, 2009) (holding that pre-incident juvenile record

and parole status was irrelevant to liability issues because evidence was not known to officer at

the time of alleged excessive force); *Jackson v. City of Gahanna*, 2011 WL 587283, at *3 (S.D.

Ohio Feb. 9, 2011) (holding that the plaintiff's criminal history is not relevant to any factual dispute

and must be excluded under Rule 402.").  Indeed, "[t]he 'reasonableness' of a particular use of

force must be judged from the perspective of a reasonable officer on the scene, rather than with

the 20/20 vision of hindsight." *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d

443 (1989).

Additionally, as noted above, evidence of drug use is highly prejudicial.  *See Wiersta v.*

*Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ("Convictions for possession of a syringe and

hypodermic needle and possession of heroin . . . are unquestionably highly prejudicial."); *Wilson*

*v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Motion in Limine
Page 9

possession alone . . . can be highly prejudicial and arouse jury sentiment against a party-witness.");

Mason, 631 F. Supp. 2d at 1058 (N.D. Ill. 2009) (granting § 1983 plaintiff's motion to exclude all

references to plaintiff's drug use, because his "admissions during discovery that he smoked part

of a marijuana cigarette on the date of the incident do not come close to providing the necessary

foundation to admit such highly inflammatory and prejudicial evidence."); *Kunz,* 538 F.3d at 677

(upholding exclusion of plaintiff's drug use in § 1983 excessive force claim given the

"considerable danger" that evidence concerning illegal drugs "may so prejudice the jury" that a

fair trial will not be possible); *Fitzgerald v. McDaniel*, 833 F.2d 1516, 1520-21 (11th Cir.

1987)(holding that the trial court has the discretion to exclude "references to marijuana or drugs"

under Rule 403 as unfairly prejudicial to the plaintiff in an excessive force case).

**D. Reference to TAVARES DOCHER suffering from sickle cell disease.**

Defendants questioned Dr. Naser at deposition about whether Mr. Docher had sickle cell

when he coded. *See Exhibit B,* Dr. Naser deposition testimony.  Dr. Naser testified that "we didn't

test for that."  There is absolutely no evidence in any medical records that Tavares Docher had

sickle cell disease and the Defendants should not be allowed to speculate or suggest that he did in

the absence of such evidence.

**E. Paragraphs five (5) and six (6) of defense toxicologist Teri Stockham Ph.D.'s report.**

Defense toxicologist, Teri Stockham Ph.D., issued a report which contains two paragraphs

that suggest Mr. Docher was under the influence of drugs at the time of this incident. *See Exhibit

C,* Stockham report.    Plaintiffs move to prevent the Defendants and/or defense witnesses from

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Motion in Limine
Page 10

referencing these paragraphs of Dr. Stockham's report as they are based on hearsay and rank

speculation.

> 5.  The drug testing performed by the hospital was minimal and would not have
> detected many other psychoactive drugs that may have been used by Mr.
> Docher. For example, at this time novel psychoactive stimulants was very
> prevalent in South Florida but would not have been detected by the tests at the
> hospital.

> 6.  Mr. Docher's aunt stated Mr. Docher uses ethanol and cocaine and the
> hospital drug test detected THC. She described him as a "little boy in a man's
> body". According to her, he had been evaluated for mental illness after a previous
> arrest but no diagnoses was made. Drug use is contraindicated in persons with
> mental illness. Both cocaine and THC are known to precipitate and/or attenuate
> mental illnesses.

Dr. Stockham's opinion in ¶ 5 of her report that Mr. Docher may have used psychoactive

drugs that would not have been detected by the hospital's drug testing is nothing more than rank

speculation.  There is simply no evidence that Mr. Docher was under the influence of drugs at the

time of this incident.  Dr. Stockham is engaging in speculation and for that reason, this opinion is

not admissible.  It is known and understood that the admissibility of expert testimony is governed

by the Federal Rules of Evidence, including but not limited to Rules 702, 403, and 104.  *See Bryte*

*v. Am. Household, Inc.,* 429 F.3d 469, 476 (4th Cir. 2005) (federal law governs admissibility of

expert testimony).  Under Rule 702, the reliability criterion remains a discrete, independent, and

important requirement for reliability. *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir.

2004).  It remains a basic foundation for admissibility that the proposed expert's testimony be

supported by appropriate validation, i.e. "good grounds, based on what is known." *United States*

*v. Frazier*, 387 F.3d 1244, 1261 (citing *Daubert v. Merrell Dow Pharms.,* Inc., 509 U.S. 579, 590

(1993)).

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Motion in Limine
Page 11

District courts must act as "gatekeep[ers]" concerning the admission of expert testimony, *Daubert*, 509 U.S. at 592-93; *see also Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Even the most "supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some recognized scientific method and are reliable and relevant under the test set forth by the Supreme Court in *Daubert.*" *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004) (citing *Clark v. Takata Corp*, 192 F.3d 750, 759 n.5 (7th Cir. 1999)). "The district court's role is especially significant since the expert's opinion 'can be both powerful and quite misleading because of the difficulty in evaluating it.'" *Frazier*, 387 F.3d at 1260 (citing *Daubert*).

"It is generally held that relevant testimony from a qualified expert may be received if and only if he is in possession of such facts as would enable him to express a reasonably accurate conclusion as distinguished from mere conjecture." *Horton v. W. T. Grant Co.*, 537 F.2d 1215, 1218 (4th Cir. 1976). An expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record. *Tyger Const. Co. Inc. v. Pensacola Const. Co.*, 29 F.3d 137, 142 (4th Cir. 1994) (citation omitted). *See also Lightfoot v. Union Carbide Corp.*, 175 F.3d 1008 (table), 1999 WL 110424, at *2 (2d Cir. Mar. 1, 1999) ("Where the record indicates that the expert failed to consider necessary factors or that his analysis rests on faulty assumptions, the trial court has discretion to exclude his proffered testimony for lack of probative value."), *cert. denied*, 528 U.S. 817 (1999).

Dr. Stockham's opinion in ¶ 6 of her report that Mr. Docher used cocaine is based upon a St. Lucie County Sheriff's Office report which summarizes an interview with Mr. Docher's Aunt,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Motion in Limine
Page 12

June Docher, wherein it is noted that the Aunt stated that Mr. Docher "may do a little cocaine (powder) but that she did not think he had done any that day."   These statements are hearsay within hearsay.  Under the Federal Rules of Evidence, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). As a general rule, "[h]earsay is not admissible except as provided by these rules...." Fed.R.Evid. 802.  Dr. Stockham's report should not be used as a conduit to place these otherwise inadmissible hearsay statements before the jury.

Additionally, these opinions about cocaine use and the presence of THC are irrelevant because there is no evidence whatsoever that Mr. Docher was under the influence of marijuana or cocaine at the time of this incident.  The toxicology performed at the hospital following Mr. Docher's injury was negative for cocaine.  Dr. Stockham has agreed that she cannot say Mr. Docher used cocaine on the day of the incident. *See Exhibit A,* Stockham deposition, p.48:9-13 and 18-25. The only basis for this opinion is an unreliable, hearsay statement purportedly made by Mr. Docher's Aunt to the Sheriff's department when she was interviewed after his injury.[2]

Furthermore, any generalized opinions about cocaine and THC being "known to precipitate and/or attenuate mental illnesses" (i.e. the potential purported effect of these substances on Mr. Docher) should be excluded as speculative where there is no evidence of that Mr. Docher was actually using drugs on the date in question.  *See Kunz, supra*, 538 F.3d at 676-77 (excluding testimony about heroin users as a group where the expert could not establish impairment at the

[2] At her deposition, under oath, Ms. Docher testified that she was not aware of Mr. Docher using drugs, had no personal knowledge of Mr. Docher using drugs and did not remember telling the sheriff's detective that he used cocaine.  (See *Exhibit D,* 05/16/17 deposition of June Docher at p.12:21-23; p.57:14-16 and p. 57:17-24).

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine
Page 13

time of the incident and therefore had nothing useful to say about its effects on the plaintiff at the critical time); *Mason, supra*, 631 F. Supp. 2d at 1060 (citing Kunz and excluding expert testimony that did not offer anything but purely speculative testimony about how marijuana may have affected plaintiff's behavior at the time in question).

**F. Reference to TAVARES DOCHER having a history of mental illness.**

Any reference to Tavares Docher having a history of mental illness should be excluded because it is irrelevant and highly prejudicial.  There is no evidence to suggest that the Defendants had any knowledge that Mr. Docher had a history of mental illness at the time of his arrest.  As previously noted, evidence of facts and circumstances not known to the officers during their encounter with Mr. Docher are irrelevant.  Furthermore, this information would be highly prejudicial.  *See Rascon v. Hardiman*, 803 F.2d 269, 278 (7th Cir. 1986) (affirming exclusion of decedent's mental health history, even though officers knew about his past suicide attempt and mental illness history and argued it justified their actions in subduing him, because of danger jury would conclude subduing was reasonable based on status rather than conduct at the time); *Wallace v. Mulholland*, 957 F.2d 333, 336 (7th Cir. 1992) (affirming exclusion of evidence about an excessive force plaintiff's mental illness and likelihood someone with that condition would act aggressively, because it would shift focus from plaintiff's actions to his condition).

WHEREFORE, based on the foregoing, Plaintiff asks that this Court grant this motion, preclude all references at trial to a)   TAVARES DOCHER's prior criminal history, arrests, convictions and the fact that he was a registered sex offender;  b) TAVARES DOCHER being under the influence of any drugs at the time of the incident including but not limited to marijuana,

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Motion in Limine
Page 14

Flakka or bath salts, cocaine  or any other drugs; c)  TAVARES DOCHER's prior history of drug

use;  d)  TAVARES DOCHER suffering from sickle cell disease; e) paragraphs five (5) and six

(6) of defense toxicologist Stockham's report; and,  f) TAVARES DOCHER having a history of

mental illness, and to direct defense counsel to inform all trial witnesses of these rulings, and grant

such further relief as may be just.

I HEREBY CERTIFY that, pursuant to Southern District of Florida General Rule 7.1(a)(3),

counsel has conferred with defense counsel in a good faith effort to resolve the issues raised in this

motion and has been unable to do so.


I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via

electronic filing using the CM/ECF system with the Clerk of the Court, which sends e-mail

notification of such filing to all CM/ECF participants in this case, on this  6th day of October, 2017.


/s/ DARRYL L. LEWIS
DARRYL L. LEWIS
Florida Bar No.: 818021
Attorney E-Mail(s):  dll@searcylaw.com and
axs@searcylaw.com
Primary E-Mail: _lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiff(s)

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine
Page 15

## COUNSEL LIST

Summer M. Barranco, Esquire
summer@purdylaw.com;
melissa@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Phone: (954)-462-3200
Fax: (954)-462-3861
Attorneys for Ken Mascara

Benjamin W. Newman, Esquire
Ben.Newman@wilsonelser.com;
Leah.Rover@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker,
LLP
111 N Orange Avenue, Suite 1200
Orlando, FL  32801
Phone: (407) 203-7592
Fax: (407) 648-1376
Attorneys for Port St. Lucie Fire Rescue

Hugh L. Koerner, Esquire
hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
3475 Sheridan Street, Suite 208
Hollywood, FL  33021
Phone: (954)-522-1235
Fax: (954)-522-1176
Attorneys for Tavares Docher