UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

CASE NO.: 2:16-cv-14413

**PLAINTIFF'S MOTION IN LIMINE TO PREVENT CUMULATIVE TESTIMONY AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, TAVARES DOCHER, by and through JANICE DOCHER-NEELEY, his mother and legal guardian, pursuant to Federal Rules of Evidence 103 and 104, this Court's Scheduling Orders, the Court's inherent authority to control the trial process, *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984), and Southern District of Florida General Rules 7.1 and 16.1, hereby moves to limit the evidence to preclude cumulative expert testimony proffered by the Defendants and states:

The Defendants have numerous experts in the areas of pharmacology, emergency medicine, and internal medicine. See Ex. A and Ex. B.  It is expected that the Defendants will use multiple experts from different specialties to opine as to standard of care and causation. Specifically, it is expected that the Defendants will combine the testimony of their experts to

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine to Prevent Cumulative Testimony
Page 2

provide multiple opinions regarding the appropriate use of lorazepam, lorazepam's interaction with the body, and the mechanism by which respiratory insufficiency occurred by the actions of the officers. All of their experts' opinions are expected to be stacked upon each other to provide cumulative testimony in the areas of standard of care and causation; therefore, it is necessary in the interests of justice to limit the testimony of Defendants' experts to one specialty per side on the issues of standard of care and causation to prevent the unjust use of cumulative testimony.

## LEGAL ARGUMENT

Under Federal Rule of Evidence 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See also United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004) ("Exclusion under Rule 403 is appropriate . . . if the expert testimony is cumulative or needlessly time consuming") (citations omitted).  Thus, the Court may prevent a party from improper bolstering and vouching for experts by calling successive expert witnesses to testify regarding the same topic. *See Royale Green Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 2009 WL 2208166 (S.D. Fla. July 24, 2009); *see also U.S. v. Masferrer*, 367 F. Supp. 2d 1365, 1374 (S.D. Fla. 2005) (exclusion of expert testimony is appropriate under Rule 403 if such testimony is cumulative or needlessly time consuming).

The Eleventh Circuit and district courts in Florida have acknowledged that cumulative expert testimony is disfavored. *See Jennings v. BIC Corp.*, 181 F.3d 1250, 1259 (11th Cir. 1999) (affirming trial court order denying continuance to accommodate preparation of duplicative expert

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Motion in Limine to Prevent Cumulative Testimony
Page 3

testimony); *Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315 (11th Cir. 2005) (affirming district court's exclusion of cumulative expert testimony at trial, where excluded expert relied on same evidence that testifying expert did, would have testified on the same issues, had similar qualifications, and would not have added different information); *Goldstein v. Centocor*, 2007 WL 61913, at *2 (S.D. Fla. Jan. 5, 2007) (excluding duplicative expert testimony and noting this "Court is charged with eliminating or reducing duplicative experts and/or testimony"); *Geico Cas. Co. v. Beauford*, 2007 WL 2412974 (M.D. Fla. Aug. 21, 2007) (precluding cumulative expert testimony).

"Evidence is cumulative when it adds very little to the probative force of other evidence in the case." *Goodwin v. MTD Products, Inc.,* 232 F.3d 600, 609 (7th Cir. 2000). Expert reports and expert testimony are cumulative when there is "substantial overlap" between the two. *See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 4225947, at *2 (S.D. Fla. Oct. 21, 2010), citing *Price v. Fox Entm't Group, Inc.*, 499 F. Supp. 2d 382, 390 (S.D.N.Y. 2007); *see also Beauford*, 2007 WL 2412974, at *4. By ercising its discretion to exclude needlessly cumulative evidence under Rule 403, a district court ensures that a litigant does not prevail by "the sheer weight of successive expert testimony". *United States v. Walker*, 910 F. Supp. 861, 863 (N.D.N.Y. 1995). For example, in *Goldstein v. Centocor, supra*, this Court prevented the defendant from presenting testimony from multiple expert pulmonologists where "[t]he clear suggestion [was] that defendant wants to tell the jury that 'not one, not two, but three pulmonologists have told you...' " Goldstein, 2007 WL 61913, at *2.

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this Court enter an order precluding duplicative and cumulative expert testimony by the Defendants.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Motion in Limine to Prevent Cumulative Testimony
Page 4

### 7.1(a)(3) STATEMENT

Plaintiff's counsel has conferred with all defense counsel in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via electronic filing using the CM/ECF system with the Clerk of the Court, which sends e-mail notification of such filing to all CM/ECF participants in this case, on this 6th day of October, 2017.

/s/ DARRYL L. LEWIS
DARRYL L. LEWIS
Florida Bar No.: 818021
Attorney E-Mail(s):  dll@searcylaw.com and
axs@searcylaw.com
Primary E-Mail: _lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiff(s)

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Motion in Limine to Prevent Cumulative Testimony
Page 5

# COUNSEL LIST

Summer M. Barranco, Esquire
summer@purdylaw.com;
melissa@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Phone: (954)-462-3200
Fax: (954)-462-3861
Attorneys for Ken Mascara

Benjamin W. Newman, Esquire
Ben.Newman@wilsonelser.com;
Leah.Rover@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N Orange Avenue, Suite 1200
Orlando, FL  32801
Phone: (407) 203-7592
Fax: (407) 648-1376
Attorneys for Port St. Lucie Fire Rescue

Hugh L. Koerner, Esquire
hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
3475 Sheridan Street, Suite 208
Hollywood, FL  33021
Phone: (954)-522-1235
Fax: (954)-522-1176
Attorneys for Tavares Docher