UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

      Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

      Defendants.
_____/

CASE NO.: 2:16cv14413

**DEFENDANTS' SHERIFF, NEWMAN, MANGRUM, ROBINSON AND
COURTEMANCHE'S MOTION IN LIMINE REGARDING
PLAINTIFF'S LAW ENFORCEMENT EXPERT
(AND MEMORANDUM OF LAW)**

The Defendants, SHERIFF, NEWMAN, MANGRUM, ROBINSON and COURTEMANCHE, through their undersigned attorneys, pursuant to Rule 702 of the Federal Rules of Evidence, file this their Motion in Limine to Strike or Limit the testimony of Plaintiff's law enforcement expert Melvin Tucker, and as grounds therefore would state as follows:

1.    This federal civil rights lawsuit stems from an incident which occurred during the early evening hours of May 11, 2014. Initially, three uniformed St. Lucie County Sheriff's deputies, Christopher Newman, Claylan Mangrum and Calvin Robinson, responded to a 911 call which originated from a CVS store in Port St. Lucie. After making contact with the complainant, Tavares Docher, at the CVS store, the deputies attempted to detain Docher. In the process of attempting to detain Docher, a struggle ensued in the parking lot of the CVS. EMS was summoned to medically

treat Mr. Docher. EMS arrived and administered an injection of Ativan to sedate Mr. Docher. Shortly thereafter, Docher's heart stopped. Resuscitation efforts were successful but Mr. Docher ultimately suffered from oxygen deprivation to his brain which resulted in him being in a persistent vegetative state. Plaintiff seeks damages from the Defendants as a result.[1] The operative Complaint brings various claims against the Defendants, pursuant to 42 U.S.C. §1983 and state law, regarding allegations of false arrest, use of excessive force and failure to intervene.[2]

2. The Plaintiff has disclosed Melvin Tucker as an expert witness in police procedures and use of force in this case. (See Exhibit "A" - Tucker Report dated May 16, 2017 and Exhibit "B"- Tucker deposition taken on July 12, 2017).[3]

3. The Defendants anticipate that the Plaintiff will attempt to offer Mr. Tucker's opinions at trial. However, his opinions will not assist the trier of fact in understanding the evidence or determining any fact in issue, and in some cases constitute legal opinions. Rather, his opinions will only serve to confuse the jury, who may mistake them for legal opinions regarding the legal standard to be applied to the Plaintiff's claims, thereby prejudicing the Defendants and in some respect, the opinions are designed to simply tell the jury what to conclude. The Plaintiff should not be allowed to offer these opinions at trial to the extent they do not meet the standard for admissibility under Federal Rule of Evidence 702.

WHEREFORE, these Defendants respectfully request this Honorable Court to grant this Motion and prohibit the Plaintiff from offering Mr. Tucker's opinion testimony at trial.

---

[1] The Defendants would refer the Court to the summary judgment record regarding the specific facts of this case.

[2] The Plaintiff did not plead a claim for Deliberate Indifference to Serious Medical Needs.

[3] Mr. Tucker indicated in his deposition (pg. 18 and 20) that he intended to prepare a final report based upon his review of numerous depositions after issuing his May 2017 report which contains only preliminary opinions. The Defendants have not been served with a final report as of the filing of this motion.

Further, and in support of this Motion, Defendants would refer the Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

"A trial court, in determining the admissibility of expert testimony under Rule 702, must conduct a rigorous three-part inquiry." See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County Fla., 402 F.3d 1092 (11th Cir. 2005). Federal Rule of Evidence 702 provides the circumstances under which a person qualified as an expert should be permitted to offer their opinions at trial. Rule 702 reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based upon sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

See F.R.E. 702 (2015).

Under the "helpfulness to the trier of fact" requirement of the Federal Rule of Evidence governing testimony by experts, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person; in contrast, proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id at 1111. Further, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert ... [a] court may conclude that there is simply too great an analytical gap between the data and the opinion proffered" Id (quoting General Electric v. Joiner, 522 U.S. 136, 146, 118 S.Ct. 512 (1997)). "Thus, a trial court may exclude testimony that is 'imprecise and unspecific,' or whose factual basis is not adequately explained." Id (citing Frazier, 387 F.3d at 1266). "Simply put, expert testimony may be assigned talismanic significance in the eyes of lay jurors, and,

therefore, the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse." Id (quoting Frazier, 387 F.3d at 1263).

For example, in Cook, supra, the Court rejected the "deliberate indifference" opinions of an expert because they were nothing other than the assertions of the expert, which he made with no basis of proof. It rejected the opinion that constitutional rights were violated as being purely a legal conclusion and the expert's causation claim as being unsubstantiated and unspecific. See Cook, supra. In addition, it is improper for experts to offer opinions that officials acted in a way that transgressed a legal standard such as "reckless", "careless", "unreasonable" or "exhibiting deliberate indifference." See Griffin v. City of Clanton, Alabama, 932 F.Supp. 1357, 1358 (M.D. Ala. 1996). To do so invades the province of the jury and encourages experts to simply regurgitate legal catch phrases. In Griffin, the Plaintiff's expert, who purported to be an expert in the fields of law enforcement, criminal justice and sociology/criminology, offered opinions that the officers exhibited "deliberate indifference" and that one of the officers used "unnecessary and unreasonable force." In addition, he also stated that one of the officer's conduct was "careless," "reckless," and "unreasonable." In its *Memorandum Opinion and Order* striking the expert's affidavit, the court had the following to say about the expert's opinions:

> In his affidavit, the "opinions" that Dr. Barker offers are merely conclusory statements designed to have legally operative effects. They implicate issues that are solely within the purview of the court and are not the proper subject of evidentiary submissions.

Griffin at 1358 (citing Lovable Co. v. Honeywell, Inc., 431 F.2d 668, 674 (5th Cir. 1970)).

While Rule 704(a) allows expert testimony *about facts* that "embrace[] an ultimate issue to be decided by the trier of fact," opinion testimony that "states a *legal* standard or draws a *legal* conclusion by applying law to the facts is generally inadmissible." United States v. McIver, 470 F.3d 550, 561-62 (4th Cir. 2006) (emphasis added; citations omitted). The Eleventh Circuit has been particularly rigorous in enforcing this rule. *See, e.g.,* Cook v. Sheriff of Monroe County,

Florida, 402 F.3d 1092, 1112 n. 8 (11th Cir. 2005) ("an expert witness may not substitute for the court in charging the jury regarding the applicable law" and holding that the plaintiff's doctor expert's testimony that the Monroe County Detention Center "was deliberately indifferent to [the plaintiff] was 'a legal conclusion that does little more than tell the jury what result should be reached' ") (citation omitted); Montgomery v. Aetna Casualty & Surety Co., 898 F.2d 1537, 1541 (11th Cir. 1991) ("A witness also may not testify to the legal implications of conduct; the court must be the jury's only source of law") (citations omitted). An expert's testimony violates this principle when the opinion is expressed in words that " 'have a separate and distinct and specialized meaning in the law different from that present in the vernacular.' " McIver, 470 F.3d at 562, quoting United States v. Barile, 286 F.3d 749, 760 (4th Cir. 2002). For example, an expert cannot testify that a defendant's actions constituted "extortion", Dibella v. Hopkins, 403 F.3d 103, 121 (2nd Cir. 2005), or that a dog's bite constituted "deadly force." Miller v. Clark County, 340 F.3d 959, 963 n.7 (9th Cir. 2003).

### Melvin Tucker

Mr. Tucker's report (see Exhibit "A") contains four (4) preliminary opinions.

#### "Preliminary Opinion #1

The force used against Tavares Docher on May 11, 2014 by SLCSO Deputies Christopher Newman, Clayton Mangrum and Calvin Robinson was excessive and unreasonable and was a greater level of force than other officers would have used in 2014 if confronted with the same, or similar, circumstances.

#### Preliminary Opinion #2

Deputies Newman, Mangrum and Robinson knowingly violated clearly established law enforcement training on how to handle a person exhibiting the symptoms of "excited delirium" when they failed to treat the incident with Tavares Docher as a medical emergency and instead treated the incident as a control and arrest situation.

#### Preliminary Opinion #3

> Deputies Newman, Mangrum and Robinson knowingly violated clearly established law enforcement training on avoiding the basic physiology of a struggle because of the risk to a subject of death or serious medical ramifications.

**Preliminary Opinion #4**

> Deputies Robinson and Mangrum failed in their responsibility to intervene to stop a fellow deputy from committing a clear violation of training and standards when the (sic) saw Deputy Newman deliver two separate elbow strikes to the head of Tavares Docher when they knew, or should have known, that deadly force was not justified under the circumstances they were confronted with."

Mr. Tucker's first Opinion will not assist the trier of fact as the question of reasonableness is a matter of common experience. In addition the opinion ignores facts which support a conclusion that Mr. Docher committed the felony crimes of escape and battery upon a law enforcement officer when he forced his way through the Deputies and out of the patrol car to flee on foot.

Mr. Tucker's Opinion that an elbow strike to the head constitutes the use of deadly force is simply another way of suggesting that elbow strikes of any type are deadly force as a matter of law and can only be used in a deadly force encounter. Not only is this statement an inadmissible legal opinion it also is not clearly established law. Hoolihan v. Clayton County, Ga., 2012 WL 12888679 (N. D. Ga., 2012), aff'd sub nom., Hoolihan v. Clayton County, Ga., 507 Fed. App'x. 831 (11th Cir. 2013). See, also, Scott v. Harris, 550 U.S. 372 (2007) [court rejected notion that a particular type of force was deadly force triggering rigid preconditions under the Fourth Amendment]. Furthermore, the opinion is not support by any facts or methodology in determining the amount of force that was actually used. Mr. Tucker does not know what part of the elbow was used to make contact with Mr. Docher's head and he does not know exactly what part of Mr. Docher's head the elbow contacted nor does he know how much force was used. His opinion is that only the very tip of the elbow striking the temple, jaw, bridge of the nose, back of the head or throat is deadly force, but that opinion cannot be applied to this case. (see Exhibit "B" pages 50-65). In addition Mr. Tucker fails

to consider the fact the Mr. Docher was attempting to bite the deputies and in fact bit Deputy Newman on the hand resulting in an elbow strike to stop the bite. Mr. Tucker never amended his report to include an opinion based upon his understanding that Deputy Mangrum also struck Mr. Docher in the head with an elbow as described in Mr. Tucker's deposition. Obviously a human bite can cause serious bodily injury and harm which would be a factor in considering the reasonableness of the response including use of an elbow to avoid that injury. Mr. Tucker fails to consider any of these facts. Ultimately, Mr. Tucker's reasoning is circular. He assumes that a human bite can cause no serious harm and that any use of an elbow to strike a person's head is deadly force in order to justify his conclusion that Deputy Newman and presumably Deputy Mangrum used excessive deadly force. (See Exhibit "B"). Furthermore, Mr. Tucker's opinion addresses what he believes a reasonable officer would have concluded based upon the facts he chooses to consider. Not only is this aspect of the opinion of no help to the Jury, it is suspiciously close to suggesting the deputies are not entitled to Qualified Immunity, which is a legal question for the Court. Dartland v. Metropolotan Dade County, 866 F.2d 1321 (11th Cir. 1989).

    Mr. Tucker's second opinion is also an attempt to address what amounts to legal questions. Tucker cites to no case law that clearly establishes how to handle a person exhibiting symptoms of excited delirium. The law enforcement community cannot dictate how to handle such a person under the Fourth Amendment. This opinion risks confusing the jury regarding what police practices consist of and what the law actually requires. In addition, while using only 20/20 hindsight, he concludes that the deputies should have recognized the signs of excited delirium and handled the case differently. [4] Generally, the law provides deference regarding how to enforce the law which is not dictated by the person who is lawfully subject to that encounter. Buckley v. Haddock, 292 Fed.

---

[4] Plaintiff does not have a deliberate indifference to serious medical needs claim. See Exhibit "B" p. 37-38.

App'x 791, 792 (11th Cir. 2008) and City of County of San Fancisco v. Sheehan, 135 S.Ct. 1765 (2015). The opinion regarding how this incident should have been classified, whether it be medical, criminal or a combination of both is in fact a legal opinion and it will not assist the trier of fact. (See Exhibit "A" and Exhibit "B", pages 65-71) In addition Mr. Tucker agrees that even if the call was a medical call the deputies would still have to control Mr. Docher in order to facilitate treatment. He also agrees that symptoms of excited delirium are also indicative of other issues not connected to excited delirium and that police officers are not required to diagnose people they come into contact with. (See Exhibit "B", pages 71-87). Despite this, he faults the deputies for not reaching the conclusion that this case involved a medical call rather than a call involving the violation of the law.

 His third opinion is also another attempt to connect law enforcement training standards to what the Fourth Amendment requires. Suggestions regarding avoiding certain circumstances or tactical techniques may be instructional, but use of those techniques does not necessarily render them unreasonable under the Fourth Amendment. Scott v. Harris, supra. Mr. Tucker agrees that he does not know how much weight was actually on Mr. Docher's body or whether he actually had difficulty breathing. He also agrees that law enforcement officers sometimes need to hold combative people down. (See Exhibit "B", pages 90-100). Furthermore, the evidence shows that Mr. Docher was yelling through out the incident and as a result was breathing. EMS noticed that Mr. Docher had respiratory failure once he was on the gurney.

 Mr. Tucker's fourth opinion tells the jury to find in favor of the Plaintiff on Plaintiff's failure to intervene claim. The opinion is based upon incomplete facts and legal conclusions that elbow strikes to he head are always considered to be the use of deadly force and that deadly force was not justified ignoring the fact that Mr. Docher bit Deputy Newman on the hand and could have caused serious bodily injury if his bite was not immediately stopped. Because his legal opinion regarding

the classification of elbow strikes as deadly force is flawed and inadmissible his connection to the elements of a failure to intervene claim is equally flawed. Gatling v. Holand, 2011WL 2711226 M.D. 2011).   Finally, Mr. Tucker has never amended his report regarding Deputy Mangrum's use of an elbow strike as he addressed in his deposition taken after he completed his preliminary report. (See Exhibit "B", pages 100-104).

## CONCLUSION

For the foregoing reasons, Plaintiff should be precluded from offering Mr. Tucker's opinion testimony at the upcoming trial of this cause.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for the Defendants has conferred with Plaintiffs' counsel regarding the issues raised in the instant motion and it is opposed by the Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com, **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com, and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **6th** day of October, 2017.

        PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
        Attorneys for Defendants Newman, Mangrum, Robinson, Courtemanche and Sheriff
        2455 East Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone (954) 462-3200
        Telecopier (954) 462-3861
        Email: summer@purdylaw.com
             melissa@purdylaw.com

        BY    *s/ Summer M. Barranco*
             SUMMER M. BARRANCO
             Fla. Bar No. 984663