UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  2:16cv14413

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

          Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

          Defendant(s).

_____/

## PLAINTIFF'S MOTION IN LIMINE TO STRIKE OR, IN THE ALTERNATIVE, TO EXCLUDE DEFENDANTS' EXPERT WITNESS AND ALL OF HIS EXPERT OPINIONS

The Plaintiff, Tavares Docher, by and through his undersigned attorney, pursuant to Federal Rules of Evidence 403 and 702, Local Rules 7.1 and 16.1(j), hereby respectfully moves for an Order Striking Defendant Sheriff Officers' Expert Witness, Charles Wetli, M.D., a forensic pathologist, for being unqualified to render any opinions as to causation of Plaintiff's injuries or, in the alternative, excluding all of his opinions as being unreliable, speculative, and not supported by any of the evidence presented in this case and, in support thereof, sates as follows:

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

## <u>INTRODUCTION</u>

This action arose due to the significant and permanent injuries the Plaintiff, Tavares Docher, sustained while in the custody of St. Lucie County Sheriff Officers and St. Lucie County Fire Department. On May 11, 2014, Plaintiff was confronted St. Lucie County Sheriff Officers in the parking lot of a CVS and placed under arrest by Defendant NEWMAN for the offense of disorderly intoxication, in the absence of probable cause that Plaintiff committed any criminal offense. Plaintiff was then handcuffed and searched without incident, and seated in the back of a police car with the door open. Plaintiff subsequently alighted from the police car and was immediately taken to the ground by the officers.

While Plaintiff was on the ground and handcuffed behind his back, Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON repeatedly  used punches, strikes, and blows with their elbows towards Plaintiff striking him all over his body and his head. Plaintiff arms were being bent in a 90 degree angle behind his back, while an officer was stepping and pushing on his back. These actions caused him to scream in pain and the inability to sufficiently inhale and exhale to provide oxygen to his body. During the use of force by the officer, Plaintiff remained handcuffed, face down, with a large pool of blood collecting by his head.

Prior to the arrival of paramedics, Plaintiff was placed in a recovery position by the officers on his side as he became nonverbal and unresponsive. Defendant ROSARIO, an EMT-Paramedic with St. Lucie County Fire District, responded to the incident location due to Plaintiff's injuries, including but not limited to his head laceration. Defendant ROSARIO was informed by deputies that Plaintiff was intoxicated by alcohol (ETOH). When Defendant ROSARIO approached

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

Plaintiff, he regained a moment of consciousness and moved his leg striking Defendant Rosario.

Defendant ROSARIO then injected Plaintiff in the buttocks with 4 mg Ativan – the maximum

dosage. Following the administration of Ativan, Plaintiff became  unresponsive, stopped

breathing, and went into cardiac arrest. The Plaintiff contends that the excessive and unjustified

actions of the Defendant Sheriff Officers and Defendant Rosario combined to cause the Plaintiff

to become respiratory insufficient, enter into respiratory distress, and ultimately go into cardiac

arrest. As a result, Plaintiff suffered a severe brain injury and is now in a permanent persistent

vegetative state.

The Defendants retained a forensic pathologist, Charles Wetli, M.D., as a causation expert

to render opinions as to the cause of Plaintiff' cardiac arrest. See Ex A, Expert disclosure.  As

evidenced by his report, Dr. Wetli plans to offer three (3) opinions regarding the cause of

Plaintiff's cardiac arrest: 1) Plaintiff suffered from excited delirium which resulted in his sudden

loss of vital signs; 2) the cause of Plaintiff's excited delirium is unknown, but probably from drug

ingestion; and 3) there is no support for a contribution to the loss of vital signs by the

administration of lorazepam and there is no evidence that the actions by the sheriff officers caused

or contributed to the sudden loss of vital signs. Ex. B, Dr. Wetli's Report.

Dr. Wetli, a forensic pathologist, has no experience, education, or training as a qualified

clinical physician to recognize and diagnose symptoms consistent with his theory of "excited

delirium" in an individual who is not deceased and is still living in a persistent vegetative state

nor is he qualified to opine that such a "syndrome" led to a sudden drop in vital signs leading to

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

cardiac arrest. Such assertions are beyond his expertise. Moreover, assuming he is qualified, his opinions are without merit and fail to meet the *Daubert* standards of reliability based on scientific principles and methodology as he offers no facts or reasonable for how a presumably psychological syndrome, that is at best a classification of symptoms, resulted in cardiac arrest. Therefore, he should be disqualified as an expert and his opinions stricken.

## **MEMORANDUM OF LAW**

### A.  Standard of Review

The admissibility of expert testimony is government by Fed. R. Evid. 702, which "assigns to the Court the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrel Dow Pharms., Inc.,* 509 U.S. 579, 587 (1993). This gatekeeping function is important to "ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation of expert testimony." *Rink v. Cheminova, Inc.,* 400 F.3d 1286, 1291 (11th Cir. 2005). The Eleventh Circuit refers to each of these requirements as the "qualifications," "reliability," and "helpfulness prongs. *United States v. Frazier,* 387 F.3d 1244, 1260 (11th Circ. 2004). Moreover, "[i]t is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employees in the courtroom the same level of intellectual rigor that characterizes the practices of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999). The courts will only permit expert testimony if: (1) the expert is qualified to testify competently, (2) the expert's methodology is sufficiently reliable, and (3) the testimony is helpful to the trier of

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

fact. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty*., 402 F.3d 1092, 1107 (11th Cir.

2005).

To aid the trial court judges in determining whether proffered expert testimony is relevant

and reliable, the Supreme Court set forth the following four factors for conducting a "preliminary

assessment of whether the reasoning or methodology underlying the testimony is scientifically

valid and of whether that reasoning or methodology properly can be applied to the facts in issue":

1) whether the theory or technique can be tested; 2) whether it has been subject to peer review and

publication; 3) the known or potential error rates; and 4) general acceptance within a relevant

scientific community. *Daubert,* 509 U.S. at 593-595; *see also Cooper v. Smith & Nephew, Inc.,*

259 F.3d 194, 199 (4th Cir. 2001).

Additionally, the party offering the expert testimony bears the burden of laying the proper

foundation, and that party must demonstrate admissibility by a preponderance of the evidence.

Fed. R. Evid. 702; *Rink,* 400 F. 3d at 1291-92. An expert opinion is inadmissible when the only

connection between the conclusion and the existing data is the expert's own assertions, as we have

here with Dr. Wetli.  *See General Electric v. Joiner,* 522 U.S. 136, 146 (1997). This falls short of

"general acceptance" prong of reliability."  *Id.* The Defendants have failed to meet their burden in

this case of satisfying the *Daubert* standard by a preponderance of the evidence as set forth more

particularly below.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 5:16-cv-14413
Motion to Strike Dr. Wetli

**B.  Dr. Wetli's Opinions Regarding Plaintiff's Sudden Loss of Vital Signs and Cardiac Arrest**

The purpose of Dr. Wetli's Report is to exclude the actions of all Defendants as a cause of Plaintiff's respiratory insufficiency and cardiac arrest, as evidenced by his conclusions, which is "Docher had excited delirium which resulted in his sudden loss of vital signs." Ex. B. Accompanying his report is his Curriculum Vitae which lists pages of his background and qualifications. Ex. C, Dr. Wetli's CV. Dr. Wetli holds himself out as forensic pathologist expert which is the "medical-legal investigation of death, which loosely translated means investigation of anybody who dies suddenly and unexpectedly while they are apparently in good health." Ex B. & Ex. D, Dr. Wetli's Dep., 18:4-10. His CV and deposition testimony sets forth his background. Ex C. & Ex. D, 18:1-25, 19:1-3. There is no mention that he ever worked as a clinical physician or that he has made any diagnoses of someone's condition based on a clinical evaluation. Ex. D, 5:15-19, 20:1-11. There is also no mention that he has any training, education or background as a clinician, cardiologist, pathologist, neurologist, or emergency medicine physician. *Id*. at 19:16-25, 20:1-11.

Despite his personal lack of qualification, Dr. Wetli offers unreliable opinions on how an unrecognized syndrome condition called "excited delirium" caused the Plaintiff to experience a sudden loss of vital signs and cardiac arrest. Ex. B,  p. 3. In particular, his report states that, even though the Plaintiff has no history or clinical recognition of excited delirium that:

   a.  Plaintiff had excited delirium which resulted in his sudden loss of vital signs and, because of medical treatment, he entered into a persistent vegetative state. *Id.*

6

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

      b.  The cause of the excited delirium is unknown, but is probably secondary to drug ingestion. *Id.*

      c.  There is no support for a contribution to the loss of vital signs by the administration of lorazepam. *Id.*

      d.  There is no evidence that the actions of the police caused or contributed to the sudden loss of vital signs. *Id.*

Those opinions must be stricken as he is unqualified to render such medical and psychological opinions and those opinions are scientifically unreliable.

### C.  Dr. Wetli's Proffered Opinions Regarding the Cause of Plaintiff's Sudden Loss of Vital Signs and Cardiac Arrest Fail to Satisfy *Daubert*

#### a.  Dr. Wetli is unqualified to offer his opinions as to the cause Plaintiff's sudden loss of vital signs and cardiac arrest

Dr. Wetli is not qualified to offer his opinions concerning the Plaintiff's loss of vital signs and cardiac arrest. A witness must have "specialized knowledge," meaning "something more than a subjective belief or unsupported speculation," to be qualified to render opinions. *See e.g. Daubert,* 509 U.S. 579. Circuit courts hold consistently that general expertise in a broad field is insufficient; a proffered expert must have special qualifications in the *specific field* in which he is offering an opinion. *Graham v. Wyeth Labs,* 906 F.2d 1399, 1408 (10th Cir.1990). And where an expert is attempting to testify outside of his area of expertise, his testimony is unreliable and should not be admitted. *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.,* 254 F. 3d 706, 714– 15 (8th Cir. 2001).

Dr. Wetli is a trained forensic pathologist who examines an individual's body post-mortem to determine their cause of death. Ex. C and Ex. D, 18:4-12. All of Dr. Wetli's opinions are based

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 5:16-cv-14413
Motion to Strike Dr. Wetli

on his experience as a pathologist and his knowledge of the topic of "excited delirium" as a cause of death. However, Dr. Wetli has no experience, training, or education in determining if a patient is experiencing symptoms consistent with excited delirium nor has he ever clinically determined whether such symptoms can lead to a cardiac arrest and ultimately a persistent vegetative state.

Dr. Wetli testified, and his Curriculum Vitae shows, that he has no education, training or experience as a toxicologist, neurologist, cardiologist, pulmonologist – all specialties that are capable of clinically capable of determining a cardiopulmonary arrest. Ex. C & Ex. D, 19:14-25, 20:1-8. He also testified that he has no experience examining patients in a clinical setting. Ex. D, 20:3-11. Dr. Wetli admitted that the purpose of forensic pathologist is to determine the cause of sudden natural and unnatural death. *Id.* at 18:2-12. Further, he testified that "medical examiners generally cannot get involved" in those cases where the purpose is to determine the cause of someone's condition who is still living. *Id.* at 23:3-8. The Plaintiff has not died and, thus no autopsy was performed to determine the cause of his death. *Id.* at 19:8-13.

This case is similar to the court striking plaintiff's expert in *Leroux v. NCL (Bahamas) Ltd.,* 2017 WL 2645755 *6 (S.D. Fla. June 2017), where the court held the expert was not qualified on the topics proffered, and there was no reliable methodology used because the expert failed to explain how his experience led to the conclusions he reached. In *Leroux,* the stricken expert had been previously qualified by the court in other cases for other topics. *Leroux,* 2017 WL 2645755 at *7 (although the expert has been qualified to testify as an expert in the past, this is not the end of the qualification analysis because the proffered expert must be an expert in the subject matter about which he proposes to testify). However, the court held that the expert was

8

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

not qualified on the topic proffered in that particular case, and it did not matter that the expert

was previously qualified in other cases. *Id.* The court found that just because an expert may be

qualified to investigate one type of incident on a cruise ship does not make him an expert in all

instances. Like the expert in *Leroux,* there is no evidence in Dr. Wetli's background that he is

qualified to give the opinions set forth in his Report. *Id.*

Dr. Wetli admitted that the last time he testified regarding the cause of a living

individual's condition he was stricken as an expert witness because, as in this context, the Judge

ruled that a "medical examiner, a forensic pathologist only deals with dead people; therefore,

…[he can't] testify. Ex. D, 17:7-17. Dr. Wetli, by his own admission, and based on his education,

training, and experience is unqualified to render opinions as to a living person's cause of their

current physical condition. Ex. C, 17:7-17.

b.  **Dr. Wetli's opinions regarding Plaintiff's cause of cardiac arrest is unreliable**

Dr. Wetli's testimony is unreliable and not based on any clinically accepted medical

principles or methodology as required by *Daubert*.  His only experience in classifying someone

with excited delirium is in the context of a pathologist who examined individuals after death in

which he ruled excited delirium as the cause of death. The term excited delirium is a term that is

used almost exclusively in the context of deaths that have occurred without a known identifiable

cause of death. It is not recognized as a genuine mental health condition by the American Medical

Association or the American Psychological Association. Excited delirium is not found in the

Diagnostic Statistical Manual of Mental Disorders or the World Health Organization's

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

International Classification of Diseases. It is not a disease and at best is a constellation of symptoms.

      Dr. Wetli admitted that excited delirium is only determined after an autopsy fails to reveal evidence of sufficient trauma or natural disease to explain the death. *Id.* at 36:4-23. He went on to testify that if the person is still living a person is not deceased, he or she may or may not have some kind of physical condition that may have caused the excited delirium, but basically he or she had excited delirium. *Id.* at 37:1-10. Such opinions are akin to an expert saying trust me I'm an expert, but Dr. Wetli fails to describe any scientific methodology to arrive to such conclusions. Dr. Wetli is attempting to do what *Daubert* was designed to keep out of the courts and that is saying rust me I'm an expert. *Id.*

      In C*ooper v. Marten Transport, Ltd.*, 539 Fed. Appx. 963 (11th Cir. 2013), the court excluded an expert's testimony because his methodology was to simply rely upon his years of experience. The court in the Cooper case found that the expert, like Dr. Wetli, had generated his opinion "by learning and thinking about the . . . case and reaching a conclusion." Id. at 965. The Cooper court found that the expert's methodology was unreliable because, as with Dr. Wetli's testimony in the present matter, the method "amounted to asking the district court simply to 'take the expert's word for it.' *See Hendrix*, 609 F. 3d at 1201." *Id.* at 966. Both the *Hendrix* and *Cooper* courts have "repeatedly cautioned [that] nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Id.*

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

Dr. Wetli failed to account for or even recognized the Plaintiff's compromised respiratory state, the trauma he endured by the officers, and the administration of lorazepam in arriving to his conclusions. All of which are sufficient enough to show he had other reasonable reasons as to why he entered into a cardiac arrest and certainly contradict his agreement to the proposition that excited delirium is a diagnosis that is arrived to by process of elimination. A process which he failed to perform and, thus makes his opinions unreliable as he stated in his own testimony – if you don't have all the facts and render an opinion than your opinion can be unreliable. Ex D, 24:7-11.

Further, assuming arguendo that the Plaintiff was suffering from excited delirium, Dr. Welti's bases all of his opinions on the assumption that the Plaintiff had a sudden loss of all vital signs attributed to excited delirium secondary to a stimulant or hallucinogenic type drug in his system which is not supported by any of the evidence and is speculative at best. Ex. B., p. 3. Dr. Wetli agreed that the toxicology report showed that the Plaintiff did not have the presence of any drugs that are stimulants or that would cause someone to be agitated, but still concluded that the Plaintiff's excited delirium was secondary to drug ingestion. Ex. B, p. 3 & Ex. D, 42:18-21; 53:2-9. The EMS documents only showed that at a certain time the Plaintiff was no longer breathing and had no pulse. Ex. E, EMS Report. It did not show the regression the Plaintiff had in his respiratory state from time the officers began inflicting severe blows to the Plaintiff through the administration of lorazepam. The testimony of Defendant Clay Mangrum showed that prior to the arrival of EMS the Plaintiff became unresponsive and was placed in a recovery position before the administration of Ativan. Ex. F, Depo. of Mangrum, 75:20-25, 76:1-8.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

In *McClain v. Metabolife International, Inc*., 401 F.3d 1233 (11u1 Cir. 2005), the testimony of the expert under scrutiny, like Dr. Wetli's deposition testimony and Report, was ambiguous and equivocal testimony attempting to explain the basis for his opinions. In *McClain*, just as in the present matter, the expert's lack of testimony to support his conclusions, combined with his vague testimony about his opinions in support of those opinions left "a muddle of ambiguity that undermines his opinions." *Id*. at 1241. The *McClain* court found the expert's testimony insufficiently specific to reach a reliable opinion, and the Court must find the same regarding Dr. Wetli's testimony

Dr. Wetli based all of his opinions on facts that simply do not exist in this case and his conclusions are based on data presented in other cases which he has reviewed as a pathologist performing autopsies rather than on clinical data presented in this case. His conclusion that the Plaintiff suffered from excited delirium secondary to drug use is wholly speculative when the evidence shows he had no drugs in his systems. He consulted with no clinical specialists in coming to his conclusions and fails to use any scientific reasoning to provide a reasonable medical basis for his assertion. Ex D, 45:11-14.

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this Court grant its motion to strike Defendants' forensic pathologist expert, Dr. Wetli, as being unqualified or, in the alternative, to exclude all his opinions has being unreliable and not in accordance with the standards set forth in *Daubert*, and for any other relief deemed just and proper.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

## <u>7.1(a)(3) STATEMENT</u>

Plaintiff's counsel has conferred with all defense counsel in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via electronic filing using the CM/ECF system with the Clerk of the Court, which sends e-mail notification of such filing to all CM/ECF participants in this case, on this  6th day of October, 2017.

/s/ DARRYL L. LEWIS
DARRYL L. LEWIS
Florida Bar No.: 818021
Attorney E-Mail(s):  dll@searcylaw.com and
axs@searcylaw.com
Primary E-Mail: _lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiff(s)

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Motion to Strike Dr. Wetli

## COUNSEL LIST

Summer M. Barranco, Esquire
summer@purdylaw.com; melissa@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Phone: (954)-462-3200
Fax: (954)-462-3861
Attorneys for Ken Mascara

Benjamin W. Newman, Esquire
Ben.Newman@wilsonelser.com; Leah.Rover@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N Orange Avenue, Suite 1200
Orlando, FL  32801
Phone: (407) 203-7592
Fax: (407) 648-1376
Attorneys for Port St. Lucie Fire Rescue

Hugh L. Koerner, Esquire
hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
3475 Sheridan Street, Suite 208
Hollywood, FL  33021
Phone: (954)-522-1235
Fax: (954)-522-1176
Attorneys for Tavares Docher