**2 Berkery Place**
**Alpine, NJ**
**07620-0398**

**201-750-8220**

**CHARLES V. WETLI, MD** ========================
*FORENSIC PATHOLOGIST*                         *CharlesVWetli@gmail.com*

17 August 2017

Mr. Bruce Jolly, Esq.
c/o Purdy, Jolly, Giuffreda & Barranco, P.A.
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL 33304

Re:  Tavares Docher v. Ken J. Mascara, et al (your file no. SL 14-10)

Dear Mr. Jolly:

Regarding the incident involving Mr. Tavares Docher on May 11, 2014, the following
items were reviewed:

> Amended Complaint
> Police Reports
> Report of St. Lucie County Fire District
> St. Lucie Medical Center Records (admissions of 5/11/14 and 5/15/14)
> Records of Palm West Hospital  (5/13/14 admission)
> Records of Kindred Hospital, Ft. Lauderdale, FL
> Intake Psychological Screening Report (3/01/12), State of Florida Department of
>     Corrections
> Prehospital Care Report Summary, Pomano Beach (2/15/14)
> Reports of McAlary, Tucker, and Sterba (05/27 and 07/25, 2017)
> Depositions of Rosario, Robinson, Newman, Mangrum, Sinclair, M. Kanhai,
>     and A. Kanhai.
> (Note: additional items such as audio statements and video recordings were
> provided but not listed since they were not particularly helpful.)

Very briefly, Mr. Tavares Docher was a 29 year old man who entered a pharmacy stating
that, among other things, Arabs were out to kill him and his mother. Police responded to
the scene and Mr. Docher appeared alternately coherent and bizarre in his expressions.
Initially he was handcuffed without incident but after being placed into a police vehicle
he became combative and exhibited surprising strength and endurance. Emergency

**COMPOSITE EXHIBIT B**

medical units also responded to the scene and, because of his continued combativeness, a 4mg dose of lorazepam was given intramuscularly into his buttocks. Moments later he lost all vital signs. Resuscitative measures were successful in restoring vital signs. However, he remains in a persistent vegetative state. Toxicological screening at the hospital revealed a 0.038% blood alcohol concentration and he was positive for cannabinoids but no other drugs in the panel. During his initial encounter with the police he admitted to consuming an alcoholic beverage but denied ingesting any drugs. At issue is the cause of his loss of vital signs.

Mr. Docher had many of the features of an entity known as agitated or excited delirium. These include delusional expressions, intense paranoia, and increased strength and stamina. The syndrome is often accompanied by being impervious to pain, inappropriate disrobing and hyperthermia. Sudden loss of vital signs may occur generally after the individual is restrained, and the terminal heart rhythm is invariably asystole (absence of both mechanical and electrical activity of the heart) or pulseless electrical activity (residual electrical activity but no mechanical activity of the heart). Should vital signs be restored, death usually occurs within a few days despite medical support. On rare occasions, as with Mr. Docher, a persistent vegetative state may occur. The causes of excited delirium today are generally the ingestion of stimulant or hallucinogenic drugs. In this case, the hospital drug screen was negative except for the presence of cannabinoids. However, many drugs are not detected in routine toxicological screening panels, particularly "designer drugs" such as synthetic cannabinoids. Hence, ingestion of a stimulant or hallucinogenic drug has not been excluded as a cause of the excited delirium syndrome in Mr. Docher. Another cause of excited delirium is untreated or undertreated mental illness, particularly schizophrenia or bipolar disorder. However, from the records examined, there is no established diagnosis of mental illness for Mr. Docher. The sudden loss of all vital signs in excited delirium is thought to be related to a severe drop in the blood pH due to the accumulation of lactic acid as a result of the intense and prolonged struggle, coupled with a surge of the hormone nor-epinephrine which is known to result in cardiac arrest upon cessation of strenuous activity.

The sudden loss of vital signs in this case occurred moments after the intramuscular administration of 4mg of lorazepam, and the possibility of a causal relationship must be considered. The dose of 4mg is high but in the dosage range for intramuscular injection. For the drug to have acted so drastically moments after the injection it would have had to have been injected intravenously. While this might be theoretically possible, there are no significant large veins in the buttocks where such an occurrence would be likely. Also, the effect of an overdose of lorazepam would be one of respiratory depression. Sudden cessation of respiration along with cardiac arrest would not be expected. This does, however, occur with excited delirium.

It should be noted that the term "excited delirium" is not exclusively in the domain of police agencies or emergency medical responders. It is described in the DSM (diagnostic psychiatric manual) although the term itself is not used. The syndrome has been formally recognized by the National Association of Medical Examiners, and by the American College of Emergency Physicians who have published a "white paper" on the subject

along with treatment recommendations. Since excited delirium is always secondary to something else (drugs, mental illness, infection) it would not be listed as a disease entity by the American Medical Association.

It is therefore my opinion to a degree of reasonable medical certainty that Mr. Tavares Docher had excited delirium which resulted in his sudden loss of vital signs and, because of medical treatment, he entered into a persistent vegetative state. The cause of the excited delirium is unknown, but is probably secondary to drug ingestion. There is no support for a contribution to the loss of vital signs by the administration of lorazepam. Likewise, there is no evidence that the actions of the police caused or contributed to the sudden loss of vital signs.


Yours Truly,

Charles V. Wetli, MD