UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

       Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

       Defendants.
_____/

CASE NO.: 2:16cv14413

## DEFENDANT COURTEMANCHE'S MOTION FOR SUMMARY JUDGMENT
## (AND MEMORANDUM OF LAW)

The Defendant, WADE COURTEMANCHE, individually, by and through undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, files this his Motion for Summary Judgment[1] (and Memorandum of Law), and as grounds therefore would state as follows:

1. This federal civil rights lawsuit stems from an incident which occurred in the early evening of May 11, 2014. As a result of the incident, Plaintiff brings multiple federal and state law claims against the various defendants.

2. At issue here for purposes of this Motion is Count IX which is brought against the Defendant Courtemanche in his individual capacity only.

---

[1] Pursuant to this Court's Order [DE 11], the Defendants have filed contemporaneously herewith a separate Statement of Material Facts in support of their Motions for Summary Judgment.

3. Based upon the pleadings in the file, the depositions, record evidence, and the exhibits filed herewith, the undisputed facts establish that the Defendant Courtemanche is entitled to summary judgment in his favor as a matter of law on Count IX of the Second Amended Complaint as he at no time violated Plaintiff's clearly established constitutional rights.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Defendant Courtemanche's Motion for Summary Judgment.

FURTHER, and in support of this Motion, the Defendant Courtemanche would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

### ARGUMENT

The standard of review which must be applied by the Court is contained in Rule 56(a) of the Federal Rules of Civil Procedure which reads in pertinent part as follows:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, in this case, the Plaintiffs. The plaintiff is then required to come forward with sufficient evidence to rebut the showing with affidavits or other relevant and admissible evidence. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. See Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). See also Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (Plaintiff must produce specific facts showing that there is a genuine issue for trial). Furthermore, summary

judgment is appropriate even if "some alleged factual dispute" between the parties remains, so long as there is "no genuine issue of material fact." Scott v. Harris, 550 U.S. at 380, 127 S.Ct. at 1776 (quotation marks and citation omitted).

## STATEMENT OF THE LAW REGARDING QUALIFIED IMMUNITY

In order for Plaintiff to recover against the Defendant Courtemanche in his individual capacity, Plaintiff must demonstrate that the Defendant Courtemanche violated Plaintiff's constitutional rights and therefore is not entitled to qualified immunity. The qualified immunity defense protects governmental officials from suit in their individual capacities for acts based on the use of their discretion. See Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). Qualified immunity affords broad protection to "all but the plainly incompetent or those who knowingly violate the law." See Malley v. Briggs, 475 U.S. 335, 341 (1986); Hutton v. Strickland, 919 F.2d 1531, 1537 (11th Cir. 1990); Tillman v. Coley, 886 F.2d 317 (11th Cir. 1989); White v. Pauly, ___ U.S. ___, 137 S.Ct. 548, 196 L.Ed2d 463 (2017).

The Supreme Court of the United States has indicated that:

> Such officials as police officers or prison wardens, to say nothing of higher level officials who enjoy only qualified immunity routinely make close decisions in the exercise of the broad authority that necessarily is delegated to them. These officials are subject to a plethora of rules, often so voluminous, ambiguous, and contradictory, and in such flux that officials can comply with them only selectively . . . . In these circumstances, officials should not err always on the side of caution.

Davis v. Scherer, 468 U.S. 183, 196 (1986).

In Harlow, supra, the United States Supreme Court applied an objective test regarding government officials performing discretionary duties, and specifically noted:

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

3

This objective test clearly gives trial courts greater flexibility in disposing of claims on summary judgment.  See Harlow, supra, at 818.

Qualified immunity presents a question of law for the court regardless of which stage of the procedure, if a determination must be made.  See Dartland v. Metropolitan Dade County, 866 F.2d 1321 (11th Cir. 1989).  The burden of proof on the defense of qualified immunity is allocated as follows:

First, it is the obligation of the defendant who claims that his or her action is qualifiedly immune to demonstrate that his or her actions were taken within the scope of his or her discretionary authority.  Here there is no dispute that the Defendant Courtemanche was acting as a law enforcement officer in any contact he had with Tavares Docher. (See Second Am. Compl. pg. 3/¶8). Therefore the Defendant Courtemanche was performing discretionary functions. When the initial burden of the defendant public official has been met, it is then incumbent upon the plaintiff to demonstrate that the defendant public official acted in bad faith, i.e. "violated clearly established constitutional law." See Brosseau v. Haugen, 543 U.S. 194 (2004).  The United States Supreme Court has recently reiterated the fact that: "'Clearly established law' should not be defined at a high level of generality...the clearly established law must be particularized to the facts of the case." See White v. Pauly, 137 S.Ct. 548, 552 (internal citations omitted).

Furthermore, the resolution of the qualified immunity issue in the Eleventh Circuit is controlled by the state of the law as found in the opinions issued by the following courts:  the United States Supreme Court, the Eleventh Circuit Court of Appeals, and the Florida Supreme Court.  See Vineyard v. Wilson, 311 F.3d 1340, 1351 n.22 (11th Cir. 2002).  In addition, the qualified immunity analysis is dependent upon the state of the law **at the time** the officer allegedly violated the decedent's constitutional rights; in this case, May 11, 2014.  Consequently, opinions of the courts

decided **after** the date of the alleged constitutional violation do not clearly establish the law as to that particular constitutional issue for the purpose of denying qualified immunity. However, such opinions are helpful in determining whether a particular defendant is entitled to qualified immunity.

### Count IX: Violation of Section 42 U.S.C. 1983 Against Deputy Courtemanche

Plaintiff alleges in the Second Amended Complaint that Deputy Courtemanche violated his First Amendment "right to be heard" when he requested that the bystanders located in close proximity to the location where Deputies Newman, Mangrum and Robinson were involved in a struggle with the Plaintiff to stop recording on their cell phones and leave the area. (See DE 60 - Second Am. Complaint, ¶92).

Plaintiff, in the Second Amended Complaint, cites to an Eleventh Circuit case, Amnesty Intern., USA v. Battle, 559 F.3d 1170 (11th Cir. 2009), for the proposition that the Plaintiff had a clearly established "right to be heard under the First Amendment." (See DE 60 -Second Am. Complaint pg. 22, ¶90). In Amnesty, the Plaintiff obtained a permit from the City of Miami Police Department to conduct a protest at the Torch of Friendship located inside Bayfront Park in Miami, a public park. Id. at 1175. When the time came for the protest, law enforcement officers prevented members of the public from approaching a distance of less than 50 to 75 yards of the Torch of Friendship, thus preventing members of the public from being able to see or hear the demonstration taking place. Id. After noting that the question of whether Amnesty had a right to have an audience and be heard at its demonstration presented difficult question with no case-law directly on point (typically a prerequisite to divest a government official of the protections of qualified immunity), the Eleventh Circuit announced that the Defendants had fair notice of Amnesty's right to be heard, to protest, and to be heard while doing so. Id. at 1184-85.

Implicit in the Eleventh Circuit's ruling in Amnesty is the importance of one critical factor

which is absent from the case at bar: that the demonstration at issue in Amnesty took place in a public park. Here, Plaintiff's First Amendment rights were allegedly violated in the parking lot of a CVS, a private business. Unless a privately owned business has been dedicated to public use, there is no entitlement to exercise First Amendment rights therein. Lloyd Corp., Limited v. Tanner, 407 U.S. 551, 568 (1976). In Lloyd, the Supreme Court examined the contours of the First Amendment vis-a-vis private businesses, specifically a large shopping center in that case. In rejecting the argument that the shopping center should be treated as a public forum since it is open to the public and serves the same purposes of a municipality, the Supreme Court noted that "property does not lose its private character merely because the public is generally invited to use it for designated purposes." Id.

The CVS parking lot is not a public place within the meaning of the First Amendment, thus Plaintiff had no entitlement to exercise his First Amendment rights there. See Ortiz v. Browne, 3:08-CV-1522(PCD), 2009 WL 952098, at *1-2 (D.Conn. Apr. 7, 2009) (holding that a Plaintiff had no entitlement to exercise First Amendment rights inside a Starbucks absent a showing that the Starbucks had been dedicated to public use). Even if this Court is inclined to craft such a right here, Defendant Courtemanche would be entitled to qualified immunity since the law was not clear on May 11, 2014 that such a right existed.

The motion should be granted.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com, **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com, and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **6th** day of October, 2017.

        PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
        Attorneys for Defendants Newman, Mangrum, Robinson, Courtemanche and Sheriff
        2455 East Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone (954) 462-3200
        Telecopier (954) 462-3861
        Email: summer@purdylaw.com
               melissa@purdylaw.com

BY    *s/ Summer M. Barranco*
       SUMMER M. BARRANCO
       Fla. Bar No. 984663