UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through                        CASE NO.: 2:16cv14413
JANICE DOCHER-NEELEY, his mother
and legal guardian,

        Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendants.
_____/

## DEFENDANT SHERIFF'S MOTION FOR SUMMARY JUDGMENT
### (AND MEMORANDUM OF LAW)

The Defendant, KEN J. MASCARA, in his official capacity as Sheriff of St. Lucie County

Florida, pursuant to Rule 56 of the Federal Rules of Civil Procedure files this his Motion for

Summary Judgment[1] (and Memorandum of Law), and in support thereof would state as follows:

### INTRODUCTION

1. This federal civil rights lawsuit stems from an incident which occurred in the early evening

of May 11, 2014. As a result of the incident, Plaintiff brings two state law claims against the Sheriff

in his official capacity.

2. At issue here for purposes of this Motion are:

---

[1]Pursuant to this Court's Order [DE 11], the Defendants have filed contemporaneously
herewith a separate Statement of Material Facts in support of their Motions for Summary Judgment.

1

Count XIII-State law false arrest claim against the Sheriff and

Count XV-State law battery claim against the Sheriff

3. For the reasons outlined below, Defendant Sheriff is entitled to summary judgment.

WHEREFORE, it is respectfully requested, that this Honorable Court grant the Defendant Sheriff's Motion for Summary Judgment.

FURTHER, and in support of this Motion, the Defendant Sheriff would refer this Honorable Court to the Memorandum of Law incorporated herein and by reference made a part hereof.

## MEMORANDUM OF LAW

### I.     STANDARD OF REVIEW

The standard of review which must be applied by the Court is contained in Rule 56(a) of the Federal Rules of Civil Procedure which reads in pertinent part as follows:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, in this case, the Plaintiffs.  The plaintiff is then required to come forward with sufficient evidence to rebut the showing with affidavits or other relevant and admissible evidence.  See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.), cert. denied, 112 S.Ct. 913 (1992).  It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict.  See Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990).  See also Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (Plaintiff must produce specific facts showing that there is a genuine issue for trial.).

## II.      ARGUMENT AND CITATIONS OF AUTHORITY

### COUNT XIII-State Law False Arrest

Probable cause is an affirmative defense to a claim of false arrest.  See LeGrand v. Dean,

564 So.2d 510 (Fla. 5th DCA 1990); Miller v. City of Jacksonville, 603 So.2d 1310, 1311 (Fla. 1st

DCA 1992).  The existence of probable cause constitutes an absolute bar to an action for false

arrest under Florida Law.  See Bolanos v. Metropolitan Dade County, 677 So.2d 1005 (Fla. 3rd

DCA 1996). Probable cause is a question of law to be answered by the Court and not a question

of fact to be decided by a jury.  See LeGrand, supra.[2]  If the arrest of Plaintiff Docher was

supported by probable cause, Plaintiff can not succeed on his claim.

> Probable cause is a fluid concept.  It affords law enforcement officers some
> latitude for error.  To determine whether probable cause exists in a case, the court
> must examine the totality of circumstances.  Focusing on the totality of
> circumstances requires an assessment of probabilities in that particular factual
> context.  These probabilities are the factual and practical considerations of every
> day life on which reasonable and prudent men, not legal technicians, act.  Because
> of its fluid nature, no formula can precisely determine probable cause.  Rather, it
> is the probability, and not a prima facia showing, of criminal activity that is the
> standard of probable cause.  Within these parameters, a court can state that
> probable cause exists where an officer has reasonable grounds to believe that the
> suspect has committed a felony.  The standard of conclusiveness and probability is
> less than that required to support a conviction.

City of Clearwater v. Williamson, 938 So.2d 985, 988-89 (Fla. 2nd DCA 2006) [internal quotes

and citations omitted].  A defendant in a false arrest action does not need to prove that he knew

facts that would absolutely prove beyond a reasonable doubt the guilt of the person charged.  See

Florida Game and Freshwater Commission v. Dockery, 676 So.2d 471, 474 (Fla. 1st DCA 1996)[3].

---

[2]Additionally, the existence of probable cause is an issue of law for the court, not for expert witnesses, to decide. Brescher v. Pirez, 696 So.2d 370, 375 n. 2 (Fla. 4th DCA 1997)

[3]Moreover, if probable cause exists to support an individual's arrest for *any crime*, it is irrelevant that the labeled charge lacks probable cause. Hoskins v. State, 208 So.2d 145 (Fla. 3rd

To the contrary, the facts and circumstances sufficient to support a finding of probable cause are much less than the facts and circumstances necessary to convict on the same charge.  See Lee v. Geiger, 419 So. 2d 717, 719 (Fla. 1st DCA 1982).  "An officer...need not take every conceivable step...at whatever costs, to eliminate the possibility of convicting an innocent person.  In order to establish the probable cause necessary to make a valid arrest,...it is not necessary to eliminate all possible defenses."  Rankin v. Evans, 133 F.3d 1425, 1435-36 (11th Cir. 1998)[4].

In evaluating the existence of probable cause, hindsight should not be used.  See McCoy v. State, 565 So. 2d 860, 861 (Fla. 2d DCA 1990).  Facts and circumstances outside the arresting officer's knowledge and facts and circumstances learned subsequent to the arrest will not disturb probable cause that existed at the time of arrest.  See Dodds v. State, 434 So. 2d 940, 941 (Fla. 4th DCA 1983). Hence,  the outcome of the criminal proceedings is irrelevant as the fact that a criminal defendant is subsequently acquitted or that charges are dropped is of no consequence in determining the validity of the arrest itself. See Marx v. Gumbinner, 905 F.2d 1503, 1507 (11th Cir. 1990); See also Trivette v. State, 244 So.2d 173 (Fla. App. 1971); Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla. 3rd DCA 1982).  Moreover, even if Plaintiff's behavior was in fact innocent or perhaps supported by an innocent explanation, the focus of the probable cause inquiry is upon the conclusions a reasonable police officer would make based upon the knowledge of Deputies Newman, Mangrum and Robinson in light of the totality of the

---

DCA 1968), cert. denied, 214 So.2d 622 (Fla. 1968); State v. Cote, 547 So.2d 993 (Fla. 4th DCA 1989); Chaney v. State, 237 So.2d 281 (Fla. 4th DCA 1970); Thomas v. State,395 So.2d 280 (Fla. 3rd DCA 1981); see also U.S. v. Saunders, 476 F.2d 5 (5th Cir. 1973); Epstein v. Toys-R-Us Delaware, Inc., 277 F.Supp.2d 1266 (S.D.Fla. 2003), aff'd w/o opinion, 116 Fed. Appx. 241 (11th Cir. 2004).

[4]The standard for determining the existence of probable cause is the same under both Florida and federal law. See Rankin, supra at 1433.

circumstances and their experience as law enforcement officers.  LeGrand, supra; Sussman v. Daytona Beach, 462 So.2d 595 (Fla. 5th DCA 1985); Marx, supra; Rankin, supra and Beck v. Ohio, 379 U.S. 89 (1964); see also State v. Melendez, 392 So. 2d 587, 588-89 (Fla. 4th DCA 1981)(the test of probable cause is not what reaction victims or judges might have but what the totality of the circumstances means to a reasonable police officer in the field).

Generally, a police officer is entitled to rely on a victim's criminal complaint as support for probable cause.  Rankin, supra at 1441; Martinez v. Simonetti, 202 F.3d 625, 634 (2nd Cir. 2000). This is true regardless of the ultimate veracity of the statement. Bernard v. U.S., 25 F.3d 98, 103 (2nd Cir. 1994); see also Grimm v. Churchill, 932 F.2d 674 (7th Cir. 1991)(holding that statement by alleged victim to police regarding ethnic intimidation sufficient for probable cause); Gramenos v. Jewel Cos., 797 F.2d 432, 439 (7th Cir. 1986)("When an officer has received information from some person–normally the putative victim or an eye witness–who it seems reasonable to believe is telling the truth, he has probable cause.") (internal quotations and citation omitted)); Bryant v. Noether, 163 F.Supp. 2d 98, 108 (D.N.H. 2001)("Although not a per se rule, a victim's statement will generally suffice to support probable cause, absent some reason to doubt the victim's reliability."); Fla. Jur 2d Crim. Law § 77 (West 2003)("Information supplied by witnesses and victims may be sufficient by itself to constitute probable cause for an arrest; in this regard, citizen information need not be independently verified prior to making an arrest." (internal citations omitted)); U.S. v. Simpson, 484 F.2d 467, 468 (5th Cir. 1973)(per curiam)(holding that victim's statement to police that she had been kidnapped, assaulted and raped, and providing description of perpetrator and his location constituted probable cause for arrest).

In determining whether probable cause exists for an arrest, a court must make its

determination upon the facts <u>which were known to the arresting officer at the time of the arrest</u>. <u>Rankin</u>, 133 F.3d at 1433.  Probable cause determinations are not made from the perspective of the arrestee, in this case Tavares Docher. <u>Id</u>. Probable cause to arrest exists where the facts and circumstances within an officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed an offense.  <u>Marx</u>, <u>supra</u>. This standard is an objective one. There is no requirement that the arresting officer have a subjective belief in the guilt of the arrestee. <u>See</u> <u>Rankin</u>, <u>supra</u> at 1433.  Probable cause does not require overwhelmingly convincing evidence, but only "reasonably trustworthy information."  <u>Id</u> at 1506 (<u>citing</u> <u>Beck v. Ohio</u>, 379 U.S. 89, 91, 85 S. Ct. 223, 225-26 (1964)); <u>See also</u> <u>Trivette</u>, <u>supra</u> at 175; <u>Phelan</u>, <u>supra</u> and <u>LeGrand</u>, <u>supra</u>. Furthermore, "[b]ecause may situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. <u>Marx</u>, 905 F.2d at 1507 (citations omitted).  Probable cause must be judged not with a clinical detachment but with a common sense view to the realities of normal life.  <u>Id</u> at 1506.

The circumstances establishing probable cause for Plaintiff's detention have been detailed in Deputy Newman's Motion for Summary Judgment which is being filed contemporaneously herewith. If this Court grants summary judgment on Plaintiff's §1983 false arrest claim against Deputy Newman based on the existence of probable cause for any criminal offense, Defendant Sheriff would likewise be entitled to summary judgment on Plaintiff's state law false arrest claim.

## COUNT XV-STATE LAW BATTERY

Under Florida law, the use of excessive force by a deputy sheriff is considered to be a battery.  <u>See</u> <u>City of Miami v. Sanders</u>, 672 So.2d 46 (Fla. 3rd DCA 1996) (a battery claim for

excessive force is analyzed by focusing upon whether the amount of force used was reasonable under the circumstances); see also, F.S. Chapter 776 (2014).  If this Court grants the individual defendant deputies Newman, Mangrum and Robinson's Motions for Summary Judgment as to the federal claims for excessive force based on a finding that the use of force was reasonable under the circumstances, the Sheriff, sued in his official capacity, would likewise be entitled to summary judgment as to Count XV of the Second Amended Complaint.

The motion should be granted.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com, **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com, and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **6th**  day of October, 2017.

PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
Attorneys for Defendants Newman, Mangrum, Robinson, Courtemanche and Sheriff
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
Email: summer@purdylaw.com
       melissa@purdylaw.com

BY     *s/ Summer M. Barranco*
       SUMMER M. BARRANCO
       Fla. Bar No. 984663