UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  2:16cv14413

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).

_____/

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT WITNESS, TERRI STOCKHAM, M.S.F.S., PH. D.'S, OPINIONS REGARDING PSYCHOLOGICAL SYMPTOMS

The Plaintiff, Tavares Docher, by and through his undersigned attorney, pursuant to Federal Rules of Evidence 403 and 702, Local Rules 7.1 and16.1(j), hereby respectfully moves for an Order Striking Defendant Sheriff Officers' Expert Witness, Terri Stockham, M.S.F.S., Ph. D., a forensic toxicologist, for being unqualified to render any opinions as to the Plaintiff's state of mind, psychological condition, or symptoms consistent with a psychological diagnosis at the time of the incident as such opinions fall outside the purview and expertise of a toxicologist and, in support thereof, sates as follows:

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-CV-14413
Motion in Strike

## INTRODUCTION

This action arose due to the significant and permanent injuries the Plaintiff, Tavares Docher, sustained while in the custody of St. Lucie County Sheriff Officers and St. Lucie County Fire Department. On May 11, 2014, Plaintiff was confronted St. Lucie County Sheriff Officers in the parking lot of a CVS and placed under arrest by Defendant NEWMAN for the offense of disorderly intoxication, in the absence of probable cause that Plaintiff committed any criminal offense. Plaintiff was then handcuffed and searched without incident, and seated in the back of a police car with the door open. Plaintiff subsequently alighted from the police car and was immediately taken to the ground by the officers.

While Plaintiff was on the ground and handcuffed behind his back, Defendant NEWMAN, Defendant MANGRUM, and Defendant ROBINSON repeatedly  used punches, strikes, and blows with their elbows towards Plaintiff striking him all over his body and his head. Plaintiff arms were being bent in a 90 degree angle behind his back, while an officer was stepping and pushing on his back. These actions caused him to scream in pain and the inability to sufficiently inhale and exhale to provide oxygen to his body. During the use of force by the officer, Plaintiff remained handcuffed, face down, with a large pool of blood collecting by his head.

Prior to the arrival of paramedics, Plaintiff was placed in a recovery position by the officers on his side as he became nonverbal and unresponsive. Defendant ROSARIO, an EMT-Paramedic with St. Lucie County Fire District, responded to the incident location due to Plaintiff's injuries, including but not limited to his head laceration. Defendant ROSARIO was informed by deputies that Plaintiff was intoxicated by alcohol (ETOH). When Defendant ROSARIO approached

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-CV-14413
Motion in Strike

Plaintiff, he regained a moment of consciousness and moved his leg striking Defendant Rosario. Defendant ROSARIO then injected Plaintiff in the buttocks with 4 mg Ativan – the maximum dosage. Following the administration of Ativan, Plaintiff became  unresponsive, stopped breathing, and went into cardiac arrest. The Plaintiff contends that the excessive and unjustified actions of the Defendant Sheriff Officers and Defendant Rosario combined to cause the Plaintiff to become respiratory insufficient, enter into respiratory distress, and ultimately go into cardiac arrest. As a result, Plaintiff suffered a severe brain injury and is now in a permanent persistent vegetative state.

The Defendants retained a forensic toxicologist, Terri Stockham, M.S.F.S., Ph. D., who is expected to opine as to the psychoactive effects of THC and symptoms consistent with drug-induced psychosis. Ex. A, Defendant's Expert Disclosure & Ex. B, Stockham Report, p. 2, opinion #4. As evidenced by her report, Dr. Stockham is expected to testify that THC is a psychoactive substance which can cause paranoia. Ex. B.  She is also expected to opine that drug-induced psychosis is consistent with the behavior the Plaintiff exhibited while in police custody. *Id*. Those opinions outlined on page two, under Number 4 of her Report are outside of her specialty and fall solely under the expertise of a clinically trained psychologist or psychiatrist which Dr. Stockham is not.

Dr. Stockham, has no experience, education, or training as a qualified clinical psychologist or psychiatrist to recognize and diagnose symptoms consistent with the use of THC nor does she have the background to opine that certain behavior is consistent with a drug-induced

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-CV-14413
Motion in Strike

psychosis. Only clinically trained psychologists or psychiatrists are able to diagnose mental

disorders based on someone's behaviors. Such assertions by a forensic toxicologist are beyond

her expertise and must be excluded.

## <u>MEMORANDUM OF LAW</u>

### A.  Standard of Review

The admissibility of expert testimony is government by Fed. R. Evid. 702, which "assigns

to the Court the task of ensuring that an expert's testimony both rests on a reliable foundation and

is relevant to the task at hand." *Daubert v. Merrel Dow Pharms., Inc.,* 509 U.S. 579, 587 (1993).

This gatekeeping function is important to "ensure that speculative, unreliable expert testimony

does not reach the jury under the mantle of reliability that accompanies the appellation of expert

testimony." *Rink v. Cheminova, Inc.,* 400 F.3d 1286, 1291 (11th Cir. 2005). The Eleventh Circuit

refers to each of these requirements as the "qualifications," "reliability," and "helpfulness prongs.

*United States v. Frazier,* 387 F.3d 1244, 1260 (11th Circ. 2004). Moreover, "[i]t is to make certain

that an expert, whether basing testimony upon professional studies or personal experience,

employees in the courtroom the same level of intellectual rigor that characterizes the practices of

an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999).

The courts will only permit expert testimony if: (1) the expert is qualified to testify competently,

(2) the expert's methodology is sufficiently reliable, and (3) the testimony is helpful to the trier of

fact. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1107 (11th Cir.

2005).

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-CV-14413
Motion in Strike

To aid the trial court judges in determining whether proffered expert testimony is relevant and reliable, the Supreme Court set forth the following four factors for conducting a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue": 1) whether the theory or technique can be tested; 2) whether it has been subject to peer review and publication; 3) the known or potential error rates; and 4) general acceptance within a relevant scientific community. *Daubert,* 509 U.S. at 593-595; *see also Cooper v. Smith & Nephew, Inc.,* 259 F.3d 194, 199 (4th Cir. 2001).

Additionally, the party offering the expert testimony bears the burden of laying the proper foundation, and that party must demonstrate admissibility by a preponderance of the evidence. Fed. R. Evid. 702; *Rink,* 400 F. 3d at 1291-92. An expert opinion is inadmissible when the only connection between the conclusion and the existing data is the expert's own assertions, as we have here with Dr. Wetli. *See General Electric v. Joiner,* 522 U.S. 136, 146 (1997). This falls short of "general acceptance" prong of reliability." *Id.* The Defendants have failed to meet their burden in this case of satisfying the *Daubert* standard by a preponderance of the evidence as set forth more particularly below.

## B. Dr. Stockham is Unqualified to Render an Opinion Regarding Plaintiff's Behavior as Consistent with a Psychological Disorder

Dr. Stockham is a forensic toxicologist with no formal training, education, or experience as a clinical psychologist or psychiatrist. Her assertion that THC is a psychoactive substance that can cause a certain mental state falls outside the scope of her expertise. Ex B. Moreover, her

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-CV-14413
Motion in Strike

opinion that certain behavior exhibited by the Plaintiff is consistent with drug-induced psychosis

is again solely an opinion that a clinically trained psychologist or psychiatrist is permitted to opine

upon. *Id.* at p. 2. Dr. Stockholm does not possess the special knowledge and training the law

requires as it relates to determining the mental state of an individual or behavior that is consistent

with certain mental disorders. Accordingly, any of those psychological opinions must be stricken

as she is unqualified and lacks the requisite training, education, and experience.

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this Court

grant its motion to strike Defendants' forensic toxicologist expert, Dr. Stockham's, opinions as

to Plaintiff's mental state or psychological status as falling outside the scope of her expertise, and

for any other relief deemed just and proper.

## 7.1(a)(3) STATEMENT

Plaintiff's counsel has conferred with all defense counsel in a good faith effort to resolve

the issues raised in this motion and has been unable to do so.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via

electronic filing using the CM/ECF system with the Clerk of the Court, which sends e-mail

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-CV-14413
Motion in Strike


notification of such filing to all CM/ECF participants in this case, on this  6th day of October, 2017.


/s/ DARRYL L. LEWIS
DARRYL L. LEWIS
Florida Bar No.: 818021
Attorney E-Mail(s):  dll@searcylaw.com and
axs@searcylaw.com
Primary E-Mail: _lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiff(s)

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-CV-14413
Motion in Strike

## COUNSEL LIST

Summer M. Barranco, Esquire
summer@purdylaw.com; melissa@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL  33304
Phone: (954)-462-3200
Fax: (954)-462-3861
Attorneys for Ken Mascara

Benjamin W. Newman, Esquire
Ben.Newman@wilsonelser.com; Leah.Rover@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N Orange Avenue, Suite 1200
Orlando, FL  32801
Phone: (407) 203-7592
Fax: (407) 648-1376
Attorneys for Port St. Lucie Fire Rescue

Hugh L. Koerner, Esquire
hlklaw@hughkoerner.com
Hugh L. Koerner, P.A.
3475 Sheridan Street, Suite 208
Hollywood, FL  33021
Phone: (954)-522-1235
Fax: (954)-522-1176
Attorneys for Tavares Docher