UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

       Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

       Defendant(s).
_____/

CASE NO.: 2:16cv14413

**DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, MOTION IN LIMINE TO EXCLUDE UNPLEAD NEGLIGENT ALLEGATIONS**

    Defendants, JOSE ROSARIO ("Rosario") and ST. LUCIE COUNTY FIRE DISTRICT ("SLCFD") (referenced as "Defendants"), by and through undersigned counsel, hereby respectfully moves for an Order prohibiting Plaintiff's counsel or any of Plaintiff's witnesses from commenting on or testifying about alleged acts of negligence not alleged in the Complaint as this would cause undue prejudice to Defendants and in support states as follows:

    **I.**    **Facts of the Case**

    1.    On August 11, 2016, Plaintiff filed an Amended Complaint. The twenty count Amended Complaint asserted claims against Rosario and SLCFD. Specifically, Count X (First Amendment Retaliation against Rosario), Count XI (Fourteenth Amendment Due Process),

Count XII (Fourteenth Amendment Deliberate Indifference), Count XIX (Negligence against SLCFD) and Count XX (Negligence against Rosario). [DE 001]

2. Count XIX of Plaintiff's Amended Complaint (Florida State Law Negligence Claim) states Rosario in the course and scope of his employment as an EMT Paramedic for SLCFD failed to use reasonable care towards Tavares Docher ("Docher") by injecting Ativan with knowledge that Ativan was contraindicated in intoxicated patients. (Am. Compl. ¶¶ 150-159). [DE 001]

3. Count XX of Plaintiff's Amended Complaint (Florida State Law Negligence Claim) states Rosario knew Docher was intoxicated, knew Ativan was contraindicated in intoxicated patients, and failed to use reasonable care towards Docher by injecting Docher with Ativan. (Am. Compl. ¶¶ 160-169). [DE 001]

4. On May 22, 2017, Plaintiff's expert, John A. Sterba, M.D., Ph.D, FACEP, FACFEI provided Plaintiff a written report summarizing his opinions. Dr. Sterba opined that Rosario additionally acted negligently by failing to obtain Tavares Docher's blood pressure, pulse oximetry, failing to administer high-flow oxygen by non-breather facemask, failing to contact Medical Control prior to using Ativan, failing to monitor patient while administering Ativan and after, failing to aspirate the needle prior to administering Ativan, failing to administer Ativan slowly (2mg per minute, failing to use physical restraints, using police hard restraints which are prohibited by EMS, failing to recognize the patient had head trauma and/or metabolic disturbance of acidosis which Ativan could cause an adverse effect, and violating EMS training and policies. A copy of Dr. Sterba's May 22, 2017, Expert Report is attached hereto as **Exhibit 1**.

5. On July 25, 2017, Plaintiff's expert, John A. Sterba, M.D., Ph.D, FACEP, FACFEI provided Plaintiff with an addendum to his May 22, 2017, a written report summarizing his opinions. Dr. Sterba further opined that Rosario additionally acted negligently by failing to assess Tavares Docher for respirator depression prior to administering Ativan; failing to assess if Tavares Docher was stable prior to administering Ativan and failing to apply cardiac monitoring (ECG) prior to administering Ativan. A copy of Dr. Sterba's July 25, 2017, Expert Report is attached hereto as **Exhibit 2**.

6. Plaintiff filed a Second Amended Complaint on June 6, 2017, after receipt of Dr. Sterba's May 22, 2017 Expert Report.

7. On June 1, 2017, Plaintiff filed her Amended Motion for Leave to File Second Amended Complaint. [DE 53].

8. On June 6, 2017, the Court upon hearing argument by the parties GRANTED Plaintiff's Amended Motion for Leave to File Second Amended Complaint. [DE 61].

9. On June 6, 2017, Plaintiff filed her Second Amended Complaint which added Count XXI against SLCFD for Custom, Policy and Practice under § 1983. [DE 60].

10. Count XIX of Plaintiff's Second Amended Complaint (Florida State Law Negligence Claim) again states Rosario in the course and scope of his employment as an EMT Paramedic for SLCFD failed to use reasonable care towards Docher by injecting Ativan with knowledge that Ativan was contraindicated in intoxicated patients. (2d Am. Compl. ¶¶ 150-158). [DE 60]

11. Count XX of Plaintiff's Second Amended Complaint (Florida State Law Negligence Claim) again states Rosario knew Docher was intoxicated, knew Ativan was

contraindicated in intoxicated patients, and failed to use reasonable care towards Docher by injecting Docher with Ativan. (2d Am. Compl. ¶¶ 159-168). [DE 60]

12. Plaintiff made the strategic decision not to plead any additional act of negligence against Rosario as set forth in Dr. Sterba's May 22, 2017, Expert Report. Nor did Plaintiff decide to amend her Complaint prior to the August 1, 2017, deadline to amend pleading to include any of additional acts of negligence against Rosario as set forth in Dr. Sterba's May 22, 2017, and July 25, 2017, Expert Reports.

13. The theories of negligence raised in Counts XIX and XX of the Second Amended Complaint are rooted in Florida law, thus Florida law should control. Under Florida law, it is axiomatic that a party may not be held liable on an issue that was neither pleaded nor tried by consent. *Robbins v. Newhall*, 692 So. 2d 947, 950 (Fla. 3rd DCA 1997); *Freshwater v. Vetter*, 511 So.2d 1114, 1115 (Fla. 2d DCA 1987) ("A judgment upon a matter entirely outside the issues made by the pleadings cannot stand, and such a judgment is voidable on appeal."). See also *Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.*, 537 So.2d 561, 563 (Fla.1988) (reaching a similar result in an action for legal malpractice).

14. Plaintiff could have added additional negligence allegations against Rosario in the Second Amended Complaint; however, Plaintiff strategically chose not to plead those allegations. Rosario and SLCFD do not consent to those issues being tried in this matter.

15. Therefore, this Court must preclude Plaintiff from arguing, claiming or presenting testimony regarding allegations of negligence which are not specifically plead in Plaintiff's Second Amended Complaint.

## II. MEMORANDUM OF LAW

It is well settled under Florida law, that a defendant cannot be found liable under a theory not specifically pled. *Arky,* 537 So.2d at 563; *see also Tamiami Trail Tours, Inc. v. Cotton,* 463 So.2d 1126, 1128 (Fla. 1985) (due process prohibited defendant from being liable on unplead theory first presented at charge conference after all evidence presented); *Sunbeam Television Corp. v. Mitsel*, 83 So.3d 865 (Fla. 3d DCA 2012) (reversible error to allow plaintiff to try unplead sex discrimination claim): *Triana v. M-Skock, Inc.,* 763 So. 2d 454, 458 (Fla. 3d DCA 2000) (trial court acted within in discretion in denying Plaintiff's request for jury instruction and interrogatory on unplead issue of adequate warnings); *Michael II Bloom, PA. v. Borta-Beqm,* 743 So.2d 1202, 1203 (Fla. 3d DCA 1999): *Robbins,* 692 So.2d at 950.

The law is clear that:

> Litigants at the outset of a suit must he compelled to state their pleadings with sufficient particularity for a defense to be prepared. Our growing, complex, society and diminishing resources mandate the requirement that litigants present all claims to the extent possible, at one time and one time only.

*Arky Freed,* 537 So.2d at 563.

An objection to an unpleaded theory of negligence is appropriately raised at trial contemporaneous to the introduction of the evidence of the unrelated claim, *or by a motion in limine immediately prior to the trial. Robbins*, 692 So. 2d at 950 (*emphasis added*). This Motion in Limine is an appropriately timed objection to the presentation of any evidence or argument concerning these unpleaded theories of negligence.

In the *Robbins* case, a patient plaintiff sued a plastic surgeon for medical malpractice specifically claiming in the complaint that the surgeon failed to use a proper surgical technique which resulted in excessive bleeding and required additional surgery, failed to appropriately

monitor the patient after the surgery, and failed to obtain a proper informed consent. 692 So.2d at 948. Prior to the trial of that matter, plaintiff took a videotaped deposition of her expert, who provided a new opinion about the surgeon had removed an excessive amount of cartilage during the surgery. *Id*. at 948-49. The surgeon's counsel objected at the start of trial to the presentation of any evidence regarding the new and unpleaded theory of liability based on excessive cartilage removal. *Id*. at 949. The trial court overruled the surgeon's objection, reasoning that the unpleaded claim was "embraced within the general negligence allegation" contained in the operative pleadings. *Id*. The trial court's decision to permit the presentation of this claim and evidence over the surgeon's objection was reversed by the Third District Court of Appeal, which explained that the claim of excessive cartilage removal was not subsumed within the acts of negligence enumerated in the pleadings. *Id*. at 950.

Similar to the *Robbins*, Dr. Sterba's theories of negligence are not subsumed or encompassed in Plaintiff's specifically enumerated acts of alleged negligence in the Second Amended Complaint.

The Florida Supreme Court's rationale in *Arky Freed*, as well as the holdings in the cases since, is equally applicable here. More than one year into this litigation and after being allowed the opportunity to amend her complaint, Plaintiff seeks to significantly expand the scope of her pleading. Plaintiff now attempts to inject additional unplead claims of negligence against Rosario into this litigation. As none of these alleged claims are pled in the Second Amended Complaint, Plaintiff should be precluded from trying these claims to the jury.

WHEREFORE, Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT hereby respectfully request the entry of an Order by this Honorable Court preventing Plaintiff from asserting or arguing any act of negligence at trial against these Defendants which

has not been plead in Counts XIX and XX in the Second Amended Complaint and any other relief the Court deems proper and just.

### 7.1(a)(3) STATEMENT

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and Plaintiff thereby objects.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on 6th day of October, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

/s/BENJAMIN W. NEWMAN
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:    (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendant, JOSE ROSARIO and
ST. LUCIE COUNTY FIRE DISTRICT