UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

       Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

       Defendant(s).
_____/

CASE NO.: 2:16cv14413

### DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, MOTION IN LIMINE TO LIMIT THE ADMISSIBILITY OF MEDICAL BILLS PAID BY MEDICAID

Defendants, JOSE ROSARIO ("Rosario") and ST. LUCIE COUNTY FIRE DISTRICT ("SLCFD") (collectively referenced as "Defendants"), hereby respectfully moves for an Order prohibiting the parties and all counsel and witnesses from mentioning, referring to, or attempting to convey to the jury in any manner, either directly of indirectly, the original amount of Plaintiff's medical bills. As grounds therefore, Defendants state:

**I.**    **Facts of the Case**

1. Plaintiff filed suit against various Defendants for claims arising out of an incident that occurred on May 11, 2014 (the "subject incident") in Port St. Lucie, Florida.

2. Specifically, Plaintiff has alleged claims against Rosario and SLCFD under 42 U.S.C. § 1983 and Florida state law.

3.     Through the course of discovery and investigation, billing records were obtained from medical providers who allegedly treated Tavares Docher ("Docher") as a result of the subject incident. According to those billing records, there were adjustments and/or write offs upon acceptance of payment in full from Medicare/Medicaid.

4.     Defendants anticipate that Plaintiff may attempt to advise the jury on the original total of Docher's medical bills alleged to have been incurred as a result of the subject incident. At the time of Docher's treatment, it appears that a portion of his healthcare costs were paid for by Medicaid.

5.     Docher's providers have accepted his assignment of Medicaid benefits and have agreed to a reduced amount as payment in full for their services. Therefore, Plaintiff should not be entitled to argue to the jury the original billed amount of Docher's healthcare costs. Only the reduced amount should be admissible.

## II.     Memorandum of Law

Plaintiff should not be entitled to introduce Docher's original medical bills into evidence. The amount claimed for healthcare expenses should be limited to the amount paid, not the amount billed. The issue of the admissibility of the amount of medical bills is an evidentiary issue which should be decided prior to submission to the jury. Allowing Plaintiff to attempt to place the full amount of bills before the jury would cause confusion in the minds of the jury and would certainly be more prejudicial than probative as it will result in Plaintiff receiving a windfall.

Because the principle that a plaintiff can only recover the discounted portion of Docher's medical expenses which he is obligated to pay is rooted in the common law, it should be applied to Plaintiff's federal claim under § 1983. Damages for violations of constitutional rights are

determined according to the principles derived from the common law of torts under § 1983. *Memphis Community School Dist. v. Stachura*, 106 S.Ct. 2537, 2542 (1986); *Hershell Gill Consulting Engineers, Inc. v. Miami-Dade County, Fla.*, 333 F.Supp.2d 1305, 1338 (S.D. Fla. 2004). The basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights. *Stachura*, 106 S.Ct. at 2543. Compensatory damages under § 1983 are "grounded in determinations of plaintiffs' actual losses." *Id*. Because Plaintiff is only obligated to pay the discounted medical bills, and not the full amount of those bills, the discounted amount of Docher's medical bills represents his actual loss and is the proper measure of his damages under § 1983.

The measure of compensatory damages in a tort action is limited to actual damages sustained by the aggrieved party. *Hanna v. Martin*, 49 So.2d 585, 587 (Fla. 1950). Florida law limits the compensatory damages a plaintiff can recover to only those damages necessary to restore the injured party to the position in which he would be had the wrong not been committed. *See Glades Oil Co. v. R.A.I. Mgmt., Inc.*, 510 So.2d 1193, 1195 (Fla. 4th DCA 1987). In addition, pursuant to Florida Statutes § 768.78(2)(b) Medicare/Medicaid write-offs and/or adjustments are not collateral source payments and cannot be set-off post-trial like other collateral source payments, *i.e*., private health insurance contractual discounts. *See Goble v. Frohman*, 901 So.2d 830, 833 (Fla. 2005); *See also Nationwide Mut. Fire Ins. Co. v. Harrell*, 53 So. 3d 1084, 1086-87 (Fla. 2009).

> Florida Statute § 768.76(2)(b) regarding collateral sources of indemnity states:
>
> Notwithstanding any other provision of this section, benefits received under Medicare, or any other federal program providing for a Federal Government lien on or right of reimbursement from the plaintiffs recovery, the Workers' Compensation Law, the Medicaid program of Title XIX of the Social Security Act or from any medical services program administered by the Department of Health shall not be considered a collateral source.

As a result of the express language of Florida Statute § 768.76(2)(b) the benefits that Docher received through Medicare/Medicaid, i.e. write-offs/adjustments, are **not** collateral sources. As a result, they can not be applied as a post-trial set-off against any damages award the Plaintiff may receive from the jury. *Cooperative Leasing, Inc. v. Johnson*, 872 So.2d 956, 960 (Fla. 2d DCA 2004); *See also Thyssenkrupp Elevator Corp. v. Lasky,* 868 So.2d 547, 550-51 (Fla. 4th DCA 2003). On Motion for Rehearing in *Thyssenkrupp*, the Fourth District Court of Appeal made clear that, as a result of these amounts being excluded from consideration as a collateral source, the medical bills written off and/or adjusted by the healthcare provider upon acceptance of full payment from Medicare/Medicaid are inadmissible as evidence of damages at trial as they are irrelevant. *Thyssenkrupp*, 869 So. 2d at 551; s*ee also Harrell*, 53 So.3d at 1086-87. It was for this reason that the Second District Court of Appeal found error in a trial court's denial of a defendant's motion *in limine* to prohibit admission of the written off amounts resulting from Medicare payments. *Cooperative Leasing, Inc. v. Johnson*, 872 So.2d 956, 960 (Fla. 2d DCA 2004).

In *Cooperative Leasing*, the Second District Court of Appeal held that the appropriate measure of damages for past medical expenses when a plaintiff has received Medicare benefits does not include the difference between the amount that the Medicare providers agreed to accept and the total amount of the plaintiff's medical bills. *Id*. As a result, it is reversible error for the trial court to deny a defendant's motion in limine to prohibit the plaintiff from introducing the gross amount of medical bills into evidence without reduction of the applicable amount of Medicare/Medicaid write-offs and/or adjustments. *Id*.

The First District Court of Appeal addressed this precise issue in *Harrell*, 53 So. 3d at 1085-87. There, the court held that an injured party is entitled to introduce into evidence the

gross amount of her medical bills, rather than the lesser amount paid by her private health insurer in full settlement of the medical bills. *Id*. They reasoned that their conclusion, which appears at first glance to be inconsistent with the holding(s) of *Thyssenkrupp* and *Cooperative Leasing*, is, in fact, consistent with those holdings and the Florida Supreme Court's holding in *Goble*. Specifically, the First District Court of Appeal distinguished reductions which are "earned" by payment of premiums by the plaintiff pursuant to a private insurance contract and those reductions which are not "earned" where bills are reduced based on the injured party receiving government benefits from Medicare/Medicaid. *Id*. The Court, through *dicta*, acknowledged its agreement with the legal authorities supporting the prohibition of evidence of those amounts of medical bills written off and/or adjusted by medical providers upon acceptance of payment in full by Medicare/Medicaid reductions. *Id.*

Here, Plaintiff received the benefit of substantial Medicare/Medicaid write-offs and/or adjustments. When a payor agrees to pay a specified reduced amount for services provided, and a healthcare provider agrees to accept a reduced amount and either agrees to or is required to "write off" the unpaid remainder, the patient then owes nothing to the provider. Thus, the amount "written off" either by agreement or requirement of the patient, provider and payor, is no longer reasonable or necessary. Therefore, following this rationale, the amount of medical bills actually paid or owed is the only amount which should be presented to the jury. The probative value of such evidence, if any, would be outweighed by the danger of unfair prejudice pursuant to Fla. Stat. §90.403. Accordingly, any argument, testimony, evidence or proof of these bills should be prohibited. Based on the foregoing law, it would be reversible error to allow this amount to be introduced as evidence of the Plaintiff's past medical expenses at trial. *Cooperative Leasing*, 872 So.2d at 960; *See also Harrell*, 53 So. 3d at 1085-87.

WHEREFORE, Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT hereby respectfully request the entry of an Order by this Honorable Court prohibiting the parties and all counsel and witnesses from mentioning, referring to, or attempting to convey to the jury in any manner, either directly of indirectly, the original amounts of Tavares Docher's medical bills, which were paid for by Medicare/Medicaid and any other relief the Court deems proper and just.

### 7.1(a)(3) STATEMENT

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and Plaintiff thereby objects.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 6th day of October, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

/s/BENJAMIN W. NEWMAN
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801

Phone: (407) 203-7599
Fax:    (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendants, JOSE ROSARIO and
ST. LUCIE COUNTY FIRE  DISTRICT