UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

CASE NO.: 2:16cv14413

### DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, MOTION IN LIMINE TO EXCLUDE GUIDELINES NOT IN EFFECT AT THE TIME OF THE ALLEGED INCIDENT

      Defendants, JOSE ROSARIO ("Rosario") and ST. LUCIE COUNTY FIRE DISTRICT ("SLCFD") (referenced collectively as "Defendants"), by and through undersigned counsel, hereby respectfully moves for an Order prohibiting Plaintiff's counsel or any of Plaintiff's witnesses/experts from commenting on or testifying about policies and procedures that would not have been in effect at the time of the alleged incident as this would cause undue prejudice to these Defendants and confusion to the jury. In support, Defendants state as follows:

    **I.**    **Facts of the Case**

    1.    Plaintiff filed suit against various Defendants for claims arising out of an incident that occurred on May 11, 2014, (the "subject incident") in Port St. Lucie, Florida.

2. This case was originally filed on August 3, 2016, in Florida state court against various Defendants, including Christopher Newman (Newman), Clayton Mangrum (Mangrum), Calvin Robinson (Robinson), Wade Courtemanche (Courtemanche), Ken J. Mascara (Mascara), Jose Rosario (Rosario) and St. Lucie County Fire District (SLCFD).

3. On August 11, 2016, Plaintiff filed an Amended Complaint. The twenty count Amended Complaint asserted claims against Rosario and SLCFD. Specifically, Count X (First Amendment Retaliation against Rosario), Count XI (Fourteenth Amendment Due Process), Count XII (Fourteenth Amendment Deliberate Indifference), Count XIX (Negligence against SLCFD) and Count XX (negligence against Rosario). [DE 001]

4. On September 21, 2017, the case was removed to the Southern District Court of Florida. [DE 1].

5. On June 1, 2017, Plaintiff filed her Amended Motion for Leave to File Second Amended Complaint. [DE 53].

6. On June 6, 2017, the Court upon hearing argument by the parties GRANTED Plaintiff's Amended Motion for Leave to File Second Amended Complaint. [DE 61].

7. On June 6, 2017, Plaintiff filed her Second Amended Complaint which added Count XXI against SLCFD for Custom, Policy and Practice under § 1983. [DE 60].

8. Plaintiff's expert, John A. Sterba, provides opinions in his May 22, 2017 and July 25, 2017 Expert Reports that SLCFD's training and policies and procedures fell below the national standard of care. Dr. Sterba also opines that Rosario failed to follow the SLCFD's policies and procedures in effect May 11, 2014. A copy of Dr. Sterba's May 22, 2017 and July 25, 2017 Expert Reports are attached hereto as composite **Exhibit 1**.

9. Captain Brian Gonzalez was deposed on May 22, 2017, as the corporate representative for SLCFD as to training, policies and customs. At Captain Gonzalez's deposition, Plaintiff's counsel marked as Exhibit 3 the Fourth Edition Emergency Medical Guidelines. *See* (Gonzalez Dep. 42:15-25, May 22, 2017). A copy of Captain Gonzalez's deposition transcript is attached hereto as **Exhibit 2**. Captain Gonzalez testified that the guidelines contained within Exhibit 3 of his deposition were a set of guidelines that SLCFD used to work under. *See* (Gonzalez Dep. 42:15-25). Additionally, he specifically testified that the Sedation Guideline contained within Exhibit 3 to his deposition was not in use on May 11, 2014. *See* (Gonzalez Dep. 45:9-46:2).

10. Defendants believe Plaintiff will attempt to introduce evidence of guidelines that were not in effect at the time of the subject incident. Defendants anticipate Plaintiff will attempt to improperly use these guidelines as evidence to try and prove Defendants were negligent at the time of the subject incident.

11. Defendants seek to exclude any evidence about guidelines that would not have been in effect at the time of the alleged incident because such evidence is irrelevant and it would confuse the jury. Furthermore, the probative value of any prior or subsequent guidelines is substantially outweighed by the danger of unfair prejudice to the Defendants.

**II.  Memorandum of Law**

The Court has broad discretion in determining the admissibility of evidence. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44053, 2007 WL 1752843, *1

(M.D. Fla. 2007) (citing *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)).

### A. The Court Should Exclude Evidence Of Policies And Procedures Not In Effect At The Time Of The Alleged Incident Because They Are Irrelevant

Under Fed. R. Evid. 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 further provides that while relevant evidence is admissible unless otherwise excluded, evidence which is not relevant is inadmissible.

The provisions of guidelines that were not in effect at the time of the subject incident would not assist any fact in this case. The existence of provisions contained within in those guidelines has no bearing on whether the guidelines in effect at the time of the subject incident were followed by Rosario and/or within the standard of care. Rosario would not have been following nor required to follow guidelines that were not in effect at the time of the subject incident. Further, outdated guidelines should not be considered when determining if Rosario acted reasonably. Prior and subsequent guidelines would be completely irrelevant to this case as it does not assist the jury on any issues to be tried.

### B. Evidence Of Policies And Procedures Not In Effect At The Time Of The Alleged Incident Is Unfairly Prejudicial And Will Likely Confuse And Mislead The Jury

Fed. R. Evid. 403 permits relevant evidence to be excluded if:

> "[i]ts probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations or undue delay, waste of time, or needless presentation of cumulative evidence."

"'Unfair prejudice' within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Adv.

Comm.'s Note, to Fed. R. Evid. 403; *Steger v. GE*, 318 F.3d 1066, 1079 (11th Cir. 2003); *Cauchon v. U.S.*, 824 F.2d 908, 914 (11th Cir. 1987).

In the unlikely event that this Honorable Court determines the prior and subsequent guidelines were relevant, the probative value of such evidence is far outweighed by the danger of unfair prejudice to Defendants. This case involves a paramedic Defendant working within the course and scope of his employment while administering Ativan per SLCFD's sedation guideline. The guideline that Rosario would have been following at the time of the subject incident could assist the jury in Rosario's actions. However, prior and subsequent guidelines will only confuse the jury and lead to extreme prejudice against these Defendants. The jury will be inclined to consider guidelines that have no bearing on this case. Furthermore, the jury will be misled to believe that Rosario should have been following prior or subsequent guidelines in attempt to prove Rosario acted negligently in this case. Such evidence will confuse the jury and confuse the issues.

### C. Evidence Of Subsequent Guidelines Are Prohibited Under FRE 407

Any comments regarding subsequent remedial measures or current guidelines not effect at the time of the subject incident are impermissible and prejudicial. Any evidence of subsequent remedial measures is precluded under Fed. R. Evid. 407 and 403. Rule 407 provides: "When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." Fed. R. Evid. 407. Any argument about what SLCFD does or has implemented now versus at the time of the subject incident is impermissible and should be excluded.

WHEREFORE, Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT hereby respectfully request the entry of an Order by this Honorable Court preventing Plaintiff from commenting on or testifying about policies and procedures that would not have been in effect at the time of the subject incident and for any other relief the Court deems proper and just.

### 7.1(a)(3) STATEMENT

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and Plaintiff thereby objects.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 6th day of October, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

*/s/BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:    (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendant, JOSE ROSARIO,
and ST. LUCIE COUNTY FIRE DISTRICT