UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).

CASE NO.: 2:16cv14413

_____/

**DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, MOTION IN LIMINE TO EXCLUDE EXPERT, JOHN STERBA'S AFFILIATIONS TO SAVED BY GRACE MINISTRY, INC.**

      Defendants, JOSE ROSARIO ("Rosario") and ST. LUCIE COUNTY FIRE DISTRICT ("SLCFD") (referenced collectively as "Defendants"), by and through undersigned counsel, hereby respectfully moves for an Order prohibiting any references, evidence, suggestion, testimony, or elicitation of any testimony relating Plaintiff's expert John Sterba, M.D., or Saved By Grace Ministry, Inc., to any religious affiliation or charitable work performed. In support, Defendants state as follows:

## I.    Facts of the Case

    1.    Plaintiff filed a suit against Defendants for claims arising out of an incident that occurred on May 11, 2014 in Port St. Lucie, Florida.

2. Plaintiff's Counsel retained John A. Sterba, M.D., as an expert to provide opinions regarding emergency medicine, cardio-pulmonary physiology and forensic summary of injuries with causation analysis.

3. Dr. Sterba works for Saved by Grace Ministry, Inc. Saved by Grace Ministry is a nonprofit public charity. Although Dr. Sterba testified at his deposition on July 19, 2017 that Saved by Grace Ministry, Inc., has no religious affiliation, the ministry name alone affiliates the entity as a religious organization. Additionally, the phrase "A Faith Based Organization *Telling, Caring and Helping*" immediately follows Saved by Grace Ministry. A copy of Dr. Sterba's May 22, 2017 and July 25, 2017 Expert Reports are attached hereto as composite **Exhibit 1**.

4. The expert reports prepared by Dr. Sterba on May 22, 2017 and July 25, 2017 have the entity "Saved by Grace Ministry, Inc." at the top and bottom of every page. Defendants anticipate that Plaintiff will attempt to introduce into evidence written documentation or testimony that Saved by Grace Ministry, Inc., and Dr. Sterba have some sort of religious affiliations. Such information should not be admissible because it has no relevancy to any issues in this case. Further, such information would do nothing more than appeal to the jury's religious prejudices.

**II. Memorandum of Law**

**A. The Court Should Exclude Evidence Of Ministry Affiliations Because It Is Irrelevant**

Under Fed. R. Evid. 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402 further provides that while relevant evidence is admissible unless otherwise excluded, evidence which is not relevant is inadmissible.

Dr. Sterba's affiliation with Saved by Grace and/or the charity work provided through Saved by Grace has no relevance to the case before this Honorable Court. There is nothing with Dr. Sterba's charity work that aids a jury in the facts of this case. Thus, the only purpose to introduce such evidence would be to bolster the expert's character before the jury. The jury could easily interpret Dr. Sterba's affiliation with a nonprofit to mean he is a good person and credit his evidence to outweigh another expert produced at trial. Thus, any mention of Saved by Grace should be prohibited as it is irrelevant to the facts of this case.

### B. Evidence Of Religious or Charitable Work Is Unfairly Prejudicial And Will Likely Confuse And Mislead The Jury And Improperly Bolster the Witness

Fed. R. Evid. 403 permits relevant evidence to be excluded if:

> "[i]ts probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations or undue delay, waste of time, or needless presentation of cumulative evidence."

"'Unfair prejudice' within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Adv. Comm.'s Note, to Fed. R. Evid. 403; *Steger v. GE*, 318 F.3d 1066, 1079 (11th Cir. 2003); *Cauchon v. U.S.*, 824 F.2d 908, 914 (11th Cir. 1987).

To admit evidence that Dr. Sterba or Saved By Grace Ministry, Inc., have any religious affiliation and/or the charity work provided through Saved by Grace would be highly prejudicial against Defendants and would mislead the jury. Charitable activities bolster an individual's character. The jury could improperly infer that Dr. Sterba is a more credible and/or reliable person based on his affiliation with charity work. Whether it is unintentional or intentional, an individual's affiliation with charity based work will play to the emotions of a jury which is

impermissible. The weight of evidence could improperly tilt towards the Plaintiff through the admission of such evidence.

Thus, any mention of Dr. Sterba's affiliation with Saved by Grace Ministry should be prohibited in order to deter prejudice against Defendants.

### C. Religious Affiliations and Charitable Activities are Inadmissible

"Evidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced." Fed. R. Evid. Rule 610.

Dr. Sterba does not have to verbally testify to a religious or charitable affiliation. The entity Dr. Sterba works for has 'ministry' spelled out in its title and puts an individual on notice of his beliefs. Admitting evidence of Dr. Sterba's religious affiliation with ministry work does nothing more than attempt to appeal to the jury's religious prejudices and/or imply that Dr. Sterba is a good person through the type of work he provides. A jury could improperly conclude through Dr. Sterba's affiliation with ministry work that Plaintiff should prevail in this case.

Further, A Saved By Grace Ministry, Inc., is a nonprofit corporation. Any mention of charitable activities should be precluded. Such activities are not related to any issues before this Court and could in no way assist the jury in determining claims of negligence or constitutional law. The discussion of charitable activities would serve no purpose except to create inferences as to the general character of Dr. Sterba for truthfulness, which is improper under Rule 608.

WHEREFORE, Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT, hereby respectfully request the entry of an Order by this Honorable Court prohibiting any references, evidence, suggestion, testimony, or elicitation of any testimony

relating Plaintiff's expert John Sterba, M.D. or Saved By Grace Ministry, Inc. to any religious affiliation or charitable work performed and any other relief deemed proper or just.

### 7.1(a)(3) STATEMENT

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and Plaintiff thereby objects.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 6th day of October, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

/s/BENJAMIN W. NEWMAN
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:    (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendants, JOSE ROSARIO, and ST. LUCIE COUNTY FIRE DISTRICT