UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

CASE NO.: 2:16cv14413

    Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

    Defendants.
_____/

## DEFENDANTS SHERIFF, NEWMAN, MANGRUM, ROBINSON AND COURTEMANCHE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL
(AND MEMORANDUM OF LAW)

    The Defendants KEN MASCARA, in his official capacity as Sheriff of St. Lucie County, and DEPUTIES NEWMAN, MANGRUM, ROBINSON and COURTEMANCHE, in their individual capacities, through their undersigned attorneys, pursuant to the applicable Federal Rules of Civil Procedure, file this their Motion in Limine to Exclude Evidence at Trial (and Memorandum of Law), and in support thereof would state as follows:

    1. This federal civil rights lawsuit stems from an incident which occurred during the early evening hours of May 11, 2014. Initially, three uniformed St. Lucie County Sheriff's deputies, Christopher Newman, Claylan Mangrum and Calvin Robinson, responded to a 911 call which

1

originated from a CVS store in Port St. Lucie. After making contact with the complainant, Tavares Docher at the CVS store, the deputies attempted to detain Docher. In the process of attempting to detain Docher, a struggle ensued in the parking lot of the CVS. EMS was summoned to medically treat Mr. Docher. EMS arrived and administered an injection of Ativan to sedate Mr. Docher. Shortly thereafter, Docher's heart stopped. Resuscitation efforts were successful but Mr. Docher ultimately suffered from oxygen deprivation to his brain which resulted in him being in a persistent vegetative state. Plaintiff seeks damages from the Defendants as a result.

2. The operative Complaint (Second Amended Complaint) contains the following claims:

Count I- §1983 False Arrest/False Imprisonment Claim Against Defendant Newman, Individually;

Count II -§1983 Excessive Use of Force by Defendant Newman, Individually;

Count III -§1983 Excessive Use of Force by Defendant Mangrum, Individually;

Count IV -§1983 Excessive Use of Force by Defendant Robinson, Individually;

Count V- §1983 Supervisory Liability Claim Defendant Mangrum, Individually;

Count VI -§1983 Failure to Intervene Claim Against Defendant Newman, Individually;

Count VII -§1983 Failure to Intervene Claim Against Defendant Mangrum, Individually;

Count VIII -§1983 Failure to Intervene Claim Against Defendant Robinson, Individually;

Count IX -§1983 First Amendment Claims Against Defendant Courtemanche Individually;

Count XIII - False Arrest/False Imprisonment Claim Against Defendant Ken J. Mascara, as Sheriff of St. Lucie County, Florida;

Count XIV -False Arrest/False Imprisonment Claim Against Defendant Newman, Individually;

Count XV -Battery/Unnecessary Force Claim Against Defendant Ken J. Mascara, as Sheriff of St. Lucie County, Florida;

Count XVI -Battery/Unnecessary Force Claim Against Defendant Newman;

Count XVII - Battery/Unnecessary Force Claim Against Defendant Mangrum;

Count XVIII - Battery/Unnecessary Force Claim Against Defendant Robinson.

3.   This matter has been set for the Court's trial docket beginning January 22, 2018 See Order Amending Deadlines and Continuing Trial.

4.   At this time, it is anticipated that the Plaintiff will argue through counsel or attempt to introduce evidence regarding several issues which are not properly admissible in the trial of this case pursuant to the applicable Federal Rules of Evidence.

It is anticipated that counsel for Plaintiff will make mention of or attempt to introduce evidence by way of documentation or testimony during trial of the following which are not properly admissible in this matter:

- other incidents involving the Defendant deputies and other citizens which are unrelated to the present matter;

- civilians opinions regarding excessive force;

- opinions outside an expert's field of expertise; and

- Plaintiff's enhanced audio from cell phone video

Further, and in support of this Motion, these Defendants would refer this Honorable Court to the Memorandum of Law incorporated herein and by reference made a part hereof.

## MEMORANDUM OF LAW

Rule 401 of the Federal Rules of Evidence states: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Rule 402 of the Federal Rules of Evidence states: "Relevant evidence is admissible unless any of the following provides otherwise:

- the United States Constitution;

- a federal statute;

- these rules; or

- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible."

Rule 403 of the Federal Rules of Evidence states as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

### Prior and Subsequent Alleged Bad Acts of Defendants

Given the issues in this case as to these Defendants as stated above, Plaintiff should not be permitted to question any law enforcement personnel, including the Defendants Courtemanche, Mangrum, Newman, and Robinson, regarding any prior or subsequent allegations of wrongdoing as to these Defendants or any law enforcement witness or to attempt to introduce any evidence of alleged wrongful or inappropriate behavior by the Defendants in other instances. Such questioning would be irrelevant to the claims before the Court. Clearly, the introduction of such evidence in this case would improperly seek to suggest to the jury that the Defendants acted

wrongfully in their dealings with the Plaintiff Docher on May 11, 2014.

To the extent any alleged incidents arguably have any relevance whatsoever, the prejudicial effect of such incidents far outweighs any probative value they may have such that they are properly excluded under Rule 403.

The introduction of evidence that involved Defendants Courtemanche, Mangrum, Newman, or Robinson's contact with other citizens in other unrelated matters which are factually dissimilar and remote in time are highly prejudicial and irrelevant to the Plaintiff's claims against Defendants Courtemanche, Mangrum, Newman and Robinson. Defendants Courtemanche, Mangrum, Newman and Robinson are being sued in their individual capacities and are entitled to a fair trial on these claims. Therefore, this Court should exclude all reference to any such prior or subsequent alleged bad acts during the trial of this matter.

### Civilian opinions regarding "excessive force"

After the subject incident, several civilian witnesses provided statements to sheriff's detectives using descriptive language that improperly invades the province of the jury. Defendants seek an order preventing Plaintiff's counsel from attempting to illicit such opinions from any civilian witnesses. While it is certainly proper for any witnesses to describe what they saw factually, Defendants wish to prevent them from editorializing their version of the event.

Federal Rule of Evidence 701 allows a lay witness to testify in the form of an opinion, *provided* such testimony "is limited to" those opinions or inferences that are: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. The "helpfulness" requirement set forth

5

Rule 701(b) is designed to "provide assurances against the admission of opinions which would *merely tell the jury what result to reach.*" United States v. Rea, 958 F.2d 1206, 1215 (2d Cir.1992) (quoting Fed.R.Evid. 701 Advisory Committee Note on 1972 Proposed Rule) (emphasis supplied). Thus, if " 'attempts are made to introduce meaningless assertions [that] amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by [Rule 701(b) ].' " Rea, 958 F.2d at 1215 (quoting Advisory Committee Note)(alterations supplied). See Hamilton v. Coffee Health Grp., 949 F. Supp. 2d 1119, 1127–28 (N.D. Ala. 2013). See also Washington v. City of Waldo, Florida, 1:15CV73-MW/GRJ, 2016 WL 3545909, at *3 (N.D. Fla. Mar. 1, 2016) ("a witness typically may not give purely legal conclusions, such as that an officer lacked probable cause to arrest, or that a search conducted without a warrant violated the Fourth Amendment, as such conclusory testimony would tell the jury what result to reach on ultimate issues only the jury should resolve.") (internal citations and quotations omitted).

Allowing civilian witnesses to opine about the ultimate issues in this case or allowing Plaintiff's counsel to attempt to introduce such evidence would be substantially prejudicial to the deputy defendants in this case.

### Experts testifying to areas outside their stated expertise

Defendants seek an order preventing any experts from offering any testimony outside their stated expertise. In many of the discovery depositions, counsel for the Plaintiff has attempted to illicit testimony from the various experts on topics outside their stated expertise. Where an expert is attempting to testify outside his area of expertise, his testimony is unreliable and should be excluded. Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254

F.3d 706, 714-15 (8th Cir. 2001). Defendants seek an order preventing such tactics during trial.

### Plaintiff's "filtered" audio recording

Defendants respectfully move for an order precluding the Plaintiff from attempting to reference a filtered audio recording of the subject incident. Item 54 of Plaintiff's Rule 26 disclosures is described as "Filtered Clip of video from Shaun Mahoney's cell phone." Item 54 appears to be an audio recording of a portion of the cell phone video which was shot by one of the civilian onlookers. The audio recording seems to have been edited. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent says it is." Fed R. Evid. 901(a). Before a court can make a determination of the admissibility of an audio recording, "(1) the proponent of the proffered evidence must establish by other evidence that the matter offered is genuine and authentic and otherwise provide necessary foundational information[,] and (2) the recording must be audible[.]" It is not readily apparent what the Plaintiff means by "filtered," however the video has clearly been enhanced. Plaintiff has not listed any audio/visual experts as such Plaintiff cannot lay the proper foundation which is a prerequisite to the admission of the "filtered" recording.

WHEREFORE, it is respectfully requested that this Honorable Court grant these Defendants' Motion in Limine to Exclude Evidence at Trial and enter an Order directing the Plaintiff to pose no questions or make no remarks or comments during the trial of this matter or submit any evidence regarding the issues listed above.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for the Defendants has conferred with Plaintiffs' counsel regarding the issues raised in the instant motion and it is opposed by the Plaintiff.

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com, **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com, and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **6th** day of October, 2017.

                                               PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
                                               Attorneys for Defendants Newman, Mangrum, Robinson, Courtemanche and Sheriff
                                               2455 East Sunrise Boulevard, Suite 1216
                                             Fort Lauderdale, Florida 33304
                                             Telephone (954) 462-3200
                                             Telecopier (954) 462-3861
                                             Email: summer@purdylaw.com
                                                      melissa@purdylaw.com

                                  BY      ***s/ Summer M. Barranco***
                                                  SUMMER M. BARRANCO
                                                  Fla. Bar No. 984663