UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

CASE NO.: 2:16cv14413

## DEFENDANT, ST. LUCIE COUNTY FIRE DISTRICT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT XXI AND INCORPORATED MEMORANDUM OF LAW

Defendant, ST. LUCIE COUNTY FIRE DISTRICT ("SLCFD"), by and through the undersigned counsel, and pursuant to Rule 56, Federal Rules of Civil Procedure and Local Rule 56, respectfully moves this Honorable Court for an Order entering summary judgment in its favor as to Count XXI (Custom, Policy and Practice) of Plaintiff's Second Amended Complaint. In support of their Motion, SLCFD state as follows:

1.    Summary judgment is proper as to Count XXI of the Second Amended Complaint because (1) Plaintiff has failed to establish a constitutional violation; (2) SLCFD did not have an unconstitutional custom, policy or practice that was the moving force behind Rosario's acts; and (3) Plaintiff cannot come forth with any evidence that SLCFD had any

knowledge or notice that the training of paramedics was so deficient as to put patients at risk of constitutional violations under the fourth and fourteenth amendment. Therefore, SLCFD is entitled to summary judgment on Count XXI of Plaintiff's Second Amended Complaint.

2. SLCFD incorporates by reference Defendant's, SLCFD's Statement of Undisputed Material Facts ("SLCFD Undisputed Facts") pursuant to the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate dated October 17, 2016 [DE 11], filed contemporaneously with this Motion.

## PROCEDURAL BACKGROUND

2. This case was originally filed on August 3, 2016, in Florida state court against various Defendants, including Christopher Newman (Newman), Clayton Mangrum (Mangrum), Calvin Robinson (Robinson), Wade Courtemanche (Courtemanche), Ken J. Mascara (Mascara), Jose Rosario (Rosario) and St. Lucie County Fire District (SLCFD).

3. On August 11, 2016, Plaintiff filed an Amended Complaint. The twenty count Amended Complaint asserted claims against Rosario and SLCFD. Specifically, Count X (First Amendment Retaliation against Rosario), Count XI (Fourteenth Amendment Due Process), Count XII (Fourteenth Amendment Deliberate Indifference), Count XIX (Negligence against SLCFD) and Count XX (negligence against Rosario).

4. On September 21, 2017, the case was removed to the Southern District Court of Florida. [DE 1].

5. On June 1, 2017, Plaintiff filed her Amended Motion for Leave to File Second Amended Complaint. [DE 53].

6.  On June 6, 2017, the Court upon hearing argument by the parties GRANTED Plaintiff's Amended Motion for Leave to File Second Amended Complaint. [DE 61].

7.  On June 6, 2017, Plaintiff filed her Second Amended Complaint which added Count XXI against SLCFD for Custom, Policy and Practice under § 1983. [DE 60].

## ARGUMENT

### I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides a party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Although a Court must review the facts drawing all inferences most favorable to the party opposing the motion, the non-movant may not rest on mere allegations or denials in its pleadings. The adverse party's response must set forth specific facts showing that there is a genuine issue for trial. *See Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006). Merely colorable evidence, evidence not significantly probative, or existence of a mere scintilla of evidence "will not defeat a properly supported summary judgment. *See Coghlan v. H.J. Heinz Co.*, 851 F. Supp, 808, 810-11 (N.D. Tex. 1994) *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Issues of fact are genuine only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### II. Burden to Establish Municipality Liability Under § 1983 Policy, Custom or Practice

There are few rules of law more well-settled in civil rights jurisprudence than the unavailability of *respondeat superior* as a basis for imposing liability pursuant to 42 U.S.C.

§1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (emphasis added). *See also German v. Broward Cnty. Sheriff's Office*, 439 F. App'x 867, 870 (11th Cir. 2011) (holding that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Case v. Riley*, 270 F. App'x 908, 911 (11th Cir. 2008) (unreported) ("Claims against supervisory personnel who did not personally participate in the acts complaint of are not actionable under section 1983."); *Carter v. Broward Cnty. Sheriff's Dep't*, No. 11-61966-CIV, 2012 WL 6757559, at *5 (S.D. Fla. Dec. 7, 2012) *report and recommendation adopted sub nom. Carter v. Jackson*, No. 11-61966-CIV, 2013 WL 28239 (S.D. Fla. Jan. 2, 2013) *aff'd sub nom. Carter v. Broward Cnty. Sheriff's Dep't Med. Dep't*, 558 F. App'x 919 (11th Cir. 2014) ("*Respondeat superior,* without more, does not provide a basis for recovery under section 1983."); *Scutieri v. Estate of Revitz*, 683 F. Supp. 795, 800 (S.D. Fla. 1988) (holding "that, as a matter of law, a private corporation cannot be liable strictly on the basis of a respondeat superior theory under Section 1983."). Simply put, a local government "cannot be held liable solely because it employs a tortfeasor." *Hill v. Dekalb Regional Youth Detention Ctr.,* 40 F.3d 1176, 1196 (11th Cir. 1994) (*quoting Monell* at 691).

Rather, liability against a local government entity may only arise where a constitutional injury directly flows from one of its laws, policies or customs, or from the action of one of its officials with policy-making authority. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *McLaughlin v. City of LaGrange*, 662 F.2d 1385 (11th Cir. 1981), cert. den. 456 U.S. 979 (1982). Thus, a plaintiff who brings a § 1983 action against a local government entity

bears the burden of showing that, "through its deliberate conduct, the [local government entity] was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (*quoting Monell*, 436 U.S. at 694).

In order to prove Plaintiff's 42 U.S.C. § 1983 claim against the SLCFD, she must show: (1) that Tavares Docher ("Docher") suffered the deprivation of a constitutional right by an individual acting under color of law; (2) that the SLCFD had an unconstitutional policy, custom or practice that violated Docher's Fourth and Fourteenth Amendment Rights[1]; (3) this custom, policy, and practice was such that it demonstrated a deliberate indifference to the rights of those citizens with whom its paramedics come into contact; and (4) the custom, policy or practice was the moving force behind Rosario's violation of the Docher's constitutional right(s). *See Monell*, 436 U.S. at 690. Such liability may be predicated on an official policy adopted by a final policy making authority for the municipality. *Id*. at 690. Or it may rest on an official practice that has become "so permanent and well-settled at to constitute a custom or usage with the force of law." *Id*. at 691 (citation omitted). In attempting to prove the existence of a "continuing, persistent and widespread" custom, plaintiffs most commonly offer evidence suggesting that similarly situated individuals were mistreated in a similar way. *Carney v. City and County of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008). If the Plaintiff fails to prove any of those elements, her 42 U.S.C. § 1983 claim against the SLCFD fails. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

---

[1] The Second Amended Complaint is vague and ambiguous as to the specific constitutional rights under the Fourth and Fourteenth Amendment Plaintiff claims SLCFD's policy, custom or practice violated. It is assumed, based on the Counts against Rosario, that Plaintiff's claim that SLCFD's policy, custom or practice violated Docher's due process right under the Fourteenth Amendment (Count XI) and deliberate indifference to serious medical needs under the Fourth and Fourteenth Amendment (Count XII).

A local government entity's failure to train and/or supervise its employees can amount to an unconstitutional policy or custom under certain limited circumstances. *See, City of Canton v. Harris*, 489 U.S. 378, 388. (1989); *Barney v. Pulsipher*, 143 F.3d 1299 (10th Cir. 1998) (including claims for failure to supervise). To establish liability in a failure to train/supervise scenario, a plaintiff must first prove the training was in fact inadequate, and then satisfy the following requirements: (1) the officers exceeded constitutional limitations on the use of force; (2) the use of force arose under circumstances that constitute a usual and recurring situation with which officers must deal; (3) the inadequate training demonstrates a deliberate indifference on the part of the municipality toward persons with whom the officers come into contact, and (4) there is a direct causal link between the constitutional deprivation and the inadequate training. *Carr v. Castle*, 337 F.3d 1221, 1228 (10th Cir. 2003).

A municipality's failure to train and/or supervise its employees can amount to an unconstitutional policy or custom under certain limited circumstances. *See, City of Canton v. Harris*, 489 U.S. 378, 388. (1989). A failure to train municipal employees constitutes a policy if "the need for more or different training [is] so obvious, and the inadequacy so likely to result in the violation of constitutional rights" that the failure to train amounts to deliberate indifference to the right of the person within whom the employee comes into contact. *City of Canton,* 489 U.S. at 390; *Cook v. Sheriff of Monroe County, Florida,* 402 F.3d 1092 (11th Cir. 2005); *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115 (1992) ("if a city employee violates another's constitutional rights, the city may be liable if it had a policy or custom of failing to train its employees and that failure to train *caused* the constitutional violation"); *Belcher v. City of Foley,* 30 F.3d 1390, 1397 (11th Cir. 1994) ("only when the failure to train

amounts to 'deliberate indifference' can it properly be characterized as the 'policy' or 'custom' that is necessary for section 1983 liability to attach.").

The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. Carr, 337 F.3d 1221 at 1229. "In most instances, notice can be established by proving the existence of a pattern of tortious conduct." *Id*. "Failure to train only becomes 'deliberate' where 'in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need." *Riley v. Newton*, 94 F.3d 632, 638 (11th Cir. 1996) *quoting City of Canton*, 489 U.S. at 389. No basis exists for an inadequate training claim if the plaintiff only points to a single incident that supports the claim; Plaintiff must point to a pattern of incidents that put the city on notice of the need to train. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 821-24 (1985); *Popham v. City of Talladega*, 908 F.2d 1561 (11th Cir. 1990). Without notice of a need to train or supervise in a particular area, SLCFD is not liable as a matter of law for any failure to train and supervise. *Church v. City of Huntsville*, 30 F.3d 1332 (11th Cir. 1994) *Wright v Sheppard*, 919 F.2d 665 (11th Cir. 1990).

### III. No Constitutional Violation Occurred[2]

#### a. Docher's Due Process Rights were not Violated under the Fourteenth Amendment

Rosario's actions in performing his job duties fall far short of the requirement that

---

[2] Plaintiff does not allege that a First Amendment violation under Count XXI.

such conduct "shock the conscious."  As the Supreme Court has repeatedly stated, in order to "shock the conscious," conduct must be so brutal and offensive that it does not comport with traditional ideas of fair play and decency.  *Whitley v. Albers*, 475 U.S. 312, 327 (1986); *see also United States v. Salerno*, 481 U.S. 739, 746 (1987) ("So-called 'substantive due process' prevents the government from engaging in conduct that 'shocks the conscience,' . . . or interferes with rights 'implicit in the concept of ordered liberty.'") (quoting *Rochin v. California,* 342 U.S. 165, 172, and *Palko v. Connecticut*, 302 U.S. 319, 325-326 (1937)).  The record does not support such a finding here.

The undisputed material facts show, Docher was given a sedative due to his combative nature in an emergency situation in order to avoid the risk of further harm to himself or others around him.  *See* (SLCFD's Undisputed Facts ¶ 31).  There is simply no evidence that Rosario's actions were in any way meant to punish Plaintiff or purposely cause harm in violation of his Due Process rights.

### b. Rosario was not deliberately indifferent to a serious medical need in Violation of the Fourth and Fourteenth Amendments

There is no evidence that Rosario's alleged acts were committed with a culpable state of mind regarding a risk of substantial harm and that his conduct rose to a level above mere negligence. The "deliberate indifference" standard is not to be confused with a negligence standard:

> The plaintiff must prove that the official had subjective knowledge of a risk of serious harm and disregarded that risk by conduct that constituted more than mere negligence. Deliberate indifference requires that the defendant deliberately disregard a **strong likelihood** rather than a mere possibility that the … harm will occur.

*Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008) (citations omitted) (emphasis added). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff fails to establish this "extremely high standard." In this case, the undisputed material facts show that Rosario was not aware of any facts sufficient to indicate that a substantial risk of serious harm to Docher existed as to his consumption of alcohol; nor did Rosario actually draw that inference. *See* (SLCFD's Undisputed Facts ¶¶ 26, 36). Indeed, the contrary is true. First, it is undisputed that no rule or policy of the SLCFD department prohibited Rosario from administering Ativan to combative patients who have consumed alcohol. *See* (SLCFD's Undisputed Facts ¶¶ 32, 34). The FDA package insert for Ativan does not list alcohol as a contraindication. *See* (SLCFD's Undisputed Facts ¶ 35). While the deputies mentioned that Docher had consumed alcohol, Rosario denied smelling alcohol and was unaware if in fact Docher had been drinking alcohol. *See* (SLCFD's Undisputed Facts ¶ 26). As such, there were no objective facts that would have caused Rosario to infer that Docher was being subjected to "a substantial risk of serious harm" by administering Ativan. Furthermore, there is no objective fact to support that Rosario knew of and disregarded a risk of administering Ativan to Docher because of alcohol consumption. This evidence is uncontroverted. So even if it could be argued that Rosario should have perceived a substantial risk of serious harm to Docher, the undisputed evidence is that he did not—and this destroys the element that he be subjectively aware of the risk. *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996). Accordingly, there is no evidence to show that Rosario

acted with the requisite state of mind to make out a deliberate indifference claim. *Gish*, 516 F.3d at 954.

### IV. Even if Docher's Fourth and Fourteenth Amendment Rights were violated There Is No Evidence SLCFD's Polices, Customs Or Practice Violated Docher's Constitutional Rights

SLCFD is entitled to summary judgment because there is absolutely no evidence that such an alleged constitutional violation was or could have been caused by a deficient policy or custom. Strict constraints limit governmental liability under 42 U.S.C. § 1983. If a plaintiff claims that a policy led to the constitutional violation, he must point to the specific, written policy in question. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 822-23 (1985). If the plaintiff claims that a custom led to the constitutional, he must show that the problematic conduct might as well be written policy since it is so permanent, longstanding and widespread. *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991). The requirements of *Monell* cannot be satisfied simply by showing that a policy or custom for which SLCFD is responsible is flawed or inadequate. *Monell,* 436 U.S. at 658. Rather, the policy or custom must represent a "deliberate indifference" to follow a course of action, *See Canton v. Harris,* 489 U.S. 378, 388 (1989); *Estate of Moreland v. Dieter,* 395 F.3d 747 (7th Cir. 2005).

As stated above, Plaintiff must point to a specific[3], written policy that she alleges caused such constitutional violation. *See City of Oklahoma v. Tuttle*, 471 U.S. 808, 822-23 (1985). The SLCFD guideline applicable to the present case is the Sedation Guideline.

---

[3] While the sedation guideline is not specifically identified in Plaintiff's Second Amended Complaint, paragraphs 179 – 181 specifically refer to SLCFD Sedation Guideline.

Plaintiff does not allege that the guideline is unconstitutional on its face. *See Okla. City v. Tuttle,* 471 U.S. 808, 824, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ("[W]here the policy relied upon is not itself unconstitutional, considerably more proof than a single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation.").

The implementation of SLCFD's Sedation Guideline did not cause a constitutional violation. SLCFD's Sedation Guideline provides the following procedures regarding sedation for combative patients:

> Caution:
> Benzodiazepines may cause respiratory depression or compromise
> When administering, observe for signs of hypotension or respiratory depression
> ALS
> …
> Ativan 1mg increments to a max of 4 mg
> …
> Physician Consult
> Does greater than max allowed benzodiazepine

*See* (SLCFD's Undisputed Facts ¶ 32).

The SLCFD Sedation Guideline provides paramedics with the authority to treat a combative patient. *See* (SLCFD's Undisputed Facts ¶ 32). SLCFD's Sedation Guideline did not deprive Docher of his Constitutional rights. Plaintiff has not, during discovery, found any evidence to show that there was a pattern of constitutional violations related to Sedation Guideline and that SLCFD was aware of such constitutional violations. Plaintiff has failed to establish that SLCFD had a custom or policy of acting deliberately indifferent to the serious medical needs of patients needing emergency medical services or violating patients' due

process rights. Plaintiff has not and cannot provide evidence that SLCFD had an express policy that deprived emergency medical patients of their constitutional rights. As such, Docher's alleged damage was not the result of any policy promulgated and approved by SLCFD.

Plaintiff has also failed to establish a persistent and widespread practice of constitutional violations. Plaintiff cannot present any evidence of a series of constitutional violations from which deliberate indifference can be inferred. At most, Plaintiff alleges an isolated incident, which is, as a matter if law, insufficient to establish a policy or custom. The Eleventh Circuit has repeatedly held that there is no constitutional violation where there is no evidence of a history of widespread prior abuse. *See Wright v. Sheppard*, 919 F.2d 665 (11th Cir. 1990); *Estate of Moreland*, 395 F.3d 747 (7th Cir. 2005).

### V. Plaintiff Cannot Come Forward With Any Evidence That SLCFD Had Any Knowledge Or Notice That The Training Of Paramedics Was So Deficient As To Put Patients At Risk Of Constitutional Violations Under The Fourth And Fourteenth Amendment

The deliberate indifference culpability requirement is an essential component for establishing municipal liability. *See, Barney v. Pulsipher*, 143 F.3d 1299, 1307. "[M]unicipal liability based on a policy of inadequate training requires proof of the municipality's deliberate indifference to its inhabitants-i.e., the failure to train must reflect a deliberate or conscious choice by a municipality." *Id*. A finding of "deliberate indifference" in this kind of situation requires a showing that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately in-different to the need" *City of Canton*, 489 U.S. 378 at 390. The deliberate indifference standard may be

satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. *Barney v. Pulsipher*, 143 F.3d 1299, 1307. In most instances, notice can be established by proving the existence of a pattern of tortious conduct. *Id*.

In a "narrow range of circumstances," however, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a "highly predictable" or "plainly obvious" consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations. *Id*. at 1307-1308. A finding of "deliberate indifference" in this kind of situation requires a showing that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately in-different to the need" *City of Canton*, 489 U.S. 378 at 390.

Plaintiff cannot offer evidence under this theory. The U.S. Supreme Court has observed that failure to train claims like Plaintiff's may establish a basis for liability in "limited circumstances," which are not present in this case. *Canton,* 489 U.S. at 387. Plaintiff has not, during discovery, found any evidence to show that there was a pattern of constitutional violations related to the administration of Ativan and that SLCFD was aware of such constitutional violations. Nor has Plaintiff offered any evidence to support the contention that Rosario's treatment of Docher resulted from a failure to train. *See Wright v. Shepard,* 919 F. 2d 665 (11th Cir. 1990) (Sheriffs Office not liable under this doctrine when

there was no evidence of a history of widespread prior violations putting the Sheriff on notice of the need for improved training or supervision); *Popham v. City of Talladega,* 908 F.2d 1561 (11th Cir. 1990) (finding no liability on this basis when there was no evidence of a pattern of incidents of violations putting Sheriff on notice of a need to train or supervise). Plaintiff cannot offer evidence that any of the approximate 200 times that Rosario administered Ativan resulted in any constitutional violations or that any prior patients complained to SLCFD of the administration of Ativan. *Compare Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987) (even though there had been ten citizen complaints about a particular officer, the Eleventh Circuit held that the City did not have any notice of past misconduct because the plaintiff "never demonstrated that past complaints of police misconduct had any merit.").

In short, the only 'evidence' of deliberate indifference that can or has been put forth by Plaintiff is expert opinion. However, "the fact that someone with the opportunity to prepare an expert report at leisure opines that well-trained officers would have performed differently under pressure does not rise to the legal standard of deliberate indifference." *Carr*, 337 F.3d at 1230. Accordingly, Plaintiff cannot establish that SLCFD had any knowledge of any training or supervision inadequacies sufficient for the formation of the requisite culpable state of mind necessary to a claim for municipal liability. For this additional reason, Plaintiff's claims fail as a matter of law.

## VI. Conclusion

There is no genuine issue of dispute in the instant matter because Plaintiff has failed to establish facts to support the elements of Custom, Policy or Practice pursuant to 42 U.S.C.

§ 1983. Plaintiff cannot support the conclusory allegations contained in her Second Amended Complaint. Thus, SLCFD is entitled to final summary judgment as a matter of law as to the allegations in Count XXI of Plaintiff's Second Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 6th day of October, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

*/s/BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:    (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendant, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT