<u>Docher v. Newman, et al. Case No. 2:16cv14413</u>

Defendants Sheriff, Newman, Mangrum, Robinson and Courtemanche's Motion in Limine [DE 93] addresses four topics: (1) other incidents involving the Defendant deputies and other citizens which are unrelated to the present matter; (2) improper civilian lay opinions; (3) opinions outside an expert's field of expertise; and (4) Plaintiff's enhanced audio from cell phone video. On October 25, 2017 at 3:00 p.m., lawyers for all parties participated in a telephonic conference to discuss Motions in Limine at DE #s 78, 89, 90, 91 and 93.

These Defendants' Motion in Limine seeks to exclude testimony regarding prior and subsequent allegedly bad acts on the part of the deputies as improper character evidence. After conferring with the Plaintiff, it is the undersigned's understanding that the Plaintiff does not intend to introduce such evidence unless these Defendants open the door to allow its proper admission. The Defendants' Motion in Limine also seeks to prevent civilian witnesses from "editorializing" their observations of the subject incident using descriptions such as "excessive force" or "police brutality." It is the Defendants' position that such testimony amounts to improper lay opinions which invade the province of the jury. The Plaintiff disagrees asserting that these types of statements are proper lay opinions. These Defendants' Motion in Limine also seeks to prevent any expert witnesses retained in this case from testifying outside his/her area of expertise asserting that such testimony is unreliable. It is the Plaintiff's position that to the extent that an expert has sufficient knowledge, training, or experience on an issue that although they may not hold themselves out as an expert in a particular field, they are still qualified to opine on those issues if it will assist the trier of fact. Lastly, Defendants move for an order precluding the Plaintiff from offering a filtered audio recording of a portion of the subject incident since the proper foundation has not been laid regarding how the audio was altered and has not listed an audio/visual expert to lay the proper foundation for its admissibility. The Plaintiff disagrees and counters that the foundation will be laid at trial.