UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

        Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendants.
_____/

CASE NO.: 2:16cv14413

**DEFENDANTS SHERIFF, NEWMAN, MANGRUM, ROBINSON AND COURTEMANCHE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT WITNESS, TERRI [sic] STOCKHAM, M.S.F.S., PH.D'S OPINIONS REGARDING PSYCHOLOGICAL SYMPTOMS [DE 86]**

The Defendants, SHERIFF, NEWMAN, MANGRUM, ROBINSON and COURTEMANCHE, through their undersigned attorneys, file this their response in opposition to Plaintiff's Motion in Limine to Exclude Defendants' Expert Witness, Terri [sic] Stockham, M.S.F.S., PH. D's Opinions Regarding Psychological Symptoms and would state as follows:

In the subject Motion, Plaintiff seeks to prevent Dr. Stockham from offering the opinion listed in numbered paragraph 4 on page two of her expert report which states as follows: "Mr. Docher's urine was positive for THC. THC is a psychoactive substance which can cause paranoia such as that experienced by Mr. Docher. Drug-induced psychosis is consistent with the descriptions

1

given by the police officers involved in this altercation. Irrational, aggressive, combative, unexpected strength are all hallmarks of drug-induced psychosis." Plaintiff seeks to exclude this testimony on the basis that this testimony "falls solely under the expertise of a clinically trained psychologist or psychiatrist which Dr. Stockham is not."

The Federal Rules of Evidence, as construed by the Supreme Court in the landmark Daubert decision, "requires expert scientific evidence to be both reliable and relevant pursuant to Rule 702," such that it "appropriately assists the trier of fact." United States v. Henderson, 409 F.3d 1293, 1302 (11th Cir.2005). In that regard, "[t]he court serves as a gatekeeper, charged with screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue at hand." Corwin v. Walt Disney Co., 475 F.3d 1239, 1250 (11th Cir. 2007). The Court's gatekeeping function is guided by the well-established principle that "[t]he proponent of the expert testimony carries a substantial burden under Rule 702" to lay the proper foundation to show admissibility of that testimony by a preponderance of the evidence. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1107 (11th Cir. 2005); see also Phillips v. American Honda Motor Co., 238 Fed.Appx. 537, 540 (11th Cir. 2007) ("The proponent of expert testimony bears the burden of showing that the expert's methodology is reliable.").

As a general proposition, "[i]n determining the admissibility of expert testimony under Rule 702, a district court considers whether (1) the expert is qualified to testify competently regarding the matter he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." United States v. Douglas, 489 F.3d 1117, 1124-25 (11th Cir. 2007); see also Maiz v. Virani, 253 F.3d 641, 665 (11th Cir. 2001) (similar). That

2

said, "[t]he rules relating to Daubert issues are not precisely calibrated and must be applied in case-specific evidentiary circumstances that often defy generalization." United States v. Brown, 415 F.3d 1257, 1266 (11th Cir. 2005). For that reason, courts have stressed that the Daubert inquiry is "a flexible one," that the Daubert factors are mere guidelines for applying Rule 702, and that "expert testimony that does not meet all or most of the Daubert factors may sometimes be admissible" based on the particular circumstances of the particular case. Id. at 1267-68. In performing a Daubert analysis, the Court's focus must be "solely on principles and methodology, not on the conclusions that they generate"; thus, it matters not whether the proposed expert testimony is scientifically correct, so long as it is shown to be reliable. Allison v. McGhan Medical Corp., 184 F.3d 1300, 1312 (11th Cir. 1999).

> As stated by the Daubert Court:
>
> > Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. See Rock v. Arkansas, 483 U.S. 44, 61 (1987). Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment, Fed. Rule Civ. Proc. 50(a), and likewise to grant summary judgment, Fed. Rule Civ. Proc. 56 [citations omitted]. These conventional devices, rather than the wholesale exclusion...are the appropriate safeguards where the basis of scientific testimony meets the standards of Rule 702.

Daubert, 509 U.S. at 596.

Dr. Stockham is qualified to testify as a forensic toxicologist in this case. Forensic toxicology combines medical-legal aspects of incidents, and toxicology is the study of toxic effects of drugs and poisons. (See Exhibit A to this Response, Dr. Stockham depo, 4:13-16). She spent ten years working as a medical examiner including six years as the Chief Toxicologist in the Broward County Medical Examiner's Office. She has over thirty years of experience as an expert in this field. Her

3

qualifications are contained in her expert report, but were not included in Plaintiff's subject Motion. Accordingly, Defendants attach Dr. Stockham's CV for this Court's consideration as Exhibit B.

Plaintiff's Motion seems to be advocating for a per se rule excluding witnesses from testifying regarding the psychoactive effects of any chemicals unless the witness is a psychologist or a psychiatrist. Plaintiff offers no legal citation to support such a broad rule. Despite Plaintiff's contention, forensic toxicologists are routinely permitted to testify regarding chemicals and their effects on human physiology. See Loudermill v. Dow Chem. Co., 863 F.2d 566, 570 (8th Cir. 1988) ("[A]lthough Dr. Lowery is not a medical doctor, he is an expert in toxicology. He has had substantial experience in the performance of autopsies as a toxicologist consultant, determining clinical or toxicological related events in death. Therefore the Court finds that based upon his education and experience Dr. Lowery is an expert, thus, qualified to offer his opinion as to Loudermill's cause of death."); Genty v. Resolution Trust Corp., 937 F.2d 899, 917 (rejecting assertion that toxicologist could not testify as to the effects of a hazardous chemical because [m]edical doctors...are not the only experts qualified to render an opinion as to the harm caused by exposure to toxic chemicals"); Kitzmiller v. Jefferson Supply Co., 2:05-CV-22, 2006 WL 2473399, at *4-6 (N.D.W. Va. Aug. 25, 2006). Thus, Plaintiff's bald assertion is insufficient to preclude Dr. Stockham from testifying regarding the psychoactive effects of THC. On the contrary, "it would be an abuse of discretion to exclude testimony simply...because the proposed expert does not have the specialization that the court considers most appropriate." Holbrook v. Lykes Bros. Steamship Co., 80 F.3d 777, 782 (3rd Cir. 1996) (holding that court erred in finding that treating physician was unqualified to render a diagnosis or to discuss pathology report because he was not a pathologist, oncologist or expert in "definitive cancer diagnosis").

Whatever criticisms are raised in Plaintiff's motion go to the weight of Dr. Stockham's

testimony, not its admissibility. As noted in Daubert, vigorous cross-examination and presentation of contrary evidence are the traditional and appropriate means of attacking expert testimony Plaintiff wishes to challenge. Dr. Stockham offers relevant and reliable opinions that will be helpful and useful to the jury. If this case proceeds to a jury trial, Dr. Stockham can then be subject to cross examination and the jury would be free to decide whether to accept or reject her opinions in regard to their determination of whether or not the Defendants should be found civilly liable in this case.

Plaintiff's motion should be denied.

## REQUEST FOR HEARING

Should this Court be inclined to grant Plaintiff's Motion, Defendants respectfully request a hearing to allow the Defendants to fully argue their position due to the complexity of the issue. The Defendants estimate that 30 minutes will be sufficient to fully argue the issue.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com, **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **26th** day of October, 2017.

PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
Attorneys for Defendants Newman, Mangrum, Robinson, Courtemanche and Sheriff
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861
Email: summer@purdylaw.com
melissa@purdylaw.com

BY   *s/ Summer M. Barranco*
SUMMER M. BARRANCO
Fla. Bar No. 984663