UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

        Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendants.
_____/

CASE NO.: 2:16cv14413

**DEFENDANTS SHERIFF, NEWMAN, MANGRUM, ROBINSON AND COURTEMANCHE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO STRIKE, OR IN THE ALTERNATIVE, TO EXCLUDE DEFENDANTS' EXPERT WITNESS (DR. WETLI) AND ALL OF HIS EXPERT OPINIONS [DE 82]**

The Defendants, SHERIFF, NEWMAN, MANGRUM, ROBINSON and COURTEMANCHE, through their undersigned attorneys, file this their response in opposition to Plaintiff's Motion to Strike, or in the alternative, to Exclude Defendants' Expert Witness and All of His Expert Opinions [DE 82] and would state as follows:

In the subject motion, Plaintiff seeks to exclude the testimony of Defendants' Expert, Dr. Charles Wetli. Dr. Wetli has been retained by the Defendants as an expert regarding the medical condition known as excited delirium. Plaintiff's motion lacks merit since the Plaintiff has misconstrued the opinions of Dr. Wetli. Moreover, Plaintiff's attempt to exclude Dr. Wetli's opinion is improper as a matter of law.

1

Plaintiff's motion can be summed up as follows: Dr. Wetli is a forensic pathologist, forensic pathologists typically deal with dead people, and since the Plaintiff did not die, Dr. Wetli's opinions are outside his expertise.[1] Plaintiff's assertion is a tortured interpretation of Daubert and its progeny.

The Federal Rules of Evidence, as construed by the Supreme Court in the landmark Daubert decision, "require[ ] expert scientific evidence to be both reliable and relevant pursuant to Rule 702," such that it "appropriately assists the trier of fact." United States v. Henderson, 409 F.3d 1293, 1302 (11th Cir.2005). In that regard, "[t]he court serves as a gatekeeper, charged with screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue at hand." Corwin v. Walt Disney Co., 475 F.3d 1239, 1250 (11th Cir. 2007). The Court's gatekeeping function is guided by the well-established principle that "[t]he proponent of the expert testimony carries a substantial burden under Rule 702" to lay the proper foundation to show admissibility of that testimony by a preponderance of the evidence. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1107 (11th Cir. 2005); see also Phillips v. American Honda Motor Co., 238 Fed.Appx. 537, 540 (11th Cir. 2007) ("The proponent of expert testimony bears the burden of showing that the expert's methodology is reliable.").

As a general proposition, "[i]n determining the admissibility of expert testimony under Rule 702, a district court considers whether (1) the expert is qualified to testify competently regarding the matter he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." United States v. Douglas, 489 F.3d 1117,

---

[1] Ironically, Plaintiff's medical expert, Dr. McAlary, is an anesthesiologist even though there is no record evidence the Plaintiff was anaesthetized during the subject incident.

1124-25 (11th Cir. 2007); see also Maiz v. Virani, 253 F.3d 641, 665 (11th Cir. 2001) (similar). That said, "[t]he rules relating to Daubert issues are not precisely calibrated and must be applied in case-specific evidentiary circumstances that often defy generalization." United States v. Brown, 415 F.3d 1257, 1266 (11th Cir. 2005). For that reason, courts have stressed that the Daubert inquiry is "a flexible one," that the Daubert factors are mere guidelines for applying Rule 702, and that "expert testimony that does not meet all or most of the Daubert factors may sometimes be admissible" based on the particular circumstances of the particular case. Id. at 1267-68. In performing a Daubert analysis, the Court's focus must be "solely on principles and methodology, not on the conclusions that they generate"; thus, it matters not whether the proposed expert testimony is scientifically correct, so long as it is shown to be reliable. Allison v. McGhan Medical Corp., 184 F.3d 1300, 1312 (11th Cir. 1999).

> As stated by the Daubert Court:
>
> > Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. See Rock v. Arkansas, 483 U.S. 44, 61 (1987). Additionally, in the event the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free to direct a judgment, Fed. Rule Civ. Proc. 50(a), and likewise to grant summary judgment, Fed. Rule Civ. Proc. 56 [citations omitted]. These conventional devices, rather than the wholesale exclusion...are the appropriate safeguards where the basis of scientific testimony meets the standards of Rule 702.

Daubert, 509 U.S. at 596.

Dr. Wetli has been retained to offer his opinions that the Plaintiff suffered excited delirium which ultimately resulted in his sudden loss of vital signs. Dr. Wetli is a medical doctor and is board certified by the American Board of Pathology in anatomical, clinical and forensic pathology. Dr. Wetli has authored numerous publications and lectured extensively on the topic of excited delirium.

3

(See DE 82-3, Dr. Wetli's CV). Plaintiff's motion seems to suggest that the condition known as excited delirium is not an accepted medical condition. Putting aside the fact that Plaintiff's own expert, Mel Tucker, opines that Plaintiff was suffering from excited delirium (see DE 98-2, Mel Tucker report), excited delirium has been recognized in this circuit as being a widely accepted condition to explain in custody deaths of individuals who are highly agitated and combative. See Mann v. Taser Intern., Inc., 588 F.3d 1291, 1299 at n.4 (11th Cir. 2009).

Plaintiff, in his motion, claims that this case is similar to Leroux v. NCL(Bahamas) Ltd., 2017 WL 2645755 (S.D. Fla. June 2017) where an expert was stricken. Defendants respectfully disagree. Leroux involved a maritime slip and fall case where the Plaintiff attempted to introduce the testimony of a purported maritime safety expert. Id. at *1. The district court engaged in a thorough analysis of the purported expert's background noting that the bulk of his experience was in the security context. Id. at 5. In ultimately striking Plaintiff's expert, the court noted that the fact that the purported expert had conducted investigations on a wide range of scenarios which occurred aboard a ship did not mean he was qualified on what constitutes industry standards to prevent trips on ships. Id. at 6. The only similarity between Leroux and this case that Defendants glean is that there was expert testimony involved. Dr. Wetli is a medical doctor, is board certified by the American Board of Pathology in anatomical, clinical, and forensic pathology[2], and an expert in the study of excited delirium. The fact that Dr. Wetli specializes in forensic pathology does not mean that he is unqualified to testify in cases where the Plaintiff did not die. On the contrary, "it would be an abuse of discretion to exclude testimony simply...because the proposed expert does not have the specialization that the court considers most appropriate." Holbrook v. Lykes Bros. Steamship Co., 80 F.3d 777, 782 (3rd Cir. 1996) (holding that court erred in finding that treating physician was

---

[2] See DE 82-4, 93:15-20.

unqualified to render a diagnosis or to discuss pathology report because he was not a pathologist, oncologist or expert in "definitive cancer diagnosis").

In support of his assertion that Dr. Wetli is unqualified, Plaintiff points to the fact that Dr. Wetli's testimony was excluded once before. However, Plaintiff's suggestion "that the last time [Dr. Wetli] testified regarding the cause of a living individual's condition he was stricken as an expert" is erroneous. Dr. Wetli testified that the one time his testimony was excluded was approximately 10 years ago in what he believed was a state court case. (DE 82-4, 17:18-21). It is unknown whether that case was civil or criminal, what jurisdiction it was, and most importantly what standard that court utilized to determine admissibility. Further, despite Plaintiff's assertion that the last time Dr. Wetli testified regarding a living person's condition his opinion was excluded, Dr. Wetli actually testified in his deposition that he is routinely retained in cases which concern the condition of living individuals. (DE 82-4, 14:14-15:2).

Plaintiff also suggests that Dr. Wetli's testimony is unreliable since he failed to account for the Plaintiff's compromised respiratory state in formulating his opinions. This completely mischaracterizes Dr. Wetli's opinions. Dr. Wetli did not fail to account for the Plaintiff's compromised respiratory state. Rather, Dr. Wetli fundamentally disagrees with the assertion that the Plaintiff was in a compromised respiratory state because he was capable of breathing and had a pulse when he was being violent with the paramedics. (DE 84-4, 68:12-20; 86:18-87:1).

Finally, Plaintiff cites to McClain v. Metabolife International, Inc., 401 F.3d 1233 (11th Cir. 2005) in support of the contention that Dr. Wetli's opinions should be excluded as ambiguous and equivocal. Again, it is important to understand the context of McClain to determine its applicability, if any, to the case at hand. McClain is a "toxic tort" case, the hallmark of which is the dose-response relationship. Id. at 1240. The Court in McClain devoted a significant portion of its opinion outlining

5

the special considerations involved in toxic tort cases. Id. at 1241-42. This case is obviously not a toxic tort case. Further, the expert in McClain was equivocal regarding the fundamental question of the dose-response relationship in that case. Id. at 1240-41. Here, tellingly, Plaintiff provides no support from Dr. Wetli's deposition where he supposedly equivocated. As noted in Dr. Wetli's report, excited delirium is a condition which is secondary to drugs, mental illness, or less frequently, infection. (DE 82-2, pg. 3). Dr. Wetli ruled out infection as a factor in the present case. (DE 82-4, 53:11-2). As such, he determined that the cause of excited delirium in Mr. Docher was either ingestion of a drug which was not detected by the simple drug screening done at the hospital, or mental illness. (DE 82-4, 53:12-18). Although Dr. Wetli noted that at the time of his review there was no evidence of a diagnosed mental illness, he also testified that the existence of additional psychiatric records that indicate a diagnosed mental illness would further explain the excited delirium. (DE 82-4, 87:20-88:3).[3]

The ultimate irony of Plaintiff's position is that but for the fact that the deputies called paramedics who promptly rendered medical aid to Mr. Docher, he likely would have died at the scene of the subject incident or soon after at the hospital. (DE 62, 62:13-23). Purportedly under the Plaintiff's theory, if the Plaintiff had passed away, Dr. Wetli would be qualified to render his opinions. The fact that the Plaintiff survived after suffering from excited delirium where most do not should not operate to prejudice the Defendants by excluding the testimony of Dr. Wetli. Whatever criticisms are raised in Plaintiff's motion go to the weight of Dr. Wetli's testimony, not its admissibility. As noted in Daubert, vigorous cross-examination and presentation of contrary evidence are the traditional and appropriate means of attacking expert testimony Plaintiff wishes to challenge.

---

[3]Subsequent to Dr. Wetli's deposition, Defendants obtained Plaintiff's social security records which do indicate the Plaintiff was diagnosed with schizophrenia prior to the subject incident. These records have since been reviewed by Dr. Wetli.

Dr. Wetli offers relevant and reliable opinions that will be helpful and useful to the jury. If this case proceeds to a jury trial, Dr. Wetli can then be subject to cross examination and the jury would be free to decide whether to accept or reject his opinions in regard to their determination of whether or not the Defendants should be found civilly liable in this case.

Plaintiff's motion should be denied.

### REQUEST FOR HEARING

Should this Court be inclined to grant Plaintiff's Motion, Defendants respectfully request a hearing to allow the Defendants to fully argue their position due to the complexity of the issue. The Defendants estimate that 30 minutes will be sufficient to fully argue the issue.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com, **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **26th** day of October, 2017.

> PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
> Attorneys for Defendants Newman, Mangrum, Robinson, Courtemanche and Sheriff
> 2455 East Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone (954) 462-3200
> Telecopier (954) 462-3861
> Email: summer@purdylaw.com
> melissa@purdylaw.com
>
> BY     *s/ Summer M. Barranco*
> SUMMER M. BARRANCO
> Fla. Bar No. 984663