UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:16cv14413

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

       Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

       Defendant(s).
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS, JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT'S, MOTION TO EXCLUDE OPINIONS OF BRIAN MCALARY, M.D**

The Plaintiff, Tavares Docher, by and through his undersigned attorneys, hereby respectfully files his Response in Opposition to Defendants, Jose Rosario and St. Lucie County Fire District's, Motion to Exclude Opinions of Brian McAlary, M.D. and, in support thereof, sates as follows:

**INTRODUCTION**

Plaintiff hereby responds in opposition to Defendants' motion to exclude the testimony of Plaintiff's anesthesiologist expert, Brian McAlaray, M.D. Defendants make a number of attacks against Dr. McAlary's qualifications which are inaccurate and all insufficient to disqualify Dr.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Response in Opposition to Defendants Rosario and
St. Lucie Fire District's Motion to Exclude Opinions of
Brian McAlary, M.D.

McAlary from testifying as to the standard of care for administering Ativan (lorazepam) by paramedic, Jose Rosario under Fed. R. Evid. 702. Defendants' motion is without merit and must be denied because Dr. McAlary is a board-certified anesthesiologist who is clinically trained in the administration and pharmacokinetic properties of Ativan, a benzodiazepine, and has an exhaustive history of overseeing and administering the drug in emergency and trauma settings.

## ARGUMENT

### a. Dr. McAlary is Qualified to Render Standard of Care Opinions Against Rosario

Defendants suggest that Dr. McAlary lacks sufficient qualifications in emergency medicine to render standard of care opinions against Rosario for the administration of Ativan. However, Dr. McAlary has extensive training and experience administering and treating patients with Ativan in the emergency setting as set forth below.

Under Rule 702, experts may be qualified to testify in various ways, including by knowledge, skill, scientific training, education, and experience. *Seamon v. Remington Arms Co.*, LLC, 813 F. 3d 983 (11th Cir. 2016). A witness may be qualified as an expert by virtue of any one such factor, or upon a combination of any of the five factors. Specific degrees, certificates of training or membership in a professional organization are not required. *Fox v. Dannenberg*, 906 F. 2d 1253, 1256 (8th Cir. 1990). Overall, the court must determine whether testimony by the witness as an expert will assist the trier of fact to understand the evidence or to determine a fact in issue. Liberality and flexibility in evaluating qualifications should be the rule; the proposed expert "should not be required to satisfy an overly narrow test of his own qualifications."

2

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Response in Opposition to Defendants Rosario and
St. Lucie Fire District's Motion to Exclude Opinions of
Brian McAlary, M.D.

*Gardner v. General Motors Corp.*, 507 F. 2d 525, 528 (10th Cir. 1974); *See also First Tenn. Bank Nat'l Ass'n v. Barreto*, 268 F. 3d 319, 333 (6th Cir.2001) (holding that a lending expert's unfamiliarity with 'some aspects' of lender-borrower relationships 'merely affected the weight and credibility of his testimony, not its admissibility').

  Dr. McAlary is an educated, medically trained, and board-certified anesthesiologist. Ex. A, Dr. McAlary's CV. He has over 35 years of training and experience as an anesthesiologist in all settings including emergency and trauma settings. *Id.* Specifically, Dr. McAlary served as a faculty member and the associate medical director for 7 years at Baltimore Shock Trauma Center. Ex. B, McAlary Depo., 12:1-15. Dr. McAlary has been practicing medicine and holding academic appointments in the area of anesthesiology for decades. Ex. A & Ex. B at 10:8-15, 12:1-15. His clinical practice includes all aspects of anesthesiology and its subspecialties which include critical care medicine.[1] Ex B. at 9:15-21.

  At Baltimore Shock Trauma Center, Dr. McAlary participated in editing and offering input into the trauma center's policies and procedures regarding the administration of benzodiazepines as sedatives. Ex. C, Dr. McAlary's Affidavit.  For over 5 years at the trauma center, Dr. Mcalary worked closely with emergency medical personnel and paramedics on a regular basis. Anesthesiologists are, if not more, qualified to deal with patients who are respiratory compromised like Mr. Docher was in this case before he was administered Ativan. One of the many roles of

---

[1] American Board of Anesthesiology outlines the recognized subspecialties which include critical care medicine, hospice and palliative medicine, pain medicine, pediatric anesthesiology, and sleep medicine.

3

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Response in Opposition to Defendants Rosario and
St. Lucie Fire District's Motion to Exclude Opinions of
Brian McAlary, M.D.

anesthesiologists is to put patients in and out different forms of anesthesia (sedation) in emergencies as well as provide life-saving cardiopulmonary resuscitation. Anesthesiologists, specifically Dr. McAlary, must possess the knowledge of the administration of benzodiazepines, titration of drugs, and the metabolic derangement in order to have the ability to treat patients who suffer from respiratory depression. Ex. C.

"Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.'" *Clena Inv., Inc. v. XL Specialty Ins. Co*., 280 F.R.D. 653, 660 (S.D. Fla. 2012) (quoting *Jack v. Glaxo Wellcome, Inc*., 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002)). "This inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." *Id.* (citing *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co*., 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (citations and internal quotation marks omitted; alteration in original). Defendants contend that because Dr. McAlary never authored any publications in emergency medicine he is unqualified to render opinions as to the standard of care of Defendant Rosario administering Ativan in an emergency setting. Such an argument goes to the weight of his testimony not to its admissibility as discussed in *Clena Inv., Inc.* Further, whether Dr. McAlary is board-certified in any of the subspecialties is not relevant nor is it required for a medical expert if they overall have a sufficient background in the specialized area for which they are testifying upon which is clearly evidenced by Dr. McAlary's education, training, and experience. *Fox*, 906 F. 2d at 1256.

4

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Response in Opposition to Defendants Rosario and
St. Lucie Fire District's Motion to Exclude Opinions of
Brian McAlary, M.D.

### b. Dr. McAlary's Testimony Should Not Be Limited to Only his Opinions Included in His Expert Report

As the Defendants discussed in their motion, trial of this matter is set on the Court's trial docket beginning January 22, 2018. On May 5, 2017, Plaintiff filed his Initial Expert Disclosure disclosing five (5) experts, including Dr. Brian McAlary. **[**DE 40**]** On May 22, 2017, Plaintiff disclosed Dr. Brian McAlary's Expert Report pursuant to Fed. R. Civ. P. 26(a)(2)(B). On August 4, 2017, Dr. McAlary was deposed in this matter.

During the deposition, he testified as to several opinions that were not specifically discussed within his Expert Report dated May 21, 2017. Ex. D, Dr. McAlary's Expert Report. Dr. McAlary testified that in addition to the criticisms contained in his Expert Report concerning the pre-injection assessment he added that "no vital signs were obtained" and that the assessment should have included "auscultation of the chest". Ex. D*;* Ex. C at 24:11-25:3; 28:11-16). In his deposition, he also testified that it is likely that Mr. Docher "became hypercapnic, hypoxic and acidotic with associated medical derangement, making him very vulnerable, along with his antecedent alcohol ingestion, to the respiratory depressant effects of Ativan. . . ." Ex. C at 28:11-22. Dr. McAlary also testified that the combination of Docher's position (prone) and the restraint maneuvers applied by the deputies would have cause asphyxia. Ex. C at 27:13-28:5. Furthermore, Dr. McAlary testified for the first time that there was a very high probability of concussion when Mr. Docher was tackled onto the parking lot surface. Ex. C at 80:2-20. Lastly, for the first time he also testified that it is his opinion that Mr. Docher was not taking synthetic cathinones on May 11, 2014. Ex. C at 82:3-21.

5

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Response in Opposition to Defendants Rosario and
St. Lucie Fire District's Motion to Exclude Opinions of
Brian McAlary, M.D.

Dr. McAlary's opinions which were disclosed at his deposition are permitted to be presented at trial as they are not excluded by The Federal Rules of Civil Procedure and were timely disclosed to the Defendants as to not prejudice them in any way. The Federal Rules of Civil Procedure require parties to file reports of expert witnesses they intend to use at trial. *See* Fed. R. Civ. P. 26(a)(2). If a party does not timely file his reports, the district court may exclude the party's expert from testifying at trial on the matters the party was required to disclose. *See* Fed. R. Civ. P. 37(c)(1). The sanction of exclusion is "automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir.1996).

First, under Fed. R. Civ. P. 26(a)(2)(e), a party is required to supplement expert disclosures in accordance with Fed. R. Civ. P. Rule 26(e). Rule 26(e)(2) pertaining to expert witnesses states in pertinent part, "for an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." The parties are required to submit their disclosures at least 30 days before trial. Fed. R. Civ. P. 26(3)(B).

Dr. McAlary has already disclosed all his opinions at his deposition on August 4, 2017, which is almost five (5) months before trial. Any proffered opinions at his deposition not previously outlined in his report will be disclosed in the supplemental reports that will be served in a timely fashion accordance with Fed. R. Civ. P. 26(a)(2)(e) & 26(e)(2). Further, the Defendants

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Response in Opposition to Defendants Rosario and
St. Lucie Fire District's Motion to Exclude Opinions of
Brian McAlary, M.D.

have suffered no prejudice by being made aware of Dr. McAlary's opinions months before trial and they will have the benefit of his opinions memorialized in a supplementary report submitted with the pre-trial disclosures.

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this Court deny Defendants, Jose Rosario and St. Lucie County Fire District's, Motion to Exclude the Opinions of Brian McAlary, M.D., as Dr. McAlary is competent and qualified to testify in accordance with the standards set forth in *Daubert*.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Plaintiff believe that, before excluding any portion of the expert testimony of Dr. McAlary, an evidentiary hearing would be appropriate and helpful to clarify any of the issues before the Court. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla*., 402 F. 3d 1092, 1113 (11th Cir.2005) (quoting *City of Tuscaloosa v. Harcros Chems., Inc*., 158 F. 3d 548, 564 n. 21 (11th Cir.1998)) ("*Daubert* hearings are not required, but may be helpful in 'complicated cases involving multiple expert witnesses'").

## 7.1(a)(3) STATEMENT

Plaintiff's counsel has conferred with all defense counsel in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Response in Opposition to Defendants Rosario and
St. Lucie Fire District's Motion to Exclude Opinions of
Brian McAlary, M.D.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via electronic filing using the CM/ECF system with the Clerk of the Court, which sends e-mail notification of such filing to all CM/ECF participants in this case, on this 26th day of October, 2017.

/s/ DARRYL L. LEWIS
DARRYL L. LEWIS
Florida Bar No.: 818021
Attorney E-Mail(s):  dll@searcylaw.com and
axs@searcylaw.com
Primary E-Mail: _lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiff(s)