UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

CASE NO.: 2:16-cv-14413

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE REGARDING PLAINTIFF'S LAW ENFORCEMENT EXPERT**

      Plaintiff, TAVARES DOCHER, by and through JANICE DOCHER-NEELEY, his mother and legal guardian, by and through the undersigned attorney, hereby files his Response in Opposition to Defendants, MASCARA, NEWMAN, MANGRUM, ROBINSON and COURTEMANCHE's Motion in Limine Regarding Plaintiff's Law Enforcement Expert, Melvin Tucker [DE 81].

## BACKGROUND

      This action arose due to the significant and permanent injuries Plaintiff, Tavares Docher, sustained while in the custody of St. Lucie County Sheriff Officers and St. Lucie County Fire

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 2

Department. On May 11, 2014, Plaintiff was confronted St. Lucie County Sheriff Officers in the parking lot of a CVS and placed under arrest by Defendant NEWMAN for the offense of disorderly intoxication, in the absence of probable cause that Plaintiff committed any criminal offense. Plaintiff was then handcuffed and searched without incident, and seated in the back of a police car with the door open. Plaintiff subsequently alighted from the police car and was immediately taken to the ground by the officers.

While Plaintiff was on the ground and handcuffed behind his back, Defendants NEWMAN, MANGRUM, and ROBINSON repeatedly used punches, strikes, and blows with their elbows towards Plaintiff striking him all over his body and his head. Plaintiff's arms were being bent in a 90 degree angle behind his back, while an officer was stepping and pushing on his back. These actions caused him to scream in pain and the inability to sufficiently inhale and exhale to provide oxygen to his body. During the use of force by the officer, Plaintiff remained handcuffed, face down, with a large pool of blood collecting by his head.

Prior to the arrival of paramedics, Plaintiff was placed in a recovery position by the officers on his side as he became nonverbal and unresponsive. Co-Defendant ROSARIO, an EMT-Paramedic with St. Lucie County Fire District, responded to the incident location due to Plaintiff's injuries, including but not limited to his head laceration. Co-Defendant ROSARIO was informed by deputies that Plaintiff was intoxicated by alcohol. When Co-Defendant ROSARIO approached Plaintiff, he regained a moment of consciousness and moved his leg striking Co-Defendant ROSARIO. Co-Defendant ROSARIO then injected Plaintiff in the buttocks with 4 mg Ativan – the maximum dosage. Following the administration of Ativan, Plaintiff became

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 3

unresponsive, stopped breathing, and went into cardiac arrest. Plaintiff contends that the excessive and unjustified actions of the Defendant Sheriff Officers and Co-Defendant ROSARIO combined to cause Plaintiff to become respiratory insufficient, enter into respiratory distress, and ultimately go into cardiac arrest. As a result, Plaintiff suffered a severe brain injury and is now in a permanent persistent vegetative state.

Defendants SHERIFF, NEWMAN, MANGRUM, ROBINSON, and COURTEMANCHE have filed a Motion in Limine seeking to strike or limit the testimony of Plaintiff's law enforcement expert Melvin Tucker on the grounds that his opinions will not assist the trier of fact and constitute impermissible legal opinions. The Motion must be denied for the reasons set forth below.

## ARGUMENT

Expert testimony is admissible if "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).  The Court must engage in this three-part inquiry.  But "[a] district court's gatekeeper role under *Daubert* 'is not intended to supplant the adversary system or the role of the jury.'" *Maiz v. Virani*, 253 F. 3d, 641, 666 (11th Cir. 2001) (quoting *Allison v. McGhan*, 184 F.3d 1300, 1311 (11th Cir.1999)).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 4

of attacking shaky but admissible evidence." *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333 (11th Cir. 2003) (quoting *Daubert*, 509 U.S. at 596). Also, as with any motion in limine, Defendants' motion should be granted only if the evidence in question is "clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (citing *In re Seroquel Prods. Liab. Litig*., 2009 WL 260989, at *1 (M.D. Fla. 2009)). Otherwise, evidentiary rulings should be deferred until trial, so that they may be resolved in proper context. *Gonzalez*, 718 F. Supp. 2d at 1345.

*1. Qualifications*

Mr. Tucker is exceptionally well qualified to render opinions on police use of force issues. Melvin Tucker began his law enforcement career as an FBI Agent from 1969 to 1971. He then served as the Chief of Police in four towns, including Tallahassee, Florida, between 1971 and 1994. During these 23 years, Chief Tucker had overall responsibility for the recruitment, selection, assignment, training, and promotion of the officers under his command. He further had responsibility for investigating allegations of officer misconduct and taking any necessary corrective action. He trained thousands of law enforcement officers on the legal and professional standards regarding use of force.

After 25 years in active law enforcement, Mr. Tucker has worked as an adjunct faculty member in criminal justice at six different universities and colleges, including Florida State University, Florida A&M University, and Tallahassee Community College. He has conducted seminars at Broward Community College and Bay County Community College on use of force. He has served for three years as a member and Vice-Chairman of the Florida Criminal Justice

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:   2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 5

Standards and Training Commission, establishing minimum standards for the employment and training of all law enforcement officers in Florida, including use of force training.

Mr. Tucker has provided training on use of force issues to numerous entities in the criminal justice system, including the Annual Florida Police Chiefs' Seminar in Tallahassee for six consecutive years, the Florida Department of Law Enforcement, the Florida Marine Patrol, the Escambia County Sheriff's Office, the Hillsborough County Sheriff's Office, the Pat Thomas Law Enforcement Academy in Quincy, Florida, the Center for Advanced Law Enforcement Studies in Tampa, and the Lively Criminal Justice Training Academy in Quincy.  He has reviewed and evaluated use of force policies for the Florida Department of Lottery (which employs law enforcement agents), the Cocoa Beach Police Department, the Fort Walton Beach Police Department, the Orange City Police Department, and the Edgewater Police Department.  He has also provided training to the Tallahassee Police Department on avoiding administrative and civil culpability, training to the State Attorney's Office in Key West on the police code of silence, and consulting services to the United States Department of Justice on race relations and racial profiling.

Mr. Tucker was the first non-lawyer invited to be the lead speaker to address *The Legal Standards Regulating the Use of Force by Law Enforcement Officers* at the National Summit on Police Use of Force.  In 2010, Mr. Tucker co-authored a book entitled *Prevention and Investigation of Officer Involved Deaths*.  He has written or co-written approximately 40 published articles, many of which address police use of force, including *Use of Force Standards Have Changed*, *Legal Authority for Preemptive Action*, *The Force Science Reactionary Gap*, and *Police Use of Force: Federal and Colorado Standards*.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 6

Melvin Tucker has been retained in approximately 500 law enforcement and security cases. His deposition and trial testimony has been roughly 70% plaintiff and 30% defendant.  He has qualified and testified in trial as a police procedures/use of force expert 83 times in courts throughout the United States, including 26 times in Florida state courts or federal courts.  His trial testimony has included issues of negligent hiring, retention, assignment, training, and supervision, use of force, probable cause and reasonable suspicion, and proper police procedures and investigations.  (Melvin L. Tucker's qualifications are set forth in his expert report, curriculum vitae and his deposition testimony which are attached to Defendant's Motion as Exhibits A and B and can be found at [DE 81-1] and [DE 81-2]).

### 2. Plaintiff's Expert Appropriately Applies Prevailing Standards to the Police Conduct at Issue in This Case

Defendants repeatedly complain that Mr. Tucker's opinions constitute improper "legal conclusions."   They rely upon *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1112-13 (11th Cir. 2005), in which the Eleventh Circuit Court of Appeals held that the district court had not abused its discretion in excluding an expert's opinions that a correctional facility was "deliberately indifferent" to an inmate's medical needs and "violated [the inmate's] constitutional right to be free from cruel and unusual punishment."   But the Eleventh Circuit holding emphasized that the opinions were "unsubstantiated by any proffered facts, explanation, or analysis" and "purely a legal conclusion ... presented without any supporting factual basis."  *Id.*

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:   2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 7

*Cook* is ultimately about the need for a proper foundation.[1]  It should not be read, as Defendants seem to suggest, to prohibit all law enforcement expert testimony in use of force cases.

Indeed, decisions from United States Supreme Court, the Eleventh Circuit Court of Appeals, and the Southern District of Florida have all acknowledged the introduction of expert testimony regarding police use of force.  *E.g.*, *Whitley v. Albers*, 475 U.S. 312, 323-24 (1986) (referencing experts' opinions as to whether prison officials' use of deadly force was necessary); *Prieto v. Malgor*, 361 F.3d 1313, 1316-17 (11th Cir. 2004) (expert testified that officers were justified in their use of force); *Feliciano v. City of Miami Beach*, 844 F. Supp. 2d 1258, 1265-66 (S.D. Fla. 2012) (Plaintiff's expert meets all three prongs of Rule 702 and may testify at trial that, under the circumstances, "any use of force would be unlawful and excessive").

The Eleventh Circuit has, on at least two occasions, expressly analyzed and approved the admission of expert use of force testimony.  In *Samples v. City of Atlanta*, 916 F.2d 1548 (11th Cir. 1990), the parents of a young man fatally shot by a police officer brought a section 1983 action against the officer and the city for which he worked.  At trial, a use of force expert was asked "whether or not it was reasonable for the officer to discharge his firearm when [the young man] charged him with a knife."  916 F.2d at 1551.  Over objection, the expert testified that, in his opinion, the officer acted reasonably.  *Id.*  In affirming the trial court's decision to permit this testimony, the Eleventh Circuit wrote:

> We agree with the plaintiffs that the literal wording of the question posed tends to call for an answer that would invade the province of the jury, which in this case

---

[1] The district court, while "tentatively grant[ing]" the motion to exclude expert testimony, wrote that "Plaintiffs may attempt to reintroduce expert testimony at trial once they have established other evidence tending to show deliberate indifference on the part of Defendant."  *Cook*, 402 F.3d at 1109 (quoting *Cook*, 264 F. Supp. 2d at 1064).

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 8

> was to decide the reasonableness of the officer's actions. We find, however, that the questions leading up to this testimony, and the manner in which the expert answered the question, *properly informed the jury that the expert was testifying regarding prevailing standards in the field of law enforcement*.

*Id.* (emphasis added).

In *United States v. Myers*, 972 F.2d 1566 (11th Cir. 1992), the government prosecuted a police officer for depriving arrestees of their civil rights by using a stun gun. The trial court permitted two law enforcement witnesses to offer opinion testimony on the impropriety of the officer's conduct: one witness testified that, based on his knowledge and experience, the officer's use of the stun gun "did not constitute reasonable force," while the other testified that the use of a stun gun was "unjustified."  972 F.2d at 1577.  The Eleventh Circuit affirmed the admissibility of this testimony, writing:

> While asking whether force was "reasonable" or "justified" invades the province of the jury, this circuit has held that, considering the entirety of testimony, an expert witness can testify as to the prevailing standards in the field of law enforcement. *Samples v. City of Atlanta*, 916 F.2d 1548, 1551 (11th Cir. 1990). In *Samples*, this circuit found that the questions leading up to the expert's testimony and the manner in which he answered the question properly informed the jury that the expert was testifying regarding prevailing standards in his field....
>
> In light of the questioning and answers given, we find that, as with the testimony in *Samples*, [the witness] properly framed his opinion in accordance with prevailing police standards.  The court did not err in admitting his testimony.  *See Wade v. Haynes*, 663 F.2d 778, 784 (8th Cir. 1981) (holding that question that amounted to an inquiry as to whether "defendant's conduct violated a constitutional norm," was permissible because the "jury had the right to be informed concerning prison policy" in assessing whether a correctional officer had violated a prisoner's civil rights), *aff'd on other grounds*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

972 F.2d at 1577-78.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 9

Defendants do not mention *Samples* or *Myers*.  Instead, they cite a Northern District of Alabama decision in asserting that an expert can never testify that someone acted in a manner that was "reckless," "careless," "unreasonable," or exhibiting "deliberate indifference."  *See* Motion in Limine at 4 (citing *Griffin v. City of Clanton, Alabama*, 932 F. Supp. 1357, 1358 (M.D. Ala. 1996)); *but see Graddy v. City of Tampa*, 2014 WL 1092285, at *5 (M.D. Fla. 2014) (permitting Mr. Tucker to opine that deployment of a taser was "unjustified, excessive, and unreasonable under the totality of the circumstances known to the officers").

### 3. The Expert's Opinions Will Assist the Jury

As discussed in section 2 above, courts have repeatedly permitted experts (including Mr. Tucker) to testify on use of force issues.  That is precisely because issues such as the accepted standards of conduct applicable to law enforcement officers' use of force, a reasonable threat assessment, the law enforcement safety standards of "communicate, cover, and conceal," and the appropriate methods of investigation are not within a juror's common knowledge.  *See*, *e.g.*, *Kopf v. Skyrm*, 993 F.2d 374, 378 (4th Cir. 1993) (reversing trial court's exclusion of law enforcement expert testimony as an abuse of discretion because application of a "reasonable officer" standard to the use of a slapjack requires specialized knowledge).  In *Feliciano v. City of Miami Beach*, 844 F. Supp. 2d 1258, 1265-66 (S.D. Fla. 2012), the court quoted *White v. Gerardot*, 2008 WL 4372019, at *5 (N.D. Ind. 2008), which had "little doubt that [the plaintiff's law enforcement procedure expert's] testimony about proper police procedure and the use of force under the circumstances [the officer] encountered the night of the shooting would assist the jury in determining whether [the officer's] actions were objectively reasonable."

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 10

### *4. Specific criticisms of Tucker's opinions*

With respect to Opinion #1, that the officers used excessive force, Defendants argue that Mr. Tucker failed to consider or simply ignored the fact that Mr. Docher had: committed the felony crimes of escape and battery on a law enforcement officer and had attempted to bite one of the officers.  This is simply a mischaracterization.  Mr. Tucker's report has an Appendix identifying the facts he assumed in reaching his opinions, which includes reference to the fact that Mr. Docher "took off" when deputies started to put him in the patrol car. *See* [DE81-1] at p.32.  He also notes that Mr. Docher tried to bite Deputy Newman. *Id.*   At deposition, Mr. Tucker testified that he does not know if Mr. Docher's actions would meet the definition of escape under Florida law, but he acknowledged that Mr. Docher was evading arrest by flight.  *See* 07/12/17 deposition of Melvin Tucker [DE 81-2] at p55:14-20.  He further acknowledges that Mr. Docher had attempted to bite the deputies but stated that it did not change his opinion that the force used was excessive under the circumstances.  *Id*. at p.61:2-14.  He also acknowledged that Mr. Docher was charged with battery on a law enforcement officer, a felony in Florida.  *Id*. at 63:11-12 and 63:21-24.  However, despite this charge, Mr. Tucker also considered the fact that Mr. Docher was handcuffed and unarmed in formulating his opinion that the deputies' use of elbow strikes to the head were unreasonable force under the circumstances.  *Id.* at p.64 - 65. While Defendants may dispute the weight which Mr. Tucker gave certain underlying facts, it is inaccurate to say that he simply ignored those facts.  This is fodder for cross examination and not a reason to exclude Mr. Tucker's testimony.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 11

Also with respect to Opinion #1, Defendants argue that Mr. Tucker suggests elbow strikes of any type are deadly force as a matter of law, which they characterize as a legal conclusion that is inaccurate based on case law.  Again this is a mischaracterization of Mr. Tucker's opinions. In reality, Mr. Tucker never testified that all elbow strikes constitute deadly force.  He testified that Florida's Basic Recruit Training Curriculum teaches that elbow strikes to the temple, side of the jaw, bridge of the nose, back of the head and throat can cause great bodily harm. *See* Tucker Deposition [DE 81-2] at p.52.  He expressly agreed during his deposition that not all elbow strikes to the head are deadly force.  *Id.* at p. 56:2-4.  He testified that using the bony part of the elbow can be deadly force if delivered to the temple, the side of the jaw, bridge of the nose, throat or back of the head.  *Id.* at p. 56:4-22.

Defendants cite *Hoolihan v. Clayton County Ga.,* 2012 WL 12888679 (N.D. Ga. 2012, *aff'd sub nom.*, 507 Fed. Appx 831 (11th Cir. 2013), in an apparent attempt to suggest that an elbow strike can never be considered deadly force.  The facts of *Hoolihan* can be distinguished. In *Hoolihan*, the suspect was forcefully resisting by hitting and kicking the two officers involved in the incident.  2012 WL 12888679 at *5-6.  The suspect in *Hoolihan* was not in handcuffs.  *Id*. *Hoolihan* involved one elbow strike to the head and there was no mention whether the officers received training that elbow strikes to the head could constitute deadly force.[2] *Id*.  The *Hoolihan* Court determined that "<u>in this instance</u>, an elbow strike to the head is not the equivalent of a strike "with a blunt instrument" likely to pose a substantial risk of serious injury. Id. at *6 (emphasis

---

[2] Unlike this case, where Mr. Docher was handcuffed, there were at least three deputies present to control him,  there were multiple elbow strikes to the head and Plaintiff's expert has explained that Florida's Basic Recruit Training Curriculum teaches that elbow strikes to specific areas can cause death or great bodily harm.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 12

added). As Defendants point out, *Scott v. Harris,* 550 U.S. 372 (2007) instructs there is no per se rule that a particular use of force is unreasonable in all cases, rather the test is reasonableness under the circumstances. Furthermore, courts have held that blows to an individual's head may constitute excessive force, *see Baltimore v. City of Albany, Ga.*, 183 Fed. Appx 891, 898 (11th Cir. 2006); *Phelps v. McCoy*, 286 F.3d 295, 302, (6th Cir. 2002), and that closed-fisted blows may constitute deadly force. *See Davenport v. Causey*, 521 F.3d 544, 552-553 (6th Cir. 2008), *citing Sallenger v. Oakes*, 473 F.3d 731, 740 (7th Cir. 2007). Thus, there is nothing about Mr. Tucker's opinions that is inaccurate based on the law.

With respect to Opinion #2 in Mr. Tucker's report, the Defendants argue that the opinion on how to handle a person exhibiting symptoms of excited delirium is essentially a legal question. Defendants cite no case law to support this assertion. *Buckley v. Haddock* did not address the issue of excited delirium and *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015), addresses the issue of whether the Americans with Disabilities Act (ADA) requires officers to accommodate a violent, mentally ill suspect. Mr. Tucker has not suggested that Tavares Docher required some type of accommodation under the ADA.

With respect to Opinion #3, Defendants argue that Mr. Tucker's opinion regarding a violation of clearly established training, improperly connects training standards to what the Fourth Amendment requires, and that failure to follow a training technique will not necessarily render conduct unreasonable. Again, Defendants mischaracterize Mr. Tucker's opinions. A review of his deposition and report reveals that his opinions were based on all of the circumstances surrounding the Defendants' encounter with Mr. Docher on May 11, 2014. Mr. Tucker never

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 13

opined that a failure to follow training in and of itself, rendered the deputies' conduct unreasonable under the Fourth Amendment.

With respect to Opinion #4, Defendants once again argue that the opinion is based on incomplete facts because Mr. Tucker "ignored" the fact that Mr. Docher bit Deputy Newman and is also based on the erroneous legal conclusion that elbow strikes to the head are always considered deadly force. As set forth above, neither of these assertions accurately reflect Mr. Tucker's opinions or testimony.[3]

### 5. Exclusion under Daubert should be the exception not the rule

The trial court's gatekeeping role under *Daubert* "is not intended to supplant the adversary system or the role of the jury." *Walters v. Altec Industries, Inc.* 2003 WL 25686829, *3 (M.D. Fla. 2003) (quoting *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311 (11th Cir. 1999)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (quoting *Daubert*, 509 U.S. at 596). In other words, challenges to the weight and sufficiency of the expert testimony are not properly raised under *Daubert* which governs admissibility. *Id.* (citing *Quiet Technology DC–8. Inc. v. Huerl–Dubois, UK Ltd,* 362 F.3d 1333, 1341 (11th Cir. 2003)). As a result, exclusion of expert testimony under *Daubert* should be the

---

[3] Defendants also complain that Mr. Tucker testified at his deposition that he would be preparing a final report based on review of depositions received after issuing his preliminary report (p. 18 & 20). Under FRCP 26(e)(2), an expert is permitted to amend their report to include depo testimony prior to trial as long as it is disclosed in the pre-trial disclosures. Plus, Defendants were able to explore these issues with Mr. Tucker as his deposition far in advance of trial, such that there is no prejudice to the Defendants.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  2:16-cv-14413
Plaintiff's Memorandum of Law in Opposition to Defendants' Motion in Limine Regarding Plaintiff's Law Enforcement Expert
Page 14

exception rather than the rule. *Id.* (citing *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1279 (M.D. Fla. 2002)).

## CONCLUSION

The three-part test for the admission of expert testimony has been satisfied.  This Court should not strike Plaintiff's law enforcement expert, leaving only a defense expert to testify on use of force issues.[4]  Instead, the Court should allow both sides to present opinion testimony from their law enforcement experts, subject all of the experts to cross-examination, and instruct the jury that, "[a]s with any other witness's testimony, you must decide for yourself whether to rely upon the opinion." Eleventh Circuit Civil Pattern Jury Instruction 3.6.1.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via electronic filing using the CM/ECF system with the Clerk of the Court, which sends e-mail notification of such filing to all CM/ECF participants in this case, on this 26th day of October, 2017.

/s/ DARRYL L. LEWIS

Darryl L. Lewis
Florida Bar No.: 818021
Attorney E-Mail(s):  dll@searcylaw.com and axs@searcylaw.com
Primary E-Mail: _lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiff(s)

---

[4] Alternately, if the Court strikes any testimony from Plaintiff's experts, Plaintiff moves for exclusion of Chief mark Dunston's testimony on the same grounds (i.e. that the opinions constitute improper legal conclusions and will not assist the jury).