UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:16cv14413

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

       Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

       Defendant(s).
_____/

**PLAINTIFF'S REPLY TO DEFENDANTS SHERIFF, NEWMAN, MANGRUM, ROBINSON AND COURTEMANCHE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO STRIKE, OR IN THE ALTERNATIVE, TO EXCLUDE DEFENDANTS' EXPERT WITNESS (DR. WETLI) AND ALL OF HIS EXPERT OPINIONS**

The Plaintiff, Tavares Docher, by and through his undersigned attorneys, hereby respectfully files his Reply to Defendants, Sherriff, Newman, Mangrum, Robinson, and Courtemanche's Response in Opposition to Plaintiff's Motion in Limine to Strike, or in the Alternative, To Exclude Defendants' Expert Witness, Charles Wetli, M.D. regarding causation and, in support thereof, sates as follows:

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 5:16-cv-14413
Reply to Response – Dr. Wetli

## INTRODUCTION

In response to Plaintiff's Motion in Limine, Defendants present an opposition brief that fails to address the lack of knowledge and experience that Dr. Wetli has in identifying excited delirium as a cause of cardio-pulmonary arrest in living patients. [DE 122]. There is very little contained in the filing that, in fact, shows Dr. Wetli is qualified to render an expert opinion as to the cause of Plaintiff, Tavares Docher's, cardio-pulmonary arrest. *Id.* Defendants also attempt to raise issues far outside the scope of the motion, inappropriately including arguments that Dr. Wetli would be qualified to be an expert if Mr. Docher would have died suggesting somehow that such an outcome would support their argument that Dr. Wetli is qualified, but also inadvertently undermining their position as Dr. Wetli truly is only qualified to render opinions as to cause of death. *Id.* Nothing raised by Defendants Response supports that Dr. Wetli is qualified to render opinions regarding the cause of Mr. Docher's cardio-pulmonary arrest.

## ARGUMENT

Defendants argue in response that Dr. Wetli is qualified to render causation opinions regarding Mr. Docher's cardio-pulmonary arrest because he is a forensic pathologist yet fails to provide any support that he has clinically evaluated and treated living patients who suffered a cardio-pulmonary arrest from excited delirium. The Defendants specifically cite to *Mann v. Taser Intern., Inc.*, 588 F. 3d 1291, 1299 n.4 (11th Cir. 2009) as it principal case in support of Dr. Wetli's opinions regarding causation. In *Mann*, the expert opined that the Plaintiff's death was caused by "excited delirium." Although the expert suggests a long list of aggravating factors, nowhere did he state that the use of the Taser was a cause or a contributing cause of death based upon reasonable

2

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Reply to Response – Dr. Wetli

medical certainty. *Mann*, 588 F. 3d at 1299. The Court referencing Georgia law held that clear that medical causation must come from expert testimony and must provide a causal connection that is "more than a mere chance or speculation." *Id.* The same reasoning holds true under Florida law and *Daubert*, a reliable expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Footnote 4 of the *Mann* opinion specifically addressed "excited delirium" as "a widely accepted entity in forensic pathology and is cited by medical examiners to explain the sudden in-custody deaths of individuals who are combative and in a highly agitated state." *Mann*, 588 F. 3d at n. 4. Again, the causation opinion of "excited delirium" is only properly applied by forensic medical examiners in examining cause of death when individuals were highly combative and ingested stimulants. *Id*. However, in this case, Mr. Docher is still living, was hand-cuffed on the ground unable to move, was not combative, and had no stimulants in his body. Ex. A, Dr. Wetli Dep., 64:19-25; 53:2-9.

Defendants' assertion that Dr. Wetli is qualified as an expert and his opinions are reliable are not supported by any legal or factual basis. While Dr. Wetli has published numerous articles on excited delirium, almost all of them are exclusively attributed to the drug cocaine or another stimulant and are in the context of a post-mortem evaluation on cause of death. Ex. B, Dr. Wetli's CV. Nowhere in his background, research, or publications has he studied the effects of excited delirium on the cardio-pulmonary system in the context of an individual who has not ingested a stimulant drug. Ex. A, at 42:18-21. He even admitted that he does not know what drug he is

3

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 5:16-cv-14413
Reply to Response – Dr. Wetli

referring to in his opinions that would have caused Mr. Docher to be suffering from excited delirium. Ex. A, at 63:1-12.

Dr. Wetli remains unqualified to render opinions because as a trained forensic pathologist he lacks the requisite knowledge, experience, and expertise to determine the cause of Mr. Docher's cardio-pulmonary arrest in the context of this case where no autopsy was performed and no physical examination was performed. A position that Dr. Wetli would agree as he stated at his deposition:

> Q. And, again, in the context of this case, does that all apply to figure out what the current condition of someone who is still living?
> A. It should be applied to that, yes. But for the person who is still living, then medical examiners generally cannot get involved.

Ex. A, at 23:3-8.

Further, Dr. Wetli's opinions fail to pass muster under *Daubert's* analysis of reliability since his opinions are based on mere speculation with no scientific analysis to support his claims that excited delirium was more likely than not the cause of Mr. Docher's cardio-pulmonary arrest.

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine and strike Dr. Wetli and his opinions pursuant to the standards set forth in *Daubert*.

### 7.1(a)(3) STATEMENT

Plaintiff's counsel has conferred with all defense counsel in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Reply to Response – Dr. Wetli

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via electronic filing using the CM/ECF system with the Clerk of the Court, which sends e-mail notification of such filing to all CM/ECF participants in this case, on this  1st day of November, 2017.

                           /s/ DARRYL L. LEWIS
                           DARRYL L. LEWIS
                           Florida Bar No.: 818021
                           Attorney E-Mail(s):  dll@searcylaw.com and axs@searcylaw.com
                           Primary E-Mail: _lewisteam@searcylaw.com
                           Searcy Denney Scarola Barnhart & Shipley, P.A.
                           2139 Palm Beach Lakes Boulevard
                           West Palm Beach, Florida 33409
                           Phone: (561) 686-6300
                           Fax:     (561) 383-9485
                           Attorney for Plaintiff(s)