UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:16cv14413

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

**PLAINTIFF'S REPLY TO DEFENDANTS SHERIFF, NEWMAN, MANGRUM, ROBINSON AND COURTEMANCHE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT WITNESS, TERI STOCKHAM, M.S.F.S., PH. D.'S OPINIONS REGARDING PSYCHOLOGICAL SYMPTOMS**

The Plaintiff, Tavares Docher, by and through his undersigned attorneys, hereby respectfully files his Reply to Defendants, Sherriff, Newman, Mangrum, Robinson, and Courtemanche's Response in Opposition to Plaintiff's Motion in Limine to Exclude Defendants' Toxicologist Expert Witness, Teri Stockham, M.S.F.S., Ph. D., Opinions Regarding Psychological Symptoms and, in support thereof, sates as follows:

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 5:16-cv-14413
Reply to Response – Dr. Stockham

## INTRODUCTION

In opposing Plaintiff's Motion in Limine, Defendants make a series of arguments that are irrelevant and fail to qualify Dr. Stockham as an expert on analyzing and assessing human behavior consistent with a psychological diagnosis. Nothing raised by Defendants Response shows that Dr. Stockham is qualified to render opinions regarding whether the Plaintiff, Tavares Docher, was exhibiting behavior consistent with drug-induced paranoia or psychosis. Accordingly, Dr. Stockham's opinions must be excluded.

Defendants' Response breaks down into one basic argument – that a toxicologist like Dr. Stockham, although not a trained licensed psychologist or psychiatrist, is capable of rendering opinions on an individual's mental state and whether certain human behavior is consistent with a particular psychological diagnosis. [DE 120]. This argument is flawed. Defendants have presented no evidence in opposition to Plaintiff's Motion in Limine to establish that Dr. Stockham has any training, education, or clinical experience in psychology or that she has performed psychological evaluations on patients to diagnose and treat behavior linked to a clinically recognized mental disorder.

## ARGUMENT

Defendants argue that Dr. Stockham is qualified to render psychological opinions regarding human behavior because she has spent over thirty years as an expert in toxicology and has spent years working as a medical examiner. [DE 120]. The Defense believes that forensic toxicology combines the study of toxic effects of drugs and poisons on the body, and Plaintiff concedes that this is accurate; however, how toxins and poisons can interact with the human body's

2

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Reply to Response – Dr. Stockham

organs and normal functions is wholly different that assessing an individual's human behavior that may or may not be linked to a mental disorder. Those assessments and opinions related to human behavior and mental conditions fall under the purview of a clinically trained psychologist or psychiatrist which Dr. Stockham is neither.

    The Defendants cite to a string of cases that have allowed a toxicologist to testify as an expert, but none of those are applicable to the facts of this case. *See Loudermill v. Dow Chem. Co*., 863 F.2d 566, 570 (8th Cir. 1988) ("[A]lthough Dr. Lowery is not a medical doctor, he is an expert in toxicology. He has had substantial experience in the performance of autopsies as a toxicologist consultant, determining clinical or toxicological related events in death. Therefore the Court finds that based upon his education and experience Dr. Lowery is an expert, thus, qualified to offer his opinion as to Loudermill's cause of death."); *Genty v. Resolution Trust Corp*., 937 F. 2d 899, 917 (rejecting assertion that toxicologist could not testify as to the effects of a hazardous chemical because [m]edical doctors...are not the only experts qualified to render an opinion as to the harm caused by exposure to toxic chemicals"); *Kitzmiller v. Jefferson Supply Co*., 2:05-CV-22, 2006 WL 2473399, at *4-6 (N.D.W. Va. Aug. 25, 2006)(Holding that even though the expert was not a medical doctor, a toxicologist is qualified to render an opinion as to the harm caused by exposure to toxic chemicals). Those cases string-cited above have generally held that medical doctors are not the only experts qualified to render an opinion as to the harm caused by exposure to toxic chemicals. An exclusion of a toxicology expert who is not a medical doctor, without considering his credentials as a doctor of toxicology, simply because he did not possess a medical degree, is inconsistent with expert witness jurisprudence. *Genty v. Resolution Trust Corp.,* 937 F. 2d 899,

3

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Reply to Response – Dr. Stockham

917 (3d Cir. 1991). In fact, the *Genty* court ultimately affirmed the lower court's ruling and excluded the toxicologist from testifying on causation issues because the toxicologist lacked the requisite expert credentials in his field and did not have the proper foundation in that case to proffer causation opinions.

Likewise, Plaintiff's position that Dr. Stockham is unqualified to render psychological behavior opinions outlined in Paragraph 4 of her Report must be accepted because when evaluating Dr. Stockham's entire background there is no evidence that she ever received any formal education in psychology, clinically practiced as a psychologist or psychiatrist, nor evaluated or diagnosed human behavior that his consistent with a recognized psychological mental disorder.  Ex. A, Dr. Stockahm's CV; *See generally, Lucido v. Nestle Purina Petcare Company*, 217 F. Supp. 3d 1098 (Veterinarian expert witness is not qualified as an expert to provide opinions about what a reasonable consumer would consider material when deciding whether to purchase dog food). Dr. Stockham has no undergraduate or post-graduate degrees in psychology. Ex. A. She has never practiced as a psychologist nor is she licensed to do so. She has never evaluated a patient's behavior nor performed any psychological testing on a patient to determine of a patient is suffering from a mental disorder. Additionally, Dr. Stockham has never published nor studied the broad spectrum of mental illnesses that are recognized in the DSM-V, and she has never studied human behavior in connection with mental illnesses or disorders. Ex. A.

The reliability of expert opinion testimony based on psychiatric or psychological observation and analysis does not readily lend itself to evaluation using the specific *Daubert* factors. *See Jenson v. Eveleth Taconite Co.,* 130 F. 3d 1287, 1297–98 (8th Cir.

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.:  5:16-cv-14413
Reply to Response – Dr. Stockham

1997) (questioning the fit of the *Daubert* factors to psychological evidence but finding evidence admissible under *Daubert's* flexible approach). *Elcock v. Kmart Corp.,* 233 F.3d 734, 747 (3d Cir. 2000) (court reviewing social science evidence of vocational rehabilitation could only roughly analogize to *Daubert* factors). *See* C. *Robert Showalter & W. Lawrence Fitch, Objectivity and Advocacy* in Forensic Psychiatry After Ake v. Oklahoma, 15 J. Psychiatry L. 177, 228 ("much scientific data, including that derived from behavioral science analyses of both aggregate data and individuals undergoing psychiatric or psychological evaluation, simply cannot be measured by the *Daubert* standards"). The Court must analyze testimony related to psychology and behavior with great scrutiny and in light of the expert's background, specialized knowledge, and specific facts of the case. In this case, whether Mr. Docher was exhibiting behavior consistent with any mental disorder or illness can only be evaluated by a qualified expert with a specialized knowledge in psychology or psychiatry.

  Only a psychologist or psychiatrist is qualified with the requisite education, training, and experience to analyze human thinking and behavior, look at the relationships between them and try to explain the causes for them. To opine that certain "irrational, aggressive, combative, unexpected" behavior is consistent with "drug-induce psychosis", a mental disorder, is not proper without a physical examination of the patient and a formal psychological evaluation to determine whether an individual is suffering from a mental illness recognized as a legitimate mental disorder. *See Genty*, 937 F. 2d at 917 (Expert toxicologist's opinions excluded because he did not physically examine the plaintiffs and their symptoms. Expert may have been qualified as a toxicologist to identify poisons generally and offer treatment for exposure to poisons, but there is no evidence in

5

Docher, Tavares vs. St. Lucie County Sheriff's Office
Case No.: 5:16-cv-14413
Reply to Response – Dr. Stockham

the record that would connect the presence of poisons to the plaintiffs' particular grievances). Only then can a psychologist opine to behavioral characteristics often observed with such a mental disorder.

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests that this Court grant Plaintiff's Motion in Limine to exclude Dr. Stockham's psychology opinions in paragraph 4 of her Report pursuant to the standards set forth in *Daubert*.

### 7.1(a)(3) STATEMENT

Plaintiff's counsel has conferred with all defense counsel in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and sent via electronic filing using the CM/ECF system with the Clerk of the Court, which sends e-mail notification of such filing to all CM/ECF participants in this case, on this 1st day of November, 2017.

/s/ DARRYL L. LEWIS
DARRYL L. LEWIS
Florida Bar No.: 818021
Attorney E-Mail(s):  dll@searcylaw.com and axs@searcylaw.com
Primary E-Mail: _lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9485
Attorney for Plaintiff(s)

6