UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

CASE NO.: 2:16cv14413

### DEFENDANT JOSE ROSARIO'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DE 130]

Defendant, JOSE ROSARIO ("Rosario" or "Defendant"), by and through undersigned counsel, hereby respectfully files his Reply[1] to Plaintiff's Response to Defendant, Jose Rosario's Motion for Summary Judgment [DE 130] and in support thereof, states the following:

### SUMMARY OF ARGUMENT

Plaintiff's argument in response to Rosario's motion for summary judgment is based on the faulty premise that Rosario should have used physical restraints instead of injecting Tavares Docher ("Docher") with 4 mg of Ativan, a chemical restraint. Rosario's actions, Plaintiff argues, constitute deliberate indifference toward Docher as well as Due Process violations and First Amendment retaliation. However, Plaintiff has not produced any material *facts* to support this

---

[1] Although Plaintiff filed an "omnibus" response to Defendants Rosario and St. Lucie County Fire District's Motions for Summary Judgment, these defendants have prepared separate replies for the sake of clarity.

theory and instead relies on the expert *opinions* in an attempt to create triable issues of fact. As set forth below, such "evidence" is insufficient to defeat Rosario's motion for summary judgment and Rosario's motion should be granted in its entirety.

## RESPONSE TO PLAINTIFF'S INTRODUCTION

In the introduction, Plaintiff appears to confuse argument with facts. For example, Rosario never testified that Docher was unconscious while he was on scene prior to the injection of Ativan. (Rosario Dep. 70:14-17, April 13, 2017). A copy of Jose Rosario's deposition transcript is attached hereto as **Exhibit 1**. Docher did not stop struggling while he was restrained by the sheriff deputies. *See* Exhibit 1 (Rosario Dep. 63:11-16; 67:6-69:18; 79:5-19). (Sinclair Dep. 10:-24; 12:22-13:8; 13:22-25, July 31, 2017). A copy of Thomas Sinclair's deposition is attached hereto as **Exhibit 2**. SLCFD had a treatment guideline in effect as to the use of Patient Restraints on May 11, 2014. A copy of the SLCFD guidelines for Patient Restraints is attached hereto as **Exhibit 3**. Rosario did not take the expedient easier course of treatment prior to injecting Ativan. It is undisputed that, at 18:39 Rosario and Sinclair attempted to place Docher on a backboard. A copy of the St. Lucie County Fire District May 11, 2014, Run Report for Tavares Docher is attached hereto as **Exhibit 4**. *See* Exhibit 4 page 3. It is undisputed that, Docher was very combative and would not stay on the backboard. *See* Exhibit 1 (Rosario Dep. 63:11-16); *See* Exhibit 2 (Sinclair Dep. 12:22-13:8). *See* Exhibit 4 page 3. It is undisputed that, while attempting to place him on the backboard, Docher kicked Rosario causing him to fall backwards. A copy of the St. Lucie County Sheriff's Office Incident/Investigation Report Case # 14-05401 is attached hereto as **Exhibit 5**. *See* Exhibit 5 pages 6, 19, 30 and 31. Rosario explained the dangers of restraining Docher to the backboard and why he decided not use restraints in this situation. *See* Exhibit 1 (Rosario Dep. 84:9-85:10; 100:14-20; 101:4-22). It is

undisputed that, at 18:40:00, due to the Docher's combative nature, he was administered 4 mg of Ativan intramuscular in his right buttocks. *See* Exhibit 1 (Rosario Dep. 62:21-23); *see* Exhibit 4 page 3. Docher asserts that Rosario injected some or all of the Ativan into his artery based upon the *opinion* of his expert, Dr. McAlary, not factual evidence in this matter.

## LEGAL ARGUMENT

### A. Legal Standard

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal citation and marks omitted). As the United States Supreme Court made clear, if the movant establishes the absence of a genuine issue, then the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of <u>material fact</u>." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. The non-moving party simply cannot defeat summary judgment by: (a) "rest[ing] upon mere allegations or denials," *Woolsey v. Town of Hillsboro Beach,* 541 F. App'x 917, 919 (11th Cir. 2013); (b) "saying the facts are in dispute," *Latele TV, C.A. v. Telemundo Communs. Group, LLC*, No. 12-22539, 2014 U.S. Dist. LEXIS

174887, 2014 WL 7272974, at *7 (S.D. Fla. Dec. 18, 2014); or (c) relying on "evidence that is merely colorable or not significantly probative," *Fields v. Gorman*, No. 09-61466, 2010 U.S. Dist. LEXIS 99362, 2010 WL 3769396, at *3 (S.D. Fla. Sept. 3, 2010). "Rhetoric and attorney argument are no substitute for record evidence." *Latele, supra*, 2014 U.S. Dist. LEXIS 174887, 2014 WL 7272974, at *7.

> **B. Plaintiff Failed to Provide Substantial, Responsive Evidence to Prevent the Entry of Summary Judgment in Favor of Rosario for Deliberate Indifference (Count XII).**
>
> **1. Rosario's Employer, SLCFD, Had Treatment Guidelines as to the Use of Physical Restraints and Sedation on May 11, 2014**

Plaintiff's assertion that SLCFD did not have a treatment guideline for the use of patient restraints is incorrect. *See* Exhibit 3**.** SLCFD did in fact have treatment guidelines in effect as to the use of Patient Restraints and Sedation on May 11, 2014. SLCFD's Sedation treatment guideline allows paramedics to administer "Ativan 1mg increments to a max of 4mg." SLCFD's Patient Restraint treatment guideline provides that "the use of restraints will be limited to situations where other treatment interventions have clearly failed to address the patient's presenting clinical needs and safety." The Sedation treatment guideline included indications for such treatment, cautions and when a physician was to be contacted. The Patient Restraint treatment guideline included indications, contraindications, caution and procedure.

While the SLCFD treatment guidelines do allow for some discretion within the parameters of the guidelines, paramedics were not allowed to wholly disregard the guidelines and are required to contact an emergency room physician if they need to deviate from the treatment guideline. (Gonzalez Dep. 47:2-24; 59:17-60:6; 75:24-76:6, May 22, 2017). A copy of Brian Gonzalez's deposition transcript is attached as **Exhibit 6**. Plaintiff's own expert acknowledged that guidelines allow physician extenders, nurses and paramedics, to administer

treatments within certain parameters. (Sterba Dep. 161:2-7, July 19, 2017). A copy of Dr. Sterba's July 19, 2017 deposition transcript is attached hereto as **Exhibit 7**. Additionally, paramedics, nurses and other physician extenders are not required to contact a medical physician every time they administer a treatment within the parameters of the guideline. *See* Exhibit 7 (Sterba Dep. 161:8-15). Thus, the SLCFD's treatment guidelines allow paramedics the discretion to make professional medical judgment decision based upon individual situations within set parameters contained within the treatment guidelines.

Plaintiff has set forth no evidence that Rosario did not follow the treatment guidelines in this matter. There is simply no evidence that Rosario ever failed to follow the Sedation or Patient Restraint treatment guideline. Plaintiff further misstates Dr. Sterba's testimony as he never testified that the lack of policies caused Docher's injuries at page 16:15-164:3 or anywhere else in his deposition. *See* Exhibit 7 (Sterba Dep. 16:15-164:3) Rosario did not take the expedient easier course of treatment prior to injecting Ativan.

It is undisputed that, at 18:39, Rosario and Sinclair attempted to place Docher on a backboard. *See* Exhibit 4 page 3. It is also undisputed that, Docher was very combative and would not stay on the backboard. *See* Exhibit 1 (Rosario Dep. 63:11-16); *See* Exhibit 2 (Sinclair Dep. 12:22-13:8). *See* Exhibit 4 page 3. It is undisputed that, while attempting to place him on the backboard, Docher kicked Rosario causing him to fall backwards. *See* Exhibit 5 pages 6, 19, 30 and 31. Rosario explained the dangers of restraining Docher to the backboard and why he decided not use patient restraints in this situation. *See* Exhibit 1 (Rosario Dep. 84:9-85:10; 100:14-20; 101:4-22). The undisputed facts show that Jose Rosario did follow the SLCFD Sedation treatment guideline in administering 4mg of Ativan intramuscularly because of

Docher's combative nature. Accordingly, Rosario's motion for summary judgment as to deliberate indifference should be granted.

### 2. Plaintiff's Expert Affidavit Is Insufficient To Defeat Defendant Summary Judgment

Plaintiff's argument in support of her claims for deliberate indifference is based entirely on the unsupported assumptions, legal conclusions and speculation found in her expert witnesses' depositions, without providing any other evidence that would support the findings in the depositions or for that matter, her claims in general. An expert's opinion, which is not supported by specific facts, cannot be used to create a genuine issue of material fact and defeat summary judgment. *Dickson v. Kerr-Mcgee Refining Corp.*, WL 176605 (C.A. 10 (Okla. 1993) *citing Evers v. General Motors Corp.*, 770 F.2d 984 (11th Cir. 1985). Further, in order to be of any value to the judicial process at the summary judgment stage, an expert's opinion must, at a minimum, set forth "a process of reasoning beginning from a firm foundation". *Stevens v. Barnard*, 512 F.2d (10th Cir. 1975). Generalized, conclusory, unsubstantiated and non-personal testimony is insufficient to successfully oppose a motion for summary judgment. *Stevens*, 512 F.2d 876, 879 (10th Cir. 1975).

Dr. Sterba's testimony contains conclusions of law, which are prohibited inadmissible in a court of law. An expert may not state his or her opinion as to legal standards, nor may he or she state legal conclusions drawn by applying the law to the facts. *Christiansen v. City of Tulsa*, 332 F.3d 1270 (2003). For example, Dr. Sterba claims that Rosario recklessly disregarded the well-being and safety of Docher with his direct violation of EMS Training and EMS Policies and Procedures is an opinion as to legal standards and is inadmissible. (Sterba II Dep. 288:25-289:1, Aug. 8, 2017). A copy of Dr. John Sterba's August 8, 2017, deposition transcript is attached hereto as **Exhibit 8**. In addition, many of Dr. Sterba's and Dr. McAlary's opinions are based on

unfounded speculation and assumptions that are neither reliable nor relevant to the issues of this case. For example, Dr. Sterba's claim that four point restraints would have solved the situation is unsubstantiated and pure speculation. *See* Exhibit 7 (Sterba Dep. 139:14-16). Further, Dr. McAlary's opinion that some or all of the Ativan was injected intravascularly is irrelevant to the issues on summary judgment and also unsubstantiated and pure speculation. (McAlary Dep. 33:19-20, Aug. 4, 2017). A copy of Dr. Brian McAlary's August 4, 2017, deposition transcript is attached hereto as **Exhibit 9**. Moreover, many of Dr. Sterba's and Dr. McAlary's opinions as to the standard of care applicable to Rosario, as to his care and treatment of Docher, are not relevant to the issues of SLCFD's Motion for Summary Judgment as to Count XXI.

A genuine issue of material fact cannot be shown from merely conclusory allegations. In order to be of any value to the judicial process at the summary judgment stage, an expert's opinion must, at a minimum, set forth "a process of reasoning beginning from a firm foundation." *Mid-State Fertilizer*, *Co. v. Exchange National Bank of Chicago*, 877 F.2d 1333, 1339 (7th Cir. 1989). *See*, *Dart Industries, Inc. v. Plunkett Co. of Oklahoma*, 704 F.2d 496, 498 (10th Cir.1983) ("A party resisting a summary judgment motion must do more than make conclusory allegations, it 'must set forth specific facts showing a genuine issue for trial'). *See also Richardson v. Richardson-Merrell, Inc.,* 857 F.2d 823, 829 (D.C.Cir.1988), (holding that an expert's declaration, full of assertion but empty of facts and reasons, won't get a case past a motion for summary judgment, for the judge must "look behind [the expert's] ultimate conclusion ... and analyze the adequacy of its foundation.")

In *Carr v. Castle*, 337 F.3d 1221 (C.A. Okla. 2003), the Tenth Circuit found that expert witness opinions alone were insufficient to show either the inadequacy of training or the deliberate indifference required to establish municipal liability. Moreover, an expert's opinions

that additional training allegedly could have assisted the officers in dealing with a specific encounter constitute assertions that "merely demonstrate the omniscience of hindsight." 337 F.3d at 1230. *Carr* went on to state:

> [T]he fact that someone with the opportunity to prepare an expert report at leisure opines that well-trained officers would have performed differently under pressure does not rise to the legal standard of deliberate indifference on the party of the City, for [plaintiff] fails to point to any evidence placing the City on actual or constructive notice that the asserted failures to train were substantially certain to result in a constitutional violation.

337 F.3d at 1230.

Here, as in *Carr*, Plaintiff's experts list numerous ways in Rosario should have acted on May 11, 2014, but fail to proffer any opinions or evidence of knowledge of any purported deficiencies on the part of the SLCFD treatment guidelines and without showing that the need for treatment guidelines were obvious to SLCFD. Specifically, Plaintiff's do not put forth any evidence of Rosario's purported deliberate indifference towards Docher or any evidence of a causal link between the alleged constitutional deprivation and absence of policies. Moreover, there is no proof that if SLCFD had a patient restraint policy (which it did) Rosario would have or even should have reacted differently in the particular circumstances in which he was confronted. This is pure conjecture and will not defeat summary judgment.

### C. Plaintiff Failed to Provide Substantial, Responsive Evidence to Prevent the Entry of Summary Judgment in Favor of Rosario for a Violation of Due Process (Count XI)

Plaintiff's sole response to Rosario's Due Process summary judgment argument is that after Docher kicked Rosario, instead of using physical restraints, Rosario injected him with Ativan as a form of punishment. To support this claim, Plaintiff relies on opinion evidence from Docher's expert, Dr. Sterba. As set forth above, this is inadmissible opinion testimony. Plaintiff

provides no legal authority whatsoever to refute Defendant's claim that this decision, which was made during an emergency situation, in haste and under pressure, does not rise to the level of actionable conduct.  Similarly, there are absolutely no facts that support Plaintiff's conclusory allegation that a physical restraint "would have solved the situation."  As set forth above, Dr. Sterba's opinions are insufficient to create a genuine issue of material fact and defeat Rosario's motion for summary judgment.

### D. Plaintiff Failed to Provide Substantial, Responsive Evidence to Prevent the Entry of Summary Judgment in Favor of Rosario for First Amendment Retaliation (Count X)

Plaintiff's argument with regard to Docher's First Amendment retaliation claim fails for similar reasons. It is undisputed that Plaintiff did not speak during his interactions with Rosario. However, Plaintiff now claims that the act of Docher spitting blood and *trying to speak*, aka "making noises," was intended to convey a message protected by the First Amendment.

Plaintiff cites to *Tinker v. Des Moines Independent Community School Dist.*, 89 S. Ct. 733 (1969) to stand for the premise that expressive conduct is protected under the First Amendment.  However, the instant case has no similarities to *Tinker*, where school children wore black armbands in protest of the Vietnam war and the court found that wearing such armbands was a form of political speech that was protected.  We have no such facts in this case.  Instead, Plaintiff asserts, in conclusory fashion, that this message from Docher was "most likely" due to the fact that he had blood in his mouth and was unable to breathe. [DE 130 at p. 15]  Plaintiff also admits Docher *could have been* "trying to speak," but would have been unable to do so because his mouth was filled with blood. This is pure conjecture and should be disregarded by this Court.   Plaintiff does not, and cannot, present any material facts to support a causal

connection between Docher's purported speech and Rosario's actions. Rosario therefore is entitled to summary judgment on Count X.

WHEREFORE, Defendant, JOSE ROSARIO, prays for the entry of an Order for summary judgment on Counts X, XI and XII of Plaintiff's Second Amended Complaint and any further relief the Court deems proper and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 2nd day of November, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

                                                */s/BENJAMIN W. NEWMAN*
                                                BENJAMIN W. NEWMAN, ESQUIRE
                                                Florida Bar No.: 0011223
                                                JULIE A. TYK, ESQUIRE
                                                Florida Bar No.: 84493
                                                Wilson Elser Moskowitz Edelman & Dicker, LLP
                                                111 N. Orange Ave., Suite 1200
                                                Orlando, FL 32801
                                                Phone: (407) 203-7599
                                                Fax:    (407) 648-1376
                                                Ben.Newman@wilsonelser.com
                                                Julie.Tyk@wilsonelser.com

                                                Counsel for Defendant, JOSE ROSARIO,
                                                individually, and the ST. LUCIE COUNTY FIRE
                                                DISTRICT, an independent special district