UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).
_____/

CASE NO.: 2:16cv14413

**DEFENDANT, ST. LUCIE COUNTY FIRE DISTRICT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT, ST. LUCIE COUNTY FIRE DISTRICT'S MOTION FOR SUMMARY JUDGMENT [DE 130]**

Defendant, St. Lucie County Fire District ("SLCFD"), by and through undersigned counsel, hereby respectfully files its Reply to Plaintiff's Response to Defendant, St. Lucie County Fire District's Motion for Summary Judgment [DE 130] and in support thereof, states the following:

    **A. Reply to Plaintiff's Introduction**

Rosario never testified that Tavares Docher ("Docher") was unconscious while he was on scene prior to the injection of Ativan. (Rosario Dep. 70:14-17, April 13, 2017). A copy of Jose Rosario's deposition transcript is attached hereto as **Exhibit 1**. Docher did not stop struggling while he was restrained by the sheriff deputies. *See* Exhibit 1 (Rosario Dep. 63:11-16; 67:6-69:18; 79:5-19). (Sinclair Dep. 10:-24; 12:22-13:8; 13:22-25, July 31, 2017). A copy of Thomas

Sinclair's deposition is attached hereto as **Exhibit 2**. SLCFD had a treatment guideline in effect as to the use of Patient Restraints on May 11, 2014. A copy of the SLCFD guidelines for Patient Restraints is attached hereto as **Exhibit 3**. Rosario did not take the expedient easier course of treatment prior to injecting Ativan. It is undisputed that, at 18:39 Rosario and Sinclair attempted to place Docher on a backboard. A copy of the St. Lucie County Fire District May 11, 2014, Run Report for Tavares Docher is attached hereto as **Exhibit 4**. *See* Exhibit 4 page 3. It is undisputed that, Docher was very combative and would not stay on the backboard. *See* Exhibit 1 (Rosario Dep. 63:11-16); *See* Exhibit 2 (Sinclair Dep. 12:22-13:8). *See* Exhibit 4 page 3. It is undisputed that, while attempting to place him on the backboard, Docher kicked Rosario causing him to fall backwards. A copy of the St. Lucie County Sheriff's Office Incident/Investigation Report Case # 14-05401 is attached hereto as **Exhibit 5**. *See* Exhibit 5 pages 6, 19, 30 and 31. Rosario explained the dangers of restraining Docher to the backboard and why he decided not use restraints in this situation. *See* Exhibit 1 (Rosario Dep. 84:9-85:10; 100:14-20; 101:4-22). It is undisputed that, at 18:40:00, due to the Docher's combative nature, he was administered 4 mg of Ativan intramuscular in his right buttocks. *See* Exhibit 1 (Rosario Dep. 62:21-23); *see* Exhibit 4 page 3. Plaintiff asserts that Rosario injected some or all of the Ativan into Docher's artery based upon her expert, Dr. McAlary's opinion, not factual evidence in this matter.

### B. SLCFD Had Treatment Guidelines as to the Use of Physical Restraints and Sedation on May 11, 2014

In Plaintiff's Response, she asserts that Count XXI is a based upon the theory that SLCFD lacked policies. Specifically, Plaintiff alleges that because the SLCFD guidelines allowed the paramedics to have discretion when administering treatment within the parameters of the guidelines thus SLCFD's guidelines were in effect meaningless. Plaintiff clarifies that this is not a failure to train case.

In *City of Canton v. Harris,* 489 U.S. 378 (1989), the U.S. Supreme Court outlined the circumstances in which a municipality's failure to act can constitute a policy or custom sufficient to give rise to liability under §1983. The Supreme Court held that a municipality's failure to adopt a precaution can be the basis for §1983 liability only where such omission amounts to an intentional choice, not merely an unintentional negligent oversight.

In order to amount to an intentional choice, the need for the policy must be "so obvious" and the failure to have a policy "so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need [for a policy]." *Id.* at 390. As explained by the Court "[t]o adopt lesser standards of fault and causation would open municipalities to unprecedented liability under 1983. In virtually every instance where a person has had his or her constitutional rights violated by a city employee a 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." *Id* at 391-392. *See also Rhyne v. Henderson County,* 973 F.2d 386 (5th Cir. 1992).

Plaintiff incorrectly asserts that SLCFD had no treatment guideline for patient restraints. SLCFD did in fact have treatment guidelines in effect as to the use of Patient Restraints and Sedation on May 11, 2014. SLCFD's Sedation treatment guideline allows paramedics to administer "Ativan 1mg increments to a max of 4mg." SLCFD's Patient Restraint treatment guideline provides that "the use of restraints will be limited to situations where other treatment interventions have clearly failed to address the patient's presenting clinical needs and safety." The Sedation treatment guideline included indications for such treatment, cautions and when a physician was to be contacted. The Patient Restraint treatment guideline included indications, contraindications, caution and procedure.

While the SLCFD treatment guidelines do allow for some discretion within the parameters of the guidelines, paramedics were not allowed to wholly disregard the guidelines and are required to contact an emergency room physician if they need to deviate from the treatment guideline. (Gonzalez Dep. 47:2-24; 59:17-60:6; 75:24-76:6, May 22, 2017). A copy of Brian Gonzalez's deposition transcript is attached as **Exhibit 6**. Plaintiff's own expert acknowledged that guidelines allow physician extenders, nurses and paramedics, to administer treatments within certain parameters. (Sterba Dep. 161:2-7, July 19, 2017). A copy of Dr. Sterba's July 19, 2017 deposition transcript is attached hereto as **Exhibit 7**. Additionally, paramedics, nurses and other physician extenders are not required to contact a medical physician every time they administer a treatment within the parameters of the guideline. *See* Exhibit 7 (Sterba Dep. 161:8-15). The SLCFD's treatment guidelines allow paramedics the discretion to make professional medical judgment decision based upon individual situations within set parameters contained within the treatment guidelines. Plaintiff presents no evidence that the treatment guidelines were not followed in this matter. Plaintiff presents no evidence that Rosario ever failed to follow the Sedation or Patient Restraint treatment guideline. Plaintiff misstates Dr. Sterba's testimony as he never testified that the lack of policies caused Docher's injuries at page 16:15-164:3 of his deposition or anywhere else in his deposition. Rosario did not take the expedient easier course of treatment prior to injecting Ativan.

It is undisputed that, at 18:39 Rosario and Sinclair attempted to place Docher on a backboard. *See* Exhibit 4 page 3. It is undisputed that, Docher was very combative and would not stay on the backboard. *See* Exhibit 1 (Rosario Dep. 63:11-16); *See* Exhibit 2 (Sinclair Dep. 12:22-13:8). *See* Exhibit 4 page 3. It is undisputed that, while attempting to place him on the backboard, Docher kicked Rosario causing him to fall backwards. *See* Exhibit 5 pages 6, 19, 30

and 31. Rosario explained the dangers of restraining Docher to the backboard and why he decided not use patient restraints in this situation. *See* Exhibit 1 (Rosario Dep. 84:9-85:10; 100:14-20; 101:4-22). The undisputed facts show that Jose Rosario did follow the SLCFD Sedation treatment guideline in administering 4mg of Ativan intramuscularly because of Docher's combative nature.

### C. Plaintiff's Failed to Provide Any Substantial Evidence in Support of Her Claims Against SLCFD Under Section 1983

Plaintiff has patently failed to establish the existence of any municipal policy or custom or practice that caused the deprivation or violation of Docher's constitutional rights as required by *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff's assertion that SLCFD did not have a treatment guideline for the use of patient restraints is incorrect. *See* Exhibit 3. Plaintiff's generalization that paramedics had discretion to ignore SLCFD's treatment guidelines is unsupported by any facts whatsoever. In fact, Plaintiff has taken this comment completely out of context to mislead this Court. More importantly, Plaintiff has not provided any other instance where paramedics administering Ativan under the Sedation treatment guideline resulted in the deprivation of any individuals constitutional rights. Further, Plaintiff fails to demonstrate how a paramedic making a professional judgment call based upon an individual situation within the parameters of treatment guidelines was likely to result in a violation of someone's constitutional rights.

Simply because a paramedic responds to calls individually does not create municipal liability or constitute a constitutional violation, and Plaintiff has not cited the Court to any case law so support that proposition.

### D. Plaintiff's Expert Affidavit Is Insufficient To Defeat Defendant Summary Judgment

Plaintiff's argument in support of her claims for municipal liability is based entirely on the unsupported assumptions, legal conclusions and speculation found in her expert witnesses' depositions, without providing any other evidence that would support the findings in the depositions or for that matter, her claims in general. An expert's opinion, which is not supported by specific facts, cannot be used to create a genuine issue of material fact and defeat summary judgment. *Dickson v. Kerr-Mcgee Refining Corp.*, WL 176605 (C.A. 10 (Okla. 1993) *citing Evers v. General Motors Corp.*, 770 F.2d 984 (11th Cir. 1985). Further, in order to be of any value to the judicial process at the summary judgment stage, an expert's opinion must, at a minimum, set forth "a process of reasoning beginning from a firm foundation". *Stevens v. Barnard*, 512 F.2d (10th Cir. 1975). Generalized, conclusory, unsubstantiated and non-personal testimony is insufficient to successfully oppose a motion for summary judgment. *Stevens*, 512 F.2d 876, 879 (10th Cir. 1975).

Dr. Sterba's testimony contains conclusions of law, which are prohibited inadmissible in a court of law. An expert may not state his or her opinion as to legal standards, nor may he or she state legal conclusions drawn by applying the law to the facts. *Christiansen v. City of Tulsa*, 332 F.3d 1270 (2003). For example, Dr. Sterba claims that Rosario recklessly disregarded the well-being and safety of Docher with his direct violation of EMS Training and EMS Policies and Procedures is an opinion as to legal standards and is inadmissible. (Sterba II Dep. 288:25-289:1, Aug. 8, 2017). A copy of Dr. John Sterba's August 8, 2017, deposition transcript is attached hereto as **Exhibit 8** In addition, many of Dr. Sterba's and Dr. McAlary's opinions are based on unfounded speculation and assumptions that are neither reliable nor relevant to the issues of this case. For example, Dr. Sterba's claim that four point restraints would have solved the situation is

unsubstantiated and pure speculation. *See* Exhibit 7 (Sterba Dep. 139:14-16). Further, Dr. McAlary's opinion that some or all of the Ativan was injected intravascularly is irrelevant to the issues on summary judgment and also unsubstantiated and pure speculation. (McAlary Dep. 33:19-20, Aug. 4, 2017). A copy of Dr. Brian McAlary's August 4, 2017, deposition transcript is attached hereto as **Exhibit 9**. Moreover, many of Dr. Sterba's and Dr. McAlary's opinions as to the standard of care applicable to Rosario, as to his care and treatment of Docher, are not relevant to the issues of SLCFD's Motion for Summary Judgment as to Count XXI.

A genuine issue of material fact cannot be shown from merely conclusory allegations. In order to be of any value to the judicial process at the summary judgment stage, an expert's opinion must, at a minimum, set forth "a process of reasoning beginning from a firm foundation." *Mid-State Fertilizer, Co. v. Exchange National Bank of Chicago*, 877 F.2d 1333, 1339 (7th Cir. 1989). *See*, *Dart Industries, Inc. v. Plunkett Co. of Oklahoma*, 704 F.2d 496, 498 (10th Cir.1983) ("A party resisting a summary judgment motion must do more than make conclusory allegations, it 'must set forth specific facts showing a genuine issue for trial'). *See also Richardson v. Richardson-Merrell, Inc.,* 857 F.2d 823, 829 (D.C.Cir.1988), (holding that an expert's declaration, full of assertion but empty of facts and reasons, won't get a case past a motion for summary judgment, for the judge must "look behind [the expert's] ultimate conclusion ... and analyze the adequacy of its foundation.")

In *Carr v. Castle*, 337 F.3d 1221 (C.A. Okla. 2003), the Tenth Circuit found that expert witness opinions alone were insufficient to show either the inadequacy of training or the deliberate indifference required to establish municipal liability. Moreover, an expert's opinions that additional training allegedly could have assisted the officers in dealing with a specific

encounter constitute assertions that "merely demonstrate the omniscience of hindsight." 337 F.3d at 1230. *Carr* went on to state:

> [T]he fact that someone with the opportunity to prepare an expert report at leisure opines that well-trained officers would have performed differently under pressure does not rise to the legal standard of deliberate indifference on the party of the City, for [plaintiff] fails to point to any evidence placing the City on actual or constructive notice that the asserted failures to train were substantially certain to result in a constitutional violation.

337 F.3d at 1230.

Here, as in *Carr*, Plaintiff's experts list numerous ways in Rosario should have acted on May 11, 2014, but fail to proffer any opinions or evidence of knowledge of any purported deficiencies on the part of the SLCFD treatment guidelines and without showing that the need for treatment guidelines were obvious to SLCFD. Specifically, Plaintiff's do not put forth any evidence of SLCFD's deliberate indifference towards Docher or any evidence of a causal link between the alleged constitutional deprivation and absence of policies. Moreover, there is no proof that if SLCFD had a patient restraint policy (which it did) Rosario would have or even should have reacted differently in the particular circumstances in which he was confronted.

WHEREFORE, Defendant, ST. LUCIE COUNTY FIRE DISTRICT, prays for the entry of an Order for summary judgment on Count XXI of Plaintiff's Second Amended Complaint and any other relief the Court deems proper and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 2nd day of November, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409;

**Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

/s/BENJAMIN W. NEWMAN
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:     (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendant, JOSE ROSARIO, individually, and the ST. LUCIE COUNTY FIRE DISTRICT, an independent special district