UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through                    CASE NO.: 2:16cv14413
JANICE DOCHER-NEELEY, his mother and
legal guardian,

          Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

          Defendant(s).
_____/

**DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, REPLY
TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO
EXCLUDE CAUSATION OPINIONS OF BRIAN MCALARY, M.D. [DE 123]**

      Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT, by and

through their undersigned counsel, hereby respectfully files their Reply to Plaintiff's Response in

Opposition to Defendants', Jose Rosario and St. Lucie County Fire District, Motion to Exclude

Causation Opinions of Brian McAlary, M.D. and in support states as follows:

   **A. Dr. McAlary Is Not Qualified to Offer Standard of Care Opinions In Light of the
      Subject Matter of the Proposed Testimony**

      The Court must conduct the "exacting analysis" into Dr. McAlary's qualifications as

required by *Daubert*. *See Jack v. Glaxo Wellcome, Inc.*, 239 F. Supp. 2d 1308, 1314 (N.D. Ga.

2002) (court must "examine the credentials of the proposed expert in light of the subject matter

of the proposed testimony"). When each credential of Dr. McAlary's (or all of them collectively)

is evaluated against the subject matter of "paramedic standard of care," it becomes clear that Dr. McAlary is not qualified to opine as an expert as to this subject.

That an expert may be qualified in one field does not mean that he is qualified in all related fields. *See Dukes*, 428 F. Supp. 2d at 1313 ("while Dr. Greifinger is an expert on matters of correctional health, he is not an expert in internal medicine, infectious diseases, or proper laboratory procedure"). Numerous courts in the Eleventh Circuit have recognized that experts should not be permitted to venture beyond the bounds of their expertise, even into related fields. *See, e.g., Clarke*, 632 F. Supp. 2d at 1358 (" 'while the background, education, and training may provide an expert with general knowledge to testify about general matters, more specific knowledge is required to support more specific opinions' ") (*quoting Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 322 (3d Cir. 2003)); *Bowers v. Norfolk Southern Corp.*, 537 F. Supp. 2d 1343, 1376-77 (M.D. Ga. 2007) ("Rule 702 and Daubert still require that 'the area of the witness's competence match the subject matter of the witness's testimony." . . . Thus, even though a proffered expert may be qualified to render some opinions, the court may exclude other opinions if it finds those opinions to extend beyond the expert's area of expertise.") (citation omitted); *see also U.S. v. Paul*, 175 F.3d 906, 912 (11th Cir. 1999) (excluding law professor's testimony on handwriting analysis even though professor had published article on the subject and had some advanced knowledge of handwriting analysis).

In short, Plaintiff has identified no evidence that Dr. McAlary is qualified as an expert in the subject area of standard of care for a paramedic.

## B.  McAlary's Deposition Does Not Cure Non-Disclosure

The fact that Defendants learned of the undisclosed opinions during depositions of Dr. McAlary does not cure the non-disclosure or excuse the breach of the disclosure rules. The

Federal Rules of Civil Procedure do not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. *Clomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). The purpose of Rule 26(a)(2) is to provide notice to opposing counsel — before the deposition — as to what the expert witness will testify, and this purpose would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony. *Id*. Further, allowing parties to cure a deficient report with deposition testimony would undermine a primary goal of Rule 26(a)(2): to shorten or decrease the need for expert depositions. *Id*.; *see also Harrison Bros. Dry Dock & Repair Yard, Inc. v. Pan Agri Int'l, Inc.*, 2009 WL 3273926, *3 (S.D. Ala. Oct. 09, 2009) (quoting Ciomber).

Under Fed. R. Civ. P. 37(c)(1) when "a party fails to provide information or identify a witness as required by [Fed. R. Civ. P.] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir. 2009), an expert was not allowed to refer to new information in a *Daubert* hearing that was not previously disclosed. *Mitchell*, 318 Fed. Appx. at 824. The Court, in following Fed. R. Civ. P. 37 held that the district court may exclude a witness's testimony as a sanction for a Rule 26 violation and that "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Id*. at 824 (*quoting Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N. D. Ga. 2006)).

In *Richardson v. Bombardier, Inc.*, 2005 WL 3087864 (M.D. Fla. Nov. 16, 2005), the Middle District Court ruled that an expert's opinion would be limited to that which had been disclosed in his report, or as reasonably supplemented prior to that expert's deposition.

*Richardson*, 2005 WL 3087864 at *11. "The underlying theme of the Court's ruling, which was consistently applied, was that a party should not be sandbagged by expert testimony that had not been subject to reasonable scrutiny during the discovery process." *Id*. at *11 n.43. The Court concluded that the exclusion of Plaintiff's expert's testimony was proper because nothing existed in the expert's Rule 26 report which would have put Defendants on notice that the expert would express opinions as to the particulate issues, because his report was not supplemented to provide that information, and because Plaintiff did not advise Defendants before or during the deposition concerning these additional opinions. *Id*. As stated above, that is precisely the case here as Plaintiff has never provided that Dr. McAlary would express these opinions (and still has not proffered those opinions from him in a supplemental report despite the extension for expert disclosure and expert discovery).

In addition, in *Carreno v. Home Transport, Inc.*, 2010 WL 2293391 (M.D. Fla. June 7, 2010), the court considered whether having to be prepared to depose an expert witness on information and opinions which were not disclosed constituted unfair prejudice and was harmful, thus justifying exclusion of the expert opinions. In answering that question, the Court found that the party was not given sufficient notice of the new opinions such that they could cross-examine the expert on this subject during the deposition. "A retained expert may not offer opinions at trial which have not been previously disclosed in a Rule 26 report unless the failure to reveal was either substantially justified or harmless." *Id*. at *2 n.3. The Court held that the failure to disclose the opinion was neither justified nor harmless, and cited authority for the proposition that having to depose a party on information that had not been disclosed in a Rule 26 report constituted prejudice and therefore cannot be harmless. *Id*. (citing *Goodby's Creek, LLC v. Arch Ins. Co.*, 2009 WL 1139575 *3 (M.D. Fla. 2009)).

Here, Plaintiff has failed to explain or justify why Dr. McAlary's opinions were not disclosed prior to his deposition. Plaintiff has also failed to explain or justify why Dr. McAlary did not provide a supplemental report following the conclusion of his deposition and prior to expert discovery cut off. The delay in providing such opinions until asked at deposition cannot be substantially justified. For Defendants to anticipate and have to depose Dr. McAlary  on "off the cuff opinions" at a deposition which were not disclosed previously, constitutes prejudice and, as found in *Goodby's Creek*, cannot be harmless. Defendants were ambushed by these opinions because they were not disclosed. To have to depose Dr. McAlary on opinions that he never disclosed prior to his deposition wastes precious time and resources and is not harmless. Finally, this Court has set a specific expert discovery deadline of September 29, 2017.

A risk of substantial prejudice exists from the failures of Plaintiff to observe discovery deadlines. This litigation is complex and correspondingly expensive for the litigants. Rule 26(a)(2)(C) specifically allows the Court to set a schedule that requires expert disclosures earlier than the default of ninety days before trial. This is precisely what the Court did in this case, with the parties' agreement and only after extensive and painstaking consultation. Thus, the purpose of the discovery deadlines set by the Court was to have the expert evidence, on which both sides rely heavily, exchanged well in advance of other deadlines and the trial date, so that the parties would know where they stood on the issues. Thus, the risk of "ambush" or "prejudice" is not lessened simply because we are not yet on the eve of trial. Moreover, there is no reason why if Dr. McAlary had these opinions previously he could not have formulated them and disclosed them within the deadline agreed to by the parties and ordered by this Court. Plaintiff still has provided no disclosure indicating it intends to offer those opinions. The issues were in the case at the time Dr. McAlary submitted his original report, and there is no suggestion that he did not

then have access to the materials on which he bases these opinions. Accordingly, this Court should strike, exclude and limit this testimony and these opinions under Fed. R. Civ. P 26 and 37. *See, Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 933-38, 960 (N.D. Ill. 2008) (explaining failure to disclose expert opinions in case with early report deadlines set by Court without justification of why additional opinions could not have been provided by report date justifies exclusion of "new" opinions); *Asher v. Unarco Material Handling, Inc.*, 2008 WL 2596612 *1-4 (E.D. Ky. June 25, 2008) (excluding expert opinions not in report but provided at deposition before end of discovery period); *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1289, 1295-96 (M.D. Ala. 2001) (barring expert opinions not disclosed in three prior reports under Rule 37 as an attempted "end-run around the Federal Rules of Civil Procedure").

WHEREFORE, Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT, respectfully request this Court grant their motion and prevent Dr. McAlary from offering his standard of care opinions as to Rosario at trial as it does not meet the admissibility standards of section Rule 702 and *Daubert* or in the alternative limit his testimony to opinions contained within his Expert Report and any other relief the Court deems proper and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 2nd day of November, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

*/s/BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223

JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:     (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendant, JOSE ROSARIO and the
ST. LUCIE COUNTY FIRE  DISTRICT