UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        CASE NO.: 2:16cv14413

    Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

    Defendant(s).
_____/

**DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF JOHN STERBA, M.D. [DE 127]**

    Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT (hereinafter "Defendants"), by and through their undersigned counsel, hereby respectfully files their Reply to Plaintiff's Response in Opposition to Defendants', Jose Rosario and St. Lucie County Fire District, Motion to Exclude Opinions of John Sterba, M.D. In Support thereof, Defendants state as follows:

    **A.    Dr. Sterba is Not Qualified to Render Standard of Care Opinions Against SLCFD and/or Rosario**

    Experts may be qualified in various ways including by scientific training, education, and experience. *United States v. Frazier*, 387 F. 3d 1244, 1260-61 (11th Cir. 2004). Plaintiff's incomplete quotes from case law are misleading. Plaintiff indicates that specific degrees,

certifications of training, and/or memberships in professional organizations are not required based on *Fox v. Dannenberg*, 906 F. 2d 1253, 1256 (8th Cir. 1990). *See* [DE 127 at p. 2-3]. The Court did not hold this in *Fox*. Rather, the Court held that Rule 702 does not rank academic training over demonstrated practical experience. *Fox* at 1256. *See also Circle J Dairy, Inc. v. A.O. Smith Harvestore Products, Inc.,* 790 F. 2d 694, 700 (8th Cir. 1986).

The Court must conduct the "exacting analysis" into Dr. Sterba's qualifications as required by *Daubert*. *See Jack v. Glaxo Wellcome, Inc.*, 239 F. Supp. 2d 1308, 1314 (N.D. Ga. 2002) (court must "examine the credentials of the proposed expert in light of the subject matter of the proposed testimony"). When evaluating the credentials of Dr. Sterba, it is clear that Dr. Sterba is not qualified to opine as an expert on the standard of care.

An expert for one purpose is not an expert for all purposes. "Even where a witness has special knowledge or experience, qualification to testify as an expert also requires that the area of the witness's competence matches the subject matter of the witness's testimony." 29 Charles A. Wright & Victor J. Gold, Federal Practice and Procedure § 6265 (3rd ed.). *See Dukes v. State*, 428 F. Supp. 2d 1298, 1313 (N.D. Ga. 2006) ("while Dr. Greifinger is an expert on matters of correctional health, he is not an expert in internal medicine, infectious diseases, or proper laboratory procedure"). Numerous courts in the Eleventh Circuit have recognized that experts should not be permitted to venture beyond the bounds of their expertise, even into related fields. *See, e.g., Clarke v. Schofield*, 632 F. Supp. 2d 1350,1358 (M.D. Ga. 2009) (" 'while the background, education, and training may provide an expert with general knowledge to testify about general matters, more specific knowledge is required to support more specific opinions' ") (*quoting Calhoun v. Yamaha Motor Corp.*, 350 F.3d 316, 322 (3d Cir. 2003)); *Bowers v. Norfolk Southern Corp.*, 537 F. Supp. 2d 1343, 1376-77 (M.D. Ga. 2007) ("Rule 702 and Daubert still

require that 'the area of the witness's competence match the subject matter of the witness's testimony." . . . Thus, even though a proffered expert may be qualified to render some opinions, the court may exclude other opinions if it finds those opinions to extend beyond the expert's area of expertise.") (citation omitted); *see also U.S. v. Paul*, 175 F.3d 906, 912 (11th Cir. 1999) (excluding law professor's testimony on handwriting analysis even though professor had published article on the subject and had some advanced knowledge of handwriting analysis).

In short, Plaintiff has not identified any evidence that Dr. Sterba is qualified as an expert in the subject area of standard of care as to Rosario and standard of care as to St. Lucie County Fire District..

### B. Dr. Sterba is Not Qualified to Testify as to the Pharmacokinetic Properties of Ativan

Plaintiff does not provide any evidence that supports Dr. Sterba is qualified to testify competently regarding the pharmacokinectic properties of Ativan. An expert for one purpose is not an expert for all purposes. "Even where a witness has special knowledge or experience, qualification to testify as an expert also requires that the area of the witness's competence matches the subject matter of the witness's testimony." 29 Charles A. Wright & Victor J. Gold, Federal Practice and Procedure § 6265 (3rd ed.).

When limiting the expert's opinion, Plaintiff incorrectly asserts that the Court in *In re Trasylol* hardly considered the fact that the expert conceded to not being an expert in that particular field. The Court concludes that the expert should not be allowed to provide opinions on a particular topic because the expert conceded she was not expert in that area and her report simply summarizes the findings of another report. *See Trasylol* at 153. There is no indication in the Court's holding that the expert's acknowledgement was not highly considered when limiting her testimony.

Plaintiff hints at the idea that physiological effects are essentially equivalent to pharmacokinetics, which is incorrect. Dr. Sterba was asked very clear and concise questions at his deposition. Dr. Sterba testified that he held himself out as an expert on the physiological effects of Ativan. He was then asked whether he was an expert on pharmacokinetics of intramuscular Ativan and his response was no. Plaintiff does nothing to refute Defendants' argument. Plaintiff argues that Dr. Sterba's experience with administering drugs is enough to permit him to testify to the narrow topic of pharmacokinetics. Plaintiff fails to provide any facts as to why Dr. Sterba's testimony would be reliable when Dr. Sterba himself does not hold himself out to be an expert in regards to pharmacokinetics.

### C. The Court Should Exclude Dr. Sterba's Timeline As it is Based on Assumptions

There is a factual dispute as to what is evidenced by the videos. The timeline created by Dr. Sterba is based on his personal interpretation of the videos. He testified that he created the timeline strictly based on his observations and interpretations. (Sterba Dep. II 227: 4-19.) A copy of Dr. Sterba's August 8, 2017, deposition transcript is attached hereto as **Exhibit 1**. Plaintiff focuses in their Response on Dr. Sterba's experience in treating patients with respiratory insufficiency. Dr. Sterba's experience and/or education are irrelevant when forming such opinions not supported by the record. An expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record. *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 142 (4th Cir. 1994).

It is clear that Plaintiff has failed to provide any evidence that supports Dr. Sterba's timeline was based on anything other than his own assumptions. Thus, Dr. Sterba should not be permitted to provide opinions regarding a timeline that is based on his assumptions alone.

### D. Sterba's Deposition Does Not Cure Non-Disclosure

The fact that Defendants learned of the undisclosed opinions during the depositions of Dr. Sterba does not cure the non-disclosure or excuse the breach of the disclosure rules. The Federal Rules of Civil Procedure do not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. *Clomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). The purpose of Rule 26(a)(2) is to provide notice to opposing counsel — before the deposition — as to what the expert witness will testify, and this purpose would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony. *Id*. Further, allowing parties to cure a deficient report with deposition testimony would undermine a primary goal of Rule 26(a)(2): to shorten or decrease the need for expert depositions. *Id*.; *see also Harrison Bros. Dry Dock & Repair Yard, Inc. v. Pan Agri Int'l, Inc.*, 2009 WL 3273926, *3 (S.D. Ala. Oct. 09, 2009) (quoting Ciomber).

Under Fed. R. Civ. P. 37(c)(1), when "a party fails to provide information or identify a witness as required by [Fed. R. Civ. P.] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

In *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir. 2009), an expert was not allowed to refer to new information in a *Daubert* hearing that was not previously disclosed. *Mitchell*, 318 Fed. Appx. at 824. The Court, in following Fed. R. Civ. P. 37 held that the district court may exclude a witness's testimony as a sanction for a Rule 26 violation and that "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on

the nondisclosing party." *Id*. at 824 (*quoting Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N. D. Ga. 2006)).

In *Richardson v. Bombardier, Inc.*, 2005 WL 3087864 (M.D. Fla. Nov. 16, 2005), the Middle District Court ruled that an expert's opinion would be limited to that which had been disclosed in his report, or as reasonably supplemented prior to that expert's deposition. *Richardson*, 2005 WL 3087864 at *11. "The underlying theme of the Court's ruling, which was consistently applied, was that a party should not be sandbagged by expert testimony that had not been subject to reasonable scrutiny during the discovery process." *Id*. at *11 n.43. The Court concluded that the exclusion of Plaintiff's expert's testimony was proper because nothing existed in the expert's Rule 26 report which would have put Defendants on notice that the expert would express opinions as to the particulate issues, because his report was not supplemented to provide that information, and because Plaintiff did not advise Defendants before or during the deposition concerning these additional opinions. *Id*. As stated above, that is precisely the case here as Plaintiff has never provided that Dr. Sterba would express these opinions (and still has not proffered those opinions from him in a supplemental report despite the extension for expert disclosure and expert discovery).

In addition, in *Carreno v. Home Transport, Inc.*, 2010 WL 2293391 (M.D. Fla. June 7, 2010), the court considered whether having to be prepared to depose an expert witness on information and opinions which were not disclosed constituted unfair prejudice and was harmful, thus justifying exclusion of the expert opinions. In answering that question, the Court found that the party was not given sufficient notice of the new opinions such that they could cross-examine the expert on this subject during the deposition. "A retained expert may not offer opinions at trial which have not been previously disclosed in a Rule 26 report unless the failure to reveal was

either substantially justified or harmless." *Id*. at *2 n.3. The Court held that the failure to disclose the opinion was neither justified nor harmless, and cited authority for the proposition that having to depose a party on information that had not been disclosed in a Rule 26 report constituted prejudice and therefore cannot be harmless. *Id*. (citing *Goodby's Creek, LLC v. Arch Ins. Co.*, 2009 WL 1139575 *3 (M.D. Fla. 2009)).

Here, Plaintiff has failed to explain or justify why Dr. Sterba opinions were not disclosed prior to his deposition. Plaintiff has also failed to explain or justify why Dr. Sterba did not provide a supplemental report following the conclusion of his deposition and prior to expert discovery cut off. The delay in providing such opinions until asked at deposition cannot be substantially justified. For Defendants to anticipate and have to depose Dr. Sterba on "off the cuff opinions" at a deposition which were not disclosed previously, constitutes prejudice and, as found in *Goodby's Creek*, cannot be harmless. Defendants were ambushed by these opinions because they were not disclosed. To have to depose Dr. Sterba on opinions that he never disclosed prior to his deposition wastes precious time and resources and is not harmless. Finally, this Court has set a specific expert discovery deadline of September 29, 2017.

A risk of substantial prejudice exists from the failures of Plaintiff to observe discovery deadlines. This litigation is complex and correspondingly expensive for the litigants. Rule 26(a)(2)(C) specifically allows the Court to set a schedule that requires expert disclosures earlier than the default of ninety days before trial. This is precisely what the Court did in this case, with the parties' agreement and only after extensive and painstaking consultation. Thus, the purpose of the discovery deadlines set by the Court was to have the expert evidence, on which both sides rely heavily, exchanged well in advance of other deadlines and the trial date, so that the parties would know where they stood on the issues. Thus, the risk of "ambush" or "prejudice" is not

lessened simply because we are not yet on the eve of trial. Moreover, there is no reason why if Dr. Sterba had these opinions previously he could not have formulated them and disclosed them within the deadline agreed to by the parties and ordered by this Court. Plaintiff still has provided no disclosure indicating it intends to offer those opinions. The issues were in the case at the time Dr. Sterba submitted his report, and there is no suggestion that he did not then have access to the materials on which he bases these opinions. Accordingly, this Court should strike, exclude and limit this testimony and these opinions under Fed. R. Civ. P 26 and 37. *See, Rowe Int'l Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 933-38, 960 (N.D. Ill. 2008) (explaining failure to disclose expert opinions in case with early report deadlines set by Court without justification of why additional opinions could not have been provided by report date justifies exclusion of "new" opinions); *Asher v. Unarco Material Handling, Inc.*, 2008 WL 2596612 *1-4 (E.D. Ky. June 25, 2008) (excluding expert opinions not in report but provided at deposition before end of discovery period); *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1289, 1295-96 (M.D. Ala. 2001) (barring expert opinions not disclosed in three prior reports under Rule 37 as an attempted "end-run around the Federal Rules of Civil Procedure").

WHEREFORE, Defendants, JOSE ROSARIO and ST. LUCIE COUNTY FIRE DISTRICT, respectfully request this Court grant their motion and prevent Dr. Sterba from offering the addressed opinions at trial as it does not meet the admissibility standards of section Rule 702 and Daubert and any other relief the Court deems proper and just.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 2nd day of November, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com,

mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409;

**Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida*) summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

/s/*BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:    (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com
Counsel for Defendant, JOSE ROSARIO and the ST. LUCIE COUNTY FIRE DISTRICT