UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

        Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

        Defendant(s).

CASE NO.: 2:16cv14413

_____/

## DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

Defendants, Jose Rosario ("Rosario") and St. Lucie County Fire District ("SLCFD"), by and through undersigned counsel, and pursuant to Rule 56, Federal Rules of Civil Procedure, Southern District of Florida Local Rule 56.1(a) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate dated October 17, 2016 [DE 11] hereby files this their Response to Plaintiff's Statement of Undisputed Facts [DE 131], [DE 132] and [DE 133].

## PRELIMINARY STATEMENT

Plaintiff's alleged "statement of undisputed facts" is really Plaintiff's side of disputed immaterial facts rather than true statements of undisputed material fact. Plaintiff regularly claims as alleged "undisputed material facts" testimony of one witness or the contents of a single

document that are disputed by other witnesses or other documents. This is an improper use of a statement of undisputed material facts and overburdens Defendants' counsel and the Court.

Plaintiff relies largely on expert opinion testimony to support Plaintiff's alleged statements of undisputed material facts. The opinions of Dr. John Sterba and Dr. Brian McAlary are rebutted by Defendants' experts, Dr. Joe Anderson, Dr. Jeffrey Lindsay, Dr. Glen Levine and Dr. Dickinson.

## REPLY TO PLAINTIFF'S RESPONSES TO ROSARIO'S AND SLCFD'S STATEMENT OF UNDISPUTED FACTS [DE 100] & [DE 101]

1.     Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper.

2.     Undisputed.

3.     Undisputed.

4.     Undisputed.

5.     Undisputed.

6.     Undisputed.

7.     Objection, Plaintiff's response contains improper argument and citation to case law rather than listing of material facts and is hence improper.

8.     Undisputed.

9.     Undisputed.

10.     Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th

Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

11.     Objection, to the extent that Plaintiff's response contains improper argument and rather than listing of material facts and is hence improper.

12.     Undisputed.

13.     Undisputed.

14.     Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. Dr. Sterba's testimony as to a timeline based upon the CVS video and cell phone video are subject to a Motion to Exclude. [DE 103]. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

15.     Undisputed.

16.     Undisputed.

17.     Undisputed.

18.     Undisputed.

19.     Undisputed.

20.     Undisputed.

21.     Other than the time, Plaintiff fails to rebut Defendants' statement of undisputed fact.

22.      Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

23.     Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony

and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

24.     Plaintiff's response does not rebut the statement.

25.     Plaintiff's response does not rebut the statement.

26.     Plaintiff's response does not rebut the statement that Rosario denied smelling alcohol on Docher or Rosario's impression.

27.     Plaintiff's response does not rebut the statement.

24. [sic.] Plaintiff's response does not rebut the statement.

25. [sic.] Undisputed.

26. [sic.] Plaintiff's response misstates testimony. Docher did not stop struggling while he was restrained by the sheriff deputies. A copy of Jose Rosario's deposition transcript is attached hereto as **Exhibit 1** (Rosario Dep. 63:11-16; 67:6-69:18; 79:5-19). (Sinclair Dep. 10:-24; 12:22-13:8; 13:22-25, July 31, 2017). A copy of Thomas Sinclair's deposition transcript is attached hereto as **Exhibit 2**.

27. [sic.] Undisputed. Statement of fact does reference "stable".

28.   Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony

and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

29.   Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper.

30.   Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

31.   Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v.*

*U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

32. Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

33. Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

34. Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it."). Plaintiff has failed to lay proper foundation for the alleged Indian River State College textbook.

35. Objection, Plaintiff's response contains improper argument rather than listing of material facts and is hence improper. Objection to the extent that Plaintiff's response includes additional facts in violation of the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted

expert opinion testimony is not conclusive, and the jury has every right not to accept it."). Plaintiff has failed to lay proper foundation for the alleged Indian River State College textbook.

36. Objection, Plaintiff's response includes additional facts in violation of the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it."). Plaintiff has failed to lay proper foundation for the alleged Indian River State College textbook.

37. Undisputed except as to specific time.

38. Undisputed.

39. Undisputed.

40. Undisputed.

41. Undisputed.

42. Undisputed.

43. Undisputed

44. Undisputed. Objection to the extent that Plaintiff's response includes additional facts in violation of the Court's Order Setting Status Conference, Calendar Call and Trial Date and

Order of Reference to Magistrate [DE 11]. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

45. Undisputed. Objection to the extent that Plaintiff's response includes additional facts in violation of the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11].

46. Objection to the extent that Plaintiff's response includes additional facts in violation of the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11].

## **RESPONSES TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

Plaintiff's Response to Rosario's Statement of Undisputed Facts [DE 132] and SLCFD's Statement of Undisputed Facts [DE 133] attempts to substantively incorporate additional statements of fact by reference to Statement of Facts that Plaintiff has filed [DE 131] and [DE 132], thereby violating Local Rule 56.1(a)(1) which requires that a Statement of Material Facts not exceed ten (10) pages.

47. Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of

Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond.

48.    Disputed. Misstates testimony. A copy of Calvin Robinson's deposition transcript is attached hereto as **Exhibit 3** (Robinson Dep. 67:7-68:4).

49.    Disputed. Misstates testimony. A copy of Christopher Newman's deposition transcript is attached hereto as **Exhibit 4** (Newman Dep. 59:18-60:4; 62:3-15).

50.    Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Disputed. Rosario has been a paramedic since 2006. *See* Exhibit 1 (Rosario Dep. 7:7-8). Otherwise, undisputed.

51.    Disputed. Misstates testimony. "Anything past 4 milligrams, they need physician consult." *See* Exhibit 1 (Rosario Dep. 32:13-18).

52.    Disputed. Misstates testimony. *See* Exhibit 1 (Rosario Depo. 23:4-7; 30:25-31:5).

53.    Disputed. Misstates testimony. *See* Exhibit 1 (Rosario Depo. 38:2-18).

54.    Disputed. Misstates testimony. *See* Exhibit 1 (Rosario Depo. 38:19-21).

55.    Disputed. Misstates testimony. *See* Exhibit 1 (Rosario Depo. 53:6-20).

56.    Undisputed.

57.    Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Otherwise, undisputed

58.    Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph

which makes it impossible and overly burdensome for Defendants to respond and therefore disputed.

59.     Disputed. Misstates testimony, incomplete testimony. *See* Exhibit 1 (Rosario Dep. 138:6-11).

60.     Disputed. Misstates testimony. *See* Exhibit 1 (Rosario Dep. 78:11-79:19).

61.     Disputed. Misstates testimony. *See* Exhibit 1 (Rosario Dep. 95:25-96:4).

62.     Disputed. Misstates testimony, incomplete testimony. *See* Exhibit 1 (Rosario Dep. 101:13-22).

63.     Disputed. Misstates testimony, incomplete testimony. *See* Exhibit 1 (Rosario Dep. 100:1-101:22).

64.     Disputed. Misstates testimony. *See* Exhibit 1 (Rosario Dep. 103:9-105:25). A copy of the SLCFD guidelines for Patient Restraints in effect on May 11, 2014, is attached hereto as **Exhibit 5**.

65.     Disputed. Misstates testimony. *See* Exhibit 1 (Rosario Dep. 106:14-24).

66.     Undisputed.

67.     Undisputed.

68.     Disputed. Misstates testimony, incomplete testimony. *See* Exhibit 1 (Rosario Dep. 126:18-127:9).

69.     Disputed. Plaintiff's statement of fact is an improper opinion.

70.     Undisputed.

71.     Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph

which makes it impossible and overly burdensome for Defendants to respond and therefore disputed.

72.     Disputed. Misstates testimony. *See* Exhibit 2 (Sinclair Dep. 10:-24; 12:22-13:8; 13:22-25, July 31, 2017) Docher did not stop struggling while he was restrained by the sheriff deputies. *See* Exhibit 1 (Rosario Dep. 63:11-16; 67:6-69:18; 79:5-19).

73.     Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed.

74.     Undisputed.

75.     Disputed. Misstates testimony. Captain Gonzalez is in charge of all training and safety issues for SLCFD. A copy of Captain Gonzalez's deposition transcript is attached hereto as **Exhibit 6** (Gonzalez Dep. 5:10-15).

76.     Disputed. Misstates testimony, incomplete testimony. *See* Exhibit 6 (Gonzalez Dep. 6:5-8:15).

77.     Disputed. Misstates testimony, incomplete testimony. Captain Gonzalez is referring to SLCFD's Sedation guideline only. *See* Exhibit 6 (Gonzalez Dep. 37:19-38:1; 40:4-22).

78.     Undisputed.

79.     Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph

which makes it impossible and overly burdensome for Defendants to respond and therefore disputed.

80.     Disputed. Misstates testimony. *See* Exhibit 6 (Gonzalez Dep. 50:10-21; 52:3-24; 54:2-8).

81.     Undisputed.

82.     Disputed. Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed.

83.     Disputed. The SLCFD Sedation Guideline allows for Ativan 1 mg increments to a max of 4mg. A copy of SLCFD's Sedation Guideline is attached hereto as **Exhibit 7**.

84.     Disputed. SLCFD has a Patient Restraint Policy in effect in May 11, 2014. *See* Exhibit 5. Misstates testimony. *See* Exhibit 6 (Gonzalez Dep. 73:11-24; 74:24-75:18).

85.     Disputed. Misstates testimony as it relates to 2006 policy not in effect on May 11, 2014. *See* Exhibit 6 (Gonzalez Dep. 77:20-78:19). Fact is immaterial as to any issue pending on Defendants' Motions for Summary Judgment.

86.     Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed.

87.     Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

88.     Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed.

89.     Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed

material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

90.    Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). See also *Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

91.    Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of

Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

92.     Disputed. Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v.*

*U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

93.     Disputed. Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

94.     Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also*

*Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

95.     Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

96.     Disputed. Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v.*

*U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

97.     Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

98.     Disputed. Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v.*

*U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

99.     Disputed. Objection. Plaintiff's Statement of Material Facts violates Local Rule 56.1(a)(3) and the Court's Order Setting Status Conference, Calendar Call and Trial Date and Order of Reference to Magistrate [DE 11]. Plaintiff comingles multiple statements into a single paragraph which makes it impossible and overly burdensome for Defendants to respond and therefore disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

100.    Undisputed.

101.    Disputed. Incomplete hypothetical. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of

the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

100.    [sic.] Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

101.    [sic.] Disputed. Defendants' object to the use of expert testimony as an alleged statement of material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

102.    Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material

fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

103.   Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

104.   Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id.* ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also*

*Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

105.    Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

106.    Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617, 630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

107.    Disputed. Defendants' object to the use of expert testimony as an alleged statement of undisputed material fact. An expert opinion is not an undisputed issue of material fact sufficient to support or deny summary judgment. *See e.g. In re Kane & Kane*, 479 B.R. 617,

630 (Bankr. S.D. Fla. 2012) (*citing Webster v. Offshore Food Serv., Inc.*, 434 F.2d 119, 1193-94 (5th Cir. 1970)) (granting summary judgment inappropriate where issue of fact is in form of expert opinion). Opinions must be evaluated by jury. *Id*. ("trier of fact is not bound by expert testimony and may substitute its own common sense judgment for that of the experts"). *See also Gregg v. U.S. Indus., Inc.*, 887 F.2d 1462, 1470 (11th Cir. 1989) ("Even uncontradicted expert opinion testimony is not conclusive, and the jury has every right not to accept it.").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of November, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to the following: **Adam Hecht, Esq.,** *(Attorneys for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409 Florence@cushniemcmahonlaw.com, Cushnie & McMahon, PL, 543 NW Lake Whitney Place, Suite 106, Port St. Lucie, FL 34986; **Summer M. Barranco, Esq.,** (*Attorneys for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

*/s/BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK , ESQUIRE
Florida Bar No.: 84493
Wilson  Elser Moskowitz Edelman &
Dicker, LLP
111 N. Orange Ave., Suite 1200

Orlando, FL 32801
Phone: (407) 203-7599
Fax:     (407) 648-1376
Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com
***Counsel for Defendants, Jose Rosario and
St. Lucie County Fire District***