UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

        Plaintiff

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendants.
_____/

CASE NO.: 2:16-cv-14413

### DEFENDANTS SHERIFF, NEWMAN, MANGRUM, ROBINSON AND COURTEMACHE'S REPLY MEMORANDUM IN SUPPORT OF THEIR DAUBERT MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S MEDICAL EXPERT DR. JOHN STERBA [DE 94]

The Defendants, KEN J. MASCARA, as Sheriff of St. Lucie County, Florida, CHRISTOPHER NEWMAN, individually, CLAYLAN MANGRUM, individually, CALVIN ROBINSON, individually, and WADE COURTEMANCHE, individually, through their undersigned attorneys, file this their Reply Memorandum in Support of their Daubert Motion to Exclude Certain Testimony of Plaintiff's Medical expert Dr. John Sterba [DE 94], and would state as follows:

In the Introduction section of his Response, the Plaintiff asserts that Dr. Sterba's testimony as identified in Defendants' motion should not be excluded because Dr. Sterba is a "board-certified emergency physician who is clinically trained and Ph.D research trained to identify causes, signs and

symptoms to identify causes of respiratory deficiency and asphyxiation." (See DE 128 at pg. 2). Here, however, these Defendants are not seeking to prohibit certain parts of Dr. Sterba's testimony based upon a lack of qualifications. It is important to remember that even a well qualified expert should not be allowed to offer evidence which is not reliable, or an inadmissible legal conclusion.

In Section A of their motion these Defendants state that they are seeking to strike three of Dr. Sterba's opinions as impermissible conclusions of law, specifically: 1) his opinion that the force used by Deputies Mangrum, Newman and/or Robinson was excessive; 2) his opinion that deputies Robinson and Newman did not act to protect the well being of Mr. Docher; and 3) his opinion that the deputies acted with reckless disregard to Mr. Docher's life. [DE 94, pg.7-9]. In his Response, the Plaintiff only addresses Dr. Sterba's opinion that the deputies used excessive force.

Despite Plaintiff's argument to the contrary, the term "excessive force" is not a medical term. It is precisely defined and it is used only in circumstances where the force that led to injuries was applied by law enforcement. The Plaintiff admits as much in his response on page 7 wherein he states: "[i]n 2014...in the medical practice of emergency medicine, if an injury was found in a patient that was clinically determined by the emergency physician to be caused by a law enforcement office(s) on their suspect(s), the common medical term "excessive force" was used." The Plaintiff provides no legal authority for his argument that the term "excessive force" is a medical term and that it has a separate, distinct and specialized meaning in the law different from that present in the emergency medicine language. He cites to the medical billing code which identifies "manhandling" as a coding and billing term in 2014. This code has no relevance here because Dr. Sterba has not used the term "manhandling" in either of his expert reports or his deposition, and his expert opinion is not that the deputies "mishandled" Docher, bur rather that Docher's injuries were the result of

excessive force used by the Deputies. To the extent a jury will have to ultimately decide whether the deputies used excessive force on Mr. Docher, and if so, whether that excessive force was the cause of Mr. Docher's injuries, Dr. Sterba's expert opinion would clearly tell the jury how it should find. As such, his opinion in that regard should be stricken.

As to Dr. Sterba's opinion that Deputy Mangrum asphyxiated Mr. Docher by using an "unapproved, non-taught restraining method" these Defendants seek to have it excluded as it is not reliable. While it is true that Deputy Mangrum testified that the maneuver he used to restrain Mr. Docher was something he improvised on the spot to get Mr. Docher under control, there is no evidence to suggest that the restraining method he used was "unapproved," and Dr. Sterba is not qualified in the law enforcement field to testify that this method is "not approved." The main problem with Dr. Sterba's opinion in regard to how he believes Mr. Docher was asphyxiated is that he equates this improvised restraining method used by Deputy Mangrum to "reverse hanging." On this issue, these Defendants will rely on the arguments contained within their Motion. [DE 94, pgs. 9-11].

These Defendants also rely on the arguments raised in their motion regarding some of Dr. Sterba's opinions which they believe are based on speculation and assumption, and accordingly, should be stricken. [DE 94, pg.12-14].

For the reasons stated in their motion, as well as this Reply, Defendants' motion to exclude certain testimony of Dr. Sterba should be granted.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com, **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com, and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **2nd** day of November, 2017.

        PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
        Attorneys for Defendants Newman, Mangrum, Robinson, Courtemanche and Sheriff
        2455 East Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone (954) 462-3200
        Telecopier (954) 462-3861
        Email: summer@purdylaw.com
           melissa@purdylaw.com

        BY  *s/ Summer M. Barranco*
           SUMMER M. BARRANCO
           Fla. Bar No. 984663