UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

        Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendants.
_____/

CASE NO.: 2:16cv14413

### DEFENDANTS SHERIFF, NEWMAN, MANGRUM, ROBINSON AND COURTEMANCHE'S REPLY TO PLAINTIFF'S RESPONSE [DE 131] TO DEFENDANTS' STATEMENT OF MATERIAL FACTS [DE 88]

The Defendants, KEN J. MASCARA, in his official capacity as Sheriff of St. Lucie County, CHRISTOPHER NEWMAN, individually, CLAYLAN MANGRUM, individually, CALVIN ROBINSON, individually, and WADE COURTEMANCHE, through their undersigned counsel, file this their Reply to Plaintiff's Response [DE 131] to Statement of Material Facts by Sheriff, Newman, Mangrum, Robinson and Courtemanche [DE 88] and would state as follows:

    1-6.    Undisputed

    7.    Plaintiff disputes that the Deputies were responding to a 911 call. This fact is

1

immaterial to any of the legal issues in this litigation.

    8-12.    Undisputed.

    13.    Plaintiff denies that the CVS manager was concerned for any person's safety. This factual assertion is immaterial to any legal issues in this litigation.

    14-18.    Undisputed.

    19.    Plaintiff alleges a factual dispute as to this paragraph asserting that Deputy Robinson described the manner in which Docher exited the vehicle differently then the other deputies. Defendants submit that the deputies descriptions do not differ in any material way.

    20-21.    Undisputed.

    22.    Although Plaintiff denies this paragraph, he does not controvert the factual content of this paragraph with record evidence. Thus the fact should be deemed admitted. S.D. Fla. L.R. 56.1(b).[1]

    23.    Undisputed.

    24.    Although Plaintiff denies this paragraph, he does not sufficiently controvert the factual content of this paragraph with record evidence. Thus the fact should be deemed admitted. S.D. Fla. L.R. 56.1(b). Furthermore, it is undisputed that the video evidence does not capture

---

[1] Plaintiff cites to Plaintiff's Exhibits F, M and I, which are videos, which were filed conventionally. As of the date of this reply, these exhibits have not been received and reviewed by undersigned counsel. Therefore these Defendants reserve the right to raise any objections to these exhibits once the undersigned has had the opportunity to review them.

the entirety of the incident[2].

25.  Plaintiff alleges a factual dispute as to this paragraph citing to the deposition testimony of Merine Kanhai. Marine Kanhai was 20-25 feet from the deputies and the fact that she did not see Docher bite the deputies does not create a material dispute.

26-28. Plaintiff does not specifically deny the allegations nor does he controvert the factual content of these paragraphs with record evidence. Thus these paragraphs should be deemed admitted. S.D. Fla. L.R. 56.1(b).

29.  Plaintiff alleges a factual dispute but does not deny the allegations nor does he controvert the factual content of these paragraphs with record evidence. Instead Plaintiff makes legal arguments and places his spin on the factual assertions. This paragraph should be deemed admitted. S.D. Fla. L.R. 56.1(b).

30. Plaintiff does not specifically deny the allegation that Deputy Robinson delivered one closed fist punch to Plaintiff's side after the Plaintiff kicked him, but instead seems to suggest that the kick was in self defense.

31.  Plaintiff does not specifically dispute that Deputy Mangrum placed his foot on Docher's back and lifting Docher's arms behind him to prevent any further movement of Plaintiff's arms and back but instead makes the legal argument that this action constituted deadly force. This paragraph should be deemed admitted. S.D. Fla. L.R. 56.1(b).

32. Plaintiff does not specifically controvert this paragraph with record evidence besides

---

[2]These Defendants will be conventionally filing a copy of the CVS video as Exhibit "J" to their Motions for Summary Judgment.

the testimony of their expert witness who was not present on the scene. This paragraph should be deemed admitted. S.D. Fla. L.R. 56.1(b).

33. Plaintiff does not specifically deny this paragraph nor does he specifically controvert it with record evidence. Plaintiff's assertion that he placed Mahoney in handcuffs occurred after the Plaintiff had been taken to the hospital and does not create a material dispute as to the factual assertions of this paragraph. (DE 137-3, 10:20-11:6).

34. There is no material dispute that Defendant Newman attempted to clean Docher's face. (DE 88-6, cell phone video). Plaintiff does not dispute that the deputies called for fire rescue at the inception of the incident with the Plaintiff.

35. Although Plaintiff denies this paragraph asserting that the Plaintiff was unconscious citing to Defendant Rosario's testimony, the testimony cited to by the Plaintiff does not create a material dispute regarding the fact that the Plaintiff was kicking, spitting blood and pushing himself off of the ground. This paragraph should be deemed admitted. S.D. Fla. L.R. 56.1(b).

36-39. Although the Plaintiff disagrees with relevance of these paragraphs, he does not specifically deny them thus these paragraphs should be deemed admitted. S.D. Fla. L.R. 56.1(b).

40-42   Undisputed.

Plaintiff's additional facts[3]

43.    Admitted.

---

[3]Plaintiff refers to several civilian witnesses who were on scene during portions of the subject incident. It is undisputed that none of the civilian witnesses were present at the CVS and able to observe the entirety of the interactions between Docher and the deputies from the time of the deputies' arrival on scene until Docher was loaded onto the gurney.

44. Admitted.

45. Denied. Merine Kanhai testified that she did not see the Plaintiff bite the deputies from a distance of 25 feet. (DE 135-2, 11: 15-21). Kanhai's testimony does not create a material dispute.

46. Denied. This statement is hearsay and a civilian's opinion regarding an officer's use of force is immaterial to the legal issues in this lawsuit.

47. Denied. This is not a fact. This is an improper lay opinion upon which an objection was made. Further a civilian's opinion regarding an officer's use of force is immaterial to the legal issues in this lawsuit.

48. Admitted.

49. Denied. The cell phone video shows the Plaintiff moving. (DE 88-6, cell phone video).

50. Admitted.

51. As to the first sentence in this paragraph, it is undisputed that the Plaintiff was handcuffed when any force was used. As to the second sentence, the issue of whether the Plaintiff was a threat, whether the force used was excessive are opinions not facts. Further a civilian's opinion regarding an officer's use of force is immaterial to the legal issues in this lawsuit. As to the third sentence, this answer was in response to a question that was objected to, it is an improper civilian opinion and is immaterial to the legal issues in this case.

52. Admitted.

53. It is admitted that Shaun Mahoney recorded a portion of the incident on his cell

phone. As to the opinion that "Tavares Docher was being beaten really badly," this is an improper lay opinion and is denied. As to the suggestion that Docher was begging for his life, this is improper speculation and is denied.

54. **Denied.** Witness's opinion that "[a]s soon as the police noticed that Mahoney, Randolph, and her nephew were watching, they started repeating: 'Stop resisting' 'Stop resisting'"is improper speculation. As to the suggestion that "it did not look like Docher was resisting at all," Plaintiff's active resistance is now undisputed.(DE 88, ¶19, 21, 25; DE 131, ¶67; DE 88-6, cell phone video).

55. Denied. Plaintiff's description of Defendant Mangrum's actions are an improper lay opinion. Further Defendant Mangrum's actions were captured by the cell phone video which speaks for itself.

56. It is admitted that Deputy Courtemanche asked the civilians to move to a safe distance away from where the deputies were struggling with the Plaintiff. **(**DE 88, ¶33). As to the factual assertion that an officer demanded Mahoney's cell phone, this is immaterial to any of the issues in this litigation. **(**DE 137-3, 10:20-11:6**).**

57. Admitted that Docher purchased a Black and Mild. Denied that he did not engage in any criminal activity. This is an improper legal opinion.

58. Denied. A civilian witness' opinion regarding the propriety of the deputies' use of force is immaterial to any of the legal issues in this case.

58.[4]    Admitted.

---

[4]Plaintiff listed paragraph 58 twice. Defendants' response corresponds in kind.

59. Admitted but immaterial to any of the legal issues in this case. The legality of Plaintiff's detention turns on the totality of the circumstances.

60. Admitted.

61. Admitted that Defendant Mangrum testified to that but it is immaterial to any of the issues in this lawsuit.

62. Admitted that Defendant Mangrum testified to that but it is immaterial to any of the issues in this lawsuit since the lawfulness of Plaintiff's detention is viewed objectively.

63. Admitted that Defendant Mangrum testified to that but it is immaterial to any of the issues in this lawsuit.

64. Admitted.

65. Admitted.

66. Admitted.

67. It is admitted that the Plaintiff tried to bite Defendant Mangrum's finger and that Defendant Mangrum attempted to push the Plaintiff's head away to prevent that.

68. Admitted.

69. Admitted.

70. Admitted.

71. Admitted that Deputy Mangrum asked Deputy Courtemanche to make sure nobody is close since he felt it was a dangerous area for civilians to be. (DE 134-3, 63:13-20).

72. Admitted that Deputy Mangrum put the Plaintiff in the recovery position however it is important to point out that it is unclear when this occurred and that soon after he was placed

7

in the recovery position, the Plaintiff began his resistance again. (DE 134-3, 75:25-76:21).

73. Denied that Deputy Mangrum placed his foot on Docher's back "[t]owards the end." Plaintiff provides no citation to support that assertion. It is admitted that the technique was improvised and does not have a name.

74. Admitted.

75. Admitted but immaterial. The question is not what the Deputies should have done, but rather: was what they did reasonable?

76. It is denied that Deputy Mangrum was concerned about Plaintiff's blood pressure as the Plaintiff provides no citation to any record evidence to support that assertion. In any event, that fact is immaterial to any of the legal issues in this case. The rest of that paragraph is admitted.

77. Admitted.

78. Admitted.

79. Admitted.

80. Admitted.

81. Denied that he was arrested for disorderly intoxication. (DE 135-5, 43:43-5) In any event, the Defendant officer's subjective motivations are immaterial to any legal issue in this case. It is admitted that deputy Robinson didn't know if Docher was drunk, delusional or both.

82. Admitted.

83. Admitted however this assertion is immaterial to any of the legal issues in this lawsuit.

84. Denied. This answer was in response to a question that was objected to as an improper hypothetical. The questions that were asked were much more specific than Plaintiff suggests. (DE 135-1, 58:5-10; 58:17-18).

85. Admitted.

86. Admitted but immaterial to any legal issue in this case.

87. Admitted that Newman received an instructor's certificate in excited delirium however this fact is immaterial to any issue in this case. It is further admitted that Newman did not believe the Plaintiff was experiencing excited delirium and was paranoid however these assertions are immaterial to any of the issues in this lawsuit.

88. Admitted.

89. Admitted that Defendant Newman testified to that.

90. Admitted.

91. Denied. In response to being asked, "Did you ever see Deputy Robinson or Deputy Mangrum hitting, punching, striking Tavares Docher and say to him, 'Don't do that'," Deputy Newman responded, "Not that I recall." This question was objected to as a compound question. Plaintiff's assertion is inaccurate.

92. Denied as an improper opinion. The video speaks for itself.

93. Admitted that Deputy Newman testified to that.

94. Denied. Plaintiff provides no citation to the record to support that assertion. Regardless, it is immaterial to any of the issues in this case.

95. Admitted that the report of a detective who was not at the scene says that.

However it is immaterial to any of the issues in this case.

 96. Admitted

 97. Admitted but immaterial to any of the issues in this lawsuit.

 98. Admitted but immaterial to any of the issues in this lawsuit.

 99. Denied. This is not a factual assertion but a legal opinion. Mel Tucker was not at the scene.

 100. Admitted that the Plaintiff committed the crime of disorderly intoxication which is a misdemeanor.

 101. Denied. This is an improper legal opinion not a factual assertion.

 102. Admitted that Mel Tucker testified to these assertions. However, this paragraph is immaterial to any of the legal issues in this case.

 103. It is admitted that Newman utilized two elbow strikes and that Mangrum utilized one. It is denied that an elbow strike is the equivalent of a baton strike. All but the first sentence of this paragraph is an improper legal opinion not a factual assertion.

 104. Denied. Plaintiff relies on the testimony of Mel Tucker to support this assertion who was not at the scene.

 105. Denied. This is an improper legal opinion not a factual assertion.

 106. Denied. This paragraph contains improper opinions not factual assertions.

 107. Admitted that Mel Tucker testified to that. However, it is immaterial to any of the legal issues in this case.

 108. Denied. This is an improper legal opinion not an assertion of fact.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com, **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com, and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this __**2nd**__ day of November, 2017.

        PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
        Attorneys for Defendants Newman, Mangrum, Robinson,
        Courtemanche and Sheriff
        2455 East Sunrise Boulevard, Suite 1216
        Fort Lauderdale, Florida 33304
        Telephone (954) 462-3200
        Telecopier (954) 462-3861
        Email: summer@purdylaw.com
                melissa@purdylaw.com

        BY    *s/ Summer M. Barranco*
                SUMMER M. BARRANCO
                Fla. Bar No. 984663