UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

        Plaintiffs,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as SHERIFF of ST. LUCIE
COUNTY, Florida, JOSE ROSARIO,
individually, and the ST. LUCIE COUNTY
FIRE DISTRICT, an independent special
district,

        Defendants.
_____/

CASE NO.: 2:16cv14413

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT COURTEMANCHE'S MOTION FOR SUMMARY JUDGMENT [DE83]**

The Defendant, WADE COURTEMANCHE, in his individual capacity, files this his Reply Memorandum in support of his Motion for Summary Judgment [DE 83], and would state as follows:

**Plaintiff had no entitlement to exercise First Amendment rights on private property.**

It is important to keep in mind what right is allegedly at issue in this claim: Plaintiff's First Amendment's "right to be heard." Plaintiff, in his response, wholly fails to address Defendant's argument that the Eleventh Circuit's ruling in Amnesty International, USA v. Battle,

1

559 F.3d 1170 (11th Cir. 2009) is limited to public property. Instead, Plaintiff begins his response by highlighting the importance of the First Amendment "as an indispensable means of preserving other individual liberties." The importance of the First Amendment as a guarantor of individual liberties is not disputed and is not the issue in this case. Rather the relevant question in this litigation is whether the Plaintiff was entitled to exercise his First Amendment right to be heard on property which Plaintiff concedes was private. Plaintiff further confuses the issue by asserting that the Supreme Court's holding in Lloyd Corp., Limited v. Tanner, 92 S.Ct. 2219 (1972) is limited to factual scenarios where the owner of private property attempts to restrict a person's First Amendment rights. Plaintiff's suggestion that the Supreme Court held in Lloyd that, "[b]ecause Lloyd's privately owned and operated shopping center had not been dedicated to public use, Lloyd could lawfully exclude the protestors without violating their first amendment rights" is simply not accurate. Despite Plaintiff's assertion, the Supreme Court's ruling in Lloyd did not turn on the status of the parties, but rather the status of the place where the Plaintiffs sought to assert their First Amendment rights. As the Supreme Court expressly held, there is no entitlement to exercise First Amendment rights on private property unless that property has been dedicated to public use. Id. at 2229. That is why it was relied on in Defendant's Motion for Summary Judgment. See also Ortiz v. Browne, 3:08-CV-1522(PCD), 2009 WL 952098 (D.Conn. Apr. 7, 2009) (dismissing First Amendment right to assemble and associate claim brought against a law enforcement officer where the alleged violation of a citizen's right to assemble occurred inside a Starbucks).

**Plaintiff cannot assert a claim based on the legal rights of a third party**.

2

Perhaps recognizing the weakness of his First Amendment claim against Defendant Courtemance, Plaintiff devotes a significant portion of his response describing the actions Defendant Courtemanche allegedly took against Shaun Mahoney, a third party. While it is debatable whether Defendant Courtemanche violated **Shaun Mahoney's** constitutional rights even assuming the allegations as true, see Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000) (holding that the right to photograph or video police conduct is not absolute and is subject to reasonable time, manner and place restrictions), a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). The interaction between Defendant Courtemanche and Mahoney does not provide a remedy to the Plaintiff here.

Further, although the law was clearly established that citizens have a right to photograph or video police conduct subject to reasonable time, manner and place restrictions (restrictions that have not been clearly defined), it is not clearly established that citizens have a **right to be filmed** during police encounters. Thus Plaintiff's allegations regarding Defendant Courtemanche's actions towards Shaun Mahoney are completely irrelevant to Plaintiff's claim against Defendant Courtemanche.

### Plaintiff's First Amendment Retaliation Claim fails as a matter of law.

Plaintiff, in a throwaway sentence in his response, declares that "[b]ecause Courtemanche's actions 'would likely deter...person[s] of ordinary firmness from exercising [their] First Amendment rights,' Courtemanche violated clearly established law" citing to Bennett v. Hendrix, 423 F.3d 1247, 1252 (11th Cir. 2005). (See DE 129 at p. 34). It is not entirely

3

clear which of Defendant Courtemanche's actions Plaintiff is referring to although the sentences immediately preceding this sentence allege that Defendant Courtemanche directed Shaun Mahoney to leave a private business and subsequently placed Mahoney in handcuffs. (See Id.). To provide the Court with some context regarding that assertion, Mahoney was placed in handcuffs after the Plaintiff was transported to the hospital, the scene had calmed down considerably, and Mahoney refused to volunteer his cell phone which was deemed to have evidentiary value. (DE 137-3, 10:20-11:6).

Putting aside the conclusory nature of Plaintiff's assertion that Courtemanche's actions would likely deter a person of ordinary firmness from exercising his/her First Amendment rights without any record evidence to support such an inference, Plaintiff fails to address the other elements of a First Amendment retaliation claim. To state a First Amendment retaliation claim a Plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse affect on the speech. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008). The question of whether a defendant's actions would likely deter persons of ordinary firmness from exercising their First Amendment rights relates only to the second prong of a First Amendment retaliation claim. See Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005) ("The only prong at issue here is the second").

As to the first element, the right at issue here is the Plaintiff's alleged right to be heard. As argued above, Plaintiff had no entitlement to exercise his First Amendment rights on private property. See Ortiz, supra.

4

Finally, to the extent Plaintiff's First Amendment claim is based on the theory that Defendant Courtemanche was motivated by a desire to retaliate against the Plaintiff rather than to control the scene of a highly fluid situation, Defendant Courtemanche is entitled to qualified immunity. In "mixed-motive" cases, defendants are entitled to qualified immunity if the record evidence demonstrates that the defendant's actions were motivated, at least in part, by lawful considerations. Foy v. Holston, 94 F.3d 1528 (11th Cir. 1996); see also Johnson v. City of Fort Lauderdale, 126 F.3d 1372, 1379 (11th Cir. 1997) (applying Foy to a case involving "mixed motives" and noting that Foy "rested primarily on the existence of an indisputable and adequate lawful motive"). Here the record evidence shows that Defendant Courtemanche's actions were motivated, at least in part, to ensure that members of the public maintained a safe distance from the deputies who were engaged in a tense and fluid altercation with the Plaintiff. As such, "no jury could find that a reasonable [deputy] would **never** have done the things [Defendant Courtemanche] did but for an [evil] intent." Johnson 126 F.3d at 1379. Thus Defendant Courtemanche is, at a minimum, entitled to qualified immunity.

## CONCLUSION

For the reasons outlined here and in Defendant Courtemanche's Motion for Summary Judgment [DE 83], Defendant Courtemanche respectfully requests summary judgment be granted in his favor.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF and furnished via email a copy to: **ADAM S. HECHT, ESQUIRE,** Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, Florida 33409, ash@searcylaw.com, axs@searcylaw.com; mal@searcylaw.com; jcx@searcylaw.com, **HUGH L. KOERNER, ESQUIRE**, Hugh L. Koerner, P.A., Sheridan Executive Centre, 3475 Sheridan Street, Suite 208, Hollywood, FL 33021, hlklaw@hughkoerner.com, and **BENJAMIN W. NEWMAN, ESQUIRE,** Wilson Elser Moskowitz Edelman & Dicker, LLP, 111 N. Orange Ave., Suite 1200, Orlando, FL 32801, ben.newman@wilsonelser.com; julie.tyk@wilsonelser.com this **2nd** day of November, 2017.

                                              PURDY, JOLLY, GIUFFREDA & BARRANCO, P.A.
                                              Attorneys for Defendants Newman, Mangrum,
                                              Robinson, Courtemanche and Sheriff
                                              2455 East Sunrise Boulevard, Suite 1216
                                              Fort Lauderdale, Florida 33304
                                              Telephone (954) 462-3200
                                              Telecopier (954) 462-3861
                                              Email: summer@purdylaw.com
                                                             melissa@purdylaw.com

                                    BY      *s/ Summer M. Barranco*
                                                    SUMMER M. BARRANCO
                                                    Fla. Bar No. 984663