UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-cv-14413-ROSENBERG/MAYNARD

TAVARES DOCHER, by and through
JANIE DOCHER-NEELEY, his mother
and legal guardian,

      Plaintiff,

v.

CHRISTOPHER NEWMAN, et al.,

      Defendants.
_____/

**ORDER GRANTING DEFENDANT ST. LUCIE COUNTY FIRE
DISTRICT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT XXI**

On May 11, 2014, St. Lucie County Fire District ("SLCFD") paramedics responded to an incident at a CVS involving Plaintiff Tavares Docher. Defendant Jose Rosario, an employee of SLCFD, attempted to place Plaintiff on a backboard. Because Plaintiff was combative, Rosario injected Plaintiff with 4 milligrams of Ativan, a benzodiazepine that paramedics are permitted to use to sedate combative patients. Plaintiff went into cardiac arrest and now is in a persistent vegetative state. In his Second Amended Complaint, Plaintiff brought a claim under 42 U.S.C. § 1983 against SLCFD (Count XXI). SLCFD moved for summary judgment on this count, and the motion is now ripe. Having considered all relevant filings in this matter, SLCFD's Motion for Summary Judgment [DE 99] is **GRANTED**.

    **I.**    **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a

motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247–48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247–48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

## II.   BACKGROUND

On May 11, 2014 at approximately 6:03 p.m., St. Lucie County Sheriff's police officers

responded to a 911 call at a CVS in Port St. Lucie. DE 100 ¶ 1. Upon arrival, the officers began to interact with Plaintiff. *Id.* ¶ 2. The officers arrested Plaintiff for disorderly intoxication and placed him handcuffed in the back seat of the patrol car. *Id.* ¶ 5. The officers and Plaintiff had an altercation that resulted in Plaintiff and several officers falling to the ground, *id.* ¶ 6, and Plaintiff receiving a laceration on the right side of his head, *id.* ¶ 8.

At approximately 6:30 p.m., SLCFD received an emergency trauma call to respond to the CVS. *Id.* ¶ 15. Defendant Rosario, an employee of SLCFD, was the primary paramedic on the call. *Id.* ¶ 18. Rosario assessed Plaintiff and determined that his "breathing quality was fast." DE 100-2. An officer told Rosario that Plaintiff may have been drinking. DE 135-4 at 16, 61:2–4. Rosario attempted to place Plaintiff on a backboard, although Plaintiff contends that Rosario should have first tried to use soft restraints before placing Plaintiff on the backboard. DE 132 ¶ 28. Plaintiff was combative and would not stay on the backboard. DE 100 ¶ 29. Because of Plaintiff's combative nature, Rosario administered 4 mg of Ativan to Plaintiff's right buttocks. *Id.* ¶ 31. Plaintiff went into cardiac arrest and was transported to a hospital. DE 60 ¶ 39. Plaintiff is now in a persistent vegetative state. *Id.* ¶ 50.

Two of SLCFD's policies are relevant to this action. First, SLCFD's Sedation Guideline states:

> Caution:
> - Benzodiazepines may cause respiratory depression or compromise
> - When administering, observe for signs of hypotension or respiratory depression
>
> ALS . . .
> - Ativan 1 mg increments to a max of 4 mg . . .
>
> Physician Consult
> - Doses greater than max allowed benzodiazepine

DE 101-7 at 6. Although the policy states that Ativan should be administered in 1 mg increments up to a maximum of 4 mg, Captain Brian Gonzalez of SLCFD testified that the policy means that

3

a paramedic has discretion to give up to 4 mg of Ativan, even all at once, without consulting a physician. DE 101-8 at 60:19–62:25. The paramedic can determine how much Ativan to give a patient, up to 4 mg, based on the needs of the patient and the paramedic's concerns about the safety of himself and others around him. *Id.* Alcohol is not listed as a contraindication on the FDA-approved package insert for Ativan and is not listed as a contraindication on the SLCFD's Sedation Guideline. DE 100 ¶¶ 34–35.

Second, SLCFD's Restraint Guideline states that "the use of restraints will be limited to situations where other treatment interventions have clearly failed to address the patient's presenting clinical needs and safety." DE 150-3 at 2. The decision whether to use chemical restraints or physical restraints on combative patients is left to the discretion of the paramedic. DE 101-8 at 77:20–79:21.

### III.   ANALYSIS

Under 42 U.S.C. § 1983, a municipality cannot be held liable under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, municipalities can be found liable under § 1983 only where the plaintiff shows "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997), *cert. denied*, 522 U.S. 1075 (1988).

Here, Count XXI of Plaintiff's Second Amended Complaint alleges that both SLCFD's policies and customs "concerning the use, and overuse, of central nervous system depressants such as Ativan or other benzodiazepines in patients under the influence of alcohol" constituted deliberate indifference to Plaintiff's constitutional rights. DE 60 ¶¶ 170–89. The Court will address SLCFD's policies, the allegations that SLCFD had no policy, and the failure to train theory. Ultimately, the Court concludes that Plaintiff failed to prove that the municipality had a policy or custom that constituted deliberate indifference to Plaintiff's constitutional right.

      **a. <u>SLCFD's Policy</u>**

To hold a municipality liable for its policy, Plaintiff must point to a *written* policy that constituted deliberate indifference to Plaintiff's constitutional right. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 822–823 (1985). If the municipality's policy is not facially unconstitutional, Plaintiff must prove that the municipality "was deliberately indifferent to the known or obvious consequences of its policies." *Am. Fed'n of Labor and Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1187 (11th Cir. 2011). "[W]here the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *City of Okla. City*, 471 U.S. at 824.

It is unclear if Plaintiff is arguing that SLCFD's Sedation policy is the basis for Count XXI against SLCFD. In his Response, Plaintiff states that "[i]t was the official policy of the Fire District that there were no policies, and instead, all decisions were left to the discretion of the paramedics." DE 130 at 7. Plaintiff does not argue that SLCFD's Sedation and Restraint policies

are unconstitutional on their faces and has failed to offer any evidence that SLCFD was deliberately indifferent to the known or obvious consequences of these policies.

### b. Allegation that SLCFD Lacked a Policy

Plaintiff argues that SLCFD essentially lacked any policies because many of its Guidelines are discretionary. DE 130 at 8–9. Plaintiff fails to show, however, that the discretionary nature of SLCFD's Guidelines constitutes a deliberate indifference to Plaintiff's rights. As Plaintiff points out, Captain Gonzalez testified that "[w]e don't have policies, we have guidelines." DE 101-8 at 37:6–7. However, the distinction in nomenclature—whether guidelines or policies—that Captain Gonzalez and SLCFD use is immaterial to the Court's analysis. The Sedation and Restraint policies are promulgated by SLCFD and must be followed by its employees. Moreover, it does not follow that, because SLCFD's Guidelines have discretionary components, SLCFD has no policies. For instance, SLCFD's Sedation Policy has parts that are discretionary and parts that are not. Paramedics are given the discretion to give up to 4 mg of Ativan. However, if a paramedic seeks to give a patient any more than 4 mg of Ativan, the paramedic must consult a physician. DE 101-7 at 6. The policies are designed to allow paramedics to determine the appropriate treatment after assessing the situation, as each situation and patient presents different circumstances. DE 101-8 at 13–15.

Plaintiff points to *Depew v. City of St. Marys*, 787 F.2d 1496 (11th Cir. 1986) and *Rivas v. Freeman*, 940 F.2d 1491 (11th Cir. 1991) to support his argument that the "lack of policies is itself, unconstitutional." DE 130 at 10. In *Depew*, the city was found liable because "while the city provided rules and regulations for the operation of its police department, these rules were violated on numerous occasions. . . . [T]he city had knowledge of improper police conduct, but failed to take proper remedial action." 787 F.2d at 1499. This case is unlike *Depew*. Here,

Plaintiff has not presented any evidence of SLCFD employees violating any policies or of SLCFD having knowledge of improper actions of its employees.

In *Rivas*, the plaintiff was incorrectly detained for six days by officers who mistook him for someone with the same name. In holding the municipality liable, the Court stated that the Plaintiff provided evidence that the Sheriff's office had no policies regarding identification of arrestees and that the Sheriff knew of prior instances of mistaken identity of arrestees. 940 F.3d at 1495–96. *Rivas* is distinguishable from this case. Here, SLCFD did have policies, even if the policies allowed paramedics some discretion. Plaintiff also has failed to provide any evidence of prior instances where SLCFD's policies have resulted in any harm or of SLCFD's knowledge of any problems caused by its discretionary policies.

Plaintiff claims that SLCFD should be held liable because it does not have a policy requiring paramedics to attempt to use restraints before using chemical restraints, such as Ativan. DE 130 at 10–11. The record is not clear about if SLCFD policy required the use of physical restraints before chemical restraints. SLCFD's Restraint Guidelines says that "the use of restraints will be limited to situations where other treatment interventions have clearly failed to address the patient's presenting clinical needs and safety." DE 150-3 at 2. Captain Gonzalez testified that "pharmaceutical restraints may be used if physical restraints are not sufficient, or if continued combativeness may interfere with deliverance of proper medical care or may cause further harm." DE 101-8 at 77:24–78:3. Ultimately, the decision whether to use chemical or physical restraints is left to the discretion of the paramedic based on concerns about the patient's care and the safety of the paramedic and others in the vicinity. *Id.* at 78:14–19.

It is immaterial to the Court's decision whether SLCFD did or should have had a policy requiring paramedics to first use physical restraints before chemical restraints. The Supreme

Court has explicitly stated that an argument about what policy a municipality should have is insufficient to hold a municipality liable. In *City of Canton*, 489 U.S. 378 (1989), the Supreme Court said "[n]either will it suffice to prove that an injury or accident have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal." *Id.* at 391. Plaintiff argues that the tragic outcome in this case would have been avoided had SLCFD had a policy requiring paramedics to attempt to use restraints before using Ativan. DE 130 at 10–11. The Supreme Court cautioned that federal courts are ill suited to engage "in an endless exercise of second-guessing municipal employee-training programs." *City of Canton*, 489 U.S. at 392. Plaintiff's argument that SLCFD should have a different policy is insufficient to establish that SLCFD's policies were unconstitutional and to hold the municipality liable.

### c. **Custom: Failure to Train**

Municipal liability can be predicated on a failure to train or supervise theory "where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants such that the failure to train can properly be thought of as a city policy or custom . . . ." *Sewell*, 117 F.3d at 489–90 (quoting *City of Canton*, 489 U.S. at 389) (internal quotation omitted). To show deliberate indifference, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1351 (11th Cir. 1998).

It is unclear if Plaintiff is arguing that SLCFD had a custom of failing to train its employees. Plaintiff's Second Amended Complaint states SLFCD "provided no . . . training to paramedics . . . concerning the use, and overuse, of central nervous system depressants such as Ativan or other benzodiazepines in patients under the influence of alcohol", DE 60 ¶ 172, and that "[t]here is no reason to assume that paramedics . . . would be familiar with the contraindications associated with the many medications in their possession without appropriate training, and as such, the need for some form of training was obvious," *id.* ¶ 173. In his Response to SLCFD's Motion for Summary Judgment, however, Plaintiff states that "this is not a failure to train case. The Fire District's paramedics *were* trained. The problem is that they were trained that everything is discretionary." DE 130 at 9. Plaintiff did not provide any evidence that SLCFD knew of any need to train or supervise and made a choice not to do so. Thus, SLCFD cannot be held liable under a failure to train or supervise theory.

## IV.   CONCLUSION

Because Plaintiff failed to meet his burden to establish that the municipality had a policy or custom that constituted deliberate indifference to Plaintiff's constitutional right, Defendant SLCFD's Motion for Partial Summary Judgment [DE 99] is **GRANTED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida this 21st day of November, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF