UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother and
legal guardian,

CASE NO.: 2:16cv14413

      Plaintiff(s),

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually, WADE
COURTEMANCHE, individually, KEN J.
MASCARA, as Sheriff of St. Lucie County,
Florida, JOSE ROSARIO, individually, and
the ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

      Defendant(s).
_____/

**DEFENDANTS', JOSE ROSARIO AND ST. LUCIE COUNTY FIRE DISTRICT, MOTION TO STRIKE LATE ADDENDUM EXPERT REPORTS PREPARED BY DR. BRIAN MCALARY AND DR. JOHN STERBA AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Jose Rosario and St. Lucie County Fire District (collectively "Defendants") respectfully moves to strike Dr. Brian McAlary's November 24, 2017 Addendum Expert Report and Dr. John Sterba's November 27, 2017 Second Addendum Expert Report, because the Reports are untimely filing without substantial justification and prejudices Defendants. In support of their Motion Defendants state the following:

**Procedural and Factual Background**

    1.    This case was originally filed on August 3, 2016, in state court.

    2.    On September 21, 2017, the case was removed to the Southern District Court of Florida. [DE 1].

3. On October 17, 2016, the Court entered an Order setting this matter for trial beginning October 16, 2017. [DE 11]. The Order also set a Calendar Call on October 11, 2017. [DE 11].

4. On December 9, 2016, the Court entered a Scheduling Order setting various pretrial deadlines. [DE 24]. The Order required primary/initial experts to be disclosed on or before March 17, 2017. [DE 24]. The Order required that the parties were to furnish opposing counsel with an expert report or summaries of its experts anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2).

5. Defendants' filed a Motion for Modification of Scheduling Order. [DE 35].

6. On February 21, 2017, the Court entered a paperless Order Granting the Motion for Modification. [DE 36]. The Order extended the deadline to disclosure primary/initial experts to May 1, 2017. [DE 36]. The deadline to disclose rebuttal experts was extended to May 27, 2017. [DE 36]. The discovery deadline was extended to June 30, 2017. [DE 36].

7. On May 1, 2017, Defendants' timely disclosed their experts and provided expert reports in compliance with Fed. R. Civ. P. 26(a)(2).

8. On May 5, 2017, Plaintiff filed her untimely Expert Disclosure [DE 40]. However, Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

9. On May 10, 2017, Plaintiff filed her untimely Amended Expert Disclosure. [DE 41]. Again, Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

10.     On May 11, 2017, Plaintiff filed her untimely Second Amended Expert Disclosure. [DE 43]. Plaintiff failed to provide expert reports or summaries of its experts anticipated testimony in compliance with Fed. R. Civ. P. 26(a)(2).

11.     On May 12, 2017, Defendants moved to Strike Plaintiff's Experts. [DE 44] claiming that Plaintiff's disclosure was untimely and failed to comply with the requirements of Federal Rules of Civil Procedure 26(a)(2)(B).

12.     On May 22, 2017, Plaintiff untimely disclosed Dr. Brian McAlary's expert report.

13.     Dr. McAlary's cover letter dated May 21, 2017, indicated that the Report was prepared over the weekend on an urgent basis.

14.     Furthermore, Dr. McAlary's Report indicates that he relied on Defendants' timely disclosed expert reports from Dr. Lindsey, Dr. Anderson and Dr. Levine in forming his opinions.

15.     On May 23, 2017, Plaintiff untimely disclosed Dr. John Sterba's expert report.

16.     Dr. Sterba failed to provide copies of the exhibits he used to support his opinions as required by Rule 26(a)(2)(B)(iii).

17.     Dr. Sterba also listed Defendants' timely experts' reports as materials he reviewed in forming and developing his opinions.

18.     Defendants' filed Motions to Strike Plaintiff's Experts. [DE 44 & 50].

19.     On June 7, 2017, the Court Granted Plaintiff's Motion to Amend Complaint and denied Defendant's Motion to Strike Expert as moot. [DE 61].

20.     The deadline for Expert Witness list for September 8, 2017. [DE 69].

21.     The deadline to complete expert discovery was September 29, 2017. [DE 76].

22. The deadline for the parties to file Motions for Summary Judgment and Motions in Limine was October 6, 2017. [DE 76].

23. On November 30, 2017, Plaintiff served her Rule 26(e)(2) Supplemental Expert Disclosures, including Dr. Sterba's November 27, 2017 Second Addendum Expert Report and Dr. McAlary's November 24, 2017 Addendum Expert Report. A copy of Plaintiff's Rule 26(e)(2) Supplemental Expert Disclosures is attached hereto as Exhibit A. A copy of Dr. Sterba's November 27, 2017 Second Addendum Expert Report is attached hereto as Exhibit B. A copy of Dr. McAlary's November 24, 2017 Addendum Expert Report is attached hereto as Exhibit C.

### Request for Relief

24. Dr. Sterba's November 27, 2017, Second Addendum Report is 21 pages in length. The Addendum Report did not merely supplement the original expert report. *See* Exhibit B. Rather, it adds entirely new opinions, supplements opinions expressed in his depositions and supplements the basis for prior opinions with information available to Dr. Sterba at the time of his original report, first addendum report and his depositions taken on July 19, 2017 and August 8, 2017.

25. Dr. McAlary's November 24, 2017 Addendum Expert Report is 3 pages in length. *See* Exhibit C. His report adds six new opinions. See Exhibit C. A copy of Dr. McAlary's May 21, 2017, Report is attached hereto as Exhibit D.

26. Defendants' requests that Dr. Sterba's November 27, 2017 Second Addendum Expert Report and Dr. McAlary's November 24, 2017 Addendum Expert Report be stricken and that they be bound by their original expert reports. The untimely production of these addendum reports, without substantial justification, after discovery cutoff and after the deadline for dispositive motions and motions in limine prejudices Defendants. The addendum reports were

produced after Dr. Sterba was twice deposed and Dr. McAlary was deposed preventing Defendants' experts from reviewing and addressing the new opinions. The addendum reports were also produced after discovery had closed, preventing Defendants from responding to the new opinions. Because the addendum expert reports do not merely supplement the original expert reports (permitted under Fed. R. Civ. P. 26(e)) but instead injects new opinions, new basis for prior opinions and the expansion of prior opinions based on information available to the experts at the time, they should be stricken as untimely and prejudicial.

27. Furthermore, Dr. Sterba's November 27, 2017 Second Addendum Expert Report and Dr. McAlary's November 24, 2017 Addendum Expert Report should be stricken as they failed to comply with the Court's Orders [DE 69 & 76]. These untimely reports have severely prejudice Defendants, for which these experts and their reports should be stricken.

WHEREFORE, for the above-stated reasons, Defendants, Jose Rosario and St. Lucie County Fire District, respectfully moves this Court for an Order precluding Plaintiff from introducing into evidence Dr. Brian McAlary's November 24, 2017 Amended Expert Report and Dr. John Sterba's November 27, 2017 Second Addendum Expert Report, as well as any testimony as to the contents of the these reports, and for any other relief this Court deems just and proper.

**MEMORANDUM OF LAW**

I.  **Applicable Legal Principles**

Federal Rule of Civil Procedure 26(a)(2)(B)(i) provides that a written expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." An expert witness has a duty to supplement his or her report "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect,

and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Moreover, "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Exclusion is also appropriate pursuant to Rule 16(b), which 'authorizes the district court to control and expedite pretrial discovery through a scheduling order' and which gives the court 'broad discretion to preserve the integrity and purpose of the pretrial order,' including the exclusion of evidence as a means of enforcing the pretrial order." *Buxton v. Lil' Drug Store Prods., Inc.*, No. 2:02-CV-178, 2007 WL 2254492 at *7 (S.D. Miss. Aug. 1, 2007), *aff'd*, 294 Fed.Appx. 92 (5th Cir. 2008) (*quoting Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).

When a party fails to comply with Rule 26, the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (explaining that compliance with Rule 26's expert disclosure requirements is "not merely aspirational"), *overruled on other grounds*, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006); *Mitchell v. Ford Motor Co.*, 318 Fed.Appx. 821, 825 (11th Cir. 2009) (affirming order striking expert for not properly disclosing the scientific bases for his expert opinion in a timely manner); *United States v. Batchelor-Robjohns*, No. 03-201640-CIV, 2015 WL 1761429 at *2 (S.D. Fla. June 3, 2005) (granting motion to strike expert's report and excluding expert from testifying and explaining that "Rule 37(c)(1) requires absolute compliance with Rule 26(a), in that it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or substantially justified.") (internal quotations omitted).

Courts have broad discretion to exclude untimely-disclosed expert witness testimony — even when they are designated as "supplemental" reports. *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007) ("a supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed"); *Cook v. Royal Caribbean Cruises*, No. 11-20723, 2012 WL 2319089 (S.D. Fla. June 15, 2012) (refusing to allow supplemental report after discovery cut-off); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947, 2009 WL 1139575 at *2 (M.D. Fla. Apr. 27, 2009) ("Rule 26(e) allows supplementation of expert reports only where a disclosing party learns that its information is incorrect or incomplete.... [A] report that suffers from a major omission cannot be cured by the use of supplementation.") (internal quotations omitted) (emphasis added).

A party cannot abuse Rule 26(e) to merely bolster a defective or problematic expert witness report. *Cochran v. The Brinkmann Corp.*, No. 1:08-cv-1790, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009) (Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy."), *aff'd*, 381 Fed.Appx. 968 (11th Cir. 2010); *Friebel v. Paradise Shores of Bay Cnty., LLC*, No. 5:10-cv-120, 2011 WL 2420230 at *2 (N.D. Fla., June 13, 2011) (supplemental disclosures prohibited "whenever a party wants to bolster or submit additional expert opinions [because it] would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation"); *Jones Creek Investors, LLC v. Columbia Cnty.*, 98 F. Supp. 3d 1279, 1289 (S.D. Ga. 2015) ("[Rule] 26(e) does not permit supplementation to add points that could have been made in the original expert report or to otherwise shore up weaknesses or inadequacies, and there is no reason why the new assumptions and methodologies used in the second report could not have been adopted and disclosed in the first during the discovery period.") (emphasis supplied). *See also Goodbys*

*Creek*, 2009 WL 1139575 at *2 (noting that supplementation of an expert report "does not cover failures of omission because the expert did an inadequate or incomplete preparation" and using this standard to conclude that the plaintiff could not use the duty of supplementation to add to the expert's opinions).

Therefore, as alluded to in the cases cited above, "[a]n expert's duty to supplement under Rule 26(e), is not a right to **supplement at will**." *Rojas v. Marko Zaninovich, Inc.*, No. 1:09-CV-00705, 2011 WL 4375297 at *6 (E.D. Cal. Sept. 19, 2011) (emphasis added) (noting that supplementation cannot be used to "remedy a deficient expert report" and striking both a supplemental expert report and a declaration for identical reasons: the information was available at the time of the original reports and the expert's lack of preparedness and completeness in his report was a not a proper basis for supplementation).

**II.     Dr. Sterba's and Dr. McAlary's Late Addendum Expert Reports Must Be Stricken Because It Is Untimely And Does Not Simply Supplement their Original Expert Reports**

The expert discovery was September 29, 2017. [DE 76]. Plaintiff did not produce Dr. Brian McAlary's November 24, 2017 Amended Expert Report and Dr. John Sterba's November 27, 2017 Second Addendum Expert Report until November 30, 2017. *See* Exhibit A.  The Dr. Brian McAlary's November 24, 2017 Amended Expert Report and Dr. John Sterba's November 27, 2017 Second Addendum Expert Report are plainly untimely. *See* Fed. R. Civ. P 26(a)(2). Federal Rule of Civil Procedure 26(e) nonetheless allows supplementation of an expert's report "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Dr. Sterba's and Dr. McAlary's addendum reports, however, do not merely supplement the original report by providing a more complete analysis of newly obtained information not previously available to the parties or correcting an error in the original opinion. Instead, the offer new opinions, new

basis for their prior opinions and the expansion of prior opinions based on information available to the expert at the time. The new opinions are not proper supplementations. See *Beauregard v. Continental Tire N.A., Inc.*, 08-cv-37-J-32HTS, 2009 WL 1011121 *2 (M.D. Fla. April 15, 2009) ("a report that suffers from a major omission cannot be cured by use of supplementation"); *Goodbys Creek*, 2009 WL 1139575 *2 (striking inadequate expert report and prohibiting supplemental report because "plaintiff cannot use the duty of supplementation to add to [expert's] opinions"); *Nelson v. Freightliner LLC*, 01-cv-266-Oc-10GRJ, 2003 WL 25781423 *3 (M.D. Fla. April 23, 2002) (striking supplemental report "because the supplemental report is a new expert opinion"). Adding new basis for previously disclosed opinions and expansion of prior opinions on information available to the expert at the time of their original reports is not proper supplementations. Rather, Rule 26(e) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Minebea Co., Ltd. v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005) (emphasis added) (*citing Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (rejecting as "disingenuous" the argument that second expert disclosure was a "supplement" to the initial disclosure)).

Additionally, their reports attempt to correct their prior deficient reports which failed to include opinions elicited during their deposition, which were not in their original report. *Veliz v. Cintas Corp.*, No. C 03-1180, 2009 WL 416841 *1 (N.D. Cal. Feb. 19, 2009) (party cannot rely on supplementation "as a way to remedy [an expert's] deficient expert report.")

Accordingly, Dr. Brian McAlary's November 24, 2017 Amended Expert Report and Dr. John Sterba's November 27, 2017 Second Addendum Expert Report should be stricken. The reports do not merely supplement the original expert reports.

### III. Plaintiff Cannot Demonstrate Substantial Justification For Dr. Sterba's and Dr. McAlary's Late Addendum Expert Reports

Plaintiff has not offered any substantial justification for her untimely addendum expert reports. Nor can she. Substantial justification "is justification to a degree that could easily satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Poole v. Gee*, 07-CV-912-EAJ, 2008 WL 2397603, *2 (M.D. Fla. June 10, 2008). Here, no doubt exists that Plaintiff was required to timely produce her expert reports and that the reports should have and could have included the opinions, information and basis expressed in Dr. Sterba's and Dr. McAlary's late addendum expert reports. Nothing prevented Plaintiff from ensuring that the original expert reports expressed all of Dr. Sterba's and Dr. McAlary's opinions and basis for same. Simply put, "[neglect] does not amount to substantial justification." *Beauregard*, 2009 WL 1011121 at *3.

### IV. Defendants Are Prejudiced By Dr. Sterba's and Dr. McAlary's Late Addendum Expert Reports

Federal Rule of Civil Procedure 37(c)(1) provides a self-executing sanction for failing to make the disclosures required by Rule 26(a) if the failure is not substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). "Failure to make the required expert witness disclosures is harmless when there is no prejudice to the party entitled to the disclosure." *Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co.*, 07-cv-326-Orl-KRS, 2008 WL 2477619 *2 (M.D. Fla. June 18, 2008). Plaintiff's untimely addendum expert reports are not harmless.

Discovery has ended, all depositions of have been completed, Defendants' experts have already been deposed, the deadline for dispositive motions has past and the deadline for motions in limine and motions to exclude has past. See, e.g., *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) ("[T]he expert disclosure rule is intended to provide opposing parties reasonable

opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."). Deposing Dr. Sterba and Dr. McAlary on their new addendums will not cure any harm as Defendants are unable to rebut Plaintiff's new opinions or challenge the basis for their opinions through motion practice. *See also, Beauregard*, 2009 WL 1011121 at *3 (striking expert report because, in part, "[p]laintiff does not satisfactorily address [Defendant's] point that it is now unable to rebut [Plaintiff's] new theory as the Court's expert rebuttal deadline passed."); *Berryhill v. Village of Streamwood*, 02 C 3268, 2004 WL 1444879 *5 (N.D. Ill. 2004) ("Plaintiff was entitled to a report in conformity with the Rule and is not required to effectively bail out the defendants by taking [the expert's] deposition and thereby rendering the violation harmless."); Bonesmo v. Nemours Foundation, 253 F. Supp. 2d 801, 811 (D. Del. 2003) (because Rule 26 requires a detailed report, "the opposing party is not required to depose the expert to develop what his opinion is or the reasons for it").

Moreover, trial is set for January 22, 2018. [DE 69]. This fast-approaching date does not provide ample time for Defendants to respond to Dr. Sterba's and Dr. McAlary's late addendum reports. *See, e.g., Bray & Gillespie IX, LLC*, 2008 WL 2477619 (finding a lack of prejudice where "time remains to permit defendants to supplement their expert witness disclosures, as necessary, to address [untimely] reports, and to permit the parties to depose the expert witnesses before the close of discovery.") Here, Defendants' experts have already been deposed, expert discovery deadline has expired and the deadline to file dispositive motions, motions in limine and motions to exclude based upon *Daubert* has expired. [DE 69 & 76]. Accordingly, Dr. Brian McAlary's November 24, 2017 Amended Expert Report and Dr. John Sterba's November 27, 2017 Second Addendum Expert Report harms Defendants. The Reports should be stricken.

WHEREFORE, for the above-stated reasons, Defendants, Jose Rosario and St. Lucie County Fire District, respectfully moves this Court for an Order precluding Plaintiff from introducing into evidence Dr. Brian McAlary's November 24, 2017 Amended Expert Report and Dr. John Sterba's November 27, 2017 Second Addendum Expert Report, as well as any testimony as to the contents of the these reports, and for any other relief this Court deems just and proper.

### 7.1(a)(3) STATEMENT

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and Plaintiff thereby objects to the Motion to Strike.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court using the CM/ECF on this 14th day of December, 2017, and furnished a copy to: **Adam Hecht, Esq.,** *(Counsel for Plaintiff)* ash@searcylaw.com, axs@searcylaw.com, mal@searcylaw.com, jcx@searcylaw.com, lewisteam@searcylaw.com, Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Boulevard, West Palm Beach, FL 33409; **Summer M. Barranco, Esq.,** (*Counsel for Christopher Newman, Claylan Mangrum, Calvin Robinson, Wade Courtemanche, and Ken J. Mascara, as Sheriff of St. Lucie County, Florida)* summer@purdylaw.com; Melissa@purdylaw.com; Law Offices of Purdy, Jolly, Giuffreda & Barranco, P.A., 2455 East Sunrise Boulevard, Suite 1216, Fort Lauderdale, FL 33304.

*/s/BENJAMIN W. NEWMAN*
BENJAMIN W. NEWMAN, ESQUIRE
Florida Bar No.: 0011223
JULIE A. TYK, ESQUIRE
Florida Bar No.: 84493
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 203-7599
Fax:    (407) 648-1376

Ben.Newman@wilsonelser.com
Julie.Tyk@wilsonelser.com

Counsel for Defendant, JOSE ROSARIO and the
ST. LUCIE COUNTY FIRE DISTRICT