UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  16-14413-Civ-ROSENBERG/MAYNARD

TAVARES DOCHER, by and through
JANICE DOCHER-NEELEY, his mother
and legal guardian,

       Plaintiff,

vs.

CHRISTOPHER NEWMAN, individually,
CLAYLAN MANGRUM, individually,
CALVIN ROBINSON, individually,
WADE COURTEMANCHE, individually,
KEN J. MASCARA, as SHERIFF of
ST. LUCIE COUNTY, Florida,
JOSE ROSARIO, individually, and the
ST. LUCIE COUNTY FIRE DISTRICT,
an independent special district,

       Defendants.
_____/

**PLAINTIFF'S NOTICE OF FILING CITATIONS TO SUPPLEMENTAL
AUTHORITIES REFERENCED AT ORAL ARGUMENT**
(for hearing held on December 15, 2017)

**COMES NOW** the Plaintiff, TAVARES DOCHER, by and through JANICE DOCHER-NEELEY, his mother and legal guardian, by and through their undersigned attorneys, and submits the following citations for supplemental authorities cited at oral argument on December 15, 2017, at hearing on Defendants' motions for summary judgment:

A.    As to the term "arguable probable cause":

    1.    Walczyk v. Rio, 496 F.3d 139, 168 (2nd Cir. 2007) (Sotomayor, J., concurring), ("[R]easonableness-and therefore the existence of "arguable probable cause"-are considerations that properly fall *within* the clearly established inquiry as the Supreme Court has described it. [internal citations omitted]. It is not surprising, then, that "arguable probable cause" finds no mention in any Supreme Court opinion; the need

   for a separate term to describe this concept arises only once we have improperly splintered the "clearly established" inquiry.  Because I believe "arguable probable cause" is both imprecise and an outgrowth of the first flaw in our qualified immunity analysis, I do not agree with the majority's use of the term").

B.   False arrest/false imprisonment claim against Defendant Newman, individually, cognizable under 42 U.S.C. § 1983 (Count I):

  1.   Roberts v. Spielman, 643 F.3d 899, 905 (11th Cir. 2011) ("When an officer stops an individual to ascertain that person's mental state (rather than to investigate suspected criminal activity), the Fourth Amendment requires the officer to have probable cause to believe the person is dangerous either to himself or to others").

C.   Excessive use of force claims against Defendants Newman, individually (Count II), Mangrum (Count III), and Robinson (Count IV), cognizable under 42 U.S.C. § 1983:

  1(a).   Scott v. Battle, 688 Fed.Appx. 674, 677 (11th Cir. 2017) (non-published) (for incident occurring May 25, 2014, finding that movements made to alleviate pain in response to an officer's use of unnecessary force is not resistance to arrest, and does not justify additional use of force), citing

    Priester v. City of Riviera Beach, 208 F.3d 919, 927 (11th Cir. 2000) (declining to characterize as resistance plaintiff's defensive kick to an attacking police dog); Slicker v. Jackson, 215 F.3d 1225, 1227, 1233 (11th Cir. 2000) (declining to characterize handcuffed plaintiff as resisting when he slid off the hood of a police car to alleviate pain).

  (b).   Scott v. Battle, 688 Fed.Appx. 674, 677 (11th Cir. 2017) (non-published) ("We have held that a 'minor transgression' after an arrestee is subdued in handcuffs is not a blank check for the use of force; rather, in the event of such a minor transgression, our excessive force analysis depends on the totality of the circumstances confronting the officer.") (citing *Saunders v. Duke*, 766 F.3d 1262, 1269 (11th Cir. 2014));

  (c).   Scott v. Battle, 688 Fed.Appx. 674, 680 (11th Cir. 2017) (non-published) (distinguishing situations like Buckley v. Haddock where a "lone officer[]" is faced with an uncooperative suspect and issues repeated warnings prior to the use of force);

  2(a).   Saunders v. Duke, 766 F.3d 1262, 1269 (11th Cir. 2014) (for incident on January 24, 2008, holding that "even if the complaint could be read to allege that Mr. Saunders disobeyed an order by lifting his head off the hot pavement, that minor transgression does not mean that the force allegedly used was a constitutionally permissible response, or that the agents are entitled to qualified immunity").

2

   (b) .   Saunders v. Duke, 766 F.3d 1262, 1269 (11th Cir. 2014) ("The human skull is a relatively hearty vessel for the brain, but it will generally not fare well in a contest with hardened cement").

D. First Amendment claim against Defendant Courtemanche, individually, cognizable under 42 U.S.C. § 1983 (Count IX):

1. Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000) ([W]e agree with the Smiths that they had a First Amendment right, subject to reasonable time, manner and place restrictions, to photograph or videotape police conduct");

2. D'Aguanno v. Gallagher, 50 F.3d 877, 878-80 (11th Cir. 1995) (concluding that while decisions of the United States Supreme Court "recognize[] a general First Amendment right to peaceable assembly and freedom of association," that right does not apply to persons trespassing on private property);

3. Wilson v. Taylor, 733 F.2d 1539, 1543–44 (11th Cir. 1984) ("If, indeed, the right of freedom of association applies to individuals meeting on the public streets, it must also apply to a man and a woman who are dating");

4. City of Ladue v. Gilleo, 114 S.Ct. 2038, 2047 (1994) ("[S]pecial respect for individual liberty in the home has long been part of our culture and our law [internal citations omitted]; that principle has special resonance when the government seeks to constrain a person's ability to *speak* there") (italics in original);

5. Jones v. Parmley, 465 F.3d 46, 58 (2nd Cir. 2006) (for protest occurring on private land, finding it clearly established "that the police may not interfere with demonstrations unless there is a 'clear and present danger' of riot, imminent violence, interference with traffic or other immediate threat to public safety) (Sotomayor, C.J.).

**DATED** this __17th__ day of December, 2017.

                            By:  *s/. Hugh L. Koerner*
                                   Hugh L. Koerner
                                   Florida Bar No.: 716952
                                   Email: hlklaw@hughkoerner.com
                                   Hugh L. Koerner, P.A.
                                   Sheridan Executive Centre
                                   3475 Sheridan Street, Suite 208
                                   Hollywood, FL 33021
                                   Telephone: (954) 522-1235
                                   Facsimile:   (954) 522-1176
                                   *Co-counsel for Plaintiff(s)*

/s/ DARRYL L. LEWIS
DARRYL L. LEWIS
Florida Bar No.: 818021
Attorney E-Mail(s): dll@searcylaw.com and axs@searcylaw.com
Primary E-Mail:  lewisteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax: (561) 383-9485
*Attorney for Plaintiff(s)*

**CERTIFICATE OF SERVICE**
**Case No.: 16-14413-Civ-ROSENBERG/MAYNARD**

I HEREBY CERTIFY that this __17th__ day of December, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/. Hugh L. Koerner*
Hugh L. Koerner

**Service List**

Summer M. Barranco, Esquire
summer@purdylaw.com; melissa@purdylaw.com
Purdy Jolly Giuffreda & Barranco, P.A.
2455 E Sunrise Boulevard, Suite 1216
Fort Lauderdale, FL 33304
Phone: (954)-462-3200
Fax: (954)-462-3861
*Attorneys for Christopher Newman, individually, Claylan Mangrum, individually, Calvin Robinson, individually, Wade Courtemanche, individually, Ken J. Mascara, as Sheriff of St. Lucie County, Florida*

Benjamin W. Newman, Esquire
Ben.Newman@wilsonelser.com; Leah.Rover@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker, LLP
111 N Orange Avenue, Suite 1200
Orlando, FL 32801
Phone: (407) 203-7592
Fax: (407) 648-1376
*Attorneys for Jose Rosario, individually, and the St. Lucie County Fire District, an independent special district*